```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

VIRGIL GRIFFITH,

                              Defendant.
------------------------------------------------------------X

19-MJ-10987

**SEALED ORDER**

VERNON S. BRODERICK, United States District Judge:

As the parties are aware a bail appeal hearing is scheduled for tomorrow, December 30, 2019 at 11:00 a.m.  I am in receipt of (1) the bail hearing transcript from the Central District of California; (2) the bail hearing transcript from the Southern District of New York; (3) the Pretrial Services Report from the Central District of California; (4) the Pretrial Services Report from the Southern District of New York; and (5) the Sealed Complaint charging Defendant Virgil Griffith. Please note that the bail hearing will be held in Courtroom 15A of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.  Having reviewed the above materials, it is hereby

ORDERD that the parties should prepared to either discuss/answer the following during tomorrow's bail hearing:

1. Why is the case under seal?

2. If granted bail, will Defendant Griffith be able to live in the Southern District of New York?

3. What is the basis for the Government's statement from the bail hearing before Magistrate Judge Barbara C. Moses that "it would be difficult for Pretrail [in the Northern District of Alabama] to insure any kind of strict supervision about location."? (Tr. 9.)[1]

   a. Does the Northern District of Alabama have the ability to electronically monitor supervisees?

   b. If so, what electronic monitoring options are available in the Northern District of Alabama?

   c. How, if at all, do the electronic monitoring capabilities differ between the Southern District of New York and the Northern District of Alabama?

4. Could a condition of Defendant Griffith's release include a provision that he consent to be escorted to the airport in Alabama by law enforcement agents anytime he has to travel by air?

5. What documentation did Defendant Griffith need to obtain a visa for Northern Korea?

6. Is there documentation of Defendant Griffith's request to travel to North Korea being denied by the State Department?

7. As a general matter, does the Government require that visas be attached to passports?

8. Who is in possession of Defendant Griffith's passport? If possible, the passport should be made available for inspection at tomorrow's bail hearing.

9. Has or is any of Defendant Griffith's compensation paid in digital currency?

---

[1] "Tr." refers to the bail hearing transcript held before Magistrate Judge Barbara C. Moses on December 26, 2019.

    a. If so, how much has been paid in the past?

    b. How much digital currency does Defendant Griffith expect to be paid in the future?

10. Defendant Griffith should be prepared to discuss the amount, location and accessibility of his assets, including his digital assets.

11. There is a reference on page 17 of the SDNY bail transcript to a text message purportedly sent by Defendant Griffith to his parents, what is the exact content of that text message?

    a. Does the Government believe the text to be a true statement?

    b. What was the context within which the text message was sent?

    c. Was there a response to the text message? If so, what was the response?

12. Are there reports documenting Defendant Griffith's statements on May 22, 2019 and November 12, 2019 to law enforcement agents? If so, if possible those reports should be made available for in camera inspection in advance of the bail hearing by sending copies to BroderickNYSDChambers@nysd.uscourts.gov.

13. What were the exact words used by Defendant Griffith in the communication with his parents referenced on page 42 of the bail hearing transcript?

SO ORDERED.

Dated:    December 29, 2019
           New York, New York

                                                            Vernon S. Broderick
                                                            United States District Judge