ORIGINAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | **20 CRIM 015** (PKC) |
| | ) | |
| **VIRGIL GRIFFITH** | ) | Case No.   **19 MAG 10987** |
| *Defendant* | ) | |

DOC #: _____
DATE FILED: JAN 0 9 2020

## APPEARANCE BOND

### Defendant's Agreement

I, _____ **VIRGIL GRIFFITH** _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ☒ ) to appear for court proceedings;

( ☒ ) if convicted, to surrender to serve a sentence that the court may impose; or

( ☒ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☒ ) (1)  This is a personal recognizance bond.

( ☐ ) (2)  This is an unsecured bond of $ _____ .

( ☒ ) (3)  This is a secured bond of $ __**1 MILLION**__ , secured by:

( ☐ )  (a)  $ _____ , in cash deposited with the court.

( ☒ )  (b)  the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:
**RESIDENCE: 10885 LANDERS DRIVE, NORTHPORT, AL 35473 AND 7112 BLACK COURT, COLUMBIA, MD 21046.**
If this bond is secured by real property, documents to protect the secured interest may be filed of record.

( ☐ )  (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

_____

_____

_____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 1/9/20

*Defendant's signature*   **VIRGIL GRIFFITH**

*Surety/property owner –* Robert Griffith

*Surety/property owner –*

*Surety/property owner –* Susan Griffith

*Surety/property owner –*

*Surety/property owner –*

*Surety/property owner –*

*CLERK OF COURT*

Date: 1/9/20

*Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

*AUSA's Signature*   **KIMBERLY RAVENER**

Kyle Wirshba

AO 98 (Rev. 12/11) Appearance Bond

---

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date: _____

x _____ 1-6-2020
Surety/property owner – ROBERT GRIFFITH

_____ 1-6-2020
Surety/property owner – SUSAN GRIFFITH

_____
Surety/property owner –

_____
*Defendant's signature*   VIRGIL GRIFFITH

_____
*Surety/property owner –*

_____
*Surety/property owner –*

_____
*Surety/property owner –*

**CLERK OF COURT**

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

_____
*AUSA's Signature*   KIMBERLY RAVENER

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)     all owners of the property securing this appearance bond are included on the bond;

    (2)     the property is not subject to claims, except as described above; and

    (3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date: _____

                         *Defendant's signature*    **VIRGIL GRIFFITH**

Surety/property owner – Robert Griffith           Surety/property owner –

Surety/property owner – Susan Griffith           Surety/property owner –

Surety/property owner – Joy Lewis           Surety/property owner –

*CLERK OF COURT*

Date: _____

                         *Signature of Clerk or Deputy Clerk*

Approved.

Date: _____

                         *AUSA's Signature*    **KIMBERLY RAVENER**

# UNITED STATES DISTRICT COURT
### for the

Southern   District of   New York

United States of America                            )
                                                    )
            v.                                       )
                                                    )       Case No.       **19 MAG 10987**
     **VIRGIL GRIFFITH**                             )
_____                     )
          *Defendant*

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                            *Place*

on _____
                                                  *Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                              Page ___ of ___ Pages

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____    Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____    _____

*Custodian*                                    *Date*

( ☒ )  (7)  The defendant must:

( ☒ )  (a)  submit to supervision by and report for supervision to the    **PSA AS DIRECTED** _____ ,
telephone number _____ , no later than _____ .

( ☐ )  (b)  continue or actively seek employment.

( ☐ )  (c)  continue or start an education program.

( ☒ )  (d)  surrender any passport to:    **PRETRIAL SERVICES**

( ☒ )  (e)  not obtain a passport or other international travel document.

( ☒ )  (f)  abide by the following restrictions on personal association, residence, or travel:    **SOUTHERN AND EASTERN DISTRICTS OF NEW YORK, NORTHERN DISTRICT OF ALABAMA**

( ☒ )  (g)  avoid any contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

( ☐ )  (h)  get medical or psychiatric treatment: _____

( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ☐ )  (k)  not possess a firearm, destructive device, or other weapon.

( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☐ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ☒ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ☒ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ☒ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ ) (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☒ ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( ☒ )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
( ☐ ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ☐ )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

# ADDITIONAL CONDITIONS OF RELEASE

( ☒ ) (s) 1. $1 million personal recognizance bond, secured by (1) the residence of the Defendant's parents, Dr. Robert Griffith and Dr. Susan Griffith, located at 10885 Landers Drive, Northport, AL 35473; and (2) the residence of Defendant's sister, Joy Lewis, located at

1/2/2020

7112 Black Rock Court, Columbia, MD 21046. Dr. Robert Griffith, Dr. Susan Griffith, and Joy Lewis are to assist the Government in obtaining documents it deems necessary to make these properties security for the bond. The bond shall not be considered secured until such time as the property has been assessed by the Government and has been made security for the bond. Defendant shall not be released until the conditions set forth in the paragraph are met;

2. Strict Pretrial Supervision;

3. Home detention with electronic and GPS monitoring at Defendants' parents' residence, located at 10885 Landers Drive, Northport, AL 35473 ("the Residence");

4. Home assessment of the Residence. Defendant shall not be released until the conditions set forth in the paragraph are met;

5. Defense counsel and the Government are to meet and confer about securing the cryptocurrency hard drives located at the Defendant's apartment in Singapore, subject to the laws of Singapore. Defendant is to ensure that all individuals who have access to his apartment in Singapore are aware that these drives are not to be accessed, touched, or tampered with in any way until they are secured based upon the agreement between defense counsel and the Government.

6. Defendant is to participate in mental health treatment and evaluation as directed by Pretrial Services;

7. Defendant is to participate in drug treatment and testing as directed by Pretrial Services;

8. Defendant's travel is restricted to the Northern District of Alabama, the Southern District of New York ("SDNY"), and the Eastern District of New York ("EDNY" and together with SDNY, the "New York Districts"). Further, Defendant shall only be permitted to travel to the New York Districts to (a) appear at the Thurgood Marshall United States Courthouse at 40 Centre Street, New York, New York and the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, New York for court appearances or as directed by his Pretrial Services Officer; or (b) meet with his counsel, Brian Klein, of Baker Marquart LLP and/or Sean Buckley of Kobre & Kim, and/or any other representatives of the aforementioned firms, at the New York office of Kobre & Kim located at 800 Third Ave., New York, New York 10022. Defendant shall provide notice to and obtain approval from Pretrial Services for all such travel. To the extent the Government deems it necessary, in connection with all visits to and from the New York Districts, Defendant shall be accompanied to the airport by an agent of the Federal Bureau of Investigation or other investigative agency designated by the Government, who shall ensure that he boards his flight;

9. Within the Northern District of Alabama, Defendant shall be permitted to leave the Residence for all purposes ordinarily permitted for a person in home detention, as well as to obtain state- or municipality-issued identification documents. Defendant shall provide notice to and obtain approval from Pretrial Services for all such departures from the Residence;

10. Defendant is to surrender all of his travel documents to Pretrial Services, including his Passport ID Card. Upon release, and in accordance with Condition No. 9, Defendant is to commence efforts to obtain a state- or municipality-issued identification card that will enable him to travel by air. Until Defendant obtains an alternate form of identification, Pretrial Services will facilitate his travel to the New York Districts for the purposes authorized in Condition No. 8 by providing Defendant with his Passport ID Card no more than one day prior to his flight, which he will surrender to Pretrial Services upon his initial arrival in the SDNY, and retrieve his Passport ID Card from Pretrial Services for his trip back to Alabama. Defendant shall within a day of returning to the Northern District of Alabama return his Passport ID Card to Pretrial Services in the Northern District of Alabama.

11. Defendant is not to relocate from the Residence without prior approval of Pretrial Services;

12. Defendant shall not possess or use any smartphone or any cellular telephone with internet access capability;

13. Defendant will be allowed to have a computer in the Residence, which will be loaded with a monitoring software. Defendant is not to use any computer or other internet-capable device that does not contain such software;

14. Defendant's internet activity will be limited to communicating with his counsel by e-mail. Defendant is not to access the internet for any other purposes, and is specifically prohibited from accessing any of his cryptocurrency accounts and from accessing the darkweb;

15. Defendant is not to communicate with or contact any of the witnesses and victims set forth in a list to be provided by the Government.

AO 199C  (Rev. 09/08)  Advice of Penalties                                     Page _____ of _____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**              **VIRGIL GRIFFITH**                  **19 MAG 10987**

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*   **VIRGIL GRIFFITH**

**DEFENDANT RELEASED**

_____
*City and State*

### Directions to the United States Marshal

( ☒ ) The defendant is ORDERED released after processing.

( ☒ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____          _____
                                        *Judicial Officer's Signature*

                                        _____
                                        *AUSA's Signature*



**Southern District of New York**

The Bronx
Manhattan
Westchester
Rockland
Dutchess
Orange
Putnam
Sullivan

**Eastern District of New York**

Brooklyn (Kings County)
Queens (Queens County)
Staten Island (Richmond County)
Long Island (Nassau & Suffolk)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

                                      :
                                      :
UNITED STATES OF AMERICA,             :        19 Mag. 10987
                                      :
              -v-                     :           ORDER
                                      :
VIRGIL GRIFFITH,                      :
                    Defendant.        :
                                      :
                                      :
--------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/2020
```

VERNON S. BRODERICK, United States District Judge:

     Before me is the Defendant's appeal of the denial of his
bail application by Magistrate Judge Barbara Moses on December
26, 2019.  I heard the appeal on December 30, 2019.
Accordingly, it is hereby:

     ORDERED that the Clerk of Court is directed to unseal this
case and enter all documents in connection with this Complaint
on the electronic docket.

     IT IS FURTHER ORDERED that for the reasons stated on the
record on December 30, the Defendant's appeal is GRANTED.  I set
forth below the entirety of Defendant's bail conditions:

     1.   A $1 million personal recognizance bond, secured by

          (1) the residence of the Defendant's parents, Dr.

          Robert Griffith and Dr. Susan Griffith, located at

          10885 Landers Drive, Northport, AL 35473; and (2) the

          residence of Defendant's sister, Joy Lewis, located at

7112 Black Rock Court, Columbia, MD 21046.  Dr. Robert

Griffith, Dr. Susan Griffith, and Joy Lewis are to

assist the Government in obtaining documents it deems

necessary to make these properties security for the

bond.  The bond shall not be considered secured until

such time as the property has been assessed by the

Government and has been made security for the bond.

Defendant shall not be released until the conditions

set forth in the paragraph are met;

2.   Strict Pretrial Supervision;

3.   Home detention with electronic and GPS monitoring at

Defendants' parents' residence, located at 10885

Landers Drive, Northport, AL 35473 ("the Residence");

4.   Home assessment of the Residence.  Defendant shall not

be released until the conditions set forth in the

paragraph are met;

5.   Defense counsel and the Government are to meet and

confer about securing the cryptocurrency hard drives

located at the Defendant's apartment in Singapore,

subject to the laws of Singapore.  Defendant is to

ensure that all individuals who have access to his

apartment in Singapore are aware that these drives are

not to be accessed, touched, or tampered with in any

way until they are secured based upon the agreement between defense counsel and the Government.

6. Defendant is to participate in mental health treatment and evaluation as directed by Pretrial Services;

7. Defendant is to participate in drug treatment and testing as directed by Pretrial Services;

8. Defendant's travel is restricted to the Northern District of Alabama, the Southern District of New York ("SDNY"), and the Eastern District of New York ("EDNY" and together with SDNY, the "New York Districts"). Further, Defendant shall only be permitted to travel to the New York Districts to (a) appear at the Thurgood Marshall United States Courthouse at 40 Centre Street, New York, New York and the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, New York for court appearances or as directed by his Pretrial Services Officer; or (b) meet with his counsel, Brian Klein, of Baker Marquart LLP and/or Sean Buckley of Kobre & Kim, and/or any other representatives of the aforementioned firms, at the New York office of Kobre & Kim located at 800 Third Ave., New York, New York 10022. Defendant shall provide notice to and obtain approval from Pretrial Services for all such travel. To the extent the

3

Government deems it necessary, in connection with all visits to and from the New York Districts, Defendant shall be accompanied to the airport by an agent of the Federal Bureau of Investigation or other investigative agency designated by the Government, who shall ensure that he boards his flight;

9. Within the Northern District of Alabama, Defendant shall be permitted to leave the Residence for all purposes ordinarily permitted for a person in home detention, as well as to obtain state- or municipality-issued identification documents. Defendant shall provide notice to and obtain approval from Pretrial Services for all such departures from the Residence;

10. Defendant is to surrender all of his travel documents to Pretrial Services, including his Passport ID Card. Upon release, and in accordance with Condition No. 9, Defendant is to commence efforts to obtain a state- or municipality-issued identification card that will enable him to travel by air. Until Defendant obtains an alternate form of identification, Pretrial Services will facilitate his travel to the New York Districts for the purposes authorized in Condition No. 8 by providing Defendant with his Passport ID Card no more

than one day prior to his flight, which he will surrender to Pretrial Services upon his initial arrival in the SDNY, and retrieve his Passport ID Card from Pretrial Services for his trip back to Alabama. Defendant shall within a day of returning to the Northern District of Alabama return his Passport ID Card to Pretrial Services in the Northern District of Alabama.

11. Defendant is not to relocate from the Residence without prior approval of Pretrial Services;

12. Defendant shall not possess or use any smartphone or any cellular telephone with internet access capability;

13. Defendant will be allowed to have a computer in the Residence, which will be loaded with a monitoring software. Defendant is not to use any computer or other internet-capable device that does not contain such software;

14. Defendant's internet activity will be limited to communicating with his counsel by e-mail. Defendant is not to access the internet for any other purposes, and is specifically prohibited from accessing any of his cryptocurrency accounts and from accessing the darkweb;

15.   Defendant is not to communicate with or contact any of

the witnesses and victims set forth in a list to be

provided by the Government.

SO ORDERED.

Dated:     New York, New York
           January 2, 2020

Vernon S. Broderick
United States District Judge PART I

6