K1U9GRIC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4            v.                           20 CR 15 (PKC)
5  VIRGIL GRIFFITH,
6            Defendant.
7  ------------------------------x
8                                         New York, N.Y.
                                          January 30, 2020
9                                         2:49 p.m.
10
   Before:
11
                  HON. P. KEVIN CASTEL
12
                                          District Judge
13
14                       APPEARANCES
15 GEOFFREY S. BERMAN
        United States Attorney for the
16      Southern District of New York
   MICHAEL K. KROUSE
17 KIMBERLY J. RAVENER
        Assistant United States Attorneys
18
   BAKER MARQUART LLP
19      Attorneys for Defendant
   BRIAN E. KLEIN
20 KERI C. AXEL
21 KOBRE & KIM LLP
        Attorney for Defendant
22 SEAN S. BUCKLEY
23
24
25

1            (Case called)
2            MR. KROUSE:  Good afternoon, your Honor.  Michael
3  Krouse and Kimberly Ravener for the United States.
4            THE COURT:  Good to see you both.  And for the
5  defendant.
6            MR. KLEIN:  Good afternoon, your Honor.  Brian Klein
7  for Virgil Griffith, who is here and out of custody.
8            THE COURT:  All right, yes.  Good to see you,
9  Mr. Klein and I see -- I know Mr. Buckley, who is with you.
10 Good to see you.
11           MR. BUCKLEY:  Good to see you, Judge.
12           THE COURT:  Different perspective.
13           MR. BUCKLEY:  You're a little farther away, your
14 Honor.
15           THE COURT:  And you are.
16           MS. AXEL:  And I'm Keri Curtis Axel, also with the
17 Baker Marquart firm.
18           THE COURT:  Good to see you as well.
19           MS. AXEL:  Thank you.
20           THE COURT:  So, there is a single-count indictment
21 against the defendant which has been filed under docket
22 20 CR 015.  Has the defendant received, read, and reviewed the
23 indictment?
24           MR. KLEIN:  Yes, your Honor.
25           THE COURT:  Is there an application to waive the

K1U9GRIC

1  public reading thereof?
2           MR. KLEIN:  Yes, your Honor.
3           THE COURT:  Mr. Griffith, how do you plead to the
4  single count of the indictment?
5           THE DEFENDANT:  Innocent.
6           THE COURT:  All right.  A plea of not guilty will be
7  entered on the docket of the court.
8           Let me hear from Mr. Krouse as to the volume of
9  discovery and when you anticipate having discovery complete.
10          MR. KROUSE:  Yes, your Honor.
11          The government has made an initial production of
12 discovery.  We made that production about a week ago,
13 January 24.  That discovery consisted primarily of reports of
14 the defendant's own statements, various forms of legal process
15 such as search warrants and an extraction of the defendant's
16 cellular phone.  The government does have another production
17 that we anticipate providing in about two weeks.
18          THE COURT:  Where were the statements and interviews
19 made?
20          MR. KROUSE:  The statements were to the FBI.  They met
21 voluntarily with Mr. Griffith and he made those statements.  So
22 those are reports memorializing those statements.
23          THE COURT:  I cut you off.  Please keep going.
24          MR. KROUSE:  Thank you, your Honor.
25          The second production would consist of additional

1   search warrants, additional legal process that the government
2   has conducted as well as the fruits of some of those searches.
3   The government would also then, after that second production,
4   there may be additional rolling discovery that would mainly
5   consist of returns from electronic search warrants which we
6   have not yet received the returns on.
7           THE COURT:  When you say electronic search warrants,
8   these were Title IIIs?
9           MR. KROUSE:  No, your Honor.  Mainly stored
10  communications search warrants on e-mail addresses and things
11  of that nature.
12          THE COURT:  Seems to me, Mr. Klein, that you're going
13  to need a little bit of time to receive the material, review
14  the material, discuss it with your client and be in a position
15  to return to advise me whether there are any motions the
16  defendant wishes to make in this case; is that correct?
17          MR. KLEIN:  That's correct, your Honor.
18          There is an area of discovery I wanted to raise.
19          THE COURT:  Yes.
20          MR. KLEIN:  We are hopeful, we would like the
21  government to produce to us, if they have interviewed other
22  people who attended this conference.  So the allegations center
23  around a conference that was held in North Korea.  And the
24  other attendees, other than our client, were from foreign
25  countries.  We think the government may have interviewed some

of these people or may want to speak to them.  And we anticipate potentially doing Rule 15 -- taking Rule 15 testimony abroad in connection with this case.  We think those other attendees will help exonerate our client.  And so it would be helpful, and we believe necessary, to get FBI 302s or whatever interviews they've done of those people as soon as possible so that we can proceed judiciously.

THE COURT:  Maybe like the government's investigative file?  Is that what you're talking about?  You'd like that maybe?

MR. KLEIN:  Well I'm focused on this area of it.  Yes, your Honor.  Obviously, we'd like the discovery we're entitled to under Rule 16.

THE COURT:  That's the question, what you're entitled to under Rule 16 and what you're entitled to under the Jencks Act is also a different issue, what you're entitled to under Brady and Giglio are different issues.  But I don't understand the basis for your getting statements by people who the government may or may not elect to call as witnesses unless the statements are exculpatory to your client, in which event the government has an obligation to produce them under Brady.

MR. KLEIN:  Your Honor, I understand the issue you're focused on.  I agree we should get all the Brady material, of course, right.  I'm just saying that we anticipate taking potentially Rule 15 testimony or requesting permission to do

1   so --

2          THE COURT:  Sure.

3          MR. KLEIN:  -- with your Honor.  And to make that
4   process more on so we don't have unnecessary delays, if we
5   could even get a list of people that they've spoken with,
6   not --

7          THE COURT:  Well your client is alleged to have been
8   at this conference and does he not have access to this
9   material?

10         MR. KLEIN:  He has access to his memory of who was
11  there, your Honor.  They've seized all of his items.  They are
12  producing that back to us.  So we're waiting.

13         THE COURT:  So you'll get that.  And you'll get that.
14  And if he had notes on a calendar or in an electronic notebook
15  of who he spoke with, he'll have the benefit of that.

16         MR. KLEIN:  So for example, your Honor, what I was
17  thinking of, let's say they've already spoken to one of these
18  people and we think, again, they would be providing exculpatory
19  information.  So maybe that would come in a Brady letter or a
20  Brady disclosure.  But I just want to flag this issue for your
21  Honor, it's something that we're focused on, which is trying to
22  identify witnesses, pursue our investigation, pursue our
23  interviews potentially and potentially pursue, make a request
24  for Rule 15 testimony.

25         THE COURT:  Mr. Krouse.

K1U9GRIC

MR. KROUSE:  Your Honor, as your Honor pointed out, the government will obviously comply with its obligations to produce Rule 16 discovery, will provide Brady and Giglio to the extent there is any, but there is no basis for the defense to receive what they're asking for.

THE COURT:  Mr. Klein, I appreciate your flagging the issue and certainly if there an application under Rule 15 I would expect you and encourage you to make it as early as you possibly can.

MR. KLEIN:  Yes, your Honor.

THE COURT:  All right.  Would it be convenient, Mr. Klein, for you to return with your client on March 17 at 3:30 p.m. to advise whether there are any motions you have in this case?

MR. KLEIN:  Your Honor, before you came out we discussed that with the prosecutors.  That's a date we selected, which happens to be St. Patrick's day.

THE COURT:  I'll well aware.

MR. KLEIN:  I used to live here and that's a fun day here in New York.  And we'll try to wear green ties.

That day seems to work.  My phone is checked in downstairs because I no longer have my pass.  So, with the caveat that I'll doublecheck that, that date is a date we'd like to be back here, yes, your Honor.  We think that gives us sufficient time to get our discovery, review it, and notify you

K1U9GRIC

1    at that hearing about motions.
2            THE COURT:  All right.  And Mr. Krouse does that work
3    for the government?
4            MR. KROUSE:  Yes, your Honor.
5            THE COURT:  So I'll set this for March 17, 2020 at
6    3:30 p.m. and hear Mr. Krouse's motion.
7            MR. KROUSE:  Your Honor, the government moves to
8    exclude time between today and March 17 to allow the government
9    time to produce the remainder of discovery, allow the defense
10   time to review it, and determine whether any motions are
11   appropriate and to allow both sides to discuss possible
12   pretrial resolutions.
13           THE COURT:  Mr. Klein.
14           MR. KLEIN:  That's fine with us and our client, your
15   Honor.
16           THE COURT:  All right.  I find that the ends of
17   justice will be served by granting a continuance to March 17
18   and that the need for a continuance outweighs the best
19   interests of the defendant and the public.  The reasons for my
20   finding are that the time is needed to enable the government to
21   assemble the discovery, produce it to the defense, defense
22   counsel to review it, to discuss it with their client and be in
23   a position to return to advise if they have any motions they
24   wish to make and, accordingly, the time between today and
25   March 17 is excluded under the Speedy Trial Act.

K1U9GRIC

1        Anything further from the government?
2        MR. KROUSE:  Nothing further, your Honor.
3        THE COURT:  From the defendant?
4        MR. KLEIN:  No, your Honor.
5        THE COURT:  All right.  Thank you all very much.
6        (Adjourned)