# Inner City Press

May 18, 2020

By E-mail to castelnysdchambers@nysd.uscourts.gov

Hon. P. Kevin Castel, United States District Judge
Southern District of New York, 500 Pearl Street New York, NY 10007

Re: Press Access to documents in North Korea sanctions case, US v. Griffith, 20-cr-15 (PKC)

Dear Judge Castel:

   This concerns, in the above-captioned criminal sanctions case, the "*ex parte, in camera*" filings alluded to on today's telephone conference call, which I covered as I have the case from its Magistrates Court phase, for Inner City Press. This is a request to unseal the referenced filing concerning venue, the sealed document filed May 7, if different (Docket No. 32) and any other related submissions or orders that may have been filed under seal.

    As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records. See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).  Here, the charges involve allege violation of sanctions against North Korea, a current or potential nuclear power engaged in significant human rights abuses, and the Department of Justice's approach to crypto-currency as well as free speech. The sealing(s) and withholding here are unacceptable, and go beyond those requested even in the Central IntelligenceAgency trial before Judge Crotty, US v. Schulte, 17 Cr. 548.

   In that case, Inner City Press vindicated the public's right to know, in the docket, *see* https://twitter.com/big_cases/status/1232758559408087041 and https://www.usatoday.com/documents/6786787-Docket-Annotation

*See also* Inner City Press' May 9, 2020, filing for openness in *US v. Randall*, 19-cr-131 (PAE), Docket No. 343.

  The U.S. Supreme Court has recognized that reporting by the news media allows members of the public to monitor the criminal justice system without attending proceedings in person. *Richmond Newspapers, Inc. v Virginia*, 448 U.S. at 572-73  (1980). By attending and reporting on court proceedings, members of the press "function[] as surrogates for the public." *Id*. at 573.

We ask that this request to unseal be placed in the ECF docket and that these issues be addressed by Your Honor as quickly as possible, in light of course of the pandemic, but ideally before the venue motion and opposition are due.  For the reasons stated above, Inner City Press and I respectfully request that the documents be unsealed.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017