

777 South Figueroa Street
Suite 2850
Los Angeles, California 90017
424.652.7800
bakermarquart.com

WRITER'S DIRECT DIAL NO.
(424) 652-7814

WRITER'S E-MAIL ADDRESS
bklein@bakermarquart.com

**EX PARTE & IN CAMERA**

March 17, 2020

Honorable P. Kevin Castel         **REQUEST TO BE FILED UNDER SEAL**
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Virgil Griffith</u>
      <u>20 Cr. 15 (PKC)</u>

Dear Judge Castel:

      We write on behalf of our client, defendant Virgil Griffith, in the above-captioned case to attach an *ex parte* application pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure seeking an order to permit the attached subpoena to be issued to the following:

> Verizon
> Attn: VSAT
> 180 Washington Valley Road
> Bedminster, New Jersey 07921

      The order would direct the production of the following by April 30, 2020:

> A list of any and all IP addresses associated with the email address dprk.un@verizon.net, and any logs or similar records of access to the email address dprk.un@verizon.net, for the period from November 1, 2018 to October 30, 2019.

      We are cognizant of the difficulties and complications presented by the COVID-19 outbreak, and while ordinarily would request that the subpoena be returned within 30 days, we have

Hon. P. Kevin Castel
March 17, 2020
Page 2 of 3

included additional time for Verizon to comply.  We of course will work with Verizon to determine a mutually agreeable return date if compliance is not possible by April 30.

We are requesting to file this *ex parte* because it would prejudice Mr. Griffith to reveal to the government strategic judgments related to the fact investigation of Mr. Griffith's defense, which are discussed below.

The above-requested Verizon records are important in developing Mr. Griffith's defense in this matter and will therefore assist counsel in preparing for Mr. Griffith's case for trial.  Specifically, the factual basis for venue asserted to date is set forth in Complaint 19 Mag. 10987 ("Complaint"), which provides that Mr. Griffith "communicated by email with . . . a DPRK diplomatic mission facility in Manhattan, New York."  (Complaint ¶ 15(d).)  The Indictment, by contrast, includes only a general allegation that the alleged conduct occurred "in the Southern District of New York, the Democratic People's Republic of Korea ("DPRK"), and elsewhere outside of the jurisdiction of any particular State or district of the United States."[1]  (Indictment ¶ 1.)

Notably, both the Complaint and the Indictment cite as a basis for venue 18 U.S.C. § 3238, which provides that, when an offense is committed outside of the jurisdiction of any particular State or district, venue is appropriate in the district where the offender "is arrested or first brought."  Since Mr. Griffith was arrested in the Central District of California, § 3238 supports venue in the Central District of California.

Based on the Complaint and the discovery the government has produced to date, it appears that the only possible basis for venue in the Southern District of New York is the alleged email to the DPRK diplomatic mission.  But that purported email could be accessed from anywhere in the world and need not have been accessed by an individual actually sitting in any Manhattan location.  Notably, Mr. Griffith never traveled to Manhattan or spoke by telephone or in-person with anyone from the DPRK in Manhattan.  The request of Verizon for IP login and related information is thus both evidentiary and directly relevant to a triable issue of fact and, indeed, may inform pretrial motions to dismiss for lack of venue.  *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

That information would also be admissible at trial pursuant to the business record exception to the rule against hearsay (Fed. R. Evid. 803(6)), or through the testimony of a document custodian

---

[1]  The Complaint also references a "consensual interview" of Mr. Griffith conducted by agents of the Federal Bureau of Investigation, which occurred in Manhattan, New York.  There is no claim—nor could there be—that such interview was in furtherance of the charged offenses, and therefore that interview cannot form the basis for venue.  *See* Fed. R. Crim. P. 18 ("the government must prosecute an offense in a district where the offense was committed.").

Hon. P. Kevin Castel
March 17, 2020
Page 3 of 3

from Verizon.[2]  Further, given that the requested records are maintained by Verizon and relate to an email address not controlled by the defendant, these materials "are not otherwise procurable in advance of trial by exercise of due diligence" by Mr. Griffith.  *Nixon*, 418 U.S. at 699-700.

It should also be noted that the subpoena request is narrowly tailored and neither unduly burdensome nor a fishing expedition given its relevance to the issued identified above.

Overall, the requested information is material to the preparation of the defense, and informs both a potential defense at trial and pretrial motions, and therefore Mr. Griffith cannot properly prepare for trial without such production and an inability to inspect in advance of trial potentially will result in the need to file a motion to dismiss which could delay the trial.

For all these reasons, the defense respectfully requests that the Court grant this application.  A proposed Order is enclosed as Attachment A.  Moreover, because this letter and the accompanying documents reference information that would reveal defense strategy and therefore prejudice Mr. Griffith at this stage of the proceedings if disclosed to the Government or the public, we respectfully request that the Court receive this letter and the enclosed materials *ex parte*, *in camera*, and that they be filed under seal.  See Attachment B.

Respectfully submitted,

*[signature]*

Brian E. Klein
Keri Curtis Axel
Baker Marquart LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*

(Attachments)

---

[2]  The *Nixon* Court expressly declined to rule on the question of whether the admissibility requirement applies where, as here, the subpoena is issued to a third party rather than to government prosecutors.  418 U.S. at 699, n.12; *see also United States v. Nosal*, 291 F.R.D. 403, 407 (N.D. Cal. 2013).  Nevertheless, Mr. Griffith respectfully submits that the Court need not reach that issue here as the requirements of the *Nixon* standard are otherwise met.