# ATTACHMENT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :   TO BE FILED UNDER SEAL
UNITED STATES OF AMERICA,
                                   :
       - v. -                          20 Cr. 15 (PKC)
                                   :
VIRGIL GRIFFITH,
                                   :   SEALED ORDER FOR THE
                                       ISSUANCE OF AN EX PARTE
                   Defendant.      :   SUBPOENA PURSUANT TO
                                       RULE 17(c)
-----------------------------------X
```

Upon the application of the defendant Virgil Griffith, the attached affirmation of Sean S. Buckley, and finding good cause therefor, it is

**ORDERED** that pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, the attached subpoenas be issued to the following:

```
       Oath - Verizon Media
       c/o Legal Compliance
       22000 AOL Way
       Dulles, VA 20166

       And

       Oath Inc.
       Custodian of Records
       22000 AOL Way
       Dulles, VA 20166
```

Directing production of the following:

```
       A list of any and all IP addresses associated with the
       email address dprk.un@verizon.net, and any logs or similar
       records of access to the email address dprk.un@verizon.net,
       for the period from November 1, 2018 to October 30, 2019.
```

And it is further

1

**ORDERED** that the subpoenas be complied with no later than April 30, 2020.  The subpoenas may be complied with by having the information delivered to the following address:  Brian E. Klein, Esq., Baker Marquart LLP, 777 South Figueroa Street, Suite 2850, Los Angeles, California, 90017, or delivered via email to bklein@bakermarquart.com.

And it is further

**ORDERED** that Counsel for defendant Virgil Griffith may disclose this Order and the accompanying subpoenas to Verizon, Oath – Verizon Media, and Oath Inc., or other third parties necessary to effect compliance with the subpoena.

And it is further

**ORDERED** that Verizon, Oath – Verizon Media, Oath Inc., or any other third parties with whom this Order is shared, shall not disclose the existence of this Order or the accompanying subpoenas to any third parties other than those necessary to effectuate performance pursuant to the subpoenas.

And it is further

**ORDERED** that this Order, and the materials submitted by the defendant in support thereof, be filed *ex parte* and under seal until further Order of this Court.

Dated: New York, New York                    **SO ORDERED**
            _____, 2020


                                    _____
                                    HONORABLE P. KEVIN CASTEL
                                    UNITED STATES DISTRICT JUDGE

3

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 20 Cr. 15 (PKC) |
| Virgil Griffith | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:   Oath – Verizon Media
       c/o Legal Compliance, 22000 AOL Way, Dulles, VA 20166
       _____
       *(Name of person to whom this subpoena is directed)*

      **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

A list of any and all IP addresses associated with the email address dprk.un@verizon.net, and any logs or similar records of access to the email address dprk.un@verizon.net, for the period from November 1, 2018 to October 30, 2019.

| Place:  Brian E. Klein, Esq., Baker Marquart LLP, 777 South Figueroa Street, Suite 2850, Los Angeles, California, 90017; bklein@bakermarquart.com | Date and Time:  04/30/2020 9:00 am |
|---|---|

      Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

      *(SEAL)*

Date:  _____

                               *CLERK OF COURT*

                                 _____
                                      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Virgil Griffith _____ , who requests this subpoena, are:

  Brian E. Klein, Esq., Baker Marquart LLP, 777 South Figueroa Street, Suite 2850, Los Angeles, California, 90017

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   20 Cr. 15 (PKC)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10065;  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

&#10065;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  20 Cr. 15 (PKC) |
| Virgil Griffith | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Oath Inc.
Custodian of Records, 22000 AOL Way, Dulles, VA 20166

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

A list of any and all IP addresses associated with the email address dprk.un@verizon.net, and any logs or similar records of access to the email address dprk.un@verizon.net, for the period from November 1, 2018 to October 30, 2019.

| Place:  Brian E. Klein, Esq., Baker Marquart LLP, 777 South Figueroa Street, Suite 2850, Los Angeles, California, 90017; bklein@bakermarquart.com | Date and Time:  04/30/2020 9:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Virgil Griffith _____ , who requests this subpoena, are:

Brian E. Klein, Esq., Baker Marquart LLP, 777 South Figueroa Street, Suite 2850, Los Angeles, California, 90017

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   20 Cr. 15 (PKC)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).