UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA         :

        Plaintiff,         :

   v.                        20 Cr. 015 (PKC)

                           :

VIRGIL GRIFFITH,

                           :

        Defendant.
-------------------------------------------------------

# DEFENDANT VIRGIL GRIFFITH'S
# MOTION TO DISMISS FOR IMPROPER VENUE

BRIAN E. KLEIN
KERI CURTIS AXEL
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
(424) 652-7800

SEAN S. BUCKLEY
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Attorneys for Virgil Griffith*

**PRELIMINARY STATEMENT**

Defendant Virgil Griffith respectfully moves the Court to dismiss the pending indictment against him due to improper venue pursuant to Federal Rule of Criminal Procedure 12(b)(3)(i).  The government cannot prove venue is proper in this District by a preponderance of the evidence as the law requires.  Since there is no basis for venue in this District, the indictment should be dismissed.

Mr. Griffith is charged with one count of conspiring to violate the International Emergency Economic Powers Act ("IEEPA") in connection with a goodwill speaking trip he took to North Korea in April 2019.  Based on a review of the complaint, indictment, discovery, and confirmation from the government, the sole basis for venue in this District is a March 2019 e-mail Mr. Griffith allegedly sent to North Korea's Mission to the United Nations, which is nominally located in Manhattan.  But there is no evidence that the e-mail was ever actually received by anyone, let alone someone in this District.  Mr. Griffith was also not in this District when he allegedly wrote and sent it.

Because venue cannot be established in this District, the only potentially proper venue for this case is the district where Mr. Griffith was arrested, which would be the Central District of California.  The government made an express decision to have Mr. Griffith arrested in Los Angeles, California, on Thanksgiving Day 2019, even though he was cooperating with their investigation (having been interviewed in person by the FBI twice before), was remaining in the United States at their request, and his then-attorney was in discussions with government counsel about setting up another meeting.  Given his arrest and presentment in Los Angeles, the Central District of California possibly has venue pursuant to 18 U.S.C. § 3238, not this District.

Since there is no evidence to support venue in this District, the indictment should be dismissed.

## FACTUAL BACKGROUND

On November 21, 2019, Mr. Griffith was charged in a sealed criminal complaint in this District with one count of conspiring to violate the IEEPA, 50 U.S.C. §§ 1701-1706. (Dkt. No. 1 ("Compl.").) The complaint alleges that Mr. Griffith conspired to evade sanctions in connection with a goodwill speaking trip he took to North Korea in April 2019. (*Id.*) Mr. Griffith is a U.S. citizen and Alabama native with no prior criminal record who has a Ph.D. from the California Institute of Technology (Caltech), and who lived and worked in Singapore before his arrest in this case.

The complaint offers two grounds for venue in this District. First, it includes a parenthetical citation to 18 U.S.C. § 3238. (Compl. ¶ 3.) Under that statute, venue is proper where the offender "is arrested or is first brought[.]" Second, it attempts to ground venue in this District based on an alleged March 6, 2019 e-mail Mr. Griffith purportedly sent to the e-mail address "dprk.un@verizon.net"—purportedly the email address associated with North Korea's diplomatic mission to the United Nations ("DPRK Mission"), which is nominally located in this District—requesting permission to speak at the conference in North Korea. (*See id.* ¶ 15.d.) (The e-mail is attached as Exhibit 1.)

Leading up to his arrest, Mr. Griffith had cooperated extensively with U.S. law enforcement. Upon returning from North Korea in April 2019, Mr. Griffith, on his own accord, went to the U.S. Embassy in Singapore to report about his trip almost immediately after his return. Later, while in Puerto Rico, the FBI contacted him about his North Korea trip. At their request, he traveled from Puerto Rico to this District at his own expense for an

interview, which took place on May 22, 2019.  Then, on November 12, 2019, the FBI interviewed him a second time in San Francisco, California.  (Mr. Griffith was not represented by counsel at either interview).  At their request, he also provided them with his cell phone to image, and he agreed to remain in the United States rather than return to Singapore until he received further direction from the FBI.

From November 25-27, 2019 (*i.e.*, right before his arrest), having obtained counsel, Mr. Griffith's former counsel was in active e-mail discussions with counsel for the government to set up another meeting with the authorities.[1]  (Exhibit 2.)  Despite the complaint having been filed under seal days before, and knowing they were going to arrest him, the government intentionally fostered the misimpression that no final charging decision had been made and his cooperation remained of interest by engaging in those discussions with Mr. Griffith's counsel.

The government chose to arrest Mr. Griffith on Thanksgiving morning, November 28, 2019, as he was boarding a flight from Los Angeles to Baltimore, where he was to spend the holiday with his parents and his sister's family.  Through counsel, he had advised the FBI of this flight to ensure that they understood where he was and that he was not taking steps to evade law enforcement or otherwise frustrate their efforts to speak with him.  (*See id.*).

Mr. Griffith then was not presented to a magistrate judge in the Central District of California for an initial appearance until Monday, December 2, 2019.  Although the magistrate judge, consistent with Pretrial Service's recommendation, ordered Mr. Griffith released on conditions, the government sought and received a stay of his release, pending a

---

[1] As the Court will see in Exhibit 2, Mr. Griffith was formerly represented by Duri Tangri LLP.

hearing in this District. (Dkt. No. 3.) Mr. Griffith did not appear before a judge again until December 26, 2019, when he appeared in this District before Magistrate Judge Barbara Moses, and eventually, on January 2, 2020, District Judge Vernon Broderick issued a release order with stringent bail conditions. (Dkt. Nos. 5 and 8.) Since his release in early January, Mr. Griffith has resided with his parents in Tuscaloosa, Alabama.

On January 7, 2020, the government filed in this District a four-page indictment against Mr. Griffith. (Dkt. No. 9 ("Ind.").) Like the complaint, the indictment charges Mr. Griffith with one count of conspiracy to violate IEEPA. (*Id.*) Paragraph one alleges:

> From at least in or about August 2018, up to and including in or about November 2019, in the Southern District of New York, the Democratic People's Republic of Korea ("DPRK"), and elsewhere outside of the jurisdiction of any particular state or district of the United States, VIRGIL GRIFFITH, the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly, and willfully did combine, conspire, confederate, and agree together and with each other to violate licenses, orders, regulations, and prohibitions in an disused under the [IEEPA], codified at Tittle 50, United States Code, Sections 1701-1706.

Like in the complaint, venue is also grounded in a later reference to 18 U.S.C. § 3238. (*Id.* ¶ 3.) The indictment contains no specific allegations referencing the purported e-mail sent to the DPRK Mission, or to any other contact by Mr. Griffith directly or indirectly in this District.

On April 8, 2020, with the Court's authorization, the defense served on Oath, Inc. ("Oath") (a successor entity to Verizon Media) by Federal Express a subpoena pursuant to Federal Rule of Criminal Procedure 17(c), requesting data regarding the DPRK Mission's

4

purported e-mail address, dprk.un@verizon.net.[2]  The subpoena called for "[a] list of any and all IP addresses associated with the e-mail address dprk.un@verizon.net, and any logs or similar records of access to the e-mail address dprk.un@verizon.net, for the period from November 1, 2018 to October 30, 2019."  In short, the subpoena called for records showing the IP address from which the e-mail account in question was accessed, which allows the recipient to determine the physical location from which the account was accessed.

On April 29, 2020, Oath responded to the subpoena, producing logs of IP addresses from April 18, 2019 (rather than on November 1, 2018) to October 30, 2019.  (Exhibit 3.)  A representative of Oath advised the defense that its retention policy for IP login data is one year, and she explained that, because Oath had pulled data on or about April 18, 2020, the data went back only to April 18, 2019.  As such, Oath has no records showing that the March 6, 2019 e-mail Mr. Griffith sent to dprk.un@verizon.net was ever received in this District.

The Oath logs further indicate dprk.un@verizon.net was accessed 598 times between April 18, 2019 and October 30, 2019.  (*Id.*)  A review of the IP addresses associated with that e-mail account shows that it was accessed from servers in Ashburn, Virginia; Portland, Oregon; Manhattan, New York; Dublin, Ireland; and Baku, Azerbaijan.  Although the records show it was accessed from servers purportedly located in this District 215 times, dprk.un@verizon.net was accessed the vast majority of the time outside this District.  (*Id.*)  For example, it was accessed approximately 375 times from the Eastern District of Virginia.  (*Id.*)

---

[2] The defense had served a subpoena on Verizon on March 18, 2020; however, Verizon rejected that subpoena as improper because it was not addressed to Oath.  The defense then sought and received the April 8 subpoena.

Before filing this motion, the defense met and conferred with the government on May 14, 2020.  As part of the meet and confer, and to avoid any unnecessary litigation, the defense requested that the government let it know if the government had any basis for venue in this District other than the purported e-mail to the DPRK Mission referenced in the complaint.  On May 15, 2020, the government responded that "[a]t this time, [it] does not have additional information to draw to [the defense's] attention," while also noting that its investigation is ongoing.[3]

## ARGUMENT

The government cannot establish that venue is proper in this District.  The indictment therefore should be dismissed.

Proper venue in a criminal prosecution is a constitutional right: "The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed."[4]  U.S. Const. Art. III, § 2, cl. 3.  The government bears the burden of establishing that venue in a particular district is proper by a preponderance of the evidence.  *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999).  Federal Rule of Criminal Procedure 18 provides that "[e]xcept

---

[3]The day after the May 18, 2020 status conference at which this Court set the schedule for this motion to dismiss, the government e-mailed, in pertinent part: "[W]e have not told you that the cited e-mail is the sole basis for venue.  We have told you that our investigation is ongoing, and we reserve all rights to draw upon the complete record in preparing to meet your motion."  The defense followed up promptly by e-mail on May 20, 2020, to determine if there was another basis beyond the purported e-mail to the DPRK Mission.  As of the date of this filing, the government has not responded.

[4] Venue must be proper with respect to each charged count.  *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989).

6

as otherwise permitted by statute or these rules, the prosecution shall be had in a district in which the offense was committed."

Without providing any specific facts, the indictment alleges that Mr. Griffith engaged in a conspiracy to violate IEEPA in this District and elsewhere. (Ind. ¶ 1.) The only action alleged in this District in furtherance of the charged conspiracy—which is set forth in the complaint rather than the indictment—is the March 2019 e-mail from Mr. Griffith purportedly sent to the DPRK Mission at dprk.un@verizon.net. The government has confirmed this is the sole basis for venue. But there is no evidence that this e-mail was ever received by anyone in this District, let alone enough evidence to carry the government's preponderance burden.

Oath's records showing from where that e-mail account was accessed only go back to April 2019. (*See* Exhibit 3.) There are no Oath records available for March 2019, when the e-mail was sent. At best, the government can therefore only offer speculation that the e-mail was used by the DPRK Mission, and speculation that it was viewed by an unknown person in this District. That speculation rests solely on the idea that the DPRK Mission is based in this District. But as the Court and the government no doubt are aware, e-mail oftentimes is accessed remotely and while a physical address may be maintained in a particular location, that does not support the inference that the individual(s) monitoring a particular e-mail account are doing so from that physical location as opposed to elsewhere. Indeed, an entire industry has arisen to provide physical addresses and mail-forwarding services for people and entities that operate virtually.

The records from Oath, however, further undercut that speculative argument. The records Oath produced for e-mail access from April 18, 2019 through October 2019 show

7

that the e-mail address was accessed from numerous spots around the world in addition to this District and most often from the Eastern District of Virginia. Even if the government argues that the Court should draw an inference from those records, it is too big of an inferential leap to suggest that Mr. Griffith's e-mail was received, let alone viewed, in this District.

The other basis for venue in the indictment is a parenthetical citation to 18 U.S.C. § 3238. (*Id.* ¶ 3.) This statute governs venue for offenses "begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district[.]" Pursuant to § 3238, venue is proper where the offender "is arrested or is first brought[.]"[5] This statute also provides no support for venue in this District.

Mr. Griffith was arrested in the Central District of California and first presented before a magistrate judge in that district. The government chose to arrest him last year on Thanksgiving Day as he was boarding a flight from Los Angeles to Baltimore to spend the holiday with his family. It did not have to do so. The government made that decision despite a number of notable facts. First, despite wanting to return to Singapore to resume his life and work there, Mr. Griffith had agreed with the FBI to remain in the United States at their request. Second, pursuant to that agreement, Mr. Griffith had not purchased a return ticket to Singapore, and he had kept the FBI apprised of his location. Third, counsel for the government was in discussions with Mr. Griffith's attorney about another meeting (a third, in-person interview), and had provided Mr. Griffith's travel itinerary to Baltimore for the

---

[5] If no offender is arrested or brought into any district, venue is proper under Section 3238 in the district of the last known residence of any offender, or, if no such residence is known, in the District of Columbia. Neither of these scenarios are applicable to this case.

8

Thanksgiving holiday to the government. The government could have easily arranged for Mr. Griffith to come to this District ostensibly for an interview at which time they could have arrested him. Instead, despite this open dialogue and no indication that he was going to travel overseas, the government decided to arrest him on Thanksgiving Day in the Central District of California. The lack of venue in this District thus is of the government's own making.

The government's two possible grounds for venue in this District – the alleged March 2019 e-mail and the location of his arrest and first presentment – cannot support venue here.

## **CONCLUSION**

For all of the foregoing reasons, Mr. Griffith respectfully requests that the Court dismiss this case due to improper venue.

Dated:  May 27, 2020                                                  Respectfully Submitted,

/s/ Brian E. Klein

_____

Brian E. Klein
Keri Curtis Axel
Baker Marquart LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*