```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                          20 CR 15 (PKC)

VIRGIL GRIFFITH,

              Defendant.
                                     Conference
------------------------------x

                                     New York, N.Y.
                                     May 18, 200
                                     2:30 p.m.
Before:

                   HON. P. KEVIN CASTEL,

                                     District Judge

                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  KYLE A. WIRSHBA
     KIMBERLY J. RAVENER
     Assistant United States Attorneys

BAKER MARQUAT LLP
BY:  BRIAN EDWARD KLEIN
     KERI CURTIS AXEL
          -AND-
KOBRE & KIM LLP
BY:  SEAN STEPHEN BUCKLEY
     Attorneys for Defendant
```

1           THE COURT:  This is United States of America v. Virgil
2   Griffith, 20 CR 15.
3           For the government.
4           MR. WIRSHBA:  Good afternoon, your Honor.  Kyle
5   Wirshba for the government.
6           THE COURT:  Good afternoon, Mr. Wirshba.
7           MR. WIRSHBA:  I have with me on the call as well
8   Ms. Kim Ravener from the U.S. Attorney's Office.
9           THE COURT:  Good afternoon to you both.
10          For the defendant.
11          MR. KLEIN:  Good afternoon, your Honor.  Brian Klein
12  and Keri Axel from my law firm, Baker Marquart.  Also with us
13  on the call is Sean Buckley.  And our client, Virgil Griffith,
14  is also on the call.  He's out of custody with his parents at
15  home in Alabama.
16          THE COURT:  Thank you very much.
17          Can you hear me, Mr. Griffith?
18          THE DEFENDANT:  Yes.  We can hear you just fine.
19          THE COURT:  Mr. Klein, first order of business.  I
20  would be happy to adjourn this conference to a time and place
21  where your client can appear personally.  But my understanding
22  is that your client is waiving his physical appearance at
23  today's conference.
24          Is that correct?
25          MR. KLEIN:  Yes.  That is correct, your Honor.  We

1  submitted a letter to that effect too I believe.

2  THE COURT: Thank you.

3  I find it's knowing and voluntary, and the waiver of
4  physical appearance is accepted.

5  Now, the last time we got together was it seems to me
6  January 30, 2020. And I set March 17 as the date on which the
7  defendant would return and advise whether there are any motions
8  the defendant wishes to make in the case. And there were
9  subsequent requests to adjourn the March 17 conference which
10 the Court granted, and that's why we're together today.

11 First, let me inquire of the government whether it has
12 completed its discovery production in this case.

13 MR. WIRSHBA: Your Honor, discovery in this case has
14 not yet been completed. We have been rolling out discovery to
15 the defendant as quickly as possible.

16 As I'm sure your Honor has heard in many other cases,
17 the pandemic has limited our ability to do that as
18 expeditiously as we would like with respect to certain
19 electronic discovery.

20 So while we have at this time gotten the defendant,
21 including a production that was made available to the defendant
22 late last week, we have some electronic discovery that still
23 needs to be produced.

24 For example, the government had a warrant for a
25 certain electronic device that came from Singapore. We

1   provided the warrant to the defendant, but that device has not
2   been extracted yet.  So we haven't been able to actually
3   provide the electronic discovery.
4           That said, the great bulk of the discovery, as far as
5   the government is currently aware, has been turned over to the
6   defense for some time.
7           THE COURT:  All right.  You're talking about the
8   outstanding discovery being the extraction from one phone.  Is
9   that correct?
10          MR. WIRSHBA:  So, your Honor, there are a couple of
11  categories.  So there's an extraction of a couple of devices
12  that came over from Singapore that we only got --
13          THE COURT:  How many devices?
14          MR. WIRSHBA:  Two devices, your Honor, a phone and a
15  computer.  In addition to that, the government executed a
16  search warrant on several of the defendant's devices.
17          And those devices the government has not yet --
18  although the extractions have begun, the government hasn't been
19  able to ultimately extract those devices yet because they're
20  working through the security protocols for those devices.
21          So I don't have a sense of when we might, if ever, get
22  into those devices.  If we were able to do so, we would of
23  course provide copies to the defendant as quickly as possible.
24          THE COURT:  But you can anticipate when you will be
25  done with the two Singapore devices.  Is that correct?

1  MR. WIRSHBA: Yes, your Honor. I would expect that we
2  would be able to produce those devices within two weeks.
3  THE COURT: All right. It seems to me that defense
4  counsel will need an opportunity to review the content of those
5  devices which could be sizable -- I have no idea -- and be in a
6  position to return to me to advise whether there are any
7  motions they wish to make in this case.
8  As to the defendant's devices, as the government has
9  pointed out, we don't know whether they're going to be able to
10 extract from those devices or not. So that's not a reason to
11 hold anything up because I imagine that would be an ongoing
12 process.
13 But let me hear from the defendant. What I would
14 propose to do is hear from you as to when it would be
15 appropriate for you to return to advise the Court of whether
16 you have any motions you wish to make in this case.
17 MR. KLEIN: Your Honor, thank you.
18 Actually, there is a motion that we think is a
19 threshold motion that we would like to make relatively quickly
20 related to venue. As you may recall, your Honor, we engaged in
21 some under-seal, in-camera practice through you that has borne
22 fruit. We talked to the government about this already, that we
23 wanted to file a motion to dismiss based on venue.
24 We had proposed a schedule to the government already
25 which I think they were actually tentatively fine with. We may

1    be able to get our motion filed sooner than that.

2             THE COURT: What's the schedule?

3             MR. KLEIN: Sure. Your Honor, we had proposed filing
4    our motion on the 27th of May with the government responding on
5    June 10 and us replying on June 17. We think we can file our
6    motion actually this Friday. We would like to do that as
7    quickly as possible.

8             We were waiting to hear back from them on Friday about
9    something to confirm we would be proceeding this route. We
10   did. So we've been working on our motion. We think we can
11   file it this Friday, and that they would then respond within
12   two weeks, and we would reply within a week.

13            THE COURT: That would lay it in right on the eve of
14   the Memorial Day weekend, however, wouldn't it?

15            MR. KLEIN: Yes. We could give them a little extra
16   time, your Honor. We're not trying to, by any means, sandbag
17   them with less time. We just wanted to move it along. That's
18   why we had picked the 27th.

19            THE COURT: Let me ask you with regard to the basis
20   for the venue motion, refresh my recollection. I remember you
21   were making an ex parte application, but refresh my
22   recollection on this subject.

23            MR. KLEIN: Sure, your Honor. The government's
24   indictment has essentially two grounds for venue. One is
25   basically where the defendant was first brought or where he

1  resided.

2          He didn't reside in the Southern District of New York.
3  He was actually first brought before a judge in the Central
4  District of California. He was arrested at LAX out here.

5          The other ground would be something that happened
6  under the allegations. We understand from conferring with the
7  government that the sole basis for venue being in the Southern
8  District of New York is an email communication between our
9  client, an alleged email communication between our client, and
10 North Korea's diplomatic mission located in Manhattan.

11         So we engaged in that ex parte, under seal, in-camera
12 practice with a subpoena. We've received now back returns from
13 that. And we think that demonstrates very clearly to us and
14 will demonstrate to the Court that venue is not proper in the
15 Southern District of New York.

16         THE COURT: All right. It seems to me you can file
17 your motion whenever convenient for you. June 10 sounds pretty
18 good for a response date. If you'd like to hold to June 17 on
19 your reply, that's fine with me as well.

20         Any objection from the government?

21         MR. WIRSHBA: Your Honor, if I may just very briefly.
22 This is the first the government is hearing of a basis for the
23 motion. And the government has not received any reciprocal
24 discovery in response to any subpoena. Obviously this practice
25 was done ex parte. So the government was not aware of the

1  subpoena going out.

2  THE COURT: Excuse me. Let me interrupt you.

3  I heard Mr. Klein say that he called you and discussed
4  this motion with you.

5  MR. WIRSHBA: We discussed that there would be a
6  motion for venue, but we did not know that there was some
7  subpoena. I wasn't on this call. So Ms. Ravener will correct
8  me if I'm wrong, but we did not know that there was this
9  subpoena practice and that there was a response that yielded
10 some information that the defendant believes is a basis for a
11 motion to change venue.

12 So while the government has no objection to the
13 Courted setting that deadline, it is possible that the
14 government may need to write to the Court to request additional
15 time to test the basis for this motion and to consider what I
16 assume discovery defense will be providing in order to
17 substantiate its motion.

18 THE COURT: Okay. Let me ask Mr. Klein.

19 When did you make application to me?

20 MR. KLEIN: Your Honor, I'm trying to pull that up.
21 We made a couple of applications because we had to come back.
22 We received the results from you. And the reason why we did it
23 ex parte and under seal was because it went to a theory we had.
24 So your Honor had granted us the ability to do that.

25 So based on our call on Friday -- I just want to make

1   this very clear.  We weren't sure if we were going to need to
2   engage in additional ex parte, in camera, under seal practice
3   until we got confirmation from the government on Friday about
4   the basis for venue.
5           So we did have a call with the government last week.
6   We explained we anticipated filing a motion under Rule 18 to
7   dismiss.  We asked them for their basis for venue.  We asked
8   them to confirm that it was solely this communication.  They
9   did that on Friday.  So I don't think there is any surprise
10  here.
11          The one thing that they didn't know about, which was
12  for good reason and which your Honor would be aware of, is that
13  we had submitted the application to get the subpoena with an
14  early return date and have it under seal and without them
15  knowing about it because it went to a theory of defense we had.
16          THE COURT:  But you've disclosed it today.  You've
17  disclosed it today.  I take it you no longer adhere to any
18  potential prejudice from disclosing the theory of the defense.
19          MR. KLEIN:  We do not, your Honor.  We just got that
20  response on Friday.  We were going to disclose it today on this
21  call.  So we're doing that now.  You're right, your Honor.  We
22  do not.  We are happy to.  We can provide them the information
23  we received.
24          THE COURT:  All right.  So anyway, you made your first
25  application to me when?  Approximately.

1                MR. BUCKLEY:  Your Honor, this is Sean Buckley.  On
2     March 17 was the initial application.
3                THE COURT:  All right.  Thank you.
4                I'm going to set a deadline of May 17 for the filing
5     of the motion.  You can file it sooner if you want.  June 10
6     for a response and June 17 for a reply.  I've heard the
7     government say that based on a review of this discovery, which
8     I assume you're going to turn over to the government --
9                Is that correct?
10               MR. KLEIN:  Yes, your Honor.  We will do so.
11               THE COURT:  That would be the production that you
12    received in response to any of the ex parte subpoenas on this
13    issue.  The government has indicated they may require
14    additional time.  If that's the case, that's the case.  But
15    we'll otherwise have the reply brief in on June 17.
16               Now, when would it be convenient, Mr. Klein, for you
17    to return and advise me of whether there are any motions you
18    wish to make based on the discovery material that is to be
19    produced in the next two weeks?
20               MR. KLEIN:  Your Honor, it may make sense to do it if
21    your Honor holds a hearing on this motion because obviously if
22    you grant our motion, the case would leave the Southern
23    District of New York.
24               So we are thinking this would be a two-step process,
25    decide this motion.  And if it's granted, we don't need to have

1   a motion schedule with your Honor.  If it's denied, then at
2   that hearing, whenever that happens, we could set a motion
3   schedule.
4            THE COURT:  But it's not fair to me to ask you what
5   motion do you plan to make unless you're in a position to
6   answer that question.
7            MR. KLEIN:  Yes, your Honor.
8            THE COURT:  So I don't want you to say here when we
9   return, your Honor, I've been waiting to hear what you have to
10  say on our venue motion.  So I haven't looked at these
11  documents.  I have no idea, but if I have any motion, I'll make
12  it by date X.
13           Now I'd like to hear what motion it is so that I can
14  properly schedule it, whether it's a motion to suppress,
15  whether it's a motion for additional discovery, or otherwise.
16           So what I'm going to do is I'm going to have you all
17  back for a telephone conference on July 23.  Let's say 2:30 on
18  July 23, and we'll do it via teleconference, unless conditions
19  change.
20           Conditions may change, in which event I'd be delighted
21  to do it in person in the courtroom.  But unless you hear
22  anything differently, we'll do it the way we did it today.
23           MR. KLEIN:  Yes, your Honor.  We had been looking
24  forward to the last one in person because it was St. Patrick's
25  Day.  So we all hoped we could be there in person.

1   THE COURT:  I recall very well that that was the case.
2   In any event, that's what we'll do.
3   Let me hear the government's final application.
4   MR. WIRSHBA:  Yes, your Honor.  The government would
5   seek to exclude time under the Speedy Trial Act until July 23
6   at 2:30 to allow the defense to continue to review discovery
7   and the parties to continue to discuss a possible pretrial
8   disposition which of course has been slowed by the COVID 19
9   pandemic.
10  THE COURT:  Mr. Klein?
11  MR. KLEIN:  Our client and we don't object to that,
12  your Honor.
13  THE COURT:  All right.  I find that the ends of
14  justice will be served by granting a continuance to July 23 at
15  2:30 p.m.  And I find that the need for a continuance outweighs
16  the best interests of the public and the defendant in a speedy
17  trial.
18  Part of the time is undoubtedly excluded by operation
19  of law due to the pendency of the motion.  But continuing the
20  case will enable the government to make the remaining discovery
21  available, for the parties to brief the issue which we
22  discussed, for defense counsel to review the discovery that is
23  to be produced, consult with its client, and be in a position
24  to return to advise me whether it has any motions it wishes to
25  make with regard to the discovery to be produced in the next

SOUTHERN DISTRICT REPORTERS, P.C.··
(212) 805-0300

1  two weeks, and also for the Court to hear and possibly decide
2  the venue issue.
3          Accordingly, the time between today and July 23 is
4  excluded under the Speedy Trial Act.
5          Anything further from the government?
6          MR. WIRSHBA:  Not from the government, your Honor.
7          THE COURT:  From the defendant?
8          MR. KLEIN:  Not from the defense, your Honor.
9          THE COURT:  All right.  I hope everybody continues to
10 stay safe and healthy, and I look forward to being with you
11 virtually or in person on July 23.  Thank you all very much.
12         MR. WIRSHBA:  Thank you, your Honor.
13         MR. KLEIN:  Thank you, your Honor.
14         MS. RAVENER:  Thank you, your Honor.
15         (Adjourned)