UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                  :

UNITED STATES OF AMERICA        :     **3500 PROTECTIVE ORDER**
                                    :

         - v. -                  :
                                    :

VIRGIL GRIFFITH,               :     20 Cr. 15 (PKC)
                                    :

             Defendant.       :
                                    :
- - - - - - - - - - - - - - - - - X

         Upon the application by the United States of America, by Audrey Strauss, Acting United States Attorney for the Southern District of New York, Michael K. Krouse, Kimberly J. Ravener, and Kyle Wirshba, Assistant United States Attorneys, of counsel, and Virgil Griffith, by and with the consent of his attorneys, Brian Klein, Keri Axel, and Sean Buckley, for the entry of a Protective Order, and for good cause shown,

         IT IS HEREBY ORDERED:

         1.    Defense counsel and the defendant, Virgil Griffith, are precluded from disseminating any of the documents and materials produced by the Government pursuant to Title 18, United States Code, Section 3500, any copies of such documents and materials, and any potential witness list or the fact that an individual has been identified as a potential witness by the Government (collectively, the "Protected Material") to anyone beyond the

defendant, Virgil Griffith, defense counsel, any paralegal or staff employed by the defendant, and any other person assisting in the defense, where such persons will be precluded from disseminating the Protected Material beyond the persons described herein.

   2. Protected Material disclosed to the defendant or to counsel during the course of proceedings in this action:

   a. Shall be used by the defendant and his counsel only for purposes of the defense of this action;

   b. Shall be maintained in a safe and secure manner solely by the defendant and his counsel. Defendant may not copy the Protected Materials except as necessary for the preparation of his defense, and the Protected Material shall not be provided in any form to third parties by the defendant or his counsel except as set forth in paragraph 2(c) below; and

   c. May be provided by the defendant or his counsel only to the following persons ("Designated Persons"):

   i. Associates, analysts, paralegals, investigators, secretaries, clerks and other support staff, and students working or performing services for the defendant's undersigned counsel (whether as full-time or part-time employees or independent contractors);

ii.     Third-party experts, investigators, consultants or advisors (including their respective clerical and secretarial personnel and support staff) retained by the defendant's counsel in connection with this action;

iii.    Third-party copy, technology, database hosting, and litigation support services (including their respective clerical and secretarial personnel and support staff) engaged by the defendant's counsel in connection with the preparation and/or trial of this case;

iv.     Witnesses and prospective witnesses (and their respective counsel) in connection with interviews, provided, however, that no Protected Material (or copies thereof) shall be left with such actual or prospective witnesses (or their counsel) following the conclusion of any such interview;

v.      Consistent with paragraph 2(c)(iv), to the extent witness interviews are conducted through live video or similar electronic means, real-time screen shares of Protected Material are permitted, provided that any witness or witness's counsel is expressly advised that they cannot record, copy, or retain the Protected Material in any manner, and the Protected Materials are not displayed to any persons beyond the actual or prospective witness (or their counsel); and

vi.    Such other persons as may be agreed to by the parties, in writing, or as may be authorized by the Court upon motion of the defendant.

3.    Any Protected Material disclosed to the defendant or to his counsel during the course of proceedings in this action that references uncharged targets of law enforcement investigations may be designated "Highly Confidential" by the Government. The defendant may not possess any such Protected Material designated Highly Confidential, except under the supervision of the defendant's counsel or on a read-only hard drive provided by defense counsel to the Government for the uploading of Protected Material designated Highly Confidential. Materials produced pursuant to this order will be stamped either "Protected Material" or "Highly Confidential," to the extent the format of the material permits.

4.    The defendant, his counsel, and any Designated Persons receiving Protected Material must destroy or return to the Government the Protected Material at the conclusion of the trial of this matter, or when any appeal has become final, or when any postconviction relief becomes final, with the exception of any Protected Material that has been annexed to pleadings, motions, appeals, or other documents filed with the Court or the Court of

4

Appeals in connection with this case.

       5.    The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they provide Protected Material pursuant to paragraph 2(c). Before providing Protected Material to Designated Persons pursuant to paragraph 2(c)(ii-v), any such Designated Person (and, in the event a Designated Person is not an individual, an authorized representative of such Designated Person) shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to defense counsel. The defendant's counsel will then maintain a record of transmittal and these agreements in its records, and provide such copy to the Court ex parte to be filed under seal at the conclusion of any trial in this matter, or earlier if requested upon motion of the Government. With regard to providing any Protected Material to any Designated Person pursuant to paragraph 2(c)(ii-v) above, it shall be sufficient for defense counsel to obtain a single acknowledgement from such person (or, in the event the Designated Person is not an individual, an authorized representative of such Designated Person) and such defense counsel shall not be required to obtain additional and separate acknowledgements from such Designated Person's clerical and secretarial personnel or support staff (each of whom shall nonetheless be bound by the provisions

of this Order). Neither the defendant nor his counsel shall be required, absent further order of the Court, to disclose the identities of the Designated Persons to whom they have disclosed Protected Material. No third-party shall be required, absent further order of this Court, to disclose its receipt of Protected Materials in accordance with this Order.

6.   The provisions of this Order shall not prohibit or be construed as preventing the disclosure by the defendant or his counsel of any Protected Material: (a) during or in connection with any court proceeding before any Judge or Magistrate of this Court or the Court of Appeals in connection with this case including, but not limited to, at any conference or argument, or in connection with any application, motion, hearing, trial, sentencing proceeding, or appeal held in connection with the above-referenced action; or (b) to any Judge or Magistrate of this Court or the Court of Appeals for any other purpose in connection with the above-referenced action. Any written disclosure of the Protected Material pursuant to the terms of this Paragraph shall be submitted in the first instance to the Government and to the Court under seal, to permit any necessary redactions before public filing. Nothing in this Paragraph shall be construed to limit the use of the Protected Material in questioning witnesses in any

6

hearing or trial in this case.

7.    The provisions of this Order shall not be construed as preventing or limiting disclosure of any information that is in the public domain or information or material obtained by any of the defendants or their counsel from sources other than the Government.

8.    By agreeing to this Order the defendant is not agreeing the Protected Materials are covered by § 3500 or waiving any of his rights, including his ability to challenge the propriety of the government's designations of Protected Materials or his right to seek additional discovery from the government.

9.    Nothing contained in this Order shall preclude any

party from applying to this Court for modification of any provision

herein or for any further relief.


Dated:    New York, New York
          July 23, 2020

AGREED AND CONSENTED TO:

                         AUDREY STRAUSS
                         Acting United States Attorney
                         Southern District of New York


By:    **s/ Kimberly J. Ravener**
                         Michael K. Krouse
                         Kimberly J. Ravener
                         Kyle Wirshba
                         Assistant United States Attorneys
                         Southern District of New York
                         (212) 637-2279/ 2358 / 2493


                         VIRGIL GRIFFITH


By:    **s/ Brian E. Klein**
                         Brian E. Klein
                         Attorney for Defendant Virgil Griffith

SO ORDERED:

New York, New York
  July 24     , 2020


                         _____
                         THE HONORABLE P. KEVIN CASTEL
                         UNITED STATES DISTRICT JUDGE
                         SOUTHERN DISTRICT OF NEW YORK