UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    20-cr-15 (PKC)

            -against-

                                                    OPINION
                                                    AND ORDER

VIRGIL GRIFFITH,

                        Defendant.
----------------------------------------------------------x

CASTEL, U.S.D.J.:

            Defendant Virgil Griffith is charged with one count of conspiracy to violate the

International Emergency Economic Powers Act ("IEEPA"), in violation of 50 U.S.C. § 1705;

Executive Orders 13466 and 13722; and 18 U.S.C. § 3238.  (Indictment (Doc 9).)  Griffith

moves to dismiss the indictment for improper venue pursuant to Rule 12(b)(3)(i), Fed. R. Crim.

P.  (Doc 43.)  The Court heard oral argument on this motion on July 23, 2020.  (Hr'g Tr. of July

23, 2020.)  For the reasons set forth below, the defendant's motion will be denied.


BACKGROUND

            For purposes of this motion, the Court accepts the factual allegations in the

indictment as true.  See New York v. Tanella, 374 F.3d 141, 148 (2d Cir. 2004) (affirming

district court's dismissal of indictment pursuant to Rule 12(b), Fed. R. Crim. P., the Court of

Appeals "assume[d] the truth of the allegations in the indictment."); United States v. Collazo,

No. 04 CR. 297 (DAB), 2004 WL 2997843, at *2 (S.D.N.Y. Dec. 22, 2004) ("In a motion to

dismiss pursuant to Fed. R. Crim. P. 12(b), a court must accept all factual allegations in the

indictment as true.").

Griffith is charged with one count of conspiring to violate IEEPA, 50 U.S.C. § 1705; Executive Orders 13466 and 13722; and 18 U.S.C. § 3238.  (Doc 9.)  The criminal complaint alleges that in April 2019, Griffith traveled to the Democratic People's Republic of North Korea ("North Korea" or "DPRK") to attend and present at the Pyongyang Blockchain and Cryptocurrency Conference.  (Doc 1 ¶ 5.)  Griffith, a United States citizen residing in Singapore, had sought permission from the U.S. Department of State to travel to North Korea.  (Id. ¶ 15.) The State Department denied his request.  (Id.)

Griffith traveled to North Korea despite the State Department's denial of his request.  (Id.)  He secured travel documents by communicating with a member of the DPRK Special Delegation, who in turn instructed Griffith to email the DPRK Mission to the United Nations, which is physically located in this District.  (Doc 43, Ex. 1.)  Griffith initially emailed the DPRK Mission on February 18, 2019, but forwarded the email to a different DPRK Mission email address on March 6, 2019.[1]  (Id., the "March 6 Email.")  Griffith was granted a visa, which was issued at the DPRK embassy in Beijing on April 17, 2019, 42 days after the March 6 Email to the DPRK Mission in Manhattan.  (Def. Reply Mem. (Doc 47) at 9; Id., Ex. 1; Hr'g Tr. at 16-17.)

Griffith was arrested as he was boarding a flight in Los Angeles on November 28, 2019, and was later presented before a magistrate judge in the Central District of California on December 2, 2019.  (Doc 43 at 3; see also Docket Minute Entry re: Arrest of Virgil Griffith.) Griffith first appeared before Magistrate Judge Barbara Moses in this District on December 26, 2019.  (Doc 6.)  Griffith was granted bail and has been on home confinement at his parents'

---

[1] The Court notes that the member of the Special Delegation provided Griffith with the following email address for the DPRK UN Mission: dpr.korea@verizon.net.  (Doc 43, Ex. 1.)  Griffith sent an email to this address on February 18, 2019.  (Id.)  He forwarded the email to the DPRK Mission address dprk.un@verizon.net on March 6, 2019.  (Id.)

residence in Alabama.  (Doc 8.)  Griffith now contends that venue is improper because the government's sole basis for venue in this District is Griffith's March 6 Email to the DPRK Mission located in Manhattan; Griffith argues that there is no evidence that this email was received or acted upon in this District.

DISCUSSION

The government bears the burden of establishing venue by a preponderance of the evidence at trial.  United States v. Tzolov, 642 F.3d 314, 318 (2d Cir. 2011).  Where a defendant challenges venue in a pre-trial motion to dismiss, indictments that "allege[] that the offense occurred 'in the Southern District of New York and elsewhere'" are sufficient to defeat the motion.  United States v. Szur, 97 cr 108 (JGK), 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998); United States v. Ohle, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (same).  "'Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss the indictment.'"  United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009) (quoting United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998)) (alteration in original); see also United States v. Teman, 19 cr 696 (PAE), 2019 WL 6998634, at *1 (S.D.N.Y. Dec. 20, 2019) ("Except where the [g]overnment has given a full proffer of the evidence it intends to present at trial, there is no basis for a court to look beyond a facial charge so as to dismiss an indictment, whether for insufficient evidence or improper venue.").

In the context of a charged conspiracy, "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed."  Tzolov, 642 F.3d at 319-20 (internal quotation marks and citation omitted).  "[A] defendant need not himself have ever been physically present in a district for a conspiracy charge against him to be venued there."  United

States v. Rommy, 506 F.3d 108, 120 (2d Cir. 2007).  The Second Circuit has held that venue is proper "in the district of [a phone call's] initiation as well as the district of its receipt."  Id. at 122.  In Rommy, the Court of Appeals reasoned: "That an instrument of commerce or technology permits the conspirator to communicate with his listener while physically removed from him does not alter the fact that the conspirator has committed an overt act at the recipient's location."  Id.  Where the communications at issue are emails, courts in this Circuit have found venue to be proper where a jury could reasonably conclude that the emails in question were sent or received in the relevant district.  See United States v. Gross, 15 cr 769 (AJN), 2017 WL 4685111, at *38-*40 (S.D.N.Y. Oct. 18, 2017) (denying defendant's post-verdict motions, concluding that a reasonable jury could have found venue established where, inter alia, evidence at trial would have permitted the jury to conclude that defendant was in this District when sending emails at issue); see also United States v. Russell, 09 cr 968 (DLI), 2014 WL 2558761, at *6-*7 (E.D.N.Y. June 5, 2014) (finding venue proper where government agent located in EDNY exchanged emails with conspirator and conspirator's wife), aff'd in part, rev'd in part sub nom., United States v. Lange, 834 F.3d 58 (2d Cir. 2016) (affirming district court's venue determination).

The indictment alleges that Griffith conspired to violate the IEEPA "in the Southern District of New York, the [DPRK], and elsewhere . . . ."  (Doc 9 ¶ 1.)  Therefore, the indictment is facially sufficient to survive this motion, and venue is an issue of fact to be resolved by the jury at trial.  Szur, 1998 WL 132942, at *9.  Griffith urges that there is no evidence that the March 6 Email was received, read, or otherwise acted upon in this District. This is an issue to be decided by the jury from the documentary and testimonial evidence, with the jury permitted to draw reasonable inferences from the facts.  Ohle, 678 F. Supp. 2d at 231

("The question of whether there is sufficient evidence to support venue is appropriately left for trial.").

   In support of his motion, Griffith submits records obtained by subpoena to Oath, an entity affiliated with Verizon.  (Doc 42.)  These records purportedly show the physical locations—the IP addresses—from which the DPRK UN Mission email account was accessed on various dates, not including the date of the March 6 Email.  (Doc 43 at 5; Id., Ex. 3.)  The records only go back as far as April 2019.  (Doc 43, Ex. 3.)  The IP address data commencing in April 2019 reflects that the email account to which the March 6 Email was sent has been accessed from within this District and elsewhere, including Virginia, Oregon, Ireland, and Azerbaijan.  Emails were accessed a total of 598 times between April and October 2019; the records reflect that they were accessed in this District 215 of these times.  (Doc 43 at 5; Hr'g Tr. at 27.)  The government does not concede that the records indicating that the account was accessed outside this District prove that the emails were accessed outside the District.  The government asserts that VPN and other technology permit a user to mask his or her true location. (See Gov't Mem. (Doc 46) at 11; Hr'g Tr. at 25.)  The government further relies on evidence that members of the DPRK UN Mission cannot, by virtue of the restrictions on their visas, travel more than 25 miles from Columbus Circle in Manhattan, thus making it more likely that members of the DPRK UN Mission were in the District when they read, accessed, or otherwise acted upon the March 6 Email.  (Doc 46 at 11; Hr'g Tr. at 25-26.)  The government argues that the totality of the evidence would permit a jury to reasonably infer that the March 6 Email was accessed or otherwise acted upon in this District.

   The indictment is facially sufficient to survive the motion, and the government may present additional evidence at trial to establish venue in this District.  (Hr'g Tr. at 25-26.)

Although Griffith has no obligation to prove anything at trial, the defense will be free to contest the government's evidence concerning venue and present its own theory, should it choose to do so.  Subject to any motions for judgment as a matter of law, it will be for the jury to decide whether the government has established venue by a preponderance of the evidence.  The Court will be in the best position to decide whether the drawing of an inference of receipt or access in this District is reasonable from the totality of the evidence at trial.

Griffith alternatively seeks a bill of particulars from the government addressed to venue, and that request is denied.[2]  (Doc 47 at 6; Hr'g Tr. at 16.)  A bill of particulars is "appropriate where there is a need, not where [it is] merely a useful means for a defendant to acquire more detailed pre-trial discovery."  United States v. Rutkoske, 394 F. Supp. 2d 641, 648 (S.D.N.Y. 2005).  Granting a bill of particulars in which the government lists the evidence it relies upon in opposing the motion to dismiss would not provide a basis to grant dismissal because it would still be a matter of the reasonableness of the inferences to be drawn by a jury, a matter that should be viewed in the context of trial evidence.  See United States v. Murgio, 209 F. Supp. 3d 698, 720-21 (S.D.N.Y. 2016) (denying request for bill of particulars as to venue where defendant's arguments went to sufficiency of government's evidence, which was an issue for trial, and finding that a bill of particulars would be unnecessary for defendant to prepare for trial).  A bill of particulars will not alter the facial sufficiency of the indictment's allegation of venue, which is enough to survive the defendant's motion.

---

[2] At the July 23 oral argument, the defense represented that it may make a motion for a bill of particulars.  (Hr'g Tr. at 34.)  Nothing in this Opinion and Order should be construed as prohibiting the defense from making such a motion in the future.

CONCLUSION

        For these reasons, Griffith's motion to dismiss the indictment for improper venue is DENIED.  The Clerk is directed to terminate the motion (Doc 43).

        SO ORDERED.

                    P. Kevin Castel
              United States District Judge

Dated: New York, New York
      July 29, 2020