

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 25, 2020

**BY ECF**

The Honorable P. Kevin Castel
United States District Court
500 Pearl Street
New York, NY 10005

Re:   *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Judge Castel:

      We respectfully request that the Court modify the Protective Order governing discovery in this matter (Dkt. No. 18) to provide additional protections for data seized by Singaporean law enforcement from a Singaporean citizen ("Individual-1"), which the Government intends to produce to the defendant in its entirety in response to a July 10, 2020 defense request. The Government has conferred with the defense, and the defendant joins in this application. A copy of the proposed modified protective order is attached hereto as Exhibit A.

      As background, in January 2020, in connection with an interview of Individual-1, Singaporean law enforcement seized, and subsequently searched, a computer in Individual-1's possession. In April 2020, Singaporean authorities provided a forensic copy of the data seized from the computer to the Government. In an abundance of caution, the Government obtained a warrant in this District authorizing a search of the storage media used by Singaporean authorities to transmit the forensic image, but the Government respectfully submits that the operative search of the computer was conducted abroad by foreign authorities and therefore does not implicate the Fourth Amendment's warrant requirement. *E.g.*, *United States v. Hasbajrami*, 945 F.3d 641, 662 (2d Cir. 2019) ("[T]he Fourth Amendment (and, in particular, its warrant requirement) does not apply extraterritorially." (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 275 (1990))). Nevertheless, the Government is seeking modifications to the protective order because production of a third party's data to a defendant in a criminal case—here, the entire forensic image of the computer seized and then searched abroad by Singaporean law enforcement—raises heightened privacy considerations that warrant additional protections for the material at issue.

      Accordingly, the Government respectfully requests that the Court enter the enclosed modified Protective Order.

      Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____/s/_____
Michael Krouse
Kimberly Ravener
Kyle Wirshba
Assistant United States Attorneys
(212) 637-2279 / 2358 / 2493

Enclosure

cc: Brian Klein, Esq.
    Keri Axel, Esq.
    Sean Buckley, Esq.