UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
UNITED STATES OF AMERICA
:
                                    - v. -                                :        **STIPULATED**
                                                                   **PROTECTIVE ORDER**
:
VIRGIL GRIFFITH,                           20 Cr. 15 (PKC)
:
                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

P. KEVIN CASTEL, District Judge:

        WHEREAS, VIRGIL GRIFFITH, the defendant, has sought from the Government access to certain materials that are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, including electronically stored information obtained from and belonging to persons other than the defendant and other information, which, if disseminated to third parties, could, among other things, implicate the safety, privacy, and confidentiality of others and impede ongoing investigations (the "Protected Materials");

        WHEREAS, the Government desires to protect the safety, privacy, and confidentiality of others and ongoing investigations disclosed in the Protected Materials;

        WHEREAS, in the interest of expediting the discovery process, VIRGIL GRIFFITH, the defendant, by his attorney, Brian Klein, Esq., consents to the entry of this Order;

        NOW, THEREFORE, IT IS HEREBY ORDERED:

        1.       The Protected Materials shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons

may use the Protected Materials only in connection with this criminal action.

2. The Government shall identify to defense counsel all items that are to be afforded protected status as Protected Materials pursuant to this Protective Order.

3. The Protected Materials and the information and identities contained or disclosed therein:

(a) Shall be used by the defendant or his counsel only for purposes of this action;

(b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 3(c) below;

(c) May be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

(i) associate counsel or investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant in connection with this action; and

(iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

(d) Shall be returned to the Government following the conclusion of this case.

4. The defendant and his counsel shall provide a copy of this Protective Order to Designated Persons to whom the Protected Materials are disclosed pursuant to

paragraphs 3(c)(i), (ii) and (iii).  Designated Persons shall be subject to the terms of this Order.

5. The Government has advised that information that may be subject to disclosure in this case may be contained within electronically stored information ("ESI") that the Government has seized, pursuant to warrants issued during the course of the investigation and/or other means, from electronic devices or accounts, including those belonging to persons other than the defendant.  Any such information will be designated as Protected Materials.

6. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI to the extent it was acquired through extraterritorial searches of electronic devices or accounts belonging to persons other than the defendant (the "Extraterritorial Disclosure Material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the Extraterritorial Disclosure Material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the Extraterritorial Disclosure Material or any other ESI disclosure material seized from electronic devices or accounts belonging to persons other than the defendant ("Third Party ESI Material") except as otherwise set forth under this Order.  This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

7. The provisions of this Order shall not otherwise be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter. Any written disclosure of Extraterritorial Disclosure Material or other Third Party ESI Material pursuant to the terms of this Paragraph shall be submitted in the first instance to the Government and to the Court under seal, to permit any necessary redactions

before public filing.

8. Notwithstanding the foregoing, this Protective Order shall not prevent defense counsel from entering into a written agreement with the Government to permit the use or disclosure of Protected Material that might otherwise by prohibited by this Protective Order. Any such agreement between the parties concerning Protected Material shall be effective without the need for any further order of the Court.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

10. By agreeing to this Order the defendant is not waiving any of his rights, including his ability to challenge the propriety of the government's designations of Protected Materials, Extraterritorial Disclosure Material, Third Party ESI Material, or his right to seek additional discovery from the government.

11. Nothing contained in this Order shall preclude any party from applying to this Court for modification of any provision herein or for any further relief.

AGREED AND CONSENTED TO:

**s/ Brian Klein**_____ **8/25/2020**_____
Brian Klein, Esq. Date

SO ORDERED:

_____ _____
HONORABLE P. KEVIN CASTEL Date
United States District Judge
Southern District of New York