UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA            :

        Plaintiff,            :
  v.                                               20 Cr. 015 (PKC)
                                                       :

VIRGIL GRIFFITH,

                                                     :
        Defendant.
-------------------------------------------------------x

# DEFENDANT VIRGIL GRIFFITH'S
# MOTION FOR A BILL OF PARTICULARS

BRIAN E. KLEIN
KERI CURTIS AXEL
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
(424) 652-7800

SEAN S. BUCKLEY
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Attorneys for Virgil Griffith*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT .............................................................................................................................. 5

    A.    Virgil Griffith Is Entitled to a Bill of Particulars Identifying the Specifics of the "Services" He Is Alleged to Have Provided in Violation of Law ....................................... 6

    B.    Virgil Griffith Is Entitled to a Bill of Particulars Identifying Any Known Co-Conspirators. ......................................................................................................................... 9

    C.    Virgil Griffith is Entitled to a Bill of Particulars Outlining with Specificity All Relevant Acts and Events that It Alleges Occurred in the Southern District of New York. ........... 12

CONCLUSION ......................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Barrett*,
   153 F. Supp. 3d 552 (E.D.N.Y. 2015) ........................................................................5. 10

*United States v. Bin Laden*,
   92 F. Supp. 2d 225 (S.D.N.Y. 2000) ............................................................................7, 10

*United States v. Bortnovsky*,
   820 F.2d 572 (2d Cir. 1987) ....................................................................................5, 7, 8

*United States v. Crosby*,
   No. 08CR186A,
   2011 WL 2532946 (W.D.N.Y. Jun. 24, 2011) ....................................................................6

*United States v. Davidoff*,
   651 F.Supp. 1068 (S.D.N.Y. 1987) ....................................................................................5

*United States v. Feola*,
   845 F.2d 1151 (2d Cir. 1988) ....................................................................................10-11

*United States v. Gupta*,
   No. S1 11 Cr. 907 (JSR) (S.D.N.Y. Apr. 9, 2012) ............................................................11

*United States v. Lino*,
   No. 00 Cr. 632 (WHP)
   2001 WL 8356, (S.D.N.Y. Jan. 2, 2001) ...........................................................................10

*United States v. Martoma*,
   No. 12 Cr. 973 (PGG)
   2013 WL 2435802 (S.D.N.Y. June 5, 2013) .....................................................................11

*United States v. Murgio*,
   209 F. Supp. 3d 698 (S.D.N.Y. 2016) ................................................................................8

*United States v. Muyet*,
   945 F. Supp. 586 (S.D.N.Y. 1996) .....................................................................................5

*United States v. Nachamie*,
   91 F. Supp. 2d 565 (S.D.N.Y. 2000) ........................................................................*passim*

*United States v. Newman*,
   No. S2 12 Cr. 121 (RJS)(S.D.N.Y. Aug. 29, 2012) ..........................................................11

*United States v. Rajaratnam*,
   No. 09 Cr. 1184 (RJH), 2010 WL 2788168 (S.D.N.Y. Jul. 13, 2010) ...................... 6, 7, 11

*United States v. Rigas*,
   490 F.3d 208 (2d Cir. 2007)................................................................................................9

*United States v. Rosenblatt*,
   554 F.2d 36 (2d Cir. 1977)................................................................................................8-9

*United States v. Steinberg*,
   No. S4 12 CR 121 (RJS) (S.D.N.Y. Sept. 18, 2013) .........................................................11

*United States v. Szur*,
   No. S5 97 CR 108 (JGK), 1998 WL 132942 (S.D.N.Y. Mar. 20, 1998)...................... 13, 14

*United States v. Tzolov*,
   642 F.3d 314 (2d Cir. 2011)...............................................................................................12

*United States v. Walsh*,
   194 F.3d 37 (2d Cir. 1999)............................................................................................. 8, 9

## Statutes

18 U.S.C. § 3232.............................................................................................................................12

18 U.S.C. § 3238.............................................................................................................................12

## Other Authorities

Fed. R. Crim. P. 18 ........................................................................................................................12

U.S. Const. amend VI ....................................................................................................................12

**PRELIMINARY STATEMENT**

Defendant Virgil Griffith respectfully moves the Court for an order requiring the government to provide a bill of particulars that would identify and allege:

(a) a specific recitation of the "services" Mr. Griffith is alleged to have provided, or caused to be provided, in violation of law, including the alleged services involved, the identification of others involved, the manner in which such services were provided in violation of law, and the amount and source of each payment for such alleged services;

(b) the identities of all known co-conspirators; and

(c) all relevant acts or events that occurred in this District.

This information is necessary because the complaint, indictment, and discovery, taken together, fail to provide Mr. Griffith with sufficient particularized notice of the crimes for which the government seeks to hold him criminally responsible at trial. Without more specific information about the vague and non-particularized charge, Mr. Griffith will be left unfairly ill-prepared for trial and the burden of proof will be impermissibly shifted in his direction. The Court therefore should order the government to make plain the facts for which it seeks to hold Mr. Griffith criminally liable.

**FACTUAL BACKGROUND**

On November 21, 2019, Mr. Griffith was charged in a sealed criminal complaint in this District with one count of conspiring to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706. (Dkt. No. 1 ("Compl.").) In essence, the complaint alleges that Mr. Griffith, a United States citizen who was living in Singapore at the time, is guilty of violating the IEEPA because he traveled to the DPRK to give a presentation on "Blockchain and Peace" at the "Pyongyang Blockchain and Cryptocurrency Conference" in April 2019. (*Id.* at ¶¶ 5, 15.) The singular mention of this District in the complaint is that "Griffith

1

communicated by email with, among others, CC-1 and a DPRK diplomatic mission facility in Manhattan, New York (the "DPRK Mission")." (*Id.* at ¶ 15(d).)

The complaint specifically refers to two co-conspirators, CC-1 and CC-2, though it does not identify them with specificity. (*Id.* at ¶ 15.) The government has recently confirmed the identities of CC-1 and CC-2. Nonetheless, the discovery refers to multiple other individuals who were either involved with Mr. Griffith arranging travel to the DPRK, attended the DPRK conference with Mr. Griffith, or who were interested in attending a future conference in the DPRK, all of whom the government could consider additional co-conspirators.

On January 7, 2020, an indictment was filed against Mr. Griffith, which, like the complaint, alleged one count of conspiring to violate the IEEPA. (Dkt. No. 9 ("Ind.").) The indictment is devoid of any recitation of specific facts or overt acts, and instead simply alleges the following:

- Paragraph 1 – Mr. Griffith conspired with "others known and unknown" to violate the IEEPA from at least August 2018 until November 2019.

- Paragraph 2 – Mr. Griffith conspired with "others known and unknown" to provide and cause others to provide services to the DPRK.

- Paragraph 3 – Mr. Griffith conspired with "others known and unknown" to evade and avoid, and attempt to evade and avoid, the requirements of United States law "with respect to the provision of services to the DPRK."

(Ind. at 1-2.) The indictment does not provide any details with respect to who the "others known and unknown" are, nor does it define "services" or provide specifics about how the alleged provision of these unspecified and purported "services" violated the law. The indictment also fails to specify why the date of the conspiracy extends beyond Mr. Griffith's travel to, and return from, the DPRK. Lastly, the indictment contains zero specific information about why this District has venue over the case.

2

On June 1, 2020, Mr. Griffith filed a motion to dismiss the case for improper venue as it appeared from all evidence that the government's singular basis for indicting Griffith in this District was the fact that Griffith sent an email to "dprk.un@verizon.net," which was purportedly the email address associated with the DPRK's diplomatic mission to the United Nations in Manhattan, New York.  (Dkt. No. 43.)  Mr. Griffith's motion pointed out that the government had no actual evidence that the email sent by Mr. Griffith was ever received, read, or processed by a server or person located in the Southern District of New York.  (Dkt. Nos. 43 (Mot.) and 47 (Reply).)  (Indeed, as of this date, the government has presented no actual evidence that any visa to the DPRK, for any person, has *ever* been processed by a server or person located in the Southern District of New York.)

The government did not dispute this assertion, including at the hearing on Mr. Griffith's motion.  Rather, the government relied on the circumstantial chain of events as follows: (1) an unidentified co-conspirator told Mr. Griffith to send an email to "dprk.un@verizon.net" in order to obtain a visa to the DPRK; (2) Mr. Griffith sent an email to "dprk.un@verizon.net;" (3) "dprk.un@verizon.net" is purportedly one of the email addresses associated with the DPRK's diplomatic mission to the United Nations in Manhattan, New York; and (4) approximately five to six weeks after sending that email, Mr. Griffith was issued a visa to the DPRK in Beijing, China.  (*See, e.g.,* 7/23/20 Tr. at 22:24-24:8.)  The government stated that a bill of particulars was unnecessary because it had detailed all the evidence supporting venue in this District.  (7/23/20 Tr. at 23:16-20.)[1]

---

[1] "[Prosecutor]: Your Honor, what I'll say on this reasonable inference point and on the bill of particulars point, the bill of particulars is not necessary in the government's view because the government and the defense largely agree on the facts here."

3

Following the hearing, on July 29, 2020, the Court issued an order denying the motion to dismiss on the basis that, in the pre-trial context, an indictment that alleges an offense occurred "in the Southern District of New York and elsewhere" is sufficient to defeat a motion to dismiss on the basis of venue and the ultimate issue would be decided by the jury. (Dkt. No. 53 at 3-5.) In its ruling, the Court stated that nothing in its "Opinion and Order should be construed as prohibiting the defense from making" a motion for a bill of particulars. (*Id.* at 6 n.2.)

Given the paucity of information in the complaint, indictment, and discovery (as well as other disclosures), on August 4, 2020, the defense sent the government a demand for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), asking for: (1) all relevant acts in furtherance of the conspiracy alleged in the indictment, including, but not limited to, all overt acts that occurred within this District; (2) the alleged "services" provided to the DPRK that were a "part and an object" of the conspiracy alleged in the indictment; (3) the persons that provided the "services" alleged in the indictment; (4) the source and amounts of payment for the services alleged in the indictment; (5) the specific requirements of United States law that Mr. Griffith and his purported co-conspirators are alleged to have evaded and avoided; and (6) the identification of all alleged co-conspirators. (8/4/20 Demand for Particulars, attached as Exhibit A.)

On August 28, 2020, the government responded as follows: "We do not believe further disclosures are required pursuant to Rule 7 because the Complaint, Indictment, discovery, and other disclosures to date have provided you with adequate notice and a sufficient opportunity to prepare a defense." (8/28/20 Letter from USAO-SDNY, attached as Exhibit B, at 3.) Notably, the government's letter failed to acknowledge that it has redacted huge swaths of the discovery to date, including the names of multiple "witnesses" and alleged co-conspirators as well as the substance of their statements to law enforcement authorities. In its letter, the government would

only commit to providing the name of a single witness, Witness-2, "no later than thirty days prior to trial." (*Id.* at 1.)

## ARGUMENT

Given the government's refusal to provide a bill of particulars,[2] Mr. Griffith now seeks an order from the Court compelling the government to provide specifics about the crime with which he is charged as soon as possible to ensure that he can adequately prepare for trial and avoid undue (and prejudicial) surprise.

The purpose of an indictment is to "set forth a 'plain, concise and definite written statement of the essential facts constituting the offense charged.'" *United States v. Muyet*, 945 F. Supp. 586, 598 (S.D.N.Y. 1996) (quoting Fed. R. Crim. P. 7(c)). Where the indictment is "too vague" to serve this purpose, a motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) is appropriate. *Id.* Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him," thereby enabling the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000); *United States v. Barrett*, 153 F. Supp. 3d 552, 571 (E.D.N.Y. 2015). The decision as to whether to grant a bill of particulars pursuant to Rule 7(f) "rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

While the government "need not particularize all of its evidence," there is a special concern for particularization in conspiracy cases. *United States v. Davidoff*, 845 F.2d 1151, 1154

---

[2] As described above and in the Declaration of Sean S. Buckley dated October 22, 2020, the parties have met and conferred and satisfied pursuant to Local Rule 16.1, and the issue presented is ripe for adjudication.

5

(2d Cir. 1988); *see also United States v. Crosby*, No. 08CR186A, 2011 WL 2532946, at *2 (W.D.N.Y. Jun. 24, 2011); *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2010 WL 2788168, at *2 (S.D.N.Y. Jul. 13, 2010) ("[I]n complex conspiracy cases like this one, the potential for unfair surprise and the difficulty in preparing a defense are amplified.")  Here, the Court should exercise its discretion and order the government to produce a bill of particulars as to the following: (a) a specific recitation of the "services" Mr. Griffith is alleged to have provided, or caused to be provided in violation of law, including the alleged services involved, the identification of others involved, the manner in which such services were provided in violation of law, and the amount and source of each payment for such alleged services; (b) the identities of all known co-conspirators; and (c) all relevant acts or events that occurred in the Southern District of New York.

### A. Virgil Griffith Is Entitled to a Bill of Particulars Identifying the Specifics of the "Services" He Is Alleged to Have Provided in Violation of Law.

The indictment alleges that it was "a part and an object" of the alleged conspiracy that Mr. Griffith, along with others "known and unknown," "would and did provide and cause others to provide *services* to the DPRK" and "would and did evade and avoid, and attempt to evade and avoid, the requirements of U.S. law with respect to the provision of *services* to the DPRK."  (Ind. at 2 (emphasis added).)  The indictment, however, wholly fails to identify exactly what "services" Mr. Griffith is alleged to have provided, or caused to be provided, to the DPRK, and what laws, if any, those alleged services violated.  This is not proper.[3]

---

[3] As set forth in greater detail in Mr. Griffith's motion to dismiss that is being concurrently filed, this information is critical to permit Mr. Griffith to raise certain legal challenges to the face of the indictment and to allow the Court to resolve those issues in advance of trial.  In the interest of preserving judicial and party resources, Mr. Griffith has attempted to anticipate the factual bases he expects the government will offer at trial, but Mr. Griffith nevertheless respectfully reserves his right to amend and/or supplement his motion to dismiss if the Court is inclined to grant the relief requested in it.

6

When the government's allegations refer to "broad categories of conduct," the government's "allegations provide too little information to the Defendant[] and . . . counsel to permit them reasonably to focus their trial preparations" and a bill of particulars is appropriate. *United States v. Bin Laden*, 92 F. Supp. 2d 225, 236 (S.D.N.Y. 2000) (referring to the terms "travel" and "business"). The government is required to specifically "identify each claim for which it intends to prove that [the defendant] may be held criminally responsible." *Nachamie*, 91 F. Supp. 2d at 576; *see also Rajaratnam*, 2010 WL 2788168, at *4-9 (requiring government, in insider trading prosecution, to provide bill of particulars with both substance of information provided and dates on which it was conveyed).

In *Nachamie*, the defendant requested a bill of particulars in a Medicare fraud case that required the government to identify every "false and misleading" claim, including who prepared such claim, who submitted such form, when and where such form was prepared and submitted, each item on the form that was false and misleading, the manner in which such item was false, and the statement or amount the government contends would have been not false. 91 F. Supp. 2d at 574-75. In granting the defense's request to identify all false claims the government intended to prove at trial, the district court found that the government's indictment was not specific enough to aid the defense in sorting through the large number of documents to identify which specific claims the government intended to prove were false at trial. *Id.* at 570-72.

Similarly, in *Bortnovsky*, the Second Circuit held that the district court erred in failing to grant a bill of particulars where the government alleged the defendants submitted false claims for burglary losses, but failed to identify before trial which of the burglaries the government alleged were phony. 820 F.2d at 574. The government in that case had provided the defense with 4,000 documents, which included materials both about the allegedly phony burglaries, but also

7

materials about actual burglaries. *Id.* at 574-75. The Second Circuit found that the government "impermissibly" shifted the burden of proof to the defendants by forcing them to explain events surrounding actual burglaries and to confront numerous documents unrelated to the pending charges. *Id. See also Nachamie*, 91 F. Supp. 2d at 570-71.

In this case, the government has provided over 6,000 pages of discovery (and counting), but it is unclear what "services" the Government contends Mr. Griffith provided, or caused to be provided, to the DPRK, let alone which "services" were in violation of law as alleged in the indictment. *See Bortnovsky*, 820 F.2d at 575 (discovery is not an adequate substitute for a bill of particulars because the government has "provid[ed] mountains of documents to defense counsel" with little guidance as to which ones are relevant). Additionally, the government fails to provide an accounting of which laws, in particular, the alleged services violated. *See United States v. Murgio*, 209 F. Supp. 3d 698, 720 (S.D.N.Y. 2016) (holding that government was required to produce a list of the laws or duties defendant violated in conspiracy and bribery prosecution). This lack of specificity hinders the defense's ability to prepare for trial in that it requires the defense to grasp at which straws (*i.e.,* which services and which laws) the government will choose to argue constituted criminal acts at trial. *See United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (a bill of particulars is required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.").

The potential prejudice to Mr. Griffith from the government's failure to identify those specific acts that it alleges constitutes services is compounded by the fact that it has charged a conspiracy to provide such services, and has not, as explained in detail below, identified all the co-conspirators. Surprising the defense at trial could, for example, cause jury confusion and could make it difficult to identify what is prejudicial and probative. *See United States v.*

8

*Rosenblatt*, 554 F.2d 36, 41 (2d Cir. 1977) ("to prove a conspiracy, there must be an agreement as to the same type of conduct").

The law requires otherwise and the Court should order the government to provide a bill of particulars to the defense listing: (a) exactly which services the government seeks to hold Mr. Griffith criminally responsible for at trial, or if Mr. Griffith is being held responsible for causing others to provide services, the identification of the other individuals and the services provided; (b) the manner in which such services were provided in violation of law; and (c) the amount and source of payment for such services. *See United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007) ("[T]he bill's purpose is to 'advise the defendant of the specific acts of which he is accused.'") (quoting *Walsh*, 194 F.3d at 47).

### B. Virgil Griffith Is Entitled to a Bill of Particulars Identifying Any Known Co-Conspirators.

Mr. Griffith is entitled to have the government identify all of the known but unindicted co-conspirators. The indictment alleges that Mr. Griffith conspired with "others known and unknown" in at least three places, including conspiring to provide unknown and unspecified "services" as well as conspiring to evade and avoid United States laws associated with these unknown and unspecified "services." (Ind. at 1-2.) Yet the government provides no evidence of who, exactly, these other "known" individuals are in the indictment.

The complaint is not much clearer. While it does reference two specific co-conspirators—identified in the complaint as CC-1 and CC-2 respectively—and the government has now confirmed their identities, the complaint also includes the amorphous language accusing Mr. Griffith of conspiring with "others known and unknown." Further, the discovery does not appear to shed any light because it is so significantly redacted that it is impossible to deduce the

9

relevant information from there.  Such a state of affairs significantly hampers Mr. Griffith's ability to prepare for trial and creates the possibility of unfair surprise.

In considering a motion for a bill of particulars as to the identification of unindicted co-conspirators, the court should consider the following: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government otherwise has provided adequate notice of the particulars; (4) the volume of pre-trial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the government's investigation.  *See Nachamie*, 91 F. Supp. 2d at 572.

When an indictment's allegations "might involve the same co-conspirators, entirely different co-conspirators, or different subsets of the same general group[,]" the "potential for unfair surprise looms large" and "counsels strongly in favor of a bill of particulars."  *Barrett*, 153 F. Supp. 3d at 572-73.  Similarly, where the government "has failed to provide adequate notice of the particulars, or if the discovery has been voluminous, identification of known unindicted co-conspirators" is necessary to help a defendant focus his investigation and prepare for trial."  *Nachamie*, 91 F. Supp. 2d at 572-73.  This is especially true where, as here, the conspiracy involves multiple persons located in multiple countries.  *See Bin Laden*, 92 F. Supp. 2d at 236.  So long as "there is no legitimate concern that disclosing the names of unindicted co-conspirators will endanger those individuals or compromise the Government's investigation," the government should be required to disclose the names.  *Nachamie*, 91 F. Supp. 2d at 573.  Requests for names of unindicted coconspirators therefore have been routinely granted in this district.  *See, e.g.*, *United States v. Lino*, No. 00 Cr. 632 (WHP), 2001 WL 8356, at *12–13 (S.D.N.Y. Jan. 2, 2001) (ordering identification of coconspirators in "wide-ranging" conspiracy with a "voluminous amount of discovery" even when government raised "legitimate security concerns"); *United*

*States v. Feola*, 651 F. Supp. 1068, 1131–34 (S.D.N.Y. 1987) (granting demand for bill of particulars specifying "the names of all persons whom the Government will claim at trial were co-conspirators"), *aff'd* 875 F.2d 857 (2d Cir. 1989).[4]

Here, it is not clear from the complaint, indictment, and discovery exactly how many unindicated co-conspirators the government believes exist. While the complaint refers to at least two (CC-1 and CC-2) co-conspirators, both the complaint and the indictment refer to multiple unspecified persons. The discovery that has been provided in unredacted form references multiple persons, including multiple foreign nationals, who may or may not be unindicted co-conspirators. To the extent these multiple foreign nationals are witnesses, and not unindicted co-conspirators, Mr. Griffith needs to be able to attempt to interview these witnesses and, if necessary, use Rule 15 of the Federal Rules of Criminal Procedure sufficiently in advance of trial to be able to record their testimony. To the extent that they are unindicted co-conspirators, Mr. Griffith needs that information to be able to prepare his defense.

The government's refusal to provide a bill of particulars on this topic amounts to telling the defense to use a map thousands of pages long, multiple pages of which have been ripped out, to go on a fishing expedition. That is simply not how the criminal justice system was designed to—or should—work. Among other things, the government's refusal to identify individuals that it intends to argue are co-conspirators impedes Mr. Griffith's ability to prepare his defense, because he is unable to determine which (if any) statements contained in the copious emails,

---

[4] *See also United States v. Steinberg*, No. S4 12 Cr. 121 (RJS) (S.D.N.Y. Sept. 18, 2013) ECF No. 299 (identifying known coconspirators); *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2013 WL 2435082, at *7 (S.D.N.Y. June 5, 2013) (same); *United States v. Newman*, No. S2 12 Cr. 121 (RJS) (S.D.N.Y. Aug. 29, 2012) ECF No. 111 (same); *United States v. Gupta*, No. S1 11 Cr. 907 (JSR) (S.D.N.Y. Apr. 9, 2012) ECF No. 47 (same); *Rajaratnam*, 2010 WL 2788168, at *1 n.1 (same).

WhatsApp messages, text messages, and other communications that the government intends to offer as purported co-conspirator statements.  In addition, the likelihood (or not) of being named as a co-conspirator may inform a potential witness's willingness to come to the United States to testify as a defense witness.

Finally, the alleged conspiracy in this case ended in November 2019 according to the indictment, which is almost a year ago.  There is no basis whatsoever for the government to argue that it needs to withhold this evidence from Mr. Griffith out of any "legitimate concern that disclosing the names of unindicted co-conspirators will endanger those individuals or compromise the [g]overnment's investigation[.]" *Nachamie*, 91 F. Supp. 2d at 573.  This is particularly true because there is a protective order in place that ameliorates any possible concern.  Rather, the only reason not to disclose these names now is to hamstring Mr. Griffith's ability to prepare his defense by disclosing those names as close to trial as possible—thereby giving Mr. Griffith's defense team precious little time to prepare.  Overall, the government's refusal to disclose the names now is improper and the Court should order the government to provide a bill of particulars naming all of the known co-conspirators.

**C.  Virgil Griffith is Entitled to a Bill of Particulars Outlining with Specificity All Relevant Acts and Events that It Alleges Occurred in the Southern District of New York.**

Mr. Griffith is entitled to know why he, a resident of Singapore who was arrested in the Central District of California for crimes allegedly committed in other countries, is being haled into court for trial in this District.  *See* U.S. Const. amend VI; Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."); *see also* 18 U.S.C. §§ 3232, 3238.  The government bears the burden of establishing venue by a preponderance of the evidence.  *See United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011).

12

The indictment against Mr. Griffith is bereft of any specific allegations of acts or events that occurred within this District—it literally says only that the alleged conspiracy took place from "at least in or about August 2018, up to and including in or about November 2019, in the Southern District of New York, the [DPRK], and elsewhere outside of the jurisdiction of any particular state or district of the United States." (Ind. at ¶ 1.) While the Court has found this single conclusory statement sufficient to withstand a motion to dismiss the indictment for improper venue pursuant to Federal Rule of Criminal Procedure 12(b)(3)(i), it is *not* sufficient to withstand a request for a bill of particulars. The Court itself recognized this in the order denying the motion to dismiss, when the Court stated that nothing in the order prevents Mr. Griffith from filing a motion for a bill of particulars. (Dkt. No. 53 at 6 n.2.)

The case of *United States v. Szur*, No. S5 97 CR 108 (JGK), 1998 WL 132942 (S.D.N.Y. Mar. 20, 1998), is instructive. There, the defendants were indicted in this District for certain securities record-keeping violations. *Id.* at *9. The defendants brought a motion to dismiss for improper venue, asserting that the records at issue were kept in New Jersey, not New York, and thus venue was improper in this District. *Id.* Although the district court denied the motion to dismiss for improper venue because "on its face, the Indictment alleges that the offense occurred 'in the Southern District of New York and elsewhere,'" it granted to the defendants' motion for a bill of particulars. *Id.* In so holding, Judge Koeltl found that the defendants were entitled to know "which acts, if any, were committed in the Southern District of New York." *Id.*

Mr. Griffith is entitled to the same. At this point, the government has disclosed only a single fact it alleges supports venue in this District: Mr. Griffith's purported sending of a singular email to the email address dprk.un@verizon.net, putatively one of the email addresses used by the DPRK's Mission to the United Nations located in Manhattan. The government also notes

that Mr. Griffith later received a visa in Beijing, China.  The government has identified no acts of anyone that would support that the email was received, read, or acted upon in Manhattan, or that the visa was issued because of Mr. Griffith's email.  (*See* 7/23/20 Tr. at 22:24-24:8.)

If that is the sum total of evidence the government has with respect to venue, and it appears to be, Mr. Griffith is entitled to confirmation of that fact.  If, however, there are other relevant acts or events that took place within this District, or that support venue in this District, then Mr. Griffith is entitled to a bill of particulars listing each.  *See Szur*, 1998 WL 132942 at *9.

## CONCLUSION

Mr. Griffith respectfully requests that the Court order the government to provide him with a bill of particulars that provides the following information: (a) a specific recitation of the "services" Mr. Griffith is alleged to have provided, or caused to be provided in violation of law, including the alleged services involved, the identification of others involved, the manner in which such services were provided in violation of law, and the amount and source of each payment for such alleged services; (b) the identities of all known co-conspirators; and (c) all relevant acts or events that occurred in this District.

Dated:  October 22, 2020                                          Respectfully Submitted,

*/s/ Brian E. Klein*
Brian E. Klein
Keri Curtis Axel
Baker Marquart LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*

14