

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 6, 2020

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Judge Castel:

     As the Government has notified the Court and defense counsel, the Government intends to file a motion pursuant to the Classified Information Procedures Act ("CIPA") in this case with respect to certain classified information. For the Court's ease of reference in anticipation of the CIPA Section 2 conference scheduled for November 10, 2020, the Government writes to provide further information about the procedures under CIPA that will govern the anticipated motion.

     CIPA governs the discovery of classified information in federal criminal cases. *See United States v. Abu-Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (stating that CIPA's fundamental purpose is to "'harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest.'" (quoting *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983)); *see also, e.g.*, *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (noting that CIPA "evidence[s] Congress's intent to prevent classified information from unnecessary disclosure at any stage of a criminal trial," while simultaneously ensuring that a defendant's right to present a defense is not compromised).

     CIPA does not alter the defendant's substantive rights or the Government's discovery obligations. *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) (collecting cases). Rather, CIPA creates a procedural framework that permits the Court to rule, before trial, on questions related to classified materials. This framework helps to prevent unnecessary or inadvertent disclosure of classified information, and allows the Government to assess the national security "costs" associated with pursuing a certain course in its criminal prosecution. *See, e.g.*, *Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983); *United States v. Lopez-Lima*, 738 F. Supp. 1404, 1407 (S.D. Fla. 1990).

In this case, the Government anticipates moving pursuant to CIPA § 4 for a Court order authorizing the Government to withhold certain classified information from discovery. To prevail on such a motion, the Government must show that the classified information is either not discoverable, relevant, or helpful to the defense. *See United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). In addition, even if the information is discoverable, relevant, and helpful to the defense, the Court must then "balanc[e] the defendant's need for the information or its value to the defendant, against the possible damage to the government's security interests from disclosure." *United States v. Schulte*, No. 17 CR. 548 (PAC), 2019 WL 3764662, at *3 (S.D.N.Y. July 22, 2019) (quoting *United States v. Rahman*, 870 F. Supp. 47, 52 (S.D.N.Y. 1994)). Moreover, the Second Circuit has held that to protect classified information from disclosure through CIPA, the Government must invoke the "state secrets" privilege, and submit supporting declarations from the U.S. government officials with responsibility for and personal knowledge of the classified information at issue, including, for example, the Attorney General of the United States, who must assert the "states secrets" privilege. *See Aref*, 533 F.3d at 80. As a result, prior to submitting a CIPA § 4 motion, the Government must coordinate with, among other groups, divisions within the Department of Justice and the various impacted governmental agencies, which, prior to the ongoing COVID-19 pandemic, typically took approximately four months. Finally, CIPA authorizes the Government to move pursuant to CIPA § 4 *ex parte* and *in camera*, *see United States v. Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020) (holding that "[f]ar from abusing its discretion, the District Court properly exercised its authority under CIPA when it reviewed and adjudicated the Government's CIPA motions *ex parte* and in camera," even though defense counsel held the requisite security clearances), and courts in this District routinely consider such motions *ex parte*, *see*, *e.g.*, *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2019 WL 3764662 (S.D.N.Y. July 22, 2019); *United States v. Zarrab*, No. 15 Cr. 867 (RMB) (2015); *United States v. Pham*, No. 12 Cr. 423 (AJN) (2015); *United States v. al Liby*, No. S10 98 Cr. 1023 (LAK) (2014); *United States v. Abu Ghayth*, No. S13 98 Cr. 1023 (LAK) (2014); *United States v. al Fawaaz*, No. S7 98 Cr. 1023 (LAK) (2013); *United States v. Mustafa*, No. 04 Cr. 356 (KBF) (2013); *United States v. Chichakli*, No. 09 Cr. 1002 (WHP) (2013); *United States v. El-Hanafi*, No. S5 10 Cr. 162 (KMW) (2012); *United States v. Ghailani*, No. S10 98 Cr. 1023 (LAK) (2010). The Government will provide additional information about the Government's anticipated CIPA § 4 motion in the *ex parte* portion of the classified CIPA § 2 conference scheduled for November 10, 2020. *See* 18 U.S.C. app. 3 § 2 (establishing that the court, at a party's request or on its own initiative, can hold "a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution"); *see also United States v. Saipov*, No. S1 17 Cr. 722 (VSB), 2019 WL 5558214, at *2 (S.D.N.Y. Oct. 29, 2019) (concluding that it was proper for the Court to conduct several *ex parte* conferences, including a conference pursuant to CIPA § 2).

In the event of any classified discovery, CIPA specifies procedures for the production of classified information to the defense and litigation over the use of that classified information at a hearing or trial. Initially, Section 3 of CIPA provides that "[u]pon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States." Should classified discovery prove necessary, the Government will provide defense counsel and the Court with a proposed CIPA § 3 protective order, and coordinate with defense counsel to secure any necessary clearances. *See*, *e.g.*, *United States v. Schulte*, No. 17 Cr. 548 (PAC) (SDNY) Dkt. No. 61. The Court may appoint a Classified Information Security Officer ("CISO") in this matter to facilitate these procedures.

Hon. P. Kevin Castel                                                                                         Page 3
November 6, 2020

Pursuant to CIPA, where classified discovery is produced, "[i]f a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing." 18 U.S.C. App. 3 § 5(a). This requirement applies not only to classified information that the defendant intends to introduce through documentary evidence, but also testimony. *See*, *e.g.*, *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) (CIPA required defense to identify classified information that the defense anticipated disclosing through the defendant's testimony). The defendant's CIPA § 5 notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes is necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983).[1] Failure to provide appropriate and timely CIPA § 5 notice is grounds for preclusion of the proffered evidence. 18 U.S.C. App. 3 § 5(b) (court may preclude disclosure of classified information that the defendant did not properly notice); *see also United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) (affirming district court's decision to preclude defendant's presentation of classified information at trial because defendant failed to provide timely CIPA § 5 notice); *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) ("A defendant is forbidden from disclosing any [classified] information absent the giving of notice.").

Once the defendant serves CIPA § 5 notice, the Government is then permitted to move for a closed hearing at which the Court is to "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3 § 6(a). Prior to this hearing, the Government must give notice to the defendant of what classified information will be at issue at the hearing. 18 U.S.C. App. 3 § 6(b). After the hearing, because CIPA does not change "the generally applicable evidentiary rules of admissibility," *Wilson*, 75 F.2d at 9, the Court should decide whether the classified information the defendant seeks to introduce is, among other things, relevant pursuant to Federal Rules of Evidence 401 and 402, admissible under the Federal Rules of Evidence governing hearsay, and not otherwise excludable pursuant to Federal Rule of Evidence 403. *See*, *e.g.*, *id*. (discussing admissibility of classified information pursuant to Rule 403). If the Court determines that any classified information is admissible, then the Government can move under CIPA for permission to summarize the admissible classified information, make substitutions for the classified information, or agree to stipulate to the relevant facts, rather than the defendant introducing the classified information in its original form. 18 U.S.C. App. 3 § 6(c). CIPA requires that the Court grant the Government's motion "if [the Court] finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. 3 § 6(c)(1).

---

[1] "CIPA does not require that a defendant reveal his or her trial strategy, but only mandates that the defendant identify whatever classified information he plans to use." *United States v. Bin Laden*, No. 98 CR. 1023 LBS, 2001 WL 66393, at *5–6 (S.D.N.Y. Jan. 25, 2001).

Hon. P. Kevin Castel                                                                                                                          Page 4
November 6, 2020

      The Government expects to provide the Court with further information regarding its anticipated CIPA practice in an *ex parte* setting at the November 10, 2020 CIPA Section 2 conference.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                  Acting United States Attorney

By:                /s/
                                  Michael K. Krouse
                                  Kimberly J. Ravener
                                  Kyle A. Wirshba
                                  Assistant United States Attorneys
                                  (212) 637-2279 / 2358 / 2493

cc: Defense Counsel (by ECF)