

777 South Figueroa Street
Suite 2850
Los Angeles, California 90017
424.652.7800
bakermarquart.com

WRITER'S DIRECT DIAL NO.
(213) 314-5284

WRITER'S E-MAIL ADDRESS
kaxel@bakermarquart.com

<u>Via ECF</u>

January 11, 2021

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Virgil Griffith,</u>
      <u>20 Cr. 15 (PKC)</u>

Dear Judge Castel:

We write to apprise the Court of a recent ruling in this District in *Open Society Justice Initiative et al. v. Donald J. Trump et al.*, 20 Civ. 8121 (KPF), that is relevant to Mr. Griffith's pending motion to dismiss and that was issued after the Court heard argument on December 22, 2020. *Open Society Justice Initiative* involves a challenge to an Executive Order and its implementing OFAC regulations under the IEEPA. On January 4, 2021, Judge Failla granted the plaintiffs' motion for a preliminary injunction. The following is background on the case and Judge Failla's ruling.

On June 11, 2020, purporting to exercise his powers under the IEEPA, President Trump issued Executive Order 13,928, which threatens sanctions, monetary penalties, and imprisonment on persons who assist certain prosecutors at the International Criminal Court ("ICC"). On October 1, 2020, the Open Society Justice Initiative, a public interest law center, and four law professors who work with the ICC brought the action arguing that the Executive Order and its implementing regulations (1) violated the First Amendment by impermissibly prohibiting speech, (2) violated the Fifth Amendment by failing to provide notice as to whom the Executive Order covered and for what activities, (3) was *ultra vires* in that it purported to limit acts that are exempt from regulations under the informational exception to IEEPA, and (4) violated the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)-(C).

The plaintiffs promptly sought a preliminary injunction, which Judge Failla granted on January 4, 2021. In the Opinion and Order ("Opinion"), attached as Exhibit A, Judge Failla made several findings that are relevant to Mr. Griffith's pending motion to dismiss.

First, Judge Failla found that plaintiffs were likely to succeed on their First Amendment claim. Judge Failla noted that the speech activities for which the plaintiffs were "potentially vulnerable to IEEPA penalties" under the Executive Order included "providing presentations, advice, and training" and preparing amicus curiae briefs. (Opinion at 19). The government contended that neither advice or training nor amicus curiae briefs should be prohibited by the Executive Order, unless an amicus brief was specifically requested by or prepared by or in coordination with ICC prosecutors. (*Id.* 19 n.5). Judge Failla rejected the government's attempt to distinguish voluntarily offered amicus briefs from ones that were requested by the ICC, stating that the Executive Order likely restricted briefs of any kind. (*Id.*)

Under these circumstances, citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 27 (2010), Judge Failla found the restrictions content-based and subject to strict scrutiny. (*Id.* at 20-21). Judge Failla also found them insufficiently tailored to satisfy the "narrowly tailored" prong of strict scrutiny analysis, particularly given OFAC's lack of licensing regulations. (*Id.* at 22-23 (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 764 (1988) (government may not condition speech "on obtaining a license or permit from a government official in that official's boundless discretion")).

Second, Judge Failla's discussion of plaintiffs' *ultra vires* challenge – in which plaintiffs assert that the Executive Order and regulations are *ultra vires* because the regulations fail to explicitly recognize the information exception[1] to IEEPA – is notable. (*See id.* at 25 *et seq.*). Although Judge Failla found the challenge not ripe, she noted that "any attempt by OFAC to impose penalties for conduct covered by the informational materials exemption plainly would be *ultra vires*." (*Id.* at 30). Because it was as yet "an open question whether OFAC [would] adopt the same narrow interpretation of informational materials as it had with respect to other regimes," such as Iran, Judge Failla ultimately found "the question of the legal validity of that interpretation of the [informational] exception … and its applicability to the conduct in which [p]laintiffs wished to engage" not yet before the court. (*Id.* at 30-31).[2]

Here, Mr. Griffith's challenge is ripe because the government has indicted Mr. Griffith and seeks criminal penalties against him for alleged conduct covered by the informational exemption. With regard to the *ultra vires* challenge, the North Korea Sanctions Regulations at issue in this case have adopted the same interpretation of informational materials as the Iranian Transactions and Sanctions Regulations that Judge Failla called "narrow." As a result, unlike in *Open Society Justice Initiative*,

---

[1] As used in Mr. Griffith's motion to dismiss, the "informational exception" refers to 50 USC §1702(b)(3), which provides that the President does not have authority to regulate or prohibit, directly or indirectly, the importation from any country, or the exportation to any country, whether commercial or otherwise, regardless of format or medium of transmission, of any information or informational materials, including but not limited to, publications, films, posters, phonograph records, photographs, microfilms, microfiche, tapes, compact disks, CD ROMs, artworks, and news wire feeds." This regulation is also sometimes called "the informational materials exception," which is how Judge Failla refers to it. (*See id.* at 28-31).

[2] Judge Failla also found plaintiffs' Fifth Amendment vagueness challenge not ripe for reasons not applicable here. Specifically, the regulations that plaintiffs argued were vague would only have applied if and when plaintiffs were specifically "designated" by the Secretary of State under 50 U.S.C. §1702(a)(1)(B) (a determination that would have blocked all economic interaction with them). The Court found there was no designation or imminent threat of designation, so plaintiffs' challenge was not ripe. (*Id.* at 24-25). The Court did not reach the plaintiff's APA claim because plaintiffs only argued a likelihood of success on the first three claims. (*Id.* at 13).

the issue of OFAC extending regulations beyond the limits of its Congressional authority is before this Court.

Respectfully submitted,

*/s/ Keri Curtis Axel*

Brian E. Klein
Keri Curtis Axel
Baker Marquart LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*

Attachment: Exhibit A (Judge Failla January 4, 2021 Opinion and Order)