

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2021

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

>      Re:     *United States v. Virgil Griffith*, **20 Cr. 15 (PKC)**

Dear Judge Castel:

The parties respectfully submit this joint letter to address the Court's order, following the December 22, 2020 argument, to meet and confer regarding a trial stipulation to address the defendant's motion "to compel a search of files of certain government agencies regarding the cryptocurrency and blockchain capabilities of the DPRK." (Dkt. 80). The parties have met and conferred as directed. The parties were not, however, able to reach agreement on the language of a stipulation. The parties' respective proposed stipulations, and their positions, are set forth below.

### *The Parties' Proposals*

The Government proposes the following stipulation:

> The Government is not arguing in this case that the information that the defendant allegedly provided and intended to provide at the Cryptocurrency Conference held in Pyongyang in April 2019 was above and beyond the then-existing capabilities and knowledge of at least certain individuals within the government of the Democratic People's Republic of Korea.

The defense proposes the following stipulation:

> Any information that Mr. Griffith disclosed or provided during his time in North Korea in April 2019, including at the Cryptocurrency Conference held in Pyongyang, was previously known to, and accessible from, the Democratic People's Republic of Korea.

The parties shared their proposals with each other, conferred regarding their respective positions, and determined that an agreement could not be reached. The parties' respective positions are set forth below.

Hon. P. Kevin Castel                                                                                     Page 2
January 25, 2021

### *The Government's Position*

The Government respectfully submits that its proposed stipulation, which closely hews to the Court's directive at the December 22 conference, would provide clarity for the jury on the relevant issue and constitutes an appropriate and sufficient resolution to the defendant's motion. The defendant's proposal, by contrast, is overbroad and lacking factual foundation, goes well beyond the colloquy at the December 22 conference, and would be likely to mislead and confuse the jury.

At the December 22 argument, the Court engaged the Government in the following colloquy:

> THE COURT: What I want to know is whether the government intends to stand up in front of the jury and argue that the information that Mr. Griffith provided and intended to provide as an object of the conspiracy included information not otherwise known to the DPRK. Do you plan to do that?
>
> MR. WIRSHBA: No, your Honor. We do plan to stand up in court –
>
> THE COURT: Hang on now. Let's pause on that. That's an important representation that you are making that defense counsel has heard, and I will hold you to. Is that fair?
>
> MR. WIRSHBA: Of course, Your Honor, understood. . . . The government does intend to present evidence to the jury about how this information and this presentation given by Mr. Griffith was useful to the people who attended the conference. . . . [W]hether or not there are materials that reflect the DPRK as a whole or some other unknown component of the DPRK's cryptocurrency capabilities is not at issue in this case.

(Dkt. 83 (Dec. 22, 2020 Tr.) 43-45). The Court remarked that this was "a very helpful representation made by the government here today," and directed the parties to work on a proposed stipulation reflecting the Government's acknowledgement that, as the Court framed it, "they will not argue at trial that the information Mr. Griffith did disclose or intended to disclose as an object of the conspiracy was above and beyond the then existing capabilities and knowledge of the DPRK." (*Id*. at 52). The Government's proposed stipulation closely tracks this language presented by the Court, and makes clear for the jury that the Government is not asserting that the information in the defendant's presentation was unknown to all members of the DPRK government.

The Government reiterates that, irrespective of the proposed stipulation, the Government does not intend to argue that Griffith's presentation included information that was beyond the capabilities and knowledge of all members or components within the government of the DPRK. The Government fully expects that, as the Court made clear at the December 22 conference, the Court will hold the Government to that commitment at trial, thereby obviating the issue presented by the defendant's motion.

Hon. P. Kevin Castel                                                                    Page 3
January 25, 2021

Particularly given the Government's representation that it will not pursue such an argument at trial, and its proposed stipulation clearly memorializing that acknowledgement for the jury, the Government respectfully submits that the defendant's motion to compel a wide-ranging and open-ended search through the files of the entire DOJ, FBI, OFAC, CIA, and NSA is not warranted under the applicable rules governing discovery and disclosure. (*See* Dkt. 72 (Gov't Opp.) 66-67 (citing cases)). The Government has not alleged, need not prove, and will not assert at trial, that Griffith's presentation at the April 2019 conference in Pyongyang imparted information previously unknown to the entirety of the government of the DPRK. (*Id*. at 67-68). Such proof is not required to establish beyond a reasonable doubt that Griffith participated in a conspiracy to unlawfully provide services under the NKSR, including through delivering a presentation that was useful to attendees at the conference. In addition, the Government's proof at trial will show that, by the time Griffith attended the April 2019 conference, he had already been discussing his intention of providing cryptocurrency services to the DPRK for years, including by setting up a cryptocurrency mining node in the DPRK and by facilitating the transfer of 1 Ethereum from the DPRK to South Korea. (*See* Gov. Opp. 3, 12). Griffith expressed these plans both before and after the April 2019 conference, and even kept a "to do" list of steps to take after the Conference in furtherance of these goals, such as "attempt to acquire" North Korean websites blockchain.kp and crypto.kp. (*Id*. at 3, 7, 12). The Government will seek appropriate jury instructions regarding the elements of the defendant's alleged offense at the appropriate time.

The defendant's proposed language fails to appropriately address the subject at issue and should not be adopted. The defendant's proposal lacks a factual basis and goes well beyond what is necessary to address the defendant's motion, and accordingly risks misleading the jury and confusing it as to what is properly at issue at trial. The prosecution team in this case does not know whether or to what extent each particular piece of information that the defendant provided or intended to provide as part of the charged conspiracy was or was not known to the various components comprising the DPRK government (nor is it apparent how even the requested searches could possibly verify the broad claim in the defendant's proposal), and the Government thus cannot agree that the defendant's proposed language is accurate. Indeed, evidence in this case, including the defendant's own presentation in the DPRK and his admissions during interviews with the FBI regarding the DPRK conference participants, contradicts the broad claim made in the defendant's proposal. (*See, e.g.*, Dkt. 72 at 6 (Griffith's presentation offered the DPRK, in his own words, "this *new* technology, . . . . like *no one knows how to do all this right yet*, but we definitely think this will be really useful for the DPRK, and that's why we're here. And *if the DPRK adopts this*, they will be on the very leading edge of technology." (emphasis added)); *id*. at 11 (Griffith admitted that only some of the conference attendees appeared to understand cryptocurrency and blockchain technology, and that he may have introduced new concepts to the conference attendees). The Government is nonetheless willing to tailor and limit its arguments, as explained above and reflected in its proposed stipulation, and eschew making any assertion that the DPRK government was unaware of the information presented by the defendant, in order to narrow the issues for trial and resolve the defendant's motion. There is no need or basis for going even further and presenting the jury with the broad and unsupported claim in the defendant's proposal.

For these reasons, the Government respectfully submits that its proposed version of the stipulation should be read to the jury at trial, and the defendant's motion denied in light of that stipulation.

Hon. P. Kevin Castel                                                                          Page 4
January 25, 2021

### *The Defendant's Position*

The government's proposed stipulation falls far short of the Court's directives, which is why the defense rejected it. The defendant's proposal, on the other hand, is consistent with them. Since the parties were not able to reach agreement, the Court should grant the defendant's motion to compel the government to produce certain government agency materials relating to DPRK cryptocurrency and blockchain capabilities. As set forth in Mr. Griffith's motion to compel briefing and during oral argument, these materials are limited in scope and nature and are necessary to the preparation of the defense and for trial. (*See* Dkt. Nos. 63 ("MTC") at 1-6, 14-16; 78 ("Reply") at 1, 8-10.)

At the December 22, 2020 hearing, when reserving ruling on this portion of the motion to compel, the Court noted that "[t]he stipulation I'm talking about is a stipulation for use at trial or to govern the evidence at trial." (Tr. 52.) The government's proposal could neither be entered into evidence (*i.e.*, used at trial) nor could it govern the anticipated evidence at trial. In fact, it is not a stipulation at all. It essentially just commits to writing the government's oral representation that it would not argue at trial "that the information that Mr. Griffith provided and intended to provide as an object of the conspiracy included information not otherwise known to the DPRK." (Tr. 43.)[1] The Court, however, already ruled at the hearing that the government would be bound by this representation at trial. (Tr. 52.)[2] There is therefore no need for the parties to stipulate to this. Indeed, in directing the parties to negotiate "a stipulation for use at trial or to govern the evidence at trial," the Court specifically explained that "[a]s it is now" the government is bound to the foregoing representation, and nevertheless directed the parties to "work out a stipulation" because "other issues may arise between now and trial, and this will help." (*Id.*) The government's proposal, which only reiterates its pledge, does not comply with the Court's express direction.

The government's proposal is also problematic because it would require Mr. Griffith to agree in advance, in the form of a stipulation, that no matter what the government may argue at trial, it has not argued "that the information that the defendant allegedly provided and the information that the defendant allegedly provided and intended to provide at the Cryptocurrency Conference held in Pyongyang in April 2019 was above and beyond the then-existing capabilities and knowledge of at least certain individuals within the government of the Democratic People's Republic of Korea." The defense cannot agree pretrial that the government will not violate its own pledge to the Court. The government may well do so at trial whether intentionally or accidentally.

---

[1] *See also* Tr. 45-46 ("They are saying – I'll get into this later on, but I hear them saying that we are not going to argue that the information that Mr. Griffith did provide or if there was additional information that he hoped to be able to provide and wanted to provide as an object of the conspiracy, they will not argue that it was unknown to the officials of the DPRK.")

[2] Specifically, the Court stated: "the government has represented, and they will be held to it, that they will not argue at trial that the information Mr. Griffith did disclose or intended to disclose as an object of the conspiracy was above and beyond the then existing capabilities and knowledge of the DPRK, so they have said that." (*See also* Tr. 43-44 ("Hang on now. Let's pause on that. That's an important representation that you are making that defense counsel has heard, and I will hold you to. Is that fair?").)

Hon. P. Kevin Castel                                                               Page 5
January 25, 2021

During the January 18, 2021 meet and confer, defense counsel explained why the government's proposal was not acceptable and emphasized the need for an evidentiary stipulation regarding North Korea's cryptocurrency and blockchain knowledge and capabilities that pre-dated Mr. Griffith's trip to the country and alleged presentation on those topics. In response, the government inquired as to what facts Mr. Griffith had to support such a stipulation. Counsel for Mr. Griffith explained that it had a good-faith basis for this understanding for the reasons set forth in its motion to compel (among others), and that the reason it had to file a motion to compel in the first place was that the government was in control of evidence relevant to this issue. Counsel further invited the government to inform the defense if, based on the facts uniquely controlled by the government, counsel's good-faith belief was incorrect. The government responded that unless Mr. Griffith could adduce actual facts to support his proposed stipulation, it would not enter into such a stipulation, but invited counsel to submit a proposal in writing.

The following day, on January 19, 2021, defense counsel e-mailed the government its proposed stipulation. The defense proposal comports with the Court's directive that the parties work on a stipulation directed to the issue of "government agency materials relating to DPRK cryptocurrency and Blockchain capabilities." (Tr. 51-52.) It also satisfies the Court's directive that the stipulation be "a stipulation for use at trial or to govern the evidence at trial." (Tr. 52.) And it is consistent with defense counsel's original offer to resolve the pending motion to compel through "a reasonable stipulation about North Korea's sophisticated capabilities . . . that predate[ ] Mr. Griffith's trip and was widely disseminated knowledge." (Tr. 37-38.)

The government responded to this proposal by writing back: "As discussed, we do not believe such a stipulation is appropriate. We lack a factual basis to believe it is accurate. Our stipulation proposal adhered to the Court's guidance." For the reasons discussed above, the defense submits that the government's position does not comport with this Court's guidance. Further, it is not acceptable under principles of fairness and justice for the government to contend that it cannot enter into a stipulation because the prosecutors themselves claim they do not have the necessary facts. The prosecution team "'may not be excused from disclosing what it does not know but could have learned,'" because it is in a unique position to get information known to other agents of the government. *Amado v. Gonzalez*, 758 F.3d 1119, 1134 (9th Cir. 2014) (citing *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (en banc)); *see also United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002) (under *Brady*, the prosecution must produce any "evidence favorable to the accused when such evidence is material to guilt or punishment" that is known to it, even if in the possession of another government agency).

Indeed, the government misapprehends the purpose of a stipulation in the context that the Court directed the parties to negotiate one. The purpose of the stipulation was to obviate the need for the government to review and produce the materials that the defense requested, having already established a good-faith basis that responsive materials exist. Based on the government's prosecutions and public statements in other matters, there can be no dispute that responsive materials exist within the government that would show cryptocurrency and blockchain expertise in the DPRK that pre-dates Mr. Griffith's trip there. But the government, not Mr. Griffith, possesses that evidence. If Mr. Griffith possessed such evidence—as the government contends he must for the government to so stipulate—there would have been no need for him to move to compel on this point in the first place.

Since the parties have not been able to reach agreement on a stipulation, the Court should grant Mr. Griffith's motion to compel for government agency materials relating to DPRK

Hon. P. Kevin Castel                                                                 Page 6
January 25, 2021

cryptocurrency and blockchain capabilities. Mr. Griffith established a good-faith belief that such
information exists, as well as how and why the requested materials are relevant to his defense.
(MTC at 14-15; Reply at 8-9.) The requested materials are specific to a particular issue, limited
in scope, and in no way constitute a fishing expedition. (MTC at 15; Reply at 8.) Against this
backdrop, the government should be compelled to search the files of these agencies. (*See* MTC at
11 (citing *United States v. Brooks*, 966 F.2d 1500 (D.C. Cir 1992) (requiring the government to
conduct a search if the defendant has made an explicit request that certain files be searched, and
there is a non-trivial prospect that the examination of those files will yield material exculpatory
information)).)

   Although Mr. Griffith appreciates the government's concession—and the Court's ruling
binding the government to that concession—that it "will not argue at trial that the information
Mr. Griffith did disclose or intended to disclose as an object of the conspiracy was above and
beyond the then existing capabilities and knowledge of the DPRK," this is insufficient. (*See* Tr.
52.) Defense counsel made clear why such a concession alone was insufficient based on
arguments previously advanced by the government as well as the potential for jury confusion:

> **[P]eople may think that they don't have access to the Internet there**, and they
> might not have access to information like this, and that is not true, as far as we
> know. And I think it's important for a jury to understand these, ideas that they are
> not misled in thinking something different. And I think, you know, we can contest
> what happened exactly at that conference and what Mr. Griffith allegedly said or
> didn't say. But I suspect, and I strongly believe, and **even today I think they said
> that the information he provided helped the DPRK**. I just think it's something
> that is going to be very ripe, **and we should get the information now, and we
> are entitled to it, or we are entitled to a very broad stipulation so this doesn't
> become a problem**.

(Tr. 46-47 (Emphasis added).)

   For all the reasons above and in the motion to compel briefing and during the December
22 hearing, the defense submits the Court should grant the motion to compel the government to
produce certain government agency materials relating to DPRK cryptocurrency and blockchain
capabilities.

         Respectfully submitted,

         AUDREY STRAUSS
         United States Attorney


     By:_____/s/_____
      Kimberly J. Ravener
      Kyle A. Wirshba
      Assistant United States Attorneys
      (212) 637-2493 / 2358

cc:  Brian Klein, Esq.
  Keri Axel, Esq.

Hon. P. Kevin Castel                                                                                          Page 7
January 25, 2021

Sean Buckley, Esq.
Defense Counsel for Virgil Griffith