

Waymaker LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
T 424.652.7800

**Via ECF**

February 23, 2021

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Author's Direct Dial No.
**(424) 652-7814**

Author's Email Address
**bklein@waymakerlaw.com**

Re: United States v. Virgil Griffith,
20 Cr. 15 (PKC)

Dear Judge Castel:

    Defendant Virgil Griffith respectfully moves this Court to modify his pretrial release conditions to permit him: (1) to travel to Los Angeles to meet with his attorneys based there (after providing his travel information to Pretrial Services at least 48 hours prior to travel); and (2) to leave his parents' home in Tuscaloosa between the hours of 8 a.m. and 8 p.m. without pre-authorization of Pretrial Services for personal errands and appointments around Tuscaloosa, while remaining subject to GPS and electronic monitoring and with the express prohibition that he not go to any transportation hubs (e.g., airport, train station, etc.). Pretrial Services does not oppose the requested modifications, but the government does. Based on circumstances that have changed since his release, the defense respectfully requests these modest modifications.

    As the Court is aware, the Bail Reform Act requires a court to impose only the least restrictive conditions necessary to reasonably assure a defendant's appearance. Mr. Griffith has been on pretrial release for over a year and has been and remains in full compliance with his pretrial release conditions. Since his release on bail in January 2020, Mr. Griffith has made both an in-person court appearance (traveling from Tuscaloosa) and numerous ones that were conducted telephonically due to the pandemic. Further, although the defense contests that Mr. Griffith ever presented a risk of flight, to the extent the Court has any concerns, there is a $1 million bond secured by equity in his parents' home, as well as his sister's home, and he will remain on GPS and electronic monitoring. These stringent conditions should more than satisfy any risk of non-appearance for court hearings and trial.

## BACKGROUND

    On December 29, 2019, the Honorable Vernon S. Broderick ordered Mr. Griffith released on various conditions. In response to the government's allegations about Mr. Griffith's risk of flight and access to unspecified wealth in the form of cryptocurrency held in Singapore—access



that since Mr. Griffith's release has been addressed with the government—Judge Broderick imposed stringent bail conditions to mitigate any potential risk of flight, including:

- A $1 million bond, fully secured both by the equity Mr. Griffith's parents' unencumbered home, and also by the equity value of his sister's residence in Columbia, Maryland. (*See* Attachment 1 (Judge Broderick January 2, 2020 Order));

- Strict Pretrial Supervision in Tuscaloosa, Alabama, with a home assessment;

- Home detention with electronic and GPS monitoring at Mr. Griffith's parents' residence;

- Surrender of his passport with a prohibition on applying for new travel documents, as well as travel restricted to the Southern and Eastern Districts of New York, and the Northern District of Alabama (where he resides with his parents); and

- Various Internet restrictions, including conditions prohibiting Mr. Griffith from using a smartphone with Internet access.

(Dkt. No. 15.)

On July 20, 2020, the defense filed a letter motion requesting that the Court remove Mr. Griffith from home detention and electronic monitoring and lift the Internet restrictions. (Dkt. Nos. 48.) On July 24, 2020, the Court held a hearing and denied the Mr. Griffith's requested modifications. Thereafter, on February 11, 2021, the Court granted Mr. Griffith's unopposed request to modify his conditions of release by removing the drug-testing requirement, granting him permission to use a Kindle, and removing the prior limitations on his ability to use e-mail. (Dkt. 92.)

## ARGUMENT

The Supreme Court has recognized that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "Because the law . . . generally favors bail release, the government carries a dual burden in seeking pre-trial detention." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The government must first "establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight." *Id*. If this burden is satisfied, "the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Id*. Conditions imposed on a defendant are to be "the least restrictive . . . condition, or combination of conditions, that [the court] determines will reasonably assure" the defendant's appearance. *Id.* citing § 3142(c)(1)(B). Mr. Griffith respectfully submits that the prohibition on his travel to Los Angeles to meet with his attorneys and the condition imposing home detention are unnecessary to reasonably assure his appearance for court appearances and at trial.



At present, Mr. Griffith can visit with his attorneys in New York City with notice and approval from Pretrial Services, but he cannot travel to Los Angeles to visit for the same purposes and under the same terms. (Dkt. No. 15 ¶ 8.) This is a serious impediment to his Sixth Amendment rights and trial preparations. Importantly, his lead attorneys are in Los Angeles, not New York City. Through this request, Mr. Griffith seeks only a parity of conditions between travel to New York City and Los Angeles for meetings with his attorneys without having to bear the unnecessary cost and burden during a pandemic of having his Los Angeles-based lead counsel travel to Tuscaloosa or New York City. Mr. Griffith therefore requests that the travel conditions for meeting with attorneys be the same with respect to New York and Los Angeles.[1]

Regarding the imposition of a curfew rather than home detention, practically speaking this is a modest modification since Mr. Griffith still will be required to reside with his parents, have in place a curfew, and will continue to be subject to GPS and electronic monitoring. Any concern about risk of flight is further mitigated by Mr. Griffith's proposal that his conditions be amended to include a prohibition against his traveling to any transportation hub, which will be readily verifiable in real time by the GPS and electronic monitoring condition that will remain in place. By contrast, under his current bail conditions, Mr. Griffith is required to obtain pre-authorization from Pretrial Services to do things like go to the grocery store to shop for his parents, with whom he is residing, or visit his grandmother. Further, the pandemic's lockdowns have demonstrated to everyone that being "stuck at home" comes at significant cost to a person's well-being.

Since Judge Broderick's January 2, 2020 release order, the pandemic struck and continues to affect the court system and the administration of justice. Without the pandemic, Mr. Griffith's trial would have almost surely already have taken place. As it stands now, the earliest possibility for Mr. Griffith to go to trial and contest the charges first filed against him in November 2019 will be in September 2021. As the Court noted at the February 11, 2021 conference, however, there is no assurance that his trial will even proceed in September 2021 given the uncertainty created by the pandemic and the backlog of criminal trials that the pandemic has created.

In addition, to the extent Judge Broderick imposed conditions based upon a concern about Mr. Griffith's access to cryptocurrency located on hard drives in Singapore, that concern has been addressed and Mr. Griffith voluntarily has deprived himself of access to those funds in consultation with the government. More importantly, since his release, Mr. Griffith has demonstrated that he does not present a risk of flight or non-appearance. To the contrary, Mr.

---

[1] Indeed, Judge Broderick specifically contemplated modifying this condition following the return of an indictment and if Mr. Griffith had demonstrated his ability to comply with these conditions. *See* 12/29/2019 Tr. at 37 ("So what I would suggest is this, at least initially, and I will leave it up to you – and I don't know when the case might be indicted, but you can revisit it at some further time if in fact Mr. Griffith has had a clean record in terms of Pretrial Services and visiting.")



Griffith has appeared for numerous court appearances, one of which required him to travel alone from Alabama to this District and appear in person, which he did unescorted by law enforcement. In the wake of the pandemic, Mr. Griffith has attended numerous telephonic conferences with Court. Mr. Griffith's parents, with whom he resides in Tuscaloosa, are doctors, his sister a veterinarian, and his brother-in-law an employee of the Department of Defense. Both families have posted their homes as security for Mr. Griffith's bond and thus will lose their homes if he were to flee. Finally, Mr. Griffith studiously has complied with the conditions of pretrial release imposed by Judge Broderick, drawing sanction from neither the Court nor Pretrial Services. Against this backdrop, it is no surprise that Pretrial Services does not oppose Mr. Griffith's application to modify his conditions as described above.

***

For all the above reasons, Mr. Griffith respectfully requests that the Court permit him to travel to Los Angeles to meet with his attorneys and impose a curfew in place of home detention. The conditions currently in place are onerous and, based upon the circumstances currently before the Court (including an extended pandemic), are unnecessary to assure his appearance. Rather than being the least restrictive conditions, his current bail conditions significantly impede Mr. Griffith from being a productive person while on release, impair his mental well-being, and limit his ability to assist his counsel in the preparation of his defense at trial.

Respectfully submitted,

*B— E. K—*

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*