

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 9, 2021

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Judge Castel:

      The Government writes to notify the Court that the defendant has violated his bail conditions. In direct contravention of those conditions, the defendant recently attempted to access one of his frozen cryptocurrency accounts containing assets of nearly $1 million. The defendant has posed a serious risk of flight from the outset of this case, and his recent attempt to access his frozen cryptocurrency assets indicates that, with trial now approaching, the risk of his flight has intensified to an unacceptable level, and that he lacks regard for the authority of the Court and the conditions it has imposed to mitigate that risk. Absent an explanation justifying the defendant's conduct—and the Government is presently aware of none—the defendant should be remanded pending trial. The Government respectfully requests that the Court schedule a conference at the earliest possible date to address the defendant's violation and the Government's request for remand.

      The defendant's bail conditions provide that he is "specifically prohibited from accessing any of his cryptocurrency accounts." (Dkt. 8, ¶ 14.) Nonetheless, on or about May 3, 2021, the defendant sent an electronic message through an online platform to a U.S.-based cryptocurrency exchange ("the Exchange"), stating in relevant part:

> I presume my account was restricted due to the pending litigation against me. My lawyers now tell me that it is permitted for me to access my cryptocurrency on [the Exchange] . . . . Related: I'm going to need the 2FA [two-factor authentication] removed as the FBI took my devices away.

      On June 2, 2021, the Court issued an order setting a trial date for September 21, 2021. Approximately two weeks later, on or about June 19, 2021, the defendant pressed the Exchange for access to his frozen cryptocurrency account, writing to the Exchange that he "still require[d] assistance" in order to access the account. The Government understands that the assets contained in this cryptocurrency account are worth nearly $1 million.

Hon. P. Kevin Castel  Page 2
July 9, 2021

Upon discovery of these attempts to access the frozen assets, which the Government learned about from the Exchange and continues to investigate, the Government contacted defense counsel. Defense counsel acknowledged that they were aware of the above messages, and expressed that they believe the defendant acted in accordance with their legal advice. Without waiving any applicable privilege, defense counsel attempted to explain their position to the Government and to justify the defendant's actions despite the clear prohibition on access to any of the defendant's cryptocurrency accounts. Most recently, on July 2, 2021, Mr. Klein and Ms. Axel asserted to the Government that the messages to the Exchange were not sent by the defendant, but rather by the defendant's parent, and that this activity was authorized by the defendant's pretrial services officer in Alabama (the "Pretrial Services Officer"). The Government spoke with the Pretrial Services Officer, who stated that he had not granted any such authorization for the defendant's parents to access the defendant's cryptocurrency accounts, and that accessing a cryptocurrency account was clearly prohibited by court order. The defense's purported justifications provide no valid explanation for the defendant's conduct.

The defendant's significant cryptocurrency assets and his total lack of transparency regarding his financial holdings to Pretrial Services are primary components of the serious risk of flight he has presented since the inception of this case. (*See, e.g.*, Dkt. 100, Ex. A (Presentment Tr.) 46-48 (citing these issues, among others, as a basis for the defendant's initial detention). As recently as March 5, 2021, in response to the defendant's assurances to this Court that the risk-of-flight concern about the defendant's access to financial resources "has been addressed" and that his interstate travel rights should be expanded, the Government specifically objected because (1) the defendant holds substantial cryptocurrency assets on unspecified exchanges accessible via the Internet, (2) the Government and Pretrial Services have never received a full report of the defendant's financial holdings, making it impossible to assess whether the value of the bond is sufficiently meaningful to the defendant, and (3) due to the skyrocketing price of cryptocurrency, including ether, the defendant likely possesses millions of dollars in undocumented wealth that dwarf the size and meaning of his bond. (Dkt. 100 at 5.)

Further, unlike the Exchange, many cryptocurrency exchanges are based abroad and do not adhere to U.S. law and compliance requirements. Based upon the Government's conversations with Pretrial Services, the Government understands that the defendant's computer monitoring conditions were inadequate to capture the above-identified communications to the Exchange, and cannot assure that the defendant has not similarly contacted other cryptocurrency exchanges. And with trial scheduled to commence in approximately two months, the defendant's incentive to flee will only continue to heighten. Based on the foregoing, and absent any valid explanation for the

Hon. P. Kevin Castel                                                                                         Page 3
July 9, 2021

defendant's clear and deeply concerning violation of his Court-ordered conditions, he should be remanded.

                                                                Respectfully submitted,

                                                                AUDREY STRAUSS
                                                                United States Attorney

                                       By:     /s/_____
                                                     Kimberly J. Ravener
                                                       Kyle A. Wirshba
                                                       Assistant United States Attorneys
                                                       (212) 637-2358 / 2493

cc: Defense Counsel (via ECF)