UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    20-cr-15 (PKC)

            -against-
                                                    ORDER

VIRGIL GRIFFITH,

                        Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.:

         The Court conducted a bail review proceeding at the request of the government.

Bail had been set by Judge Broderick on January 2020.  The undersigned has presided over this

case since then and has considered defendant's bail modification requests on two occasions: July

24, 2020 (Doc 56) February 11, 2021 (Doc 92).

         The charge against defendant is serious.  He faces a possible term of

imprisonment of 20 years.  In the time since bail was first set, the Court has denied two separate

motions dismiss the indictment (Opinion and Orders of July 20, 2020 (Doc 53) and January 27,

2021 (Doc 89).)  With a trial set for September 21, 2021, the defendant's incentives to flee have

increased.  Cryptocurrency in one account in his name has increased in value to nearly $1

million.  The full extent of his other assets domestically and internationally is not known.  Prior

to his arrest, he lived and worked in Singapore and has travelled to North Korea and hence has

ties outside the U.S. and thus has ties outside this country.

But over and above the foregoing, defendant violated –or attempted to violate– paragraph 14 of Judge Broderick's bail order (Doc 8)  in which he was "specifically prohibited from accessing any of his cryptocurrency accounts. . . ."  Though defendant is a bright well-educated man, his method of circumvention of the Order was neither clever nor effective.  He claims that he used his mother to "act as an assistant to access the Internet on his behalf. . . ." (Doc 121 at 4.)  The electronic message he sent through his mother was written in the first person claiming that his lawyers told him "it is permitted for me to access my cryptocurrency on [c]oinbase . . . I'm going to need the 2FA [two-factor authentication] removed as the FBI took my devices away."  While his lawyer was willing to say that she told her client that she saw no issue in his "using this secretarial arrangement" for some purposes, she never went so far as to claim that she told her client that "it is permitted for me to access my cryptocurrency on [c]oinbase. . . ."

The Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that can reasonably assure defendant's presence at trial.  He is remanded to the custody of the U.S. Marshal pending trial.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        July 20, 2021