UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA
:
- v. -
:
VIRGIL GRIFFITH,      20 Cr. 15 (PKC)
:
Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Kimberly J. Ravener
Kyle A. Wirshba
Assistant United States Attorneys
-Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
       :
UNITED STATES OF AMERICA
       :
    - v. -
       :
VIRGIL GRIFFITH,                 20 Cr. 15 (PKC)
       :
    Defendant.
       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PROPOSED EXAMINATION OF PROSPECTIVE JURORS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. To the extent that any further inquiry in response to a juror's answer to any of the questions below is likely to lead to personal or sensitive information or information that may risk influencing the jury pool in favor of or against either the Government or the defendant, the Court is respectfully requested to conduct any such further inquiry at the bench or in the robing room.

**The Charge**

1.      This is a criminal case. The defendant, Virgil Griffith, has been charged in an Indictment returned by a grand jury sitting in this District with violating federal law. The Indictment is not evidence. It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. The defendant has denied the charge made by the Government and has pleaded not guilty to the Indictment.

2.      Those of you who are selected to sit on this jury will receive a detailed explanation of the charge at the conclusion of the case, but I will briefly summarize the charge in this case now in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

3.      The Indictment contains one count. That count charges the defendant with participating in what is called a conspiracy, or an agreement, to violate the International Emergency Economic Powers Act, also known as "IEEPA," and the relevant regulations that are part of the sanctions imposed by the United States against North Korea, also known as the Democratic People's Republic of Korea or "DPRK." In particular, Griffith is charged with conspiring to violate the IEEPA by agreeing with others to achieve one or both of the following two unlawful objectives: first, to provide services to North Korea or individuals in North Korea without obtaining a license to do so from the U.S. Government; and second, to evade and avoid the requirements of U.S. law with respect to the provision of services to North Korea or individuals in North Korea.

**Ability to Sit as Jurors**

4.      Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

5. Do you have any difficulty understanding or reading English?

6. Do you have any special medical problems or take any medications that might interfere with your service as a juror in this case?

7. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

8. The judge and the jury have separate roles in the trial of a case. Your job as jurors is to determine the facts based on the evidence presented at the trial. My job is to instruct you as to the law that governs or controls the case. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. On these legal matters, you must take the law as I give it to you. Would you be reluctant or unwilling to follow my instructions as to the law governing this case?

9. Do you have any personal knowledge of the facts or the charge in this case as I have described them to you?

10. Have you heard or read about this case or the defendant in the media or on the Internet?

11. The burden of proving guilt beyond a reasonable doubt rests entirely with the Government. The defendant has no burden of proof whatsoever. The defendant is presumed innocent throughout the course of the trial unless and until the Government proves him guilty beyond a reasonable doubt. Would you be unable or unwilling to accept and follow these principles of law?

12. Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to render a guilty verdict?

13. Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to return a verdict of not guilty?

14. Would you be unable or unwilling to accept and follow the principle of law that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether the defendant on trial here is guilty?

15. Would you be unable or unwilling to accept and follow the principle of law that sympathy must not enter your deliberations as a juror and that only evidence produced in court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

16. Under our Constitution, no person accused of a crime is required to testify at trial and jurors may not draw any unfavorable inference against the defendant if he should elect not to testify. Would any of you be unwilling or unable to follow that instruction?

17. The Government is represented here by the United States Attorney for the Southern District of New York, who is Audrey Strauss. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Kimberly Ravener and Kyle Wirshba. They will be assisted by Special Agent Brandon Cavanaugh of the Federal Bureau of Investigation, and by Charlotte Cooper, a paralegal in the U.S. Attorney's Office. Do you know, or have you had any dealings, either directly or indirectly, with any of these individuals?

18. As I stated, the defendant in this case is Virgil Griffith. Do you know, or have you had any dealings, either directly or indirectly, with the defendant or with any relative, friend or associate of the defendant?

19. Mr. Griffith is represented by Brian Klein and Keri Axel of Waymaker and Sean Buckley of Kobre & Kim. Do you know, or have you had any dealing, either directly or indirectly, with Mr. Klein, Ms. Axel, or Mr. Buckley or their law firms Waymaker or Kobre & Kim?

20. Do you know, or have you had any dealings, either directly or indirectly with any of the persons or places listed in Schedule A (the document attached to the end of this form)[1]?

21. Have you or anyone with whom you are close ever been employed by or had dealings with any employee or representative of the United States Attorney's Office for the Southern District of New York or the U.S. Department of Justice? Have you or anyone with whom you are close ever been employed by or had dealings with any employee or representative of the Federal Bureau of Investigation, also known as the FBI?

22. The witnesses in this case will include present or former members of law enforcement, including members of the FBI. Would you be unable or unwilling to follow my instruction that the testimony of a law enforcement officer is entitled to no more and no less weight than the testimony of another witness simply because the witness is a law enforcement officer?

23. Have you, or has anyone with whom you are close, either as an individual or in the course of business, ever been party to any legal action or dispute with any state or local law enforcement agency, the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in such legal action or dispute or its outcome?

24. Have you or anyone with whom you are close ever been questioned in relation to, involved with, or appeared as a witness in any investigation by a) a federal or state grand jury,

---

[1] The Government will provide a proposed Schedule A closer to the commencement of trial.

b) a congressional or state legislative committee, c) a licensing authority, or d) a federal, state or local law enforcement agency?

25. Have you or has anyone you are close to, including family or friends, ever visited or resided in North Korea or Singapore?

26. I expect that you will hear that much, if not all, of the conduct at issue in this case occurred outside of the United States. United States law provides that persons engaged in conduct occurring outside the United States nevertheless may be prosecuted in United States courts for certain violations of American federal law. Would it affect your ability to fairly and impartially render a verdict in this case if the evidence for the charged conduct includes conduct that took place outside of the United States?

27. As I stated, the charge in this case involves an alleged violation of the International Emergency Economic Powers Act and associated U.S. sanctions on North Korea. Is there anything about the nature of this charge that would cause you to be unable to render a fair and impartial verdict in this case?

28. Do you have any opinion about the enforcement of federal laws that might prevent you from being fair and impartial in this case? Do you believe that the crime charged in the Indictment, as I have described it to you, should not be illegal or that such laws should not be enforced? Do you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

29. Do you have any views regarding, or experience with, the IEEPA or the U.S. sanctions on North Korea that would hinder or prevent you from rendering a fair and impartial verdict?

30. I expect that some of the evidence in this trial will relate to cryptocurrency. Do you have any views regarding, or experience with, cryptocurrency that would hinder or prevent you from rendering a fair and impartial verdict?

31. Have you or anyone you are close to ever been charged with a crime or been a victim or witness of a crime involving government sanctions?

32. Have you or anyone with whom you are close ever been a victim, witness, or complainant in any prosecution, state or federal, or ever been arrested or charged with a crime?

33. Are you, or is anyone close to you, under subpoena or about to be subpoenaed in any case?

34. Have you, or has any relative or close friend of yours ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency?

35. To your knowledge, have you or has any relative, associate, or close friend ever been the subject of any investigation or accusation by a prosecutor, a federal or state grand jury, or any other law enforcement agency?

36. Some of the evidence in this trial may be presented in the form of recorded conversations and meetings. The defendant and/or his alleged co-conspirators may not have known that they were being recorded at the time the recordings were made. Any such recordings that may be played during the trial are admissible in this case. Do you have any feelings or opinions about the use of evidence obtained from such recordings that would affect your ability to be fair and impartial in this case? Does the fact that these conversations and meetings may have been recorded without the defendant's or his alleged co-conspirators' knowledge in any way affect your ability to render a fair and impartial verdict?

37. You may hear testimony in this case by one or more "expert" witnesses. Have you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a fair and impartial verdict?

38. Some of the evidence in this trial may come in the form of emails and communications sent and received by the defendant and others over the Internet and electronic messaging applications. I also instruct you that this type of evidence does not violate the rights of the defendant, and it is perfectly proper for this type of evidence to be introduced at trial for your consideration. With that in mind, do you have any feelings about the use of such online communications that would make it difficult for you to consider such evidence fairly and impartially at trial?

39. Some of the evidence in this trial may be presented in the form of statements that the defendant made to law enforcement. I instruct you that these statements were properly obtained by the Government and that it is proper for this evidence to be introduced at trial for your consideration. Do you have any feelings or opinions about the use of such statements that could affect your ability to be fair and impartial in this case?

40. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

41. Do you have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally? Would you be

unable to follow my instructions that the Government is not required to use any particular investigative technique investigating and presenting evidence of a crime?

42. You may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

43. Have you, or has anyone close to you, ever studied or practiced law?

44. Have you ever, at any time, served as a member of a grand jury, whether federal, state, county, or city court?

45. Have you ever served as a juror in any court? If so, when and in what court did you serve and was it a civil or criminal case? Without telling us what it was, did the jury reach a verdict?

46. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

47. Do you know any other prospective member of this jury?

48. In the questions I have asked, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Now, apart from the questions I have asked you, is there any reason why you would be unable to sit as a fair and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice in accordance with the law as I instruct you?

### Questions for Individual Jurors

49. The Government respectfully requests that the Court ask each juror to provide the following information:

      a.      the juror's marital status, and number and ages of children;

      b.      the educational background of the juror, including the highest degree obtained;

      c.      whether the juror has served in the military;

      d.      the juror's occupation;

      e.      the nature of the juror's work;

      f.      the length of employment with his or her most recent employer;

      g.      the same employment information concerning any other employment of the juror within the last five years, or if retired, what the juror did before retirement;

      h.      the same employment information with respect to the juror's significant other and any working children, and any other adult members of the juror's household;

      i.      the juror's current town of residence, or neighborhood if the juror resides in New York City;

      j.      the length of time at that residence, and the same information for any other residence of the juror within the last five years;

      k.      the newspapers, magazines, and/or websites that the juror typically reads;

      l.      the sources from which the juror typically receives his or her news;

      m.      the television shows that the juror typically watches; and

      n.      the juror's hobbies or leisure-time activities and organizations.

### Requested Instruction Following Impaneling of the Jury

50. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other people who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and your friends. It also extends to any postings that you may make to social

media, and I instruct you now that you are not to use Twitter, Facebook, Instagram, Snapchat, a personal blog, or any other form of social media to post anything related to this trial until after you have returned a verdict.

51. If at any time during the course of this trial any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly and pursuant to the Court's instructions by doing so.

52. Finally, if anything should happen involving any of you that is of an unusual nature, or that you think is something the Court should be told about, please do not discuss it with any other juror. Simply give my clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. I make these remarks without expecting anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Date:  New York, New York
       August 13, 2021

                              Respectfully Submitted,

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York

By:        /s/
     Kimberly J. Ravener
     Kyle A. Wirshba
     Assistant United States Attorneys
     (212) 637-2358 / 2493