UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :

UNITED STATES OF AMERICA

                                          :

      - v. -                              20 Cr. 15 (PKC)

                                          :

VIRGIL GRIFFITH,

                                          :

                 Defendant.

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

 

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Kimberly J. Ravener
Kyle A. Wirshba
  Assistant United States Attorneys
- Of Counsel -

## TABLE OF CONTENTS

**Request No.**                                                                         **Page**

1. Summary of Indictment ........................................................................ 2

2. Count One: IEEPA Conspiracy ........................................................... 4

3. Elements of the Offense ...................................................................... 4

4. First Element:  Existence of the Conspiracy ...................................... 5

5. Element One: Existence of the Conspiracy – Objects of the Conspiracy ........................... 7

6. Element One: Existence of the Conspiracy – Relevant Regulations ................................ 8

7. Element One: Existence of the Conspiracy – Definitions ............................................. 10

8. Element Two: Joining the Conspiracy .................................................. 12

9. Conscious Avoidance ........................................................................... 15

10. Venue ................................................................................................ 17

11. Variance in Dates .............................................................................. 18

12. Particular Investigative Techniques Not Required ........................... 19

13. Charts and Summaries ...................................................................... 20

14. Testimony of Law Enforcement Officers ......................................... 21

15. Testimony of Experts ........................................................................ 22

16. Stipulations ....................................................................................... 23

17. Preparation of Witnesses .................................................................. 24

18. Persons Not On Trial ........................................................................ 25

19. Limiting Instruction—Similar Act Evidence ................................... 26

20. Uncalled Witnesses—Equally Available .......................................... 28

21. Evidence Obtained from Searches .................................................... 29

22. Transcripts and Translations ........................................................................ 30

23. False Exculpatory Statements ...................................................................... 31

24. Redaction of Evidentiary Items .................................................................... 32

25. Defendant's Testimony ................................................................................. 33

26. Defendant's Right Not to Testify ................................................................. 34

## **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a. Function of Court and Jury

b. Statements of Court and Counsel Not Evidence

c. Rulings on Evidence and Objections

d. Burden of Proof and Presumption of Innocence

e. Reasonable Doubt

f. Government Treated Like Any Other Party

g. Definitions and Examples of Direct and Circumstantial Evidence

h. Credibility of Witnesses and Evaluation of Testimony

i. Interest in Outcome

j. Right to See Exhibits and Have Testimony Read During Deliberations

k. Sympathy: Oath as Jurors

l. Punishment Is Not to Be Considered by the Jury

m. Verdict of Guilt or Innocence Must be Unanimous

n. Duties of the Foreperson and Return of Verdict Form

## REQUEST NO. 1.

### Summary of Indictment

The defendant VIRGIL GRIFFITH has been formally charged in an Indictment containing one count, or charge.  An indictment is simply an accusation. It's no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. Only the evidence or lack of evidence decides that issue. You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will first summarize the offense charged and then explain in detail the elements of the charged offense.[1]

The Indictment charges a conspiracy to violate the International Emergency Economic Powers Act, which I am going to refer to as IEEPA.  In 2008, under the authority of the IEEPA, the President found that the situation "on the Korean Peninsula constitute[s] an unusual and extraordinary threat to the national security and foreign policy of the United States and . . . declare[d] a national emergency to deal with that threat."[2]  After that finding, the U.S. Department of the Treasury's Office of Foreign Assets Control, often referred to by its initials, "OFAC," implemented sanctions on the Democratic People's Republic of Korea, which is also known as the "DPRK or "North Korea."  I will describe the relevant parts of those sanctions to you later in my instructions.

---

[1] Adapted from the charge of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1155-56 (S.D.N.Y. 2021).

[2] Exec. Order 13466.

The conspiracy to violate the IEEPA that is charged in the Indictment alleges that, from at least in or about August 2018, up to and including in or about November 2019, the defendant agreed with others to provide services to North Korea, and to evade the requirements of U.S. law with respect to the provision of services to North Korea.

Count One reads as follows:

[*The Court is respectfully requested to read Count One of the Indictment*]

## REQUEST NO. 2.

### Count One: IEEPA Conspiracy

### (Elements of the Offense)

Count One charges a conspiracy.  To sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count One existed. That is, that there was an agreement or understanding among at least two people to achieve one or both of the following objectives: (1) to provide services to North Korea or North Korean persons without first obtaining a license to do so, or (2) to evade and avoid the requirements of U.S. law with respect to the provision of services to North Korea.

Second, the Government must prove that the defendant knowingly and willfully became a member of that conspiracy, with knowledge of at least one of its unlawful objectives.

Each of these elements must be satisfied beyond a reasonable doubt.[3]

---

[3] *See generally* 50 U.S.C. § 1705; *United States v. Atilla*, 966 F.3d 118, 124 (2d Cir. 2020) ("A person who 'willfully conspires to commit' such an unlawful act is subject to criminal penalties." (quoting 50 U.S.C. § 1705(c))); *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005)).

**REQUEST NO. 3.**

**Count One: IEEPA Conspiracy**

**(First Element:  Existence of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that the conspiracy charged in the Indictment existed.

What is a conspiracy?  A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose.

The essence of the crime of conspiracy is the unlawful agreement to violate the law.  It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Indeed, you may find the defendant guilty of conspiracy despite the fact that it was factually impossible for the defendant to commit the substantive crime or goal of the conspiracy.  This is because the success or failure of a conspiracy is not material to the question of guilt or lack of guilt, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

To establish the existence of a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific agreement.  The adage "actions speak louder than words" is applicable here.

When people undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing, or publicly

broadcast their plans. It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.

You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more persons in order to find that a conspiracy existed.

If, upon consideration of the evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds – that is, they agreed to work together in furtherance of the at least one of the unlawful objects alleged in Count One of the Indictment – then the proof of the existence of the conspiracy is established. [4]

---

[4] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1157-59 (S.D.N.Y. 2021); the Hon. Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); the Hon. Peter K. Leisure in *United States v. Parra*, 02 Cr. 348 (PKL) (S.D.N.Y. 2003); the Hon. Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NO. 4.

### Count One: IEEPA Conspiracy

### (Element One: Existence of the Conspiracy – Objects of the Conspiracy)

The object of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve. As I mentioned previously, there are two objects, and they are, again, (1) to provide services to North Korea or North Korean persons without first obtaining a license to do so, and (2) to evade the requirements of U.S. law with respect to the provision of services to North Korea. Each of these objects has the following elements:

First, the violation of any license, order, regulation, or prohibition issued pursuant to the IEEPA;

Second, that the violation was committed willfully; and

Third, that during the period alleged in the Indictment, the defendant had not obtained authorization from the U.S. government to provide services to North Korea or engage in transactions related to North Korea.[5]

I remind you that the crime of conspiracy is distinct from the underlying substantive crimes that are alleged to have been the objects of the conspiracy. It is the agreement itself that is the crime. Accordingly, you need not find that either or both of these objects were accomplished, only that an agreement existed between two or more people to try to achieve these objects.[6]

---

[5] Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705.

[6] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1160 (S.D.N.Y. 2021); the Hon. Loretta A. Preska in *United States v.*

### REQUEST NO. 5.

### Count One: IEEPA Conspiracy

### (Element One: Existence of the Conspiracy – Relevant Regulations)

As I said, each of the two objects charged in Count One is alleged to have involved a violation of a regulation or prohibition issued pursuant to the IEEPA.  I am now going to describe for you the prohibitions that are relevant in this case.

With respect to the first object of the conspiracy, that is, to provide services to North Korea or North Korean persons without first obtaining a license to do so, I instruct you that at all times relevant to the charge in the Indictment, regulations issued pursuant to the IEEPA provided that U.S. citizens, no matter where they live or travel, cannot provide services to the Government of North Korea without authorization from the U.S. government.[7]  The prohibition on the provision of services applies to services performed on behalf of a person in North Korea or the government of North Korea or where the benefit of such services is otherwise received in North Korea, if such services are performed outside the United States by a U.S. citizen.[8]

---

*Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; 31 C.F.R. Part 510.

[7] *See* Exec. Order No. 13722 (Mar. 18, 2016) (prohibiting "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a U.S. person, wherever located, of any goods, services, or technology to North Korea is prohibited" unless the transaction was authorized by a license from OFAC); 31 C.F.R. §§ 510.206(a), 510.212(a)-(b) (adopting the same and prohibiting "[a]ny conspiracy formed to violate the prohibitions set forth in this part"); 31 C.F.R. § 510.405(a) ("prohibition on the exportation and reexportation of goods, services, or technology . . . applies to services performed on behalf of a person in North Korea or the Government of North Korea or where the benefit of such service is otherwise received in North Korea, if such services are performed . . . by a U.S. person.").

[8] 31 C.F.R. § 510.405(a).

With respect to the second object charged in the conspiracy, that is, to evade the requirements of U.S. law with respect to the provision of services to North Korea, I instruct you that at all times relevant to the charge in the Indictment, regulations issued pursuant to the IEEPA prohibited any transaction that evades or avoids, or has the purpose of evading or avoiding, any of the prohibitions in the regulations I just described.[9]

The Government can establish a violation of this second regulation through proof that the conspirators agreed to engage in a transaction for the purpose of evading or avoiding the services prohibition that I described in connection with the first object of the conspiracy.  It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to evade or avoid the prohibition. It is sufficient if evasion was a dominant reason for the conspirators to have agreed to engage in the transaction.[10]

---

[9] 31 CFR § 510.212.

[10] Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; 31 C.F.R. Part 510.

**REQUEST NO. 6.**

**Count One: IEEPA Conspiracy**

**(Element One: Existence of the Conspiracy – Definitions)**

I am now going to define some of the technical terms used in the regulations that I have just instructed you about.

The term "government of North Korea" includes: The state and the government of the Democratic People's Republic of Korea, as well as any political subdivision, agency, or instrumentality thereof; any entity owned or controlled, directly or indirectly, by the foregoing; and any person that is, or has been, acting or purporting to act, directly or indirectly, for or on behalf of any of the foregoing.[11]

The term "transaction" is defined to include, but not be limited to, purchasing, selling, transporting, swapping, brokering, approving, financing, facilitating, or guaranteeing.[12]

Now I will address the question, what is a service? A "service" may be an act done for the benefit or at the command of another, the performance of work commanded or paid for by another, or any other useful labor or human effort, whether or not compensation for that service was contemplated.[13] For example, a "service" can include performing advocacy in coordination

---

[11] 31 C.F.R. § 510.311 (defining Government of North Korea).

[12] *See* 31 C.F.R. § 560.206(a)(1) (provision of Iranian Transactions and Sanctions Regulations governing prohibited trade-related transactions with Iran).

[13] *See* Dkt. 89 at 9-10, citing Merriam–Webster's Collegiate Dictionary 1067 (a service is "useful labor that does not produce a tangible commodity"); Black's Law Dictionary 1372 (7th ed. 1999) (a service is an "intangible commodity in the form of human effort."); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23-24 (2010) (defining "service," consistent with *Banki*, to mean "the performance of work commanded *or* paid for by another" or "an act done for the benefit or at the command of another").

with, or at the direction of, another.[14]  A service can also include facilitating the transfer of funds

on behalf of another person or entity.[15]  Other examples include financial, brokering, or public

relations services.[16] There is no requirement in the law that any fee or other compensation be

paid, offered, or contemplated in order for an act to constitute a service.

I will note that providing only informational materials that are fully created and

previously in existence cannot constitute a prohibited service.[17] For example, sharing a book that

was already published and widely circulated would not constitute a prohibited service. To meet

its burden, the Government must therefore demonstrate that the "services" at issue were intended

to consist of something more than solely providing pre-existing information to North Korea.[18]

However, you may determine that creating or providing a bespoke presentation, that is, one that

is specially created and tailored for a particular occasion, may constitute a service within the

meaning of the law.[19]

---

[14] *Holder v. Humanitarian Law Project*, 561 U.S. at 24 (finding that "a person of ordinary intelligence would understand the term 'service' to cover advocacy performed in coordination with, or at the direction of, a foreign terrorist organization").

[15] *United States v. Banki*, 685 F.3d 99, 107–08 (2d Cir. 2012), as amended (Feb. 22, 2012).

[16] 31 C.F.R. § 510.405(a) (providing that "U.S. persons may not, except as authorized by or pursuant to this part, provide legal, accounting, financial, brokering, freight forwarding, transportation, public relations, or other services to any person in North Korea or to the Government of North Korea.").

[17] *See* 31 C.F.R. § 510.213(c)(2).

[18] Dkt. 89 at 17 ("It will be part of the government's burden to prove that (1) Griffith knowingly and willfully joined a conspiracy with knowledge of its unlawful object, i.e. the providing services to the DPRK; (2) that the services were to be more than providing preexisting information; and (3) the services were to be provided without a required OFAC approval.")

[19] *See United States v. Amirnazmi*, 645 F.3d 564, 587 (3d Cir. 2011) ("[T]he key distinction rests between informational materials that are widely circulated in a standardized format and those that are bespoke.").

## REQUEST NO. 7.

## Count One: IEEPA Conspiracy

## (Element Two: Joining the Conspiracy)

The Government must also prove beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of at least one of the two unlawful objects that I described.

An act is done knowingly if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

A defendant acted willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law—here to violate the sanctions on North Korea in the regulations that I described to you.  However, the Government does not need to prove that defendant was aware of the specific law or rule that his conduct would violate.  In other words, the defendant does not have to know that his conduct would violate a particular law, executive order or federal regulation, but he must act with the intent to do something the law forbids.[20]

---

[20] *United States v. Turner*, 836 F.3d 849, 859 (7th Cir.), *as supplemented*, 840 F.3d 336 (7th Cir. 2016) (affirming instruction above); *see also Bryan v. United States*, 524 U.S. 184 (1998) (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids."); *United States v. Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) ("In light of these precedents, we conclude there is no basis for requiring the government to prove that a person charged with violating IEEPA and the ITR was aware of a specific licensing requirement. . . . [D]efendants charged with a violation of IEEPA and the ITR are adequately protected by requiring the government to prove that the defendants knew their actions violated the United States' embargo on transactions with Iran."); *Homa Int'l Trading Corp*., 387 F.3d at 147 (quoting *Bryan*); the Hon. Richard M. Berman in

Therefore, the terms knowingly and willfully mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing.  That is, that he took the actions in question deliberately and voluntarily.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. I think I said that to you when we were doing jury selection. However, you do have before you evidence of certain acts, conduct, and conversations. The Government contends that these acts, conduct, and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, the defendant denies he committed the charged offense. It is for you to determine whether the Government has proven, beyond a reasonable doubt, the defendant's knowledge and intent.

It is not necessary for the Government to show that the defendant was fully aware of every detail of that conspiracy or that defendant knew every other member of that conspiracy. A defendant may know only one other member of that conspiracy and still be a co-conspirator. It is not necessary for a defendant to receive any monetary benefit from his participation in the conspiracy or to have a financial stake in its outcome. It is enough if he participated in the conspiracy intentionally and knowingly.

The duration and extent of a defendant's participation in the conspiracy charged in Count One has no bearing on the issue of the defendant's guilt. A defendant need not have joined the

---

*United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); *United States v. Hashmi*, No. 06 Cr. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009).

conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play minor roles, while others play major roles. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, a person's mere presence at the scene of a crime does not by itself make him a member of the conspiracy.  Similarly, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when the association is coupled with knowledge that a conspiracy exists. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective or objectives. A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and dissociated himself from it.[21]

---

[21] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1167-1170 (S.D.N.Y. 2021); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); Hon. Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Hon. Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Hon. John F. Keenan, *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

## REQUEST NO. 8.

## Count One: IEEPA Conspiracy

## (Conscious Avoidance)

### [*If Applicable*]

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge. I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear. I told you before that acts done knowingly must be a product of a defendant's conscious intention, not the product of carelessness or negligence. A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him. A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what is staring you in the face as "conscious avoidance." An argument of "conscious avoidance," however, is not a substitute for proof. It is simply another fact you may consider in deciding what the defendant knew.

There is a difference between knowingly participating in a conspiracy, on the one hand, and knowing the object or objects, or the purpose or purposes, of the conspiracy on the other.

15

Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined the conspiracy, that is, that the defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose. It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the conspiracy, you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as the object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

So, in other words, if you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the fact, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.[22]

---

[22] Adapted from the charges in *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (2010), *United States v. Greenberg, et al.*, S1 05 Cr. 0888 (S.D.N.Y. 2008) (LAK); *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), *United States v. Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS) and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2. *See also United States v. Ghailani*, 733 F.3d 29, 52-54 (2d Cir. 2013); *United States v. Cuti*, 720 F.3d 453, 462-63 (2d Cir. 2013); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam).

## REQUEST NO. 9.

### Venue

In addition to all of the elements I have described, with respect to each alleged crime, you must consider the issue of venue, namely, whether any act in furtherance of each of the crimes occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the entire crime charged was committed in the Southern District of New York or that the defendant or any alleged co-conspirator was even physically present here in the Southern District of New York.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind you that the Government must prove all other elements of each and every one of the offenses charged here beyond a reasonable doubt.[23]

---

[23] Adapted from the charge of the Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## **REQUEST NO. 10.**

### **Variance in Dates**

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.[24]

---

[24] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1183 (S.D.N.Y. 2021); Hon. Edward Weinfeld in *United States v. Della Rocca*, 72 Cr. 217 (S.D.N.Y. 1972), and from the charges of the Hon. Charles Metzner in *United States v. Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

## REQUEST NO. 11.

### Particular Investigative Techniques Not Required

[*If Applicable*]

You may have heard reference to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.[25]

---

[25] Adapted from the charges of the Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. 2012); and the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992).

## <u>REQUEST NO. 12.</u>

**Charts and Summaries**

[*If Applicable*]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you, intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries fairly and correctly present the information contained in the testimony and in the documents on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[26]

---

[26] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and the charges of the Hon. Katherine B. Forrest in *United States v. Benito Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

## **REQUEST NO. 13.**

### **Testimony of Law Enforcement Officers**

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[27]

---

[27] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

## REQUEST NO. 14.

### Testimony of Experts

*[If Applicable]*

You have heard testimony from what we call [an] expert witness[es].  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert is not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert is outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in relying on his or her testimony.[28]

---

[28] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1151 (S.D.N.Y. 2021); the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991).

**REQUEST NO. 15.**

**Stipulations**

[*If Applicable*]

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given to that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.[29]

---

[29] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); the Hon. Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## REQUEST NO. 16.

### Preparation of Witnesses

[*If Applicable*]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[30]

---

[30] Adapted from Adapted from Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

## REQUEST NO. 17.

### Persons Not On Trial

Some of the people who may have been involved in the events leading to this trial are not on trial. There's no requirement that all members of a conspiracy be prosecuted or that all members be tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.[31]

---

[31] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); Hon. Henry Werker, *United States v. Barnes*, 77 Cr. 190 (S.D.N.Y. 1977).

**REQUEST NO. 18.**

**Limiting Instruction—Similar Act Evidence**

*[If Applicable]*

You will recall that some evidence that the defendant was involved in crimes other than those charged in the Indictment was introduced by the Government and was received for limited purposes.  The Government offered this evidence to demonstrate the defendant's identity, intent and knowledge, preparation, and plan, to establish the absence of mistake or accident with regard to the offenses that are charged in the Indictment, and to demonstrate the background of the conspiracy charged in Count One.  You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence about the defendant was admitted for the limited purposes I will describe and you may consider it only for those limited purposes.

First, there has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment. If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment or that the acts charged in the Indictment and the other conduct were part of a common plan or scheme committed by the defendant.

Second, if you determine that the defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference that those uncharged acts are

26

evidence of the background to or development of the charged crimes, as well as the relationship of trust among co-conspirators.

Finally, you may also, but you need not, draw an inference based on those uncharged acts that the defendant acted knowingly and intentionally with respect to the specific charges, as charged in the Indictment, and not because of some mistake, accident, or other innocent reason.

The evidence of the defendant's uncharged acts may not be considered by you for any purpose other than what I have just explained to you.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.[32]

---

[32] Adapted from the charges of the Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012) and the Hon. John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25, 5-26.  *See also United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 19.

### Uncalled Witnesses—Equally Available

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[33]

---

[33] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975); the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021).

## REQUEST NO. 20.

### Evidence Obtained from Searches

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers or otherwise obtained by law enforcement.  Evidence obtained from these searches was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[34]

---

[34] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); Hon. William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## REQUEST NO. 21.

### Transcripts and Translations

Video and audio recordings of various conversations, which include some foreign-language communications, have been admitted into evidence and English-language transcripts of those recordings have been admitted into evidence. I instruct you that it is the English translation of the conversation reflected on those transcripts that is evidence. [*The parties have stipulated that the English translation of the conversations are accurate and admissible as evidence*.] As a result, you should not substitute your own understanding of any foreign language for that of any translation that was admitted into evidence. You must accept the translations without regard to your own understanding of those foreign languages.

Whether you approve or disapprove of the recordings may not enter into your deliberations. I instruct you that the recordings were made in a lawful manner, that no one's rights were violated, that the government's use of this evidence is lawful, and that it was properly admitted into evidence. Of course, it is up to you to decide what weight, if any, to give to this evidence.[35]

---

[35] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1149 (S.D.N.Y. 2021).

## **REQUEST NO. 22.**

### **False Exculpatory Statements**

*[If Applicable]*

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements, in which the defendant exonerated or exculpated himself, are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty.  You may not, however, rely on this evidence alone to support a finding of guilt.  Whether a defendant's statement does or does not show that he believed himself to be guilty and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.

## REQUEST NO. 23.

### Redaction of Evidentiary Items

*[If Applicable]*

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document [or tape] was taken out. You are to concern yourself

only with the part of the item that has been admitted into evidence. You should not consider any

possible reason why the other part of it has been deleted.

## REQUEST NO. 24.

### Defendant's Testimony

[*Requested only if the defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[36]

---

[36] *See United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 25.

## Defendant's Right Not to Testify

[*If requested by defense*]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.[37]

---

[37] Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        August 13, 2021

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney

                    By:    _____/s/_____
                              Kimberly J. Ravener
                              Kyle A. Wirshba
                              Assistant United States Attorneys