

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 24, 2021

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Judge Castel:

  The Government writes to notify the Court and defense counsel that it recently learned that data from Virgil Griffith's Facebook and Twitter accounts, which the prosecution team in this case obtained pursuant to search warrants, was accessed by at least four FBI employees not part of the prosecution team between May 2020 and August 2021. These FBI employees, all of whom are based in FBI offices other than the New York office handling this case, were conducting investigations into other matters. The Government does not intend to use in this prosecution any of the data accessed by these FBI employees not on the prosecution team.

  **Background**. On January 10, 2019, Magistrate Judge Debra Freeman authorized a search of Griffith's Facebook and Twitter accounts, among others (the "Warrants"). On March 9, 2020, the FBI received data from Facebook and Twitter in response to the Warrants (the "Search Warrant Returns"). On March 13, 2020, the Government produced the Search Warrant Returns to the defense. The FBI also loaded the Search Warrant Returns onto Palantir, a document review platform (the "Platform"). Between March 10, 2020 and September 14, 2020, personnel from the FBI and this Office reviewed the Search Warrant Returns in the Platform and tagged items responsive to the Warrants. On September 14, 2020, the Government completed its search of the Search Warrant Returns and segregated the data responsive to the Warrants (the "Identified Material"). That same day, the Government produced the Identified Material to the defense.

  On September 24, 2020, the Government wrote to defense counsel, informing the defense, among other things, that the Government had completed its review of the Search Warrant Returns and would not search the data again without further Court authorization. In connection with the preparation of this letter, the Government confirmed with the members of the prosecution team who participated in the search of the Search Warrant Returns that they only accessed the Identified Data

Hon. P. Kevin Castel  Page 2
August 24, 2021

since the conclusion of the searches on September 14, 2020, and have not accessed any other parts of the Search Warrant Returns since that date.

**Further Information**. On August 11, 2021, the case agent on this case received an email from another FBI agent, not on this case, indicating that an FBI analyst, in the course of conducting a separate investigation, had identified communications between the defendant and the subject of that other investigation by means of searches on the Platform that accessed the Search Warrant Returns. On August 12, 2021, the case agent informed this Office of this access. The case agent subsequently confirmed that the communications viewed by the outside analyst and agent were not among the Identified Material. This Office requested that the FBI remove the Search Warrant Returns from the Platform, to ensure that they could not be accessed by any additional FBI employees outside the prosecution team going forward. On August 17, 2021, at the direction of this Office, Palantir employees deleted the Search Warrant Returns from the Platform.

Based on communications with FBI personnel and Palantir employees, the Government understands that this outside access to the Search Warrant Returns was made possible because, when data is loaded onto the Platform, the default setting is to permit access to the data to other FBI personnel otherwise authorized to access the Platform. When the Search Warrant Returns here were loaded onto the Platform, those default settings were not changed to restrict access to the Search Warrant Returns to the FBI personnel actually engaged in reviewing the Search Warrant Returns pursuant to the Warrants. Thus far, in looking into this matter, we have obtained a preliminary log of access to the Search Warrant Returns, from the date that the data was first uploaded to the Platform to the present. (Because the manner in which data is stored and accessed in the Platform is complex, the preliminary log may be incomplete and this Office is working with the FBI and Palantir employees to inquire further.) Thus far we have learned of the following accesses of the Search Warrant Returns by FBI personnel who are not a part of the prosecution team (the log also reflects continued access after September 14, 2020, by members of the prosecution team and Palantir employees and other support staff, all of whom we understand based on our inquiry to date were accessing only the Identified Material or were engaged in data and platform management processes):

(1) On May 4, 2020, a now-retired FBI agent conducted a search on the Platform and then, based on the returns from that search, viewed at least some portion of the Search Warrant Returns.

(2) On April 6, 2021, and April 19, 2021, an FBI analyst ran three searches on the Platform and viewed at least some portion of the Search Warrant Returns.

(3) On May 27, 2021, an FBI analyst conducted a search on the Platform and, as a result of that search, viewed at least some portion of the Search Warrant Returns.

(4) As described above, on August 11, 2021, an FBI analyst conducted a search in the Platform and viewed at least some portion of the Search Warrant Returns. She shared

Hon. P. Kevin Castel  Page 3
August 24, 2021

>those results with, among others, an FBI agent also not on the prosecution team, who emailed them to the FBI case agent.

The preliminary log includes some specific search terms, but it does not indicate which portions of the Social Media Returns were accessed and viewed by these four FBI employees. We have spoken with the former agent and analysts referenced above, and we understand that none of these individuals recall using any information accessed from the Search Warrant Returns in the course of their investigations. We are providing the defense with the most recent version of the preliminary log and copies of the notes of interviews that the undersigned conducted over the past week with those individuals, which provide additional details about the accesses summarized above.

The Government is continuing to investigate the extent of the access to the Search Warrant Returns and has requested a more detailed audit log to evaluate whether and to what extent additional FBI employees outside the prosecution team may have accessed the Search Warrant Returns. The Government has also conducted a review of all other search warrant returns received in this case and confirmed that those returns were loaded onto other platforms for which access was restricted to the prosecution team who conducted the searches and technical and support staff who manage the various platforms.[1]

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:  /s/
Kyle A. Wirshba
Kimberly J. Ravener
Assistant United States Attorneys
(212) 637-2493 / 2358

Cc:   Defense Counsel (by ECF)

---

[1] We are also continuing to explore with the FBI whether and to what extent this issue—*i.e.*, the loading of restricted data onto the Platform without restriction—might have impacted other cases and will further update the Court once we learn more.