UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA           :

        Plaintiff,                                  :

    v.                                                      20 Cr. 15 (PKC)

                                                                       :

VIRGIL GRIFFITH,

                                                                     :

        Defendant.
-------------------------------------------------------


**DEFENDANT VIRGIL GRIFFITH'S
MOTIONS *IN LIMINE***


                                                            BRIAN E. KLEIN
                                                         KERI CURTIS AXEL
                                                           WAYMAKER LLP
                      777 S. Figueroa Street, Suite 2850
                            Los Angeles, California 90017
                                           (424) 652-7800

                                               SEAN S. BUCKLEY
                                          KOBRE & KIM LLP
                                             800 Third Avenue
                                       New York, New York 10022
                                            (212) 488-1200

                                   *Attorneys for Virgil Griffith*

**PRELIMINARY STATEMENT**

Defendant Virgil Griffith respectfully submits this memorandum in support of the following motions *in limine*:

1. Exclude Evidence and Argument Regarding Mr. Griffith's Purported Personal Wealth and Cryptocurrency Holdings Pursuant to Federal Rules of Evidence 401, 402, and 403;

2. Exclude Evidence and Argument Regarding Mr. Griffith's Involvement with Tor/"Dark Web" Pursuant to Federal Rules of Evidence 401, 402, and 403; and

3. Exclude Evidence and Argument Regarding the DPRK's Nuclear Program and Any Implication that Mr. Griffith Was Involved in Said Program or Otherwise Engaged in Traitorous Activities Pursuant to Federal Rules of Evidence 401, 402, and 403.

The Court should not permit the government to offer such evidence and argument at Mr. Griffith's upcoming trial.

*\*\*\**

It bears pointing out that the defense has received voluminous discovery productions from the government in the past few weeks, including substantial productions on August 20 and 26, 2021. The defense is diligently reviewing and analyzing the recently-produced discovery, but the volume is immense. The defense reserves the right to make further evidentiary objections, whether by motion *in limine* or at trial, as needed.[1]

---

[1] In order to avoid duplicative briefing, certain categories of evidence and argument (*e.g.*, Mr. Griffith's purported efforts to renounce his citizenship and obtain citizenship elsewhere, alleged co-conspirator statements, etc.) that normally would have been affirmative motions *in limine* were put at issue in the government's motions *in limine* and purported Rule 404(b) notice. Mr. Griffith will therefore address those in its opposition to the government's motions *in limine* scheduled to be filed on Monday, August 30, 2021.

## BACKGROUND

Mr. Griffith is an American citizen who obtained his undergraduate degree in Computer and Cognitive Science from the University of Alabama (with some coursework from Indiana University) in approximately August 2007. After graduation, Mr. Griffith enrolled in a Ph.D. program in Computation and Neural Systems from the California Institute of Technology, better known as CalTech, in approximately 2007.

Shortly after enrolling in CalTech, in approximately 2008, Mr. Griffith, in tandem with Aaron Swartz, designed the Tor2web proxy for the Tor network.[2] The Tor network, which the government refers to in its motions *in limine* as "the Dark Web Entity," utilizes "onion routing" to route Internet traffic through multiple servers and layers of encryption to privatize and anonymize use of the Internet. (*See Gov't Motions in Limine* ("Gov't Mot.") at 7 (Dkt. No. 131).) The Tor Project, a 501(c)(3) non-profit, is primarily responsible for maintaining software for the Tor network, and is sponsored by, among others, the U.S. Department of State, Georgetown University, and the Ford Foundation.[3] Although the Tor network is sometimes referred to as the "Dark Web" because some individuals use it for nefarious purposes, it is regularly used by dissidents, journalists, and whistleblowers.[4] Indeed, Messrs. Griffith and Swartz stated that the purpose of creating the Tor2web proxy was to help whistleblowers publish

---

[2] Zetter, Kim, *New Service Makes Tor Anonymized Content Available to All*, Wired (Dec. 12, 2008), *available at* https://www.wired.com/2008/12/tor-anonymized/.

[3] https://www.torproject.org/about/sponsors/.

[4] Cheng, Jacqui, *tor2web brings anonymous Tor sites to the 'regular' web*, arstechnica, *available at* https://arstechnica.com/ uncategorized/2008/12/tor2web-brings-anonymous-tor-sites-to-the-regular-web/ (Dec. 15, 2008).

anonymously.[5]  The Tor2web proxy designed by them is essentially a software project that permits people to access portions of the Tor network from a standard Internet browser (as opposed to having to utilize the Tor browser).[6]

In 2014, Mr. Griffith graduated with a Ph.D. in computation and neural systems from CalTech.  Afterwards, he was both a research fellow and postdoctoral fellow in data science involving cryptocurrency and Tor-related matters.  (While at CalTech, Mr. Griffith had become an enthusiast of cryptocurrencies.)  Upon graduation, he also founded Onion.Link, which, much like tor2web, permits users to search the "Dark Web," and volunteered at the Tor Project.

Mr. Griffith stopped volunteering for the Tor Project in approximately August 2016 after it came to light that he had been cooperating with law enforcement, including INTERPOL and the Singaporean government, to deanonymize users of the Tor network.  Shortly thereafter, in approximately October 2016, Mr. Griffith began working for the Ethereum Foundation as a Research Scientist.  Ethereum is one of the world's most well-known blockchain platforms and it utilizes its own cryptocurrency, Ether or "ETH," on the platform.  Because of Mr. Griffith's early interest in ETH, he has personal cryptocurrency holdings.

Neither Mr. Griffith's personal finances nor his research on, or work with, Tor/the "Dark Web" is relevant to the charge here, which is conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706, from approximately August 2018 to November 2019, by allegedly providing services to the Democratic People's Republic of

---

[5] Swartz, A., *In Defense of Anonymity*, Raw Thought, (Oct. 24, 2008), *available at* http://www.aaronsw.com/weblog/tor2web.

[6] Cheng, *tor2web brings anonymous Tor sites to the 'regular' web*, *available at* https://arstechnica.com/uncategorized/2008/12/ tor2web-brings-anonymous-tor-sites-to-the-regular-web/.

Korea ("DPRK") in violation of law. At the heart of the charge against Mr. Griffith is his travel to the DPRK to attend the April 2019 Pyongyang Blockchain and Cryptocurrency Conference (the "Conference"), which was sponsored by the Korean Friendship Association and organized by Alejandro Cao de Benos, and Christopher Emms. Mr. Griffith paid for his trip to the DPRK and received no compensation for his attendance at the Conference. During the Conference, Mr. Griffith spoke about "Blockchain and Peace," and his talk contained generalized material he had presented at other conferences outside of the DPRK.

## ARGUMENT

I. **The Court Should Exclude at Trial Evidence and Argument Regarding Mr. Griffith's Purported Personal Wealth and Cryptocurrency Holdings.**

The Court should not permit the government to introduce evidence or argument relating to Mr. Griffith's purported personal wealth or cryptocurrency holdings for numerous reasons. Before evidence may be presented to the jury, the proponent of such must establish that the evidence is (a) relevant and (b) that the probative value of such evidence is not substantially outweighed by unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 401, 402, 403. The government can satisfy neither of those requirements for the reasons that follow.

    a. **Evidence and Argument Regarding Mr. Griffith's Purported Wealth and Cryptocurrency Holdings Should be Excluded as Irrelevant Pursuant to Fed. R. Evid. 401 and 402.**

At various points throughout this case, the government has referenced Mr. Griffith's purported personal wealth, including his cryptocurrency holdings. (*See., e.g.,* Dkt. No. 12 at 20; Gov't Mot. at 19.) Evidence is relevant if "it has any tendency to make a fact more or

4

less probable that it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401; *see United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010). Evidence which is not relevant is not admissible. *See* Fed. R. Evid. 402; *Miller*, 626 F.3d at 688

Neither Mr. Griffith's purported personal wealth nor his cryptocurrency holdings are relevant to the single charge in the indictment—conspiracy to violate the IEEPA by providing alleged services to the DPRK. Indeed, none of the six "services" alleged by the government in its motions *in limine* involve Mr. Griffith's financial wherewithal at all. (*See* Gov't Mot. at 2.) The Court should thus exclude, in advance of trial, any evidence or argument regarding Mr. Griffith's wealth or cryptocurrency holdings for lack of relevance. *See United States v. Ferguson*, No. 3:06CR137CFD, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (holding that evidence of finances was inadmissible where it was not probative of defendant's motives to commit the alleged crime); *see also United States v. Kail*, No. 18-cr-00172-BLF-1, 2021, WL 261135, at *9 (N.D. Cal. Jan. 26, 2021) (defendant's "precise salary is not relevant because the scheme alleged does not implicate [his] salary"); *United States v. Unruh*, 855 F.2d 1363, 1377 (9th Cir. 1987) (instructing district court that, on retrial, evidence of defendant's wealth "should not be offered unless clearly connected to specific conspiracy counts or particular loan transactions").

      **b. Evidence and Argument Regarding Mr. Griffith's Purported Wealth and Cryptocurrency Holdings Should Be Excluded Because What Minimal Probative Value They Have Is Substantially Outweighed by the Danger of Unfair Prejudice and Confusion of the Issues.**

Even if Mr. Griffith's purported wealth or cryptocurrency holdings were relevant, they should still be excluded under Rule 403. Relevant evidence is subject to exclusion at

trial "if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or confusion of the issues. Fed R. Evid. 403. When "evidence has an additional prejudicial effect," Rule 403 requires the trial court "to make a conscientious assessment of whether the probative value of the evidence . . . is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant." *United States v. Quattrone*, 441 F.3d 153, 186-87 (2d Cir. 2006). Prejudice could "unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id.* at 186.

Here, whatever miniscule probative value Mr. Griffith's purported wealth or cryptocurrency holdings might have to the charges in the indictment is outweighed by the danger that reference to them could unfairly prejudice the jury against Mr. Griffith, as well as impermissibly confuse the jury regarding the cryptocurrency transfer the government alleges Mr. Griffith wanted to conduct between the DPRK and South Korea and his own personal cryptocurrency transactions. Those two are not related, and Mr. Griffith's purported wealth and personal cryptocurrency transactions are far afield of the allegations in this matter. The Court should thus exercise its discretion to exclude such evidence and argument in its entirely.

## II. The Court Should Exclude at Trial Evidence and Argument Regarding Mr. Griffith's Involvement with Tor/"Dark Web."

As outlined above, the government must establish that (a) the proffered evidence is relevant and (b) the probative value of such evidence is not substantially outweighed by unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence before introducing such at trial. *See* Fed. R. Evid.

6

401, 402, 403.  None of those requirements can be met with regards to Mr. Griffith's involvement with Tor/the "Dark Web."

      a.  **Evidence and Argument Regarding Mr. Griffith's Involvement with Tor/"Dark Web" Should be Excluded as Irrelevant Pursuant to Fed. R. Evid. 401 and 402.**

The government has repeatedly attempted to suggest that Mr. Griffith's interest in, and experience with, Tor/the "Dark Web" somehow links Mr. Griffith with the more nefarious elements that utilize such services.  (*See, e.g.,* Dkt. 12 at 31 [Mr. Griffith's familiarity with the Dark Web is extremely significant. . . . [P]rimarily the Dark Web is use[d] for illicit purposes[.]").  For reasons discussed in the Background section above, this is far from the truth.  The government, however, apparently is continuing to push this flawed theory.

In its motions *in limine*, the government identified a September 23, 2018 email from Mr. Griffith to "another individual affiliated with" the "Dark Web" regarding the potential establishment of a "Dark Web" node in the DPRK.  (Gov't Mot. at 13-14.)[7]  The government did so without apprising the Court that, for example, the Department of State is one of the Tor Project's sponsors, and therefore helps support the development of the Tor network, much like Mr. Griffith once did.

Setting that aside, neither Mr. Griffith's interest in anonymous publication nor his prior work with, and volunteer services for, the Tor Project have anything to do with the crime Mr. Griffith is alleged to have committed in the indictment.  The government does not allege that Mr. Griffith utilized Tor to conspire to violate the IEEPA, none of the alleged

---

[7] The admissibility of this particular email will be addressed in the defense's opposition to the government's motions *in limine*.

7

services Mr. Griffith is alleged to have provided to the DPRK used Tor, and the singular piece of evidence the government cites in its motions *in limine* has absolutely nothing to do with "developing cryptocurrency infrastructure and equipment inside North Korea." (*Id..* at 8.) As this evidence has no bearing on the allegations in the indictment, the Court should exclude any evidence and argument about Mr. Griffith's interest in, and experience with, Tor/the "Dark Web" in advance of trial.

> b. **Evidence and Argument Regarding Mr. Griffith's Involvement with Tor/"Dark Web" Should Be Excluded Because What Minimal Probative Value It May Have Is Substantially Outweighed by the Danger of Unfair Prejudice, Misleading the Jury, and Confusion of the Issues.**

To the extent that Mr. Griffith's interest or involvement in Tor has any modicum of probative value to the charges here, it is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusion of the issues. The government simply wants to associate Mr. Griffith with the "Dark Web" because it sounds nefarious and, in the minds of most jurors, it is a cesspool of illegality as opposed to a viable method of anonymous publication for journalists and dissidents stuck in repressive regimes. By associating Mr. Griffith with the negative connotations of the "Dark Web," the government wants Mr. Griffith linked with illegality, even illegality that has *nothing* to do with the crime with which Mr. Griffith is charged. The defense therefore would have to present evidence to show its appropriate purposes. This is the quintessential type of "trial within a trial before the jury could determine whether there was any meaningful analogy at all" that Rule 403 disfavors. *United States v. Al Kassar*, 660 F.3d 108, 123-24 (2d Cir. 2011); *see Doe v. Lima*, No. 14 CIV 2953 (PAE), 2020 WL 728813, at *6 (S.D.N.Y. Feb. 13, 2020) (precluding evidence where it would amount to "hijacking a targeted inquiry" into the issues at hand and "promote

8

delay, risk confusing the jury as to its finite mission, and create a high risk of unfair prejudice to plaintiffs"). Thus, the Court should exclude such evidence, and any argument regarding such evidence, in advance of trial.

### III. The Court Should Exclude at Trial Evidence and Argument Regarding the DPRK's Nuclear Program and Any Implication Mr. Griffith Was Involved in Said Program or Was Otherwise Engaged in Traitorous Activities.

While the government has not provided any indication in its motions *in limine* that it intends to offer evidence or make arguments related to the DPRK's nuclear program or allege that Mr. Griffith in any way attempted to assist in those efforts, other recent disclosures suggest that it may seek to do so. Accordingly, out of an abundance of caution, the defense respectfully requests that the government be excluded from offering any such evidence or arguments pursuant to Federal Rules of Evidence 401, 402, and 403.[8]

Any evidence or argument related to the DPRK's nuclear program has no bearing on the IEEPA conspiracy alleged in the indictment and thus should be excluded under Rules 401 and 402. Similarly, any implication (whether through evidence or argument) that Mr. Griffith was somehow involved in attempting to assist the DPRK with its nuclear program or was otherwise a traitor to his country (both of which would be false) is equally irrelevant to the claims here, which deal solely with Mr. Griffith's alleged presentation at the Conference

---

[8] On August 21, 2021, the government disclosed its intent to call a number of purported expert witnesses. This disclosure included the name, resume, and general, high-level topics of expected testimony of a professor. The general topics to be covered included the history and basis for sanctions against the DPRK (such as its weapons programs). Per the parties' agreement, the defense will disclose its expert(s) on Monday, August 30, 2021. The defense intends to move to exclude testimony of a number of the topics identified in the government's disclosure on various ground such as relevance and unfair prejudice. The defense plans to work with the government on a proposed pretrial briefing schedule for the Court's consideration.

9

and alleged attempt to set up an ETH node in the DPRK and engage in a transaction with ETH with the DPRK. Given the highly controversial nature of the DPRK's nuclear program, the mere mention of these topics at Mr. Griffith's trial would be highly prejudicial and misleading. This is precisely what Rule 403 seeks to avoid. *See Lima*, 2020 WL 728813, at *6. Therefore, the defense respectfully requests that the Court exclude any such evidence or argument.

## CONCLUSION

For all of the above reasons, Mr. Griffith respectfully requests that the Court exclude evidence and argument from introduction at trial relating to: (1) Mr. Griffith's purported wealth and cryptocurrency holdings; (2) Mr. Griffith's involvement with Tor/the "Dark Web"; and (3) the DPRK's nuclear program and any implication Mr. Griffith somehow assisted in it or was otherwise engaged in activity that would be deemed traitorous.

Dated: August 27, 2021

Respectfully Submitted,

*/s/ Brian E. Klein*

_____

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*