UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                  :

UNITED STATES OF AMERICA

                                  :

       - v. -                           20 Cr. 15 (PKC)

                                  :

VIRGIL GRIFFITH,

                                  :

               Defendant.

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# DEFENDANT VIRGIL GRIFFITH'S
## RESPONSE TO GOVERNMENT'S PROPOSED
## REQUESTS TO CHARGE

BRIAN E. KLEIN
KERI CURTIS AXEL
WAYMAKER LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
(424) 652-7800

SEAN S. BUCKLEY
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Attorneys for Virgil Griffith*

## PRELIMINARY STATEMENT

Defendant Virgil Griffith respectfully submits the following response to the government's proposed requests to charge.  (*See* Dkt. No. 130.)  This submission is organized as follows.

First, the defense proposes its edits and objections to the government's proposed jury instructions with additions in red and deletions in red and struck through (*e.g.,* addition, and deletion).  Those are labeled "Government Request No. [__]."  Proposed additions often include citations that support inclusion of the additional language in a footnote accompanying the proposed charging language.  If there are no edits, then the defense accepts the government's proposal, based on the present facts and circumstances.[1]  At the end of each instruction, defense explanations for the proposed revisions are set forth in bold and italicized text (*e.g., **Defense explanation***) in order to make clear that it is distinct from the government's proposed instruction.  The defense is prepared to submit further briefing or authorities in support of its proposed objections and modifications.

Second, the defense proposes certain additional jury instructions.  Those are labeled "Defense Request No. [__]," and appear at the conclusion of the government's requests to charge.[2]

---

[1] One fact and circumstance that may alter the defense's positions are the government's ongoing production of significant discovery, which is discussed in the defense's motions *in limine* filed on August 27, 2021, and the concurrently filed defense opposition to the government's motions *in limine*.

[2] The defense does not submit that the sequence in which the proposed charges appear in this document is the manner in which the charges should actually be delivered to the jury, but the defense has maintained the government's proposed ordering for ease of reference for the Court and the parties as they attempt to resolve any disputed jury charge.

In a number of instances, the government indicated its proposed charges are "adapted from" various legal authorities.  For example, in various places in the government's requests to charge, it indicated that the proposed charges were adapted from:

- Charge delivered by the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992);
- Charge delivered by the Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991);
- Charge delivered by the Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999);
- Charge delivered by the Hon. John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and
- Charge delivered by the Hon. Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006).

The defense proposes to strike reference to these charges because the transcripts of those charges are not in the possession of or readily accessible to either party thereby preventing the defense or the Court from determining whether these other authorities support the adapted charge that the government proposes.[3]

Lastly, like the government, the defense reserves the right to submit additional or modified requests at or near the close of evidence.  As is clear from the defense opposition to the government's motion *in limine*, there are new allegations in the government's motion, and the government's theory of the case is still not yet clear to the defense.  Further, additional discovery

---

[3] The government objects to this procedure.  On August 26, 2021, the defense requested from the government copies of the transcripts for the above jury charges to permit it to assess whether the government's proposed adaptations remained accurate statements of the law.  In response, the government has indicated that it does not have access to the transcripts of the requested charges, that it will promptly provide the transcripts to the defense if it locates the transcripts and that in most instances those other charges were supplemental to this Court's prior instructions in *Fuentes Ramirez*.  On August 29 and earlier today, the government identified another authority that it contends supports certain of those charges (*e.g.*, particular investigative techniques not required, experts, preparation of witnesses, and stipulations).  The defense has not yet been able to compare these additional authorities against the government's proposed charge (or the defendant's responses), but the defense will do so.

is constantly being served, as recently as last Friday, August 27, 2021.  It is therefore impossible for the defense to foresee exactly what charges may be appropriate.

## GOVERNMENT REQUEST NO. 1.

### Summary of Indictment

The defendant VIRGIL GRIFFITH has been formally charged in an Indictment containing one count, or charge.  An indictment is simply an accusation. It's no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. ~~Only the evidence or lack of evidence decides that issue.~~ You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will first summarize the offense charged and then explain in detail the elements of the charged offense.[4]

The Indictment charges a conspiracy to violate the International Emergency Economic Powers Act, which I am going to refer to as IEEPA.  In 2008, under the authority of the IEEPA, the President found that the situation "on the Korean Peninsula constitute[s] an unusual and extraordinary threat to the national security and foreign policy of the United States and . . . declare[d] a national emergency to deal with that threat."[5]  After that finding, the U.S. Department of the Treasury's Office of Foreign Assets Control, often referred to by its initials, "OFAC," implemented sanctions on the Democratic People's Republic of Korea, which is also known as the "DPRK or "North Korea."  I will describe the relevant parts of those sanctions to you later in my instructions.

---

[4] Adapted from the charge of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1155-56 (S.D.N.Y. 2021).

[5] Exec. Order 13466.

The conspiracy to violate the IEEPA that is charged in the Indictment alleges that, from at least in or about August 2018, up to and including in or about November 2019, the defendant agreed with others to provide services to North Korea, and to evade the requirements of U.S. law with respect to the provision of services to North Korea.

Count One reads as follows:

[*The Court is respectfully requested to read Count One of the Indictment*]

**Defense Explanation: The language stricken above was not included in <u>Fuentes Ramirez</u>, which the government relies on to support this proposed charge.**

**GOVERNMENT REQUEST NO. 2.**

**Count One: IEEPA Conspiracy**

**(Elements of the Offense)**

Count One charges a conspiracy.  To sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the conspiracy charged in Count One existed. That is, that there was an agreement or understanding among at least two people to <u>violate the IEEPA.</u> ~~achieve one or both of the following objectives: (1) to provide services to North Korea or North Korean persons without first obtaining a license to do so, or (2) to evade and avoid the requirements of U.S. law with respect to the provision of services to North Korea.~~

Second, the Government must prove that the defendant knowingly and willfully became a member of that conspiracy, with knowledge of at least one of its unlawful objectives.

Each of these elements must be satisfied beyond a reasonable doubt.[6]

***Defense Explanation: The stricken language was not in <u>United States v. Atilla</u> but was added by the government.  It is unnecessarily confusing at this preliminary stage and is covered later where the objects of the alleged conspiracy are discussed.  The language inserted by the defense is the language from <u>Atilla</u>.***

---

[6] *See generally* 50 U.S.C. § 1705; *United States v. Atilla*, 966 F.3d 118, 124 (2d Cir. 2020) ("A person who 'willfully conspires to commit' such an unlawful act is subject to criminal penalties." (quoting 50 U.S.C. § 1705(c))); *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005)).

**GOVERNMENT REQUEST NO. 3.**

**Count One: IEEPA Conspiracy**

**(First Element:  Existence of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that the conspiracy charged in the Indictment existed.

What is a conspiracy?  A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose.

The essence of the crime of conspiracy is ~~the~~ an unlawful agreement to violate the law.  ~~It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  Indeed, you may find the defendant guilty of conspiracy despite the fact that it was factually impossible for the defendant to commit the substantive crime or goal of the conspiracy.  This is because~~ The success or failure of a conspiracy is not material to the question of guilt or lack of guilt, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

To establish the existence of a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn ~~com~~pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific agreement.  The adage "actions speak louder than words" is applicable here.

When people undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing, ~~or~~ nor do they

publicly broadcast their plans. ~~It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law.~~ Express language or specific words are not required to indicate assent or attachment to a conspiracy.

You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more persons in order to find that a conspiracy existed.

If, upon consideration of the evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds – that is, they agreed to work together in furtherance of the ~~at least one of the unlawful objects alleged in Count One of the Indictment~~ unlawful scheme– then the proof of the existence of the conspiracy is established. [7]

***Defense Explanation: The language stricken was not in <u>Fuentes Ramirez</u>, which the government relies on in support of this instruction, and is adequately addressed in a later instruction. Other changes are for clarity and ease of understanding.***

[7] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1157-59 (S.D.N.Y. 2021); the Hon. Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); the Hon. Peter K. Leisure in *United States v. Parra*, 02 Cr. 348 (PKL) (S.D.N.Y. 2003); the Hon. Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**GOVERNMENT REQUEST NO. 4.**

**Count One: IEEPA Conspiracy**

**(Element One: Existence of the Conspiracy – Objects of the Conspiracy)**

As I have stated above, the object of the charged a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve. As I mentioned previously, there are two objects, and they are, again, In this case, there are two objects of the conspiracy charged: (1) to provide services to North Korea or North Korean persons without first obtaining a license to do so, and (2) to evade the requirements of U.S. law with respect to the provision of services to North Korea. Each of these objects has the following elements:

First, the violation of any license, order, regulation, or prohibition issued that the defendant violated any prohibition pursuant to the IEEPA;

Second, that the defendant committed that violation was committed willfully, that is, knowing that what he is doing is unlawful; and

Third, that during the period alleged in the Indictment, the defendant had not obtained authorization from the U.S. government to provide services to North Korea or engage in transactions related to North Korea.[8]

I remind you that the crime of conspiracy is distinct from the underlying substantive crimes that are alleged to have been the objects of the conspiracy. It is the agreement itself that is the crime. Accordingly, you need not find that either or both of these objects were accomplished, only that an agreement existed between two or more people to try to achieve these

---

[8] Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705.

~~objects~~ The Government does not have to prove an agreement to accomplish both of the objects charged.  Rather, proof beyond a reasonable doubt of an agreement to accomplish any one of the objects of the alleged conspiracy is sufficient.[9]

**Defense Explanation:  The language stricken was not in <u>Fuentes Ramirez</u>, which the government relies on in support of this instruction.  Language which was found in <u>Fuentes Ramirez</u>, and which was not included in the government's proposed instruction, has been added back in.  Other changes are to conform this instruction to the charges in the indictment, for clarity, and for ease of understanding**

---

[9] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1160 (S.D.N.Y. 2021); the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; 31 C.F.R. Part 510.

## GOVERNMENT REQUEST NO. 5.

### Count One: IEEPA Conspiracy

### (Element One: Existence of the Conspiracy – Relevant Regulations)

As I said, each of the two objects charged in Count One is alleged to have involved a violation of a regulation or prohibition issued pursuant to the IEEPA.  I am now going to describe for you the prohibitions that are relevant in this case.

With respect to the first object of the conspiracy, that is, to provide services to North Korea or North Korean persons without first obtaining a license to do so, I instruct you that at all times relevant to the charge in the Indictment, regulations issued pursuant to the IEEPA provided that U.S. citizens, no matter where they live or travel, cannot provide services to the Government of North Korea without authorization from the U.S. government.[10]  The prohibition on the provision of services applies to services performed on behalf of a person in North Korea or the government of North Korea or where the benefit of such services is otherwise received in North Korea, if such services are performed outside the United States by a U.S. citizen.[11]

With respect to the second object charged in the conspiracy, that is, to evade the requirements of U.S. law with respect to the provision of services to North Korea, I instruct you that at all times relevant to the charge in the Indictment, regulations issued pursuant to the

---

[10] *See* Exec. Order No. 13722 (Mar. 18, 2016) (prohibiting "the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a U.S. person, wherever located, of any goods, services, or technology to North Korea is prohibited" unless the transaction was authorized by a license from OFAC); 31 C.F.R. §§ 510.206(a), 510.212(a)-(b) (adopting the same and prohibiting "[a]ny conspiracy formed to violate the prohibitions set forth in this part"); 31 C.F.R. § 510.405(a) ("prohibition on the exportation and reexportation of goods, services, or technology . . . applies to services performed on behalf of a person in North Korea or the Government of North Korea or where the benefit of such service is otherwise received in North Korea, if such services are performed . . . by a U.S. person.").

[11] 31 C.F.R. § 510.405(a).

IEEPA prohibited any transaction that evades or avoids, or has the purpose of evading or avoiding, any of the prohibitions in the regulations I just described.[12]

The Government can establish a violation of this second regulation through proof that the conspirators agreed to engage in a transaction for the purpose of evading or avoiding the services prohibition that I described in connection with the first object of the conspiracy.  It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to evade or avoid the prohibition. It is sufficient if evasion was a dominant reason for the conspirators to have agreed to engage in the transaction.[13]

---

[12] 31 CFR § 510.212.

[13] Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; 31 C.F.R. Part 510.

### GOVERNMENT REQUEST NO. 6.

### Count One: IEEPA Conspiracy

### (Element One: Existence of the Conspiracy – Definitions)

I am now going to define some of the technical terms used in the regulations that I have just instructed you about.

The term "government of North Korea" includes: The state and the government of the Democratic People's Republic of Korea, as well as any political subdivision, agency, or instrumentality thereof; any entity owned or controlled, directly or indirectly, by the foregoing; and any person that is, or has been, acting or purporting to act, directly or indirectly, for or on behalf of any of the foregoing.[14]

~~The term "transaction" is defined to include, but not be limited to, purchasing, selling, transporting, swapping, brokering, approving, financing, facilitating, or guaranteeing.[15]~~

Now I will address the question, what is a service? A "service" ~~may be an act done for the benefit or at the command of another,~~ has been defined as "the performance of work commanded or paid for by another," or as "an intangible commodity in the form of human effort."  It is not a requirement that ~~any other useful labor or human effort, whether or not~~ compensation for that service was contemplated, although you may consider whether or not a fee was contemplated as a relevant factor in determining whether services were provided.[16]  ~~For~~

---

[14] 31 C.F.R. § 510.311 (defining Government of North Korea).

[15] ~~*See* 31 C.F.R. § 560.206(a)(1) (provision of Iranian Transactions and Sanctions Regulations governing prohibited trade-related transactions with Iran).~~

[16] *See* Dkt. 89 at 9-10, citing Merriam–Webster's Collegiate Dictionary 1067 (a service is "useful labor that does not produce a tangible commodity"); Black's Law Dictionary 1372 (7th ed. 1999) (a service is an "intangible commodity in the form of human effort."); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23-24 (2010) (defining "service," consistent with *Banki*, to mean "the performance of work commanded *or* paid for by another" or "an act done for the benefit or at the command of another").

example, examples in the regulations include a "service" can include performing advocacy in coordination with, or at the direction of, another.[17]  A service can also include facilitating the transfer of funds on behalf of another person or entity.[18]  Certain Other examples in the law include legal, accounting financial, brokering, or public relations services.[19] There is no requirement in the law that any fee or other compensation be paid, offered, or contemplated in order for an act to constitute a service.

I will note that providing only information and informational materials that were are was fully created and previously in existence cannot constitute a prohibited service.[20] For example, sharing a book that was already published and widely circulated would not constitute a prohibited service. To meet its burden, the Government must therefore demonstrate that the "services" at issue were intended to consist of something more than solely providing pre-existing information to North Korea.[21] However, you may determine that creating or providing a bespoke

---

[17] *Holder v. Humanitarian Law Project*, 561 U.S. at 24 (finding that "a person of ordinary intelligence would understand the term 'service' to cover advocacy performed in coordination with, or at the direction of, a foreign terrorist organization").

[18] *United States v. Banki*, 685 F.3d 99, 107–08 (2d Cir. 2012), as amended (Feb. 22, 2012).

[19]  31 C.F.R. § 510.405(a) (providing that "U.S. persons may not, except as authorized by or pursuant to this part, provide legal, accounting, financial, brokering, freight forwarding, transportation, public relations, or other services to any person in North Korea or to the Government of North Korea.").

[20] *See* 31 C.F.R. § 510.213(c)(2).

[21] Dkt. 89 at 17 ("It will be part of the government's burden to prove that (1) Griffith knowingly and willfully joined a conspiracy with knowledge of its unlawful object, i.e. the providing services to the DPRK; (2) that the services were to be more than providing preexisting information; and (3) the services were to be provided without a required OFAC approval.")

presentation, that is, one that is specially created and tailored for a particular occasion, may constitute a service within the meaning of the law.[22]

*Defense Explanation:  With respect to the revisions to the language related to services, changes were made to provide for clarity and understanding as to the meaning of "services" under the IEEPA.  The government's proposed examples, based on the* Holder *or* Banki *decisions, distort the facts and holdings of these cases and fail adequately to capture the nature of services at issue in the cases.  Accordingly, they would mislead the jury as to the appropriate application of the term services.  As edited, the definition included comes from definitions cited by the Second Circuit in Banki.*

*The defense objects to the definition the government purports to incorporate from* Holder, *which pertains to a different regulation, and involved a "service" not "services" with a substantially more fulsome definition in context.  The regulation prohibited the provision of "material support or resources to a foreign terrorist organization," and defined such "material support or resources" to include "property" or "service," and then included a long list of potential examples of the type of property or service that would fall within the definitions, such as providing personnel or financial services.  It also included express exclusions that the NKSR does not have, such as an exclusion of independent activity.  In that context, the regulation itself provided additional color as to what would be included and not included.  Here, suggesting anything that could possibly benefit the DPRK falls within the definition of is a service is misleading and not an accurate statement of the law.  See, e.g.,*

---

[22] *See United States v. Amirnazmi*, 645 F.3d 564, 587 (3d Cir. 2011) ("[T]he key distinction rests between informational materials that are widely circulated in a standardized format and those that are bespoke.").

*Holder, 130 S. Ct. at 2730 ([W]e in no way suggest that a regulation of independent speech would pass constitutional muster, even if the Government were to show that such speech benefits foreign terrorist organizations.")*

*Regarding the stricken language related to the information exemption, the government's proposed language goes beyond the Court's instructions at oral argument on the defendant's motion to dismiss, as well as the Court's order denying the motion to dismiss. See Dkt. 82 at 19:4-18 ("THE COURT: Let's pause right there because one of the things I want to make plain, it's not an informational materials exception or exemption. It's not. And that's wrong, just from a plain reading of the language of the regulation. It's an information and information materials exemption. An information, as distinguished from information materials, is consistent with orally communicated information. I realize you cite the Third Circuit's interpretation with regard to bespoke information, but I'm not so sure that I am convinced that information which, when communicated by humans at different times in different places will inherently have a bespoke element, whether you are speaking to high school students, college students, graduate students, but the information may be preexisting information which you tailor to an audience."); Dkt. 89 at 10-13.*

*Given this tension between the government's theory of "services" and the IEEPA's information exemption, we respectfully submit that any instruction on services or information or informational materials should be accompanied by the language in Defendant's Request No. 2 (Information Exemption) set forth below.*

**GOVERNMENT REQUEST NO. 7.**

**Count One: IEEPA Conspiracy**

**(Element Two: Joining the Conspiracy)**

The Government must ~~also~~ prove beyond a reasonable doubt that the defendant knowingly and willfully ~~joined~~ entered into the conspiracy charged in Count [ ], that is, with a purpose to violate the law, and that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of at least one of the two unlawful objects that I described.[23]

An act is done knowingly if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.[24]

A defendant acted willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law—here to violate the sanctions on North Korea in the regulations that I described to you. ~~However, the Government does not need to prove that~~ The defendant ~~was~~ need not be aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law, executive order or federal regulation, but he must act with the intent to do something the law forbids.[25] The defendant's conduct was not "willful" if it

---

[23] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1166(S.D.N.Y. 2021);

[24] *Id.* at 1167.

[25] *United States v. Turner*, 836 F.3d 849, 859 (7th Cir.), *as supplemented*, 840 F.3d 336 (7th Cir. 2016) (affirming instruction above); *see also Bryan v. United States*, 524 U.S. 184 (1998) (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids."); *United States v. Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) ("In light of these precedents, we conclude there

was due to negligence, inadvertence, or mistake or was the result of a good faith misunderstanding of the requirement of the law. Thus, if a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, this element cannot be established because a defendant who acted in good faith cannot be found to have acted knowingly, willfully, and with the unlawful intent required in this element.  In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.  The burden of establishing knowledge and lack of good faith rests upon the Government. Mr. Griffith is under no burden to prove his good faith; rather, the government must prove Mr. Griffith's knowing and willful participation in the charged conspiracy beyond a reasonable doubt.[26]

An act is done knowingly and intentionally if it is done deliberately and purposely. That is, a defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident, mere negligence, or some other innocent reason. The fact that the acts of a defendant, without knowledge, merely happen to further the purpose or objectives of the conspiracy does not make the defendant a member. Therefore, the terms knowingly and willfully mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing.  That

---

is no basis for requiring the government to prove that a person charged with violating IEEPA and the ITR was aware of a specific licensing requirement. . . . [D]efendants charged with a violation of IEEPA and the ITR are adequately protected by requiring the government to prove that the defendants knew their actions violated the United States' embargo on transactions with Iran."); *Homa Int'l Trading Corp*., 387 F.3d at 147 (quoting *Bryan*); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); *United States v. Hashmi*, No. 06 Cr. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009).
[26] Adapted from the charge delivered by the Hon. Allison J. Nathan in *United States v. Nejad*, 18 Cr. 224 (AJN) (S.D.N.Y. Mar. 12, 2020); Sand *et al.*, *Modern Federal Jury Instructions*, 3A-3.

is, that he took the actions in question deliberately and voluntarily. Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. I think I said that to you when we were doing jury selection. However, you do have before you evidence of certain acts, conduct, and conversations. The Government contends that these acts, conduct, and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, the defendant denies he committed the charged offense. It is for you to determine whether the Government has proven, beyond a reasonable doubt, the defendant's knowledge and intent.

However, for you to draw that conclusion, you need to be convinced beyond a reasonable doubt that the defendant knew what U.S. law prohibited and that he acted deliberately to violate that prohibition. If you find that the defendant acted with a good faith belief that his conduct did not violate U.S. law, then you must find him not guilty.

In other words, it is not sufficient if you find that the defendant believed that he was doing something that could lead to sanctions or was even generally wrong. The government must convince you beyond a reasonable doubt that the defendant knew that there was a law prohibiting the conduct that he is charged with. Although the defendant need not know the name or number of the law, the government must prove beyond a reasonable doubt that he knew that the law specifically addressed and prohibited the conduct with which he is charged.[27]

It is not necessary for the Government to show that the defendant was fully aware of every detail of that conspiracy or that defendant knew every other member of that conspiracy. A defendant may know only one other member of that conspiracy and still be a co-conspirator. It is

---

[27] Adapted from the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017).

not necessary for a defendant to receive any monetary benefit from his participation in the conspiracy or to have a financial stake in its outcome. It is enough if he participated in the conspiracy intentionally and knowingly.

The duration and extent of a defendant's participation in the conspiracy charged in Count One has no bearing on the issue of the defendant's guilt. A defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play minor roles, while others play major roles. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, a person's mere presence at the scene of a crime does not by itself make him a member of the conspiracy.  Similarly, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when the association is coupled with knowledge that a conspiracy exists. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective or objectives. A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and dissociated himself from it.[28]

---

[28] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1167-1170 (S.D.N.Y. 2021); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); Hon. Richard J. Sullivan in *United*

*Defense Explanation:  Changes proposed are included in the <u>Sand</u> and <u>Atilla</u> instructions, which the government has relies on in support of this instruction and were made to conform these instructions with those references, comport with the law, and were made to clarify and provide a fuller understanding to the instruction.*

---

*States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Hon. Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Hon. John F. Keenan, *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

## GOVERNMENT REQUEST NO. 8.

### Count One: IEEPA Conspiracy

### (Conscious Avoidance)

*[If Applicable]*

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge. I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear. I told you before that acts done knowingly must be a product of a defendant's conscious intention, not the product of carelessness or negligence. A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him. A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what is staring you in the face as "conscious avoidance." An argument of "conscious avoidance," however, is not a substitute for proof. It is simply another fact you may consider in deciding what the defendant knew.

There is a difference between knowingly participating in a conspiracy, on the one hand, and knowing the object or objects, or the purpose or purposes, of the conspiracy on the other.

Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined the conspiracy, that is, that the defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose. It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the conspiracy, you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as the object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

So, in other words, if you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the fact, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.[29]

**Defense Explanation: The defense asserts that there is no factual predicate for this instruction, as the government is not accusing Mr. Griffith of willful blindness, but of concerted action.  In general, it is inconsistent with demonstrating a defendant's intent to join**

---

[29] Adapted from the charges in *United States v. Ghailani*, S10 98 Cr. 1023 (LAK) (2010), *United States v. Greenberg, et al.*, S1 05 Cr. 0888 (S.D.N.Y. 2008) (LAK); *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), *United States v. Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001) (LBS) and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.  *See also United States v. Ghailani*, 733 F.3d 29, 52-54 (2d Cir. 2013); *United States v. Cuti*, 720 F.3d 453, 462-63 (2d Cir. 2013); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam).

*a conspiracy, United States v. Morgan, 385 F.3d 196 (2d Cir. 2004), but certainly inconsistent*

*on the facts and theory that the government has alleged here.*

## GOVERNMENT REQUEST NO. 9.

### Venue

In addition to all of the elements ~~I have described, with respect to each alleged crime~~, you must consider ~~the issue of venue, namely,~~ whether any act in furtherance of the conspiracy ~~each of the crimes~~ occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

It is sufficient to satisfy this element of the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the ~~entire~~ crime charged was committed in the Southern District of New York or that the defendant was ~~or any alleged co-conspirator was even physically~~ present here in the Southern District of New York.

If you find that the government has failed to prove that any act in furtherance of the crime occurred within this district, then you must acquit.  That means that, to meet its burden, the government must show that it is more likely than not that venue in this district exists. ~~I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind you that the Government must prove all other elements of each and every one of the offenses charged here beyond a reasonable doubt.~~[30]

---

[30] Adapted from the charge of the Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

***Defense Explanation:  The language stricken was not in <u>Sand</u>, which the government relies on in support of this instruction. Other changes are for clarity and ease of understanding.***

## GOVERNMENT REQUEST NO. 10.

### Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.[31]

---

[31] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1183 (S.D.N.Y. 2021); Hon. Edward Weinfeld in *United States v. Della Rocca*, 72 Cr. 217 (S.D.N.Y. 1972), and from the charges of the Hon. Charles Metzner in *United States v. Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

## GOVERNMENT REQUEST NO. 11.

### Particular Investigative Techniques Not Required

[*If Applicable*]

You may have heard reference to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.[32]

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. (For example, no fingerprints were taken and no transmitting device was utilized during the defendant's alleged conversations with the agent.) You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. (There is no requirement to attempt to take fingerprints, or that it offer fingerprints or tape recordings in evidence.) Law enforcement techniques are not your concern.

---

[32] Adapted from the charges of the Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. 2012); and the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992).

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.[33]

*Defense Explanation:  The defense proposes to use the instruction provided in Sand's Modern Federal Jury Instructions, which the government relies on in support of other instructions and which has been modified and updated to account for other courts issuing instructions that include reference to the "lack of evidence" being a relevant consideration for the jury.*

*By submitting these comments to this instruction, the defense does not concede that these instructions are appropriate on the facts of this case.  It will reserve its potential objections to relevance and appropriateness for the close of evidence.*

---

[33] Sand, *Modern Federal Jury Instructions*, Instr. 4-4.

**GOVERNMENT REQUEST NO. 12.**

**Charts and Summaries**

[*If Applicable*]

~~During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you, intended to be of assistance to you in deliberations.~~The government (or defense) has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

~~In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.~~ It is for you to decide whether the charts and summaries ~~fairly and~~ correctly present the information contained in the testimony and in the ~~documents~~ exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[34]

**Defense Explanation:  The language stricken was not in _Sand_, which the government relies on in support of this instruction.  Language which was found in Sand, and which was not**

---

[34] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and the charges of the Hon. Katherine B. Forrest in *United States v. Benito Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

*included in the government's proposed instruction, has been added back in.  Other changes are for clarity and ease of understanding.*

**GOVERNMENT REQUEST NO. 13.**

**Testimony of Law Enforcement Officers**

You have heard testimony of law enforcement and government officials ~~officers~~.  The fact that a witness may be employed by the Government ~~as a law enforcement official~~ does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is quite legitimate for defense counsel ~~may~~ to try to attack the credibility of a law enforcement witness or government employee witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses or government employee witnesses and to give that testimony whatever weight, if any, you find it deserves.[35]

***Defense Explanation: Additions address the fact that government officials beyond law enforcement are expected to testify in the government's case-in-chief.***

---

[35] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

## GOVERNMENT REQUEST NO. 14.

### Testimony of Experts

*[If Applicable]*

You have heard testimony from what we call [an] expert witness[es].  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in ~~the~~ a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert is not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert is outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in relying on his or her testimony.[36]

---

[36] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1151 (S.D.N.Y. 2021)~~; the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991)~~.

***Defense explanation: The language stricken was not in <u>Fuentes Ramirez</u>, which the government relies on in support of this instruction, and the language added was to conform with the <u>Fuentes Ramirez</u> instructions.***

### GOVERNMENT REQUEST NO. 15.

**Stipulations**

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if a witness is called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you, however, to determine the effect to be given to that testimony.

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among between the parties that a certain fact is true.  You must regard such agreed upon facts as true.  The weight or importance of the fact is a matter for you, the jury, to decide. It is for you, however, to determine the effect to be given to any stipulated fact.[37]

***Defense Explanation: The language stricken was not in Fuentes Ramirez, which the government relies on in support of this instruction, and the language added was to conform with the Fuentes Ramirez instructions.***

---

[37] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1145 (S.D.N.Y. 2021); the Hon. Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## GOVERNMENT REQUEST NO. 16.

### Preparation of Witnesses

*[If Applicable]*

You have heard evidence during the trial that witnesses ~~had~~ have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

~~Although~~ You may consider that fact when you are evaluating a witness's credibility~~., I should tell you that~~ There is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[38]

***Defense Explanation: The language stricken was not in Fuentes Ramirez, which the government relies on in support of this instruction, and the language added was to conform with the Fuentes Ramirez instructions.***

---

[38] Adapted from Adapted from Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1151 (S.D.N.Y. 2021)~~; Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999)~~.

## <u>GOVERNMENT REQUEST NO. 17.</u>

### Persons Not On Trial

Some of the people who may have been involved in the events leading to this trial are not on trial. There's no requirement that all members of a conspiracy be prosecuted or that all members be tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.[39]

---

[39] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); Hon. Henry Werker, *United States v. Barnes*, 77 Cr. 190 (S.D.N.Y. 1977).

## GOVERNMENT REQUEST NO. 18.

### Limiting Instruction—Similar Act Evidence

*[If Applicable]*

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment. You will recall that some evidence that the defendant was involved in crimes other than those charged in the Indictment was introduced by the Government and was received for limited purposes.  In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the Indictment. The Government offered this evidence to demonstrate the defendant's identity, intent and knowledge, preparation, and plan, to establish the absence of mistake or accident with regard to the offenses that are charged in the Indictment, and to demonstrate the background of the conspiracy charged in Count One.  Accordingly, Yyou may not consider this evidence of the similar act as a substitute for proof that the defendant committed any of the crimes charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. Theis evidence of the other, similar act about the defendant was admitted for the a much more limited purposes I will describe and you may consider it only for those limited purposes.

First, there has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment. If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment or

~~that the acts charged in the Indictment and the other conduct were part of a common plan or~~
~~scheme committed by the defendant.~~

~~Second, if you determine that the defendant committed any of the acts charged in the Indictment~~
~~and the similar acts as well, then you may, but you need not, draw an inference that those~~
~~uncharged acts are evidence of the background to or development of the charged crimes, as well~~
~~as the relationship of trust among co-conspirators.~~

~~Finally, you if you determine that the defendant committed the acts charged in the Indictment~~
~~and the similar acts as well, then you may also, but you need not, draw an inference that in doing~~
~~the acts charged in the Indictment,  based on those uncharged acts that the defendant acted~~
~~knowingly and intentionally  with respect to the specific charges, as charged in the Indictment,~~
~~and not because of some mistake, accident, or other innocent reason.~~

~~The evidence of similar conduct is to be considered by you only on the issue of (identity)~~
~~(common scheme, plan or preparation). the defendant's uncharged actsIt~~ may not be considered
by you for any other purpose other than what I have just explained to you.  Specifically, you may
not consider it as evidence that the defendant is of bad character or has a propensity to commit
~~crime.~~[40]

The government has offered evidence that it contends shows that on a different occasion
the defendant engaged in conduct similar to the charges in the indictment.

---

~~[40] Adapted from the charges of the Hon. William H. Pauley III in *United States v. Meregildo, et al.*, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012) and the Hon. John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25, 5-26.  *See also United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).~~

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.[41]

Similarly, if you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant.  I remind you, however, that I have instructed you previously that if these acts were in furtherance of a conspiracy other than that alleged in the Indictment, the defendant's mere commission of those acts—even if they furthered some other conspiracy—cannot be a basis for you to conclude that the defendant joined or participated in the conspiracy alleged in the indictment.[42]

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

---

[41] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25.
[42] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-26.

*Defense Explanation: The defense objects to the proposed instruction in its entirety because the other act or similar act evidence identified by the government in its motions in limine is not properly offered under Rules 404 and 403.  If, however, the Court is inclined to admit that evidence, the defense proposes that the Court use the proposed instruction above, which is based on the instruction provided in Sand, which the government has cited to as authority in other instructions.*

## GOVERNMENT REQUEST NO. 19.

### Uncalled Witnesses—Equally Available

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[43]

*Defense Explanation: The defense objects to this instruction as it does not believe that any uncalled witness would have been equally available.  As a starting point, the government has not yet provided the defense with the identity of the alleged co-conspirators, and has identified at least four individuals as alleged co-conspirators for the first time in its motion in limine thereby preventing the defense from interviewing and/or obtaining testimony from these witnesses that would undercut the government's claim that they joined the conspiracy. Additionally, the defense does not believe that these witnesses would have been equally available to the defense as they likely would have been unwilling to travel to the United States for fear of facing similar criminal charges and, if they did, would likely have invoked their Fifth Amendment rights against self-incrimination.  Effectively, their being named as or being*

---

[43] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975); the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021).

implied participants in the alleged conspiracy has negated the defense's ability to obtain their testimony.

Moreover, <u>Sand</u>, which the government has cited as authority in numerous other instructions, notes that the preferred procedure—indeed that adopted by all of the Circuits that issue pattern jury instructions on this point—is to give no instruction.

**GOVERNMENT REQUEST NO. 20.**

**Evidence Obtained from Searches**

You have heard testimony ~~in this case~~ about ~~the~~ evidence seized in connection with certain searches conducted by law enforcement officers or otherwise obtained by law enforcement.  Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Such searches were appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[44]

*Defense Explanation: The language stricken was not in* **Fuentes Ramirez,** *which the government relies on in support of this instruction, and the language added was to conform with the* **Fuentes Ramirez** *instructions.*

---

[44] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, at 1148 (S.D.N.Y. 2021); Hon. William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## GOVERNMENT REQUEST NO. 21.

### Transcripts and Translations

Video and audio recordings of various foreign-language conversations, which include some foreign-language communications, have been admitted into evidence and transcripts of English-language transcripts translations of those foreign-language recordings have been admitted into evidence. I instruct you that it is the English translation of the conversation reflected on those transcripts that is evidence. [*The parties have stipulated that the English translation of the conversations are accurate and admissible as evidence*.] As a result, you should not substitute your own understanding of any foreign language for that of any translation that was admitted into evidence. You must accept the translations without regard to your own understanding of those foreign languages.

Whether you approve or disapprove of the recordings may not enter into your deliberations. I instruct you that the recordings were made in a lawful manner, that no one's rights were violated, that the government's use of this evidence is lawful, and that it was properly admitted into evidence. Of course, it is up to you to decide what weight, if any, to give to this evidence.[45]

***Defense Explanation: Edits for clarity.***

---

[45] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1149 (S.D.N.Y. 2021).

**GOVERNMENT REQUEST NO. 22.**

**False Exculpatory Statements**

[*If Applicable*]

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements, in which the defendant exonerated or exculpated himself, are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty.  You may not, however, ~~rely~~ infer on this ~~evidence~~ basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged. ~~to support a finding of guilt.~~  Whether the evidence as to a defendant's statement ~~does or does not~~ shows that ~~he~~ the defendant believed ~~himself to be~~ that he was guilty and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.[46]

*Defense Explanation: The defense objects to the inclusion of this charge in its entirety.  There is no evidentiary basis for this charge, and if the government contends otherwise, it should have to provide notice.  If the government provides such notice and this charge is appropriately given, the defense submits that the above edits should be made consistent with* Sand*'s proposed instruction on this topic.*

---

[46] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11.

## GOVERNMENT REQUEST NO. 23.

### Redaction of Evidentiary Items

[*If Applicable*]

~~We have, a~~ Among the exhibits received in evidence are some documents that are redacted. You saw some on the screen. There are blacked out portions. "Redacted" means that part of the document [or tape] was ~~taken out~~ covered. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been ~~deleted~~covered.[47]

***Defense Explanation: The language stricken was not in** Fuentes Ramirez**, which closely follows this instruction and which the government relies on for support in several other instructions, and the language added was to conform with the** Fuentes Ramirez **instructions**.*

---

[47] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1145 (S.D.N.Y. 2021).

## **GOVERNMENT REQUEST NO. 24.**

### **Defendant's Testimony**

[*Requested only if the defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[48]

---

[48] *See United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## <u>GOVERNMENT REQUEST NO. 25.</u>

### Defendant's Right Not to Testify

[*If requested by defense*]

The defendant did not testify in this case.  Under our Constitution, a defendant has no

obligation to testify or to present any evidence, because it is the Government's burden to prove

the defendant guilty beyond a reasonable doubt.  That burden remains with the Government

throughout the entire trial and never shifts to the defendant.  A defendant is never required to

prove that he is innocent.

Therefore, you must ~~may~~ not attach any significance to the fact that the defendant did not

testify.  No adverse inference against him may be drawn by you because he did not take the

witness stand.  You may not consider ~~this against the defendant~~it in any way in your

deliberations in the jury room.[49]

***Defense Explanation: The language stricken was not in <u>Sand</u>, which the government relies on***

***in support of this instruction, and the language added was to conform with the Sand***

***instructions***

---

[49] Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## DEFENDANT'S REQUEST NO. 1

### First Amendment

I must caution you again that the law as I have just explained shall not be construed or applied in a manner that abridges the exercise of rights guaranteed under the First Amendment to the Constitution of the United States.

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

The First Amendment guarantees the right to believe and profess whatever doctrine one desires. The First Amendment also protects speech that encourages others to commit crimes or violate or evade sanctions, unless the speech is capable of producing imminent lawless action. [50] Speech that makes future conduct more likely, such as advocating for illegal action at some indefinite time in the future, is protected. Thus, speech may not be punished just because it makes it more likely that someone will commit a crime or violate or evade sanctions at some unknown time in the future.

The First Amendment right to free speech protects the right of an individual or group to advocate for the violation of law or sanctions so long as the speech is: (1) not directed to incite or produce imminent lawless action and (2) is not likely to incite or produce imminent lawless

---

[50] *Noto v. United States, 367 U.S. 290, 297-98 (1961)* (holding that speech is protected by the First Amendment and cannot be criminalized, even if it advocates illegal activity, as long as it remains abstract advocacy, rather than incitement to imminent violence).

action.  Advocacy is pure speech protected by the First Amendment.[51]

You may consider evidence relating to the First Amendment on the issue of Mr. Griffith's knowledge and intent, but you may not convict based solely on evidence of speech or other activities protected by the First Amendment.[52]  The First Amendment protects citizens wherever they go and applies to protect speech outside of the United States.[53]

When I outlined what must be proved beyond a reasonable doubt by the government in order to prove any of the conspiracy charges, I described to you the protections of the First Amendment with respect to freedom of speech and freedom of association. All of those principles and instructions apply equally with respect to the charged conduct in the indictment.

If you find that the government's allegations charge the defendant with conduct that is protected by the First Amendment, you must find the defendant not guilty.

---

[51] *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *cf. United States v. Salameh*, 152 F.3d 88, 112 (2d Cir.1998) (noting that court instructed jury that mere possession of literature is not illegal and that the defendant's political beliefs were not on trial).

[52] U.S. Const. amend. I

[53] *See Reid v. Covert*, 354 U.S. 1, 5-6 (1957) ("When the Government reaches out to punish a citizen who is abroad, the shield which the Bill of Rights . . . provides . . . should not be stripped away just because he happens to be in another land."); *Haig v. Agee*, 453 U.S. 280, 308-309 (1981) (free speech protections extend "beyond our national boundaries" and, while distinguishing revocation of a passport as restriction on an action, finding that ability to criticize the government—a pure-speech activity—could not be impeded).

## DEFENDANT'S REQUEST NO. 2

### Information Exemption

When Congress enacted the IEEPA, it included a specific carve out for speech protected by the First Amendment, frequently referred to as the "information exemption. Pursuant to that carve-out, the IEEPA statute explicitly states that the following First Amendment protected speech and related activities are not prohibited:

"The importation from any country, or the exportation to any country, whether commercial or otherwise, regardless of format or medium of transmission, of any information or informational materials, including but not limited to, publications, films, posters, phonograph records, photographs, microfilms, microfiche, tapes, compact disks, CD ROMs, artworks, and newswire feeds.[54]

As I instructed you earlier, providing only information and information materials that was fully created and previously in existence is not a violation of IEEPA and falls into the information exemption.[55] To meet its burden, the Government must therefore demonstrate that the "services" at issue were intended to consist of something more than solely providing pre-existing information to North Korea.[56]  If you find that the conduct alleged by the government is in fact conduct that falls into the information exemption, you shall find Mr. Griffith not guilty.

---

[54] Adapted from 50 U.S.C. § 1702(b)(3); *see also United States v. Amirnazmi*; *see also* 31 C.F.R. § 560.210(c)(1) (ITSR definition of informational materials); 31 C.F.R. § 510.312(a)(1) (NKSR definition of informational materials).

[55] *See* 31 C.F.R. § 510.213(c)(2).

[56] Dkt. 89 at 17 ("It will be part of the government's burden to prove that (1) Griffith knowingly and willfully joined a conspiracy with knowledge of its unlawful object, i.e. the providing services to the DPRK; (2) that the services were to be more than providing preexisting information; and (3) the services were to be provided without a required OFAC approval.")

## <u>DEFENDANT'S REQUEST NO. 3</u>

### The Government As a Party

You should find the facts of this case without prejudice as to either side.  The fact that the case is brought in the name of the United States does not entitle the government to any greater consideration than the defendant. By the same token, the government is entitled to no less consideration. Both sides stand equal in every court of law in this nation.[57]

---

[57] Jury instruction given in *United States v. Abu Ghayth*, No. 98 Cr. 1023-LAK-26 (S.D.N.Y. 2014)

## DEFENDANT'S REQUEST NO. 4

### Inferences Defined

During the trial you have heard the attorneys use the term inference, and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw, but not required to draw, from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.[58]

---

[58] Sand, *Modern Federal Jury Instructions*, Instr. 6-1.

## <u>CONCLUSION</u>

The defense respectfully requests that the Court accept the defense's proposed edits to the government's proposed requests to charge and the defense's additional proposed jury instructions.


Dated:  August 30, 2021                              Respectfully Submitted,

                                                     */s/ Brian E. Klein*
                                                     _____

                                                     Brian E. Klein
                                                     Keri Curtis Axel
                                                     Waymaker LLP

                                                     -and-

                                                     Sean S. Buckley
                                                     Kobre & Kim LLP

                                                     *Attorneys for Virgil Griffith*