

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

August 21, 2021

**VIA EMAIL**

Brian Edward Klein
Waymaker LLP
777 S. Figueroa Street Suite 2850
Los Angeles, CA 90017
Email: bklein@waymakerlaw.com

Sean Stephen Buckley
Kobre & Kim LLP
800 Third Avenue
Suite 6th Floor, 10022
New York, NY 10017
Email: Sean.Buckley@kobrekim.com

  Re: *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Counsel:

  Based on your request, this letter provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), of certain expert testimony that the Government intends to offer during its case-in-chief at trial. The Government reserves the right to call additional expert witnesses, and will promptly provide notice if the Government elects to do so.

Celeste L. Arrington

  At trial, the Government expects to offer testimony from Dr. Celeste L. Arrington, an expert in North Korean politics and history. Dr. Arrington is a professor at the George Washington University where she teaches about, among other things, the politics of North and South Korea.

  Dr. Arrington is expected to testify about the history and basis for United Nations, United States, and international sanctions against the Democratic People's Republic of Korea ("DPRK" or "North Korea"), and about particular concepts discussed by Griffith at the 2019 Pyongyang

Blockchain and Cryptocurrency Conference, or raised by Griffith in his interviews with FBI. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (expert testimony admissible to "help a jury understand unfamiliar terms and concepts"). In particular, the Government anticipates eliciting testimony from Dr. Arrington regarding the following topics:

- **Sanctions**. The United Nations, United States, and other international actors have imposed sanctions on the DPRK based on, among other things, North Korea's development of nuclear weapons, other weapons programs, and human rights abuses. These sanctions include, among other things, limits on trade, luxury goods, and access to international banking and finance. The sanctions are intended to change the conduct of DPRK leadership, punish for human rights abuses, and prevent the DPRK form securing materials needed for its weapons programs. These sanctions have become more comprehensive over time and have made it difficult to secure goods inside the DPRK.

- **Peace**. The term peace is commonly understood inside North Korea to signify an end to outside pressure on the DPRK regime, including, the military threat from the United States and South Korean military alliance as well as the Korean war.

- **Juche**. Juche roughly translates to "self-reliance" and is a thought system based on the idea that the DPRK must be self-sufficient in every way, including economic and military independence. The Juche ideology was developed in the 1950s in response to the subjugation of the North Korean people under foreigners. At present, Juche is used to control the population through, among other things, requiring DPRK citizens to make sacrifices in the spirit of Juche to ensure an independent North Korea.

- **Otto Warmbier**. Otto Warmbier was an American citizen who traveled to the DPRK as part of a tourist group and was arrested by authorities in the DPRK. After a public trial and conviction, Warmbier remained in the DPRK for approximately seventeen months and was eventually returned to the United States in a coma. Warmbier died shortly thereafter.

Attached is a copy of Dr. Arrington's resume.

CART Examiners

At trial, the Government also expects to offer testimony from Victoria R. Tenpenny, Nicole C. Kwasnaza, Christian M. Isolda, Ramiro E. Mendez, Peter R. Conroy, and Louis DiOrio. Each of these witnesses is a Forensic Examiner with the Federal Bureau of Investigation ("FBI") assigned to the Computer Analyst Response Team ("CART"). The Government expects that these examiners will testify regarding the forensic analysis of electronic devices and digital accounts recovered and searched during the course of this investigation. More specifically, the Government expects that the examiners will testify about extractions of the following devices and search

warrant returns: Griffith's Cellphone (USAO_000427), Griffith's iPad (USAO_001560), Griffith's iCloud (USAO_001559), Griffith's laptop (USAO_001647), Wtness-2's drives (3502-12.0545, 3502-13.00001, 3502-14.0001), Griffith's Singaporean devices (USAO_ 009083-009087), and Griffith's MacBook (USAO_008793-008794).

Attached are copies of the resumes of Victoria R. Tenpenny, Nicole C. Kwasnaza, Christian M. Isolda, Ramiro E. Mendez, and Peter R. Conroy. The resume of Louis DiOrio will follow under separate cover.

## Conclusion and Reciprocal Disclosure

In light of your request for the foregoing notice, the Government hereby requests reciprocal notice under Fed. R. Crim. P. 16(b)(1)(C). In addition, the Government reiterates its request for reciprocal disclosure of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also reiterates its request that the defendant disclose prior statements of witnesses he will call to testify, including expert witnesses. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Very truly yours,

AUDREY STRAUSS
United States Attorney

By: /s_____
Kimberly J. Ravener
Kyle A. Wirshba
Assistant United States Attorneys
(212) 637-2358 / 2493