

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 13, 2021

*Application granted.
SO ORDERED*
*[signature]*
*USDJ*
*9-13-21*

**BY ECF and Email**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Virgil Griffith*, 20 Cr. 15 (PKC)

Dear Judge Castel:

The Government writes in response to the Court's September 12, 2021 Order directing the Government to, *inter alia*, provide copies of materials from *United States v. Nejad*, No. 18 Cr. 224 (AJN), and to explain why it should not be ordered at this time to produce materials in response to the three requests for information set forth at pages 20-21 of the defendant's September 10, 2021 memorandum of law. The Government's August 17, 2021 report submitted in *Nejad* that is responsive to this Court's Order will be sent to the Court under separate cover. The Government respectfully requests until Friday, September 17, 2021—the date on which it will submit the declarations required by the Court's Order—to submit a responsive brief and the "detailed update" regarding its findings sought by the defendant in his first request. (Def. Mem. at 20). For the reasons set forth below, the defendant's two remaining requests should be denied without prejudice until after the Government has responded to the pending motions.

The defendant's second request seeks internal communications about "this situation," and the third request seeks internal communications since August 11, 2021 about "any other document platforms that might be hosting data for the government in this case." (*Id.* at 20-21). The Government is continuing to collect and produce materials as part of its inquiry into this matter. For example, as set forth in the Government's initial disclosure to the Court and the defense, the Government has already produced the notes of our conversations with the four FBI and former FBI personnel identified by a preliminary audit—which was also produced—as individuals outside the prosecution team who accessed information from the Griffith search warrant returns maintained on the document review platform ("Platform") at issue in the defendant's motions. (Dkt. 132 at 2). We also understand that the Platform is working to generate a more comprehensive audit that may provide additional information about these instances where Griffith search warrant returns were accessed on the Platform by FBI personnel who were not members of the prosecution team. (*See id.* at 3). We plan to address these continuing efforts in the brief that we propose filing on Friday, and will also provide the additional information to the defense as expeditiously as possible.

Hon. P. Kevin Castel  Page 2
September 13, 2021

At this time, and in light of the foregoing, the defense's second and third requests are premature and potentially overbroad. For example, with respect to the defendant's third request, in the Government's initial disclosure, the Government noted that it "also conducted a review of all other search warrant returns received in this case and confirmed that those returns were loaded onto other platforms for which access was restricted to the prosecution team who conducted the searches and technical and support staff who manage the various platforms." (*Id.* at 3). In the absence of any indication of an issue relating to the accessing of data maintained on these other platforms, the third request is overbroad and does not address the issue at hand that has actually been identified. If the Court grants the schedule requested above by the Government, the Government will file on September 17 the declarations ordered by the Court and a brief in response to the defendant's motions, which will include—in response to the defendant's first request— additional facts relevant to the defendant's remaining two requests.

Accordingly, the Government respectfully requests that the Court defer decision on the defendant's second and third requests until after September 17, and that the decision be made in connection with a determination on whether and to what extent any hearing is necessary to resolve the defendant's motions, which could implicate additional potential disclosure obligations pursuant to Rule 26.2 relevant to the defendants' requests. The Government respectfully submits that, at that time, the defense can narrow or renew either or both of their second and third requests, and the Government can respond based on a more developed factual record.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/
Kyle A. Wirshba
Kimberly J. Ravener
Assistant United States Attorneys
(212) 637-2493 / 2358

Cc: Defense Counsel (by ECF)