

**Waymaker LLP**
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
T 424.652.7800

Author's Direct Dial No.
**(424) 652-7814**

Author's Email Address
**bklein@waymakerlaw.com**

**BY ECF**

September 21, 2021

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:**   *United States v. Virgil Griffith*
       **20 Cr. 15 (PKC)**

Dear Judge Castel:

We submit the following letter in further support of the defense motion to preclude the government from referencing the DPRK's nuclear weapons program and/or drug trade during the course of trial.  (Dkt. No. 136 at 9-10).  During the final pretrial conference, the Court suggested that certain of the government's exhibits could be redacted to refer to "illicit programs" to cure the unfair prejudice in those exhibits.  (Tr. at 28:7-19.)  We agree with the Court's suggestion and respectfully request that the government be precluded from referencing the DPRK's nuclear weapons program and drug trade and be instructed to redact government exhibits ("GX") 808 and 1006 to refer only to "illicit programs" generally.

By way of background, in its opposition, the government identified the three exhibits listed below in which it intends to offer evidence of the DPRK's nuclear weapons program and/or drug trade.  (*See* Dkt. No. 163 at 1-2 ("Opp.").)

- GX 415, a transcript of an audio recording of Virgil Griffith's purported April 2019 presentation at the conference in North Korea, which discusses a hypothetical example involving a "missile," but does not contain the words "nuclear" or "drug." (Opp. Ex. C.)
- GX 808, which the government describes as "[Mr.] Griffith's notes" regarding "Blockchain and Peace" and contains the sentence, "Using smart-property to disable nukes based upon fulfilled [sic] conditions."  (Opp. Ex. D.)



- GX 1006, which purports to be text messages between Mr. Griffith and Individual-3, in which Individual-3 allegedly says, "What if they're funding their drug trade and nuclear program with crypto?" (Opp. Ex. B.)

We note at the outset that the defense does not plan to object to GX 415, which is a transcript of the audio recording of Mr. Griffith's alleged presentation, on grounds we understand are set forth in the government's opposition,[1] and does not contain the words "drug trade," "nuclear," or "nukes." (*See* Opp. at Ex. C.) This transcript may be relevant to the allegations in the indictment, unlike exhibits GX 808 and 1006. However, the defense does object to the inclusion of references to "drug trade," "nuclear," or "nukes" in GX 808 and 1006.

As the government acknowledges in its opposition, the Court ruled that expert testimony regarding "Korean nuclear capabilities" was not relevant and excluded a December 30, 2017 email from CC-3 to Mr. Griffith that included an article referencing "Pyongyang's sixth nuclear test" as unfairly prejudicial pursuant to Rule 403. (*See* Opp. at 2-3; Tr. at 19:14-23, 27:13-18.) While the Court noted that evidence regarding the DPRK's nuclear program may be relevant to a limited extent as far as it bears on statements by Mr. Griffith, given the highly prejudicial nature of such evidence, the Court asked the government to consider redacting references to the DPRK's drug trade or nuclear programs. (*See* Tr. at 28:7-19.)

Federal Rule of Evidence 403 requires the trial court to make a "conscientious assessment" of whether the probative value of the evidence at issue is substantially outweighed by the "prejudicial tendency of the evidence to have some other adverse effect upon the defendant." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). A "conscientious assessment" under Rule 403 includes a determination of "whether there exists any alternative evidence with the same or greater probative value, but with a lesser threat of unfairly prejudicing the defendant, as the proffered evidence." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006) (citing *Old Chief v. United States*, 519 U.S. 172, 182-83 (1997)). "If so, the court must discount the probative value of the originally proffered evidence and exclude it if its now lesser probative value is substantially outweighed by unfair prejudice to the defendant." *Ozsusamlar*, 428 F. Supp. 2d at 170 (citing *Old Chief*, 519 U.S. at 182-83 ("If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk.")); *accord United States v. Royer*, 549 F.3d 886, 903 (2d Cir. 2008) (affirming the trial court's decision to allow evidence of coconspirator's alleged involvement in the 9/11 attacks while excluding unduly prejudicial testimony, including direct references to A1-Qaeda, under Rule 403).

The unfairly prejudicial nature of references to the DPRK's drug or nuclear program in GX 808 and 1006 far outweigh any purported probative value, and should be excluded pursuant to Rules 403, as well as Rules 401 and 402. References to the DPRK's nuclear program are

---

[1] The defense reserves its rights to object on other grounds like the rule of completeness if the government attempts to admit excerpts.



highly inflammatory and run the real risk of inflaming the passions of the jury against Mr. Griffith for conduct that is not at issue in this case.  This is particularly significant now, given the recent media attention to the DPRK's nuclear program.[2]  On the other hand, the proposed redactions render the statements less unfairly prejudicial, do not diminish from the allegedly probative nature of the exhibits as it relates to the allegations in the indictment, and can be utilized by the government instead.  *See Figueroa*, 618 F.2d at 943; *Ozsusamlar*, 428 F. Supp. 2d at 170; *Royer*, 549 F.3d at 903.

Moreover, this evidence does not make any fact at issue in this trial more or less likely.  Any evidence or argument related to the DPRK's nuclear program has no bearing whatsoever on the IEEPA conspiracy alleged in the indictment, which, as the Court pointed out at the pretrial conference, is not a "conspiracy to attend a conference in the DPRK," but is a "conspiracy, from at least in or about August 2018 up to and including in or about November 2019, to conspire to violate licenses, orders, regulations, and prohibitions in the IEEPA."  (Tr. at 4:3-12.)  Focused on this narrow issue, it is clear that these miscellaneous references to "nukes" or a "nuclear program" are irrelevant.  The government's argument that references to a nuclear program or drug trade would be of interest to a North Korean audience, and somehow show that Mr. Griffith's presentation was "tailored" to North Korea, misses the mark.  (*See* Opp. at 3-5.)  The government has proposed a jury instruction concerning the sanctions program codified in the IEEPA, so the jury will understand it exists, and does not need these extraneous prejudicial references, particularly where the defense is not opposing the conference transcript itself on the grounds we understand are set forth in the government's opposition.  The government's transparent intention is to use this evidence to show "[Mr.] Griffith understood his services could be used to *facilitate extremely dangerous activities such as drug trafficking and the development of nuclear weapons*," and alludes to the "magnitude" of what Mr. Griffith "discussed prior to the Conference."  (*See* Opp. 163 at 4 (emphasis added).)  This kind of evidence and the government's purpose in offering it is tantamount to improper and prejudicial bad act evidence pursuant to Rule 404(b), which was not contained in the government's 404(b) disclosure, and should be excluded.  (*See* Dkt. No. 131 at 27 (describing four categories of 404(b) evidence and making no mention of nuclear or drug programs); *United States v. Carneglia*, 08-cr-76, 2009 WL 10674183, at *6 (E.D.N.Y. Feb. 24, 2009) ("[T]he Second Circuit has adopted an 'inclusionary approach' under Rule 404(b), permitting admission of evidence of prior crimes, wrongs, or acts '*unless it is introduced for the sole purpose of showing defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402.*'") (emphasis added) (quoting *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996).)

---

[2] Defense counsel also notes that the very recent widespread media coverage of the DPRK's nuclear weapons program only adds to the prejudicial effect of the inclusion of such evidence. *See, e.g., North Korea: What we know about its missile and nuclear programme,* BBC World News (September 21, 2021), https://www.bbc.com/news/world-asia-41174689; Timothy Martin, *North Korea's Missiles and Nuclear Weapons: Everything You Need to Know,* The Wall St. J. (September 15, 2021, 4:40 AM EDT), https://www.wsj.com/articles/north-koreas-missiles-and-nuclear-weapons-everything-you-need-to-know-11610712018.



Lastly, the fact that Mr. Griffith was allegedly the author of GX 1006, and that he allegedly responded to Individual-3's comments in GX 808, does not mean that the evidence is excluded from Rule 403's protections. (*See* Tr. at 28:11-14 (The Court: "That doesn't mean that anything that comes out of the defendant's mouth is excluded from 403; that's certainly not the case, and I think I've already excluded something under 403 that came out of the defendant's mouth.".)  There is no exception to Rule 403 for a statement where the declarant is the defendant.

In this case, the government may attempt to admit the redacted versions of these exhibits, which cure any unfair prejudice at issue here.  They do not in any credible way diminish the alleged probative value as it pertains to the actual allegations in the indictment, as opposed to the sensational purpose for which the government seeks to offer this otherwise extraneous evidence.

For all the above reasons and those raised in the underlying defense motion and by the defense at the final pretrial conference, the defense respectfully requests that the Court grant its motion to preclude references to a "drug" trade or "nuclear" program and order the government to redact references to those phrases.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*