

Waymaker LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
T 424.652.7800

Author's Direct Dial No.
**(424) 652-7814**

Author's Email Address
**bklein@waymakerlaw.com**

**BY ECF**

September 22, 2021

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *United States v. Virgil Griffith*
     **20 Cr. 15 (PKC)**

Dear Judge Castel:

    We write to provide the Court with an update on two important matters: (1) the government's tardy and ongoing disclosure of its proposed trial exhibits in violation of its commitment to the defense that severely prejudices Mr. Griffith; and (2) the government's seriously belated disclosure of OFAC documents in violation of the Court's December 20, 2020 order and government representations to the defense.

    The defense is not asking the Court to referee a pretrial evidentiary dispute and does not raise these issues lightly. Both issues, at a minimum, severely undermine Mr. Griffith's right to a fair trial. The defense respectfully requests a one-week continuance of the September 27, 2021 trial date (with a deadline to of September 24, 2021 for the government to identify all exhibits, barring exceptional circumstances) and a telephonic conference this week to address the OFAC documents violation.[1] The government opposes the request for a continuance.

---

[1] Defense counsel is available to participate in a telephonic conference throughout the day today. The California-based members of the trial team will be traveling to New York for this trial later this afternoon and unavailable starting at approximately 4 p.m. ET., but the New York-based members are available after 4 p.m. ET today if the Court intends to hold the conference today.



- **The Government's Highly Prejudicial Late Disclosure of Trial Exhibits**

As outlined below, the government repeatedly has violated its agreement to provide trial exhibits to the defense on a rolling basis from August 27 to be completed on September 17.[2] Whether this is because the government is not prepared or the government is seeking to engage in a trial by surprise, the result is the same. The defense is being severely prejudiced and does not have sufficient time to prepare for trial or engage in good-faith negotiations with the government regarding the proffered exhibits.[3]

Here is the background:

- August 27, 2021 – In response to a defense request, the government agreed to make a rolling production of its exhibits to be completed by September 17, 2021

   **Before Deadline:**

- September 14, 2021 – At approximately 1:15 a.m., the government produced 182 exhibits, without an exhibit list. The defense had repeatedly followed up with the government in advance of this production. Before the final pretrial conference, the defense conferred with the government, who assured the defense that it was on track to meet its September 17 deadline. At the 4:30 p.m. hearing, the government mentioned its production of those 182 exhibits. (Tr. at 53:12-14.)
- September 17, 2021 – At approximately 9:15 p.m. – government provided an exhibit index, listing 195 exhibit entries, including 1 omitted exhibit. The list referenced 10 exhibits that the government had not disclosed yet.

   **Pre-deadline exhibits produced: 182** (These exhibits did not include anything from Facebook and Twitter, although the government had indicated in its motions that it intended to offer materials from such returns. It also included none of the purported tapes and their transcripts from the conference in North Korea, and the defense has yet to receive final transcripts. There were also large gaps in the index that suggested numbers

---

[2] While the government premised its agreement on a reservation of rights "to supplement" its trial exhibits after September 17, the production of an additional 139 trial exhibits after the proposed deadline hardly can be described as "supplementing" its prior production of 182 exhibits.

[3] This problem is similar to the issues highlighted in the defense's response to the government's motions *in limine* but more pronounced and much more detrimental. As reminder, the government failed to include citations to evidence or exhibits to its motions *in limine*, rendering the motions, in many respects, premature and difficult to respond to, thus handicapping the defense. Given the haphazard disclosure here, the defense still has not yet had time to consider, for example, Rule 106 responses to the government's proposed exhibits.



had been assigned but were not yet disclosed.  Finally, since most of the documents are not Bates numbered ,it is not easy to verify their provenance).

**After Deadline:**

- September 19, 2021 – At approximately 1:25 a.m., the government produced 102 exhibits, including exhibit GX 605, which was previously marked as omitted. The government also revised 6 exhibits and omitted 13 exhibits.
- September 20, 2021 – At approximately 12:28 a.m., the government produced 13 additional exhibits without an updated exhibit index.
- September 21, 2021 – During the course of the evening, the government produced 23 exhibits with an updated exhibit index.  The exhibit index added 13 new entries and omitted 3 exhibits.  (The government did not explain which exhibits were omitted.)

**Post-deadline exhibits produced: 139 and counting**

To date, the government has produced more than 320 exhibits, with almost half produced after its agreed upon deadline of September 17.  This includes substantial exhibits produced only yesterday, *e.g.,* proposed excerpts of audio recordings from the DPRK conference, which would appear central to the government's prosecution.

Throughout the time period since August 27, the defense has repeatedly followed up with the government about its exhibit production.  The defense remains uncertain how many exhibits the government has left to produce, despite repeated inquiries, and the formatting of the government's exhibit index suggests that there remain numerous exhibits still to be produced.

Trial is scheduled to start on Monday, September 27.[4]  Because of Covid restrictions, the defense understands there will be no or very few sidebars.  (Tr. at 48:6-12.)  The purpose of the continuance is to afford the defense sufficient opportunity to review the exhibits and the parties the time to discuss and attempt to resolve any objections or rule of completeness concerns and thereby minimize the need for intervention by the Court.  Thus, addressing evidentiary issues before trial starts is critical.  The defense is severely handicapped in doing so in light of the massive amount of exhibits it has to wade through, all the while preparing cross-examinations and to put on its own case, which it intends to do.

To address this problem, the defense respectfully requests a one-week continuance and a deadline to of September 24, 2021 for the government to identify all exhibits, barring exceptional circumstances.  Without this brief continuance, the defense will not have adequate time to prepare for trial.

---

[4] The requested continuance will not unnecessarily protract the proceedings based upon the government's revised estimate of its anticipated trial length; previously the government had estimated its case at 1-2 weeks, but this week it indicated it expected to conclude its direct case on or before Friday, October 1, 2021.

- **The Government's Violation of the Court's December 22, 2020 Order Regarding OFAC Evidence**

The defense also requests a hearing on the government's violation of the Court's December 22, 2020 order, which, among other things, granted the defense's motion to compel discovery of material in the possession of OFAC. (Dkt. No. 80.) This issue only came to light yesterday, when the government produced new OFAC documents pursuant to this Court's 3500 Protective Order,[5] and the defense is still working to assess the full extent of its impact on the defense's case. Considering the fast-approaching trial date, the defense requests a telephonic hearing to address this issue.

The background on this issue is contained in a defense letter update filed on June 6, 2021. For the Court's convenience, that letter is attached as Exhibit A.

In brief, on December 22, 2020, the Court directed the government "to conduct a review of material in the possession of OFAC for the period from October 24, 2019 to the present that is related to Mr. Griffith's prosecution; the government shall disclose any materials that must be disclosed to the defendant consistent with the government's obligations." (*Id.*) On December 28, 2020, the government filed a letter correcting a "mistake" it had made regarding its representations to the Court about the FBI's first interactions with OFAC. (Dkt. No. 81.) The government explained that following oral argument on December 20, 2020, it had "re-reviewed communications it has collected to date and realized that the FBI began to communicate with OFAC regarding topics that are relevant to this case on August 5, 2019." (*Id.*) As a result, the government stated it would "request from OFAC—without date limitation— any materials relating to Griffith and the 2019 Cryptocurrency Conference in Pyongyang . . . and any materials relating to witnesses for the Government at trial." (*Id.*) The government further committed itself to "make any necessary disclosures or proceed, with notice to defense counsel, under the Classified Information Procedures Act." (*Id.*) Neither the Court nor the government set a deadline. But the defense understandably anticipated the government would conduct an expeditious review and production. The defense filed the June 6 letter because the government was continuously delaying the production of the OFAC documents.

The government claimed to have completed its production and review on June 22, 2021. In a cover letter, which indicated this was the final production, the government wrote:

> The [g]overnment has completed its collection and review of materials received from OFAC pursuant to the Court's order dated December 22, 2020. The [g]overnment understands that OFAC conducted a search for materials in its possession from approximately June 1, 2018 to the present. With this production,

[5] The defense contends they are mis-designated as 3500 materials. Prior productions pursuant to the Court's December 20, 2020 order were designated "Protected Material."


> the [g]overnment does not anticipate the receipt, review, ***or production of any further materials in OFAC's possession*** pursuant to the Court's order.

(emphasis added).  The defense sought assurances that a complete and thorough review was conducted.  On July 1, 2021, the prosecutors wrote, in pertinent part, in response:

> As previously indicated, we understand that nothing was withheld from the review on privilege grounds.  OFAC searched its searchable holdings (including emails, digital chats, and network folders) and separately contacted each custodian to ensure all non-email records were collected.

However, on the evening of September 21, 2021, the government produced for the first time a series of OFAC documents tied to its prospective OFAC trial witness.  These documents should have been produced back on June 22 at the latest.  The defense's preliminary review indicates that certain of these documents could bear upon Mr. Griffith's alleged willfulness, an element of the offense charged in the indictment.  In addition, in many instances, the documents reference attachments that were not included in the belated production and are critical to understanding the statements made by the participants in the body of the communications.[6]  Upon receipt of these materials, the defense promptly inquired with the government when it had received them, and the government responded "We received these materials today, with one exception."  That exception was a document disclosed back on June 22, 2021.

This seriously belated production calls into question the government's claims that it had done a thorough review, particularly given that certain of these documents are obviously responsive on their face, and raises other issues like a potential *Brady* violation, in addition to a violation of the Court's December 20, 2020 order.  The defense is still assessing this issue as it reviews the newly produced OFAC documents.  But, even at this early stage of assessment, the government's tardy disclosure is an additional impediment to the defense's ability to prepare for trial and warrants a one-week continuance.  The defense respectfully requests that the Court promptly hold a telephonic hearing to address the violation of its order.

*\*\*\**

The defense has been preparing diligently for trial, but the government's recent actions undermine Mr. Griffith's right to a fair trial, and the full scope of them, at least the OFAC issue are yet to be determined.  The defense is likely to seek additional relief from the Court, and it does not waive any of Mr. Griffith's rights to do so or otherwise by submitting this letter.  For now, the defense respectfully requests a one-week continuance (with a deadline to of September

---

[6] The defense has asked the government for the attachments, but it has not received them so far.



24, 2021 for the government to identify all exhibits, barring exceptional circumstances) and a pretrial telephonic hearing on the OFAC issue.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*