# EXHIBIT A



**Waymaker LLP**
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
T 424.652.7800

June 16, 2021

Author's Direct Dial No.
**(424) 652-7814**

Author's Email Address
**bklein@waymakerlaw.com**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** **United States v. Virgil Griffith**
**20 Cr. 15 (PKC)**

Dear Judge Castel:

Defendant Virgil Griffith respectfully provides an update regarding the Court's order compelling the government to review and produce OFAC materials in light of the Court's June 2, 2021 order setting a trial date of September 21, 2021 (as first backup to another case). (*See* Dkt. No. 114.) Despite following up for months, the defense is still awaiting the completion of the government's review and production, although the government now has represented that it will fulfill its obligations in approximately one week. The following is an overview of what has transpired.

On December 22, 2020, the Court issued an order that, among other things, granted the defense's motion to compel discovery of material in the possession of OFAC. (Dkt. No. 80.) In doing so, the Court directed the government "to conduct a review of material in the possession of OFAC for the period from October 24, 2019 to the present that is related to Mr. Griffith's prosecution; the government shall disclose any materials that must be disclosed to the defendant consistent with the government's obligations." (*Id.*)

On December 28, 2020, the government filed a letter correcting a "mistake" it had made regarding its representations to the Court about the FBI's first interactions with OFAC. (Dkt. No. 81.) The government explained that following oral argument on December 20, 2020, it had "re-reviewed communications it has collected to date and realized that the FBI began to communicate with OFAC regarding topics that are relevant to this case on August 5, 2019." (*Id.*) As a result, the government stated it would "request from OFAC—without date limitation— any materials relating to Griffith and the 2019 Cryptocurrency Conference in Pyongyang . . . and any materials relating to witnesses for the Government at trial." (*Id.*) The government further committed itself to "make any necessary disclosures or proceed, with notice to defense counsel, under the Classified Information Procedures Act." (*Id.*) Neither the Court nor the government set a deadline. But the defense understandably anticipated the government would conduct an expeditious review and production.



Since December, the defense has repeatedly followed up with the government about its review and production of OFAC materials.  To date the government has only made two small productions: (1) May 7, 2021 – USAO_00816-008939; and (2) May 28, 2021 – USAO_008940-008956 (many of which were redacted without explanation).  This is despite the fact that back on April 2, 2021, the government wrote the defense that "OFAC has advised that it will produce their records to us by April 15, 2021 for review."

Following the May 28 production, the defense followed up about the unexplained redactions and when the government would complete its review and production.  On June 1, 2021, the prosecutors e-mailed that they are "engaging with OFAC regarding those redactions to email content, applied by OFAC."  They also stated that they are in ongoing discussions with OFAC about any remaining responsive materials.  Then, on June 2, 2021, the Court issued an order setting a trial on September 21, 2021 as first backup to *U.S. v. Berry, et al.* (Dkt. No. 114.)  The Court ordered the defense to file motions *in limine* and to respond to the government's submissions of proposed voir dire, proposed requests to charge, Rule 404(b) evidence, and motions *in limine* by August 27, 2021.  In light of the Court's order, the defense asked the government to commit to a reasonable deadline for its review and production and the production of a privilege log and explanation of redactions by the close of business on June 3, 2021.  On June 4, 2021, the prosecutors wrote:

> [We] expect that this issue may well be resolved within two weeks.  However, as discussed, the issue is not the completion of the [g]overnment's review.  <u>We are engaging with OFAC to complete their production of materials to us for review and production in the case</u>, and we hope to hear further from them about their process either today, or early next week.

(Emphasis added.)  That same day the defense followed up asking for a "timeline of completion" by the close of business on June 8, 2021.  On June 8, the prosecutors responded that "[w]e expect that we will receive and complete our review of OFAC's materials within the next two weeks" (*i.e.,* by June 22).  The defense sought confirmation that the prosecutors are "committed to completing this production by June 22 (absent some unforeseen issue out of [their] control), and if there is any delay, [they] will promptly notify [the defense] of it and the reason why."  After repeated follow up, the prosecutors finally let the defense know yesterday that they do not "anticipate that there will be a need for a privilege log," they "expect" that the issue of "redactions will be resolved," they "expect to complete the review expeditiously," and "to eliminate any further need for consideration of this issue within approximately one week."

//

//

//

The defense hopes that the prosecutors will honor their commitment to a June 22, 2021 deadline. If not, the defense reserves its right to seek relief from the Court.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Kobre & Kim LLP

*Attorneys for Virgil Griffith*