UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                  :
UNITED STATES OF AMERICA,                              :
                                                                                  :
            -v.-                                                         :          20-cr-15 (PKC)
                                                                                  :
VIRGIL GRIFFITH,                                                 :          <u>OPINION AND ORDER</u>
                                                                                  :
                            Defendant.         :
-----------------------------------------------------------------------X

CASTEL, U.S.D.J.

           Defendant Virgil Griffith has moved to take a Rule 15 pretrial deposition of Tju Liang Chua, or for the Court to permit him to testify via videoconference. While the application is made on notice to the government, the defendant seeks to seal the application unless it is granted, and the witness testifies. For the reasons stated below, the Court denies the motion to conduct the deposition or video testimony and denies the request for sealing.

BACKGROUND

           The trial of this action commences on September 27, 2021 at 9:30 a.m. (Doc 126.). Under the protocol for trials in this district, a trial date for this matter was requested in mid-May of 2021 for the third quarter of 2021. On June 2, 2021 the Court advised the parties that the trial would commence on September 21, 2021. (Doc 114.) This was later adjusted to September 27. (Doc 126.) In connection with the present motion, neither party has requested an adjournment of the trial date and under protocols no trial could be scheduled until the first quarter of 2022.[1]

---

[1] Since the filing of the application, the defendant has requested an adjournment of trial on the basis of belated disclosures.

Defendant filed this motion on September 13, 2021. Under the Local Rules of this Court, the government had 14 days to respond, and the defendant had 7 days to reply. Local Criminal Rule 49.1. But, the day after the filing of the defendant's motion, the Court ordered the government to respond by September 20, less than a week before trial. (See Minute Entry for 9/14/2021 Conference.)

The proposed witness Tju Liang Chua serves as the general counsel of the Ethereum Foundation, Griffith's former employer. He resides in Singapore and according to defendant, is unable to testify at trial due to "the pandemic and family-related concerns, as well as the rigidity of Singapore's current conditions on exit and re-entry. . . ." (D. Mem. at 3.)

On August 31, 2021, Griffith proposed a stipulation to the government regarding the contents of Liang's testimony. The proposed stipulation tracked a draft declaration by Liang. (G. Mem. at 2; D. Mem. – Ex. A.) In defendant's motion to this Court, no claim is made by defendant that Liang has ever seen the draft declaration or that it reflects his truthful recollection of events. The government has declined the invitation to enter a testimonial stipulation.

The draft declaration asserts that while Griffith was an employee of the Ethereum Foundation ("Ethereum") he consulted with Liang, Ethereum's general counsel, not as an employee but as his personal counsel. Griffith sought advice regarding the current United States sanctions on North Korea, and how they would impact his goal of putting an Ethereum "node" in North Korea. According to the draft declaration, Liang informed Griffith both in person and later via email that Griffith likely could not facilitate an Ethereum node in North Korea without violating United States sanction laws. In one conversation, Griffith is said to have told Liang that he was abandoning the idea of placing a node in North Korea and the declaration states that Liang has no further knowledge of any efforts by Griffith to do so after this.

LEGAL STANDARD

Rule 15(a), Fed. R. Crim. P., provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial . . . because of exceptional circumstances and in the interest of justice." To satisfy the rule, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001) (citing United State v. Singleton, 460 F.2d 1148, 1154 (2d Cir. 1972))[2]. "The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court. . . ." United States v. Johnpoll, 739 F.2d 702, 708 (2d Cir. 1984) (citing United States v. Hayutin, 398 F.2d 944, 954 (2d Cir. 1968)).

DISCUSSION

    A. Unavailability

"Unavailability is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good faith effort to produce the person to testify at trial." Johnpoll, 739 F.2d at 709. "A movant must provide specific reasons for a witness's unavailability; 'conclusory statements of unavailability . . . are insufficient.'" United States v. Pham, 12-cr-43 2015 WL 7871348, at *1 (S.D.N.Y. Dec. 4, 2015) (Nathan, J) (quoting United States v. Chusid, 00-cr-263, 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000) (Kaplan, J)). The movant must demonstrate that the potential witness will not come to the United States

---

[2] This same legal standard applies to the motion to use video testimony at trial. United States v. Griffin, 11-cr-936, 2021 WL 3188264, at *1 (S.D.N.Y. July 28, 2021) (Sullivan, J).

to testify, even after being offered the payment of travel expenses.  See e.g., Johnpoll, 739 F.2d at 709-10; United States v. Sindona, 636 F.2d 792, 804 (2d Cir. 1980).

Here, Griffith has offered to pay the travel expenses of the witness but asserts that the witness still will not travel to the United States to testify in person.  (D. Mem. at 3.)  Defendant asserts that Liang's unwillingness to come to the United States for trial "is due in part to the pandemic."  (D. Mem. at 5.)

The Court concludes that Griffith has made an adequate showing of unavailability.

B.  Materiality

"Testimony is material within the meaning of Rule 15 if it is 'highly relevant to a central issue in the case.'"  Pham, 2015 WL 7871348, at *1 (quoting United States v. Vilar, 568 F. Supp. 2d 429, 440 (S.D.N.Y. 2008) (Sullivan, J).  The material should "challenge central aspects of the government's allegations."  United States v. Grossman, 03-cr-1156, 2005 WL 486735, at *4 (S.D.N.Y. Mar. 2, 2005) (Stein, J).  Evidence that is cumulative or inadmissible is not material.  Pham, 2015 WL 7871348, at *1; see also United States v. Stein, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007) (Kaplan, J).  Griffith's testimony does not meet this standard as it is neither material nor admissible.

The draft Liang declaration recites and attaches three electronic communications: (1) a WhatsApp message from Griffith to Liang; (2) an email from Griffith to Liang forwarding an email exchange between Griffith and a third person; and (3) an email from Liang to Griffith that was forwarded to Liang.  (D. Mem – Exs. B–D.)  Whether these electronic communications are admissible does not turn on Liang's testimony.  No authenticity objection is raised and, indeed, the electronic communications were produced by the government to defendant.

4

Apart from the three electronic communications, the draft declaration states that "I told him [Griffith] I did not think that he could participate in placing a node in the DPRK [North Korea] because of the U.S. sanctions on the DPRK.  During that discussion, Mr. Griffith indicated that he was going to abandon the idea of putting an Ethereum node in the DPRK."  As the government correctly notes, the first quoted sentence is cumulative of one of the emails and the second—a statement by Griffith of his changed intent—is inadmissible hearsay.[3]  The would-be deponent's further statement that "to my knowledge . . . no further efforts were taken by Griffith or any other person associated with the Ethereum Foundation to place a node in the DPRK" lacks probative value and/or is cumulative.  There is no issue that no node was placed in the DPRK by Griffith, and Liang was not in a position to know of any surreptitious efforts by Griffith in contravention of his legal advice.

        C.  <u>Preventing a Failure of Justice</u>

"[T]he third prong, 'neces[ity] to prevent a failure of justice,' is 'likely satisfied' if 'there are no substantial countervailing factors militating against the taking of the deposition.'" <u>United States v. Wey</u>, 15-cr-611, 2017 WL 237651, at *24 (S.D.N.Y. Jan. 18, 2017) (Nathan, J) (quoting <u>Vilar</u>, 568 F. Supp. 2d at 442–43).  Here, the government would be severely prejudiced by allowing this deposition or video testimony.

Defendant references the three electronic communications that would be the subject of the examination of Liang.  The government represents that these three exhibits were produced to defendant no later than March 13, 2020, eighteen months prior to the making of defendant's Rule 15 motion.  (G. Mem. at 1.)

---

[3] It is simply not relevant if offered for the mere fact that it was said by Griffith.

The government further represents that the Ethereum Foundation has asserted the attorney-client privilege and withheld documents from production to the government on that basis. (G. Mem. at 1–2.) The draft declaration of Ethereum's general counsel describes Griffith's August 2018 contact with him for legal advice about setting up an Ethereum node in the North Korea. It states:

> Mr. Griffith consulted with me in his personal capacity, outside the scope of his employment at the Ethereum Foundation, and not in my capacity as general counsel to the Ethereum Foundation.

(D. Mem. – Ex. A. at ¶ 2.)

The consequence of this questionable assertion would be to maintain the claim of privilege as to all communications withheld by the Ethereum concerning Griffith's interactions with North Korea, except the exchange in August 2018 purportedly made with the Ethereum's general counsel acting as Griffith's personal lawyer. As a practical matter, this last-minute assertion would deprive the government of a meaningful opportunity to brief the privilege issue under the law of Singapore. And it would be too late in the game for the government to seek to obtain the withheld documents from Ethereum on the grounds that its general counsel had waived the attorney-client privilege as to all withheld documents.

Because (1) the admissibility vel non of the three electronic communications is not dependent on the testimony of the witness; (2) the testimony of the witness as to what he was told by Griffith of his abandonment of the idea of placing a node in North Korea is inadmissible hearsay; and (3) the deposition would require the exploration of whether an employee can claim a personal attorney-client relationship with his employer's general counsel and there is inadequate time to explore the issue, the Court concludes that neither the deposition nor the testimony via videoconference is necessary to prevent a failure of justice.

### D. Other Discretionary Considerations

The Court in Cohen set forth three necessary conditions that "[a] movant must show" under Rule 15. Cohen, 260 F.3d at 78. But a Rule 15(a) application remains directed to the discretion of the Court, even where the necessary showing has been made. Id. ("Under Rule 15(a), a trial court may, in its discretion, order the deposition of a witness for use at trial '[w]henever due to exceptional circumstances of the case it is in the interests of justice.'"); see also Johnpoll, 739 F.2d at 708.

The Court concludes that unreasonable delay by this defendant in making the application coupled with likely prejudice to the government is also an independent ground for denying the application.[4] It is not the mere proximity to trial that makes the delay unreasonable. A witness-related emergency could arise suddenly and unexpectedly that would require an eve of trial or even a mid-trial application for a deposition or video testimony. But there has been no showing that a witness-related emergency has suddenly and unexpectedly arisen.

The Court has already determined that the witness is unavailable "due in part to the pandemic." (D. Mem. at 5.)  Pandemic conditions and restrictions have existed for approximately the last 18 months. It was also about 18 months ago that the government's produced to defendant the last of the three electronic communications. There is no claim that the witness had planned to attend the trial but unexpectedly finds that he cannot. If defendant had wanted to call the witness at trial, he could have made application at an earlier date.

On the eve of trial, it is not practical for the parties to travel to Singapore for a deposition. This needlessly deprives one party, the government, of the opportunity to confront

---

[4] To avoid doubt, the Court would deny the application on the grounds of the three factors in Cohen independent of the other discretionary considerations.

the witness with documents in the spontaneous flow of an-in person cross-examination.[5]  This, coupled with the insufficient time to test the assertions of the attorney-client privilege as outlined above, amounts to likely prejudice to the party opposing the deposition.

CONCLUSION

For the reasons stated above, Griffith's motion to take a Rule 15 pretrial deposition of Liang, or for the Court to permit his testimony by videoconference is DENIED. Defendant's application to seal this motion is also DENIED.  According to defendant, Liang's concern over public knowledge of his involvement with Griffith is conditional.  (D. Mem. at 2–3.)  Liang is concerned about others knowing of his possible participation in a criminal proceeding, unless the Court grants the motion, in which event that concern vanishes.  The Court finds that the witness's concern does not outweigh the presumption of public access.  Within three days of this Order, the parties are directed to file their submissions on the public docket.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: September 22, 2021
       New York, New York

---

[5] To be clear, the Court's holding is narrow and confined to the facts presented; it may be that the unexpected and sudden unavailability of witness may provide a sufficient basis for dispensing with an in-person examination over the objection of a party.