UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA           :

        Plaintiff,           :
    v.                                                                20 Cr. 15 (PKC)
                                                         :
VIRGIL GRIFFITH,
                                                         :
        Defendant.
------------------------------------------------------


# DEFENDANT VIRGIL GRIFFITH'S
# SECOND RULE 15 MOTION TO TAKE PRETRIAL DEPOSITION


REQUESTED TO BE FILED UNDER SEAL


BRIAN E. KLEIN
KERI CURTIS AXEL
WAYMAKER LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
(424) 652-7800

SEAN S. BUCKLEY
AMANDA N. TUMINELLI
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Attorneys for Virgil Griffith*

**PRELIMINARY STATEMENT**

Defendant Virgil Griffith moves pursuant to Rule 15 of the Federal Rules of Criminal Procedure for the Court to issue an order:

(i) Directing, to preserve for trial, the pre-trial deposition testimony of Tju Liang Chua ("Chua") at a location at or near the residence of Chua, by video conference, at a date and time agreeable to the government and Chua, with reasonable notice; or, in the alternative,

(ii) Permitting Chua to testify during trial via CCTV or other video capabilities.

The defense makes this motion at this juncture because it had been hopeful that it could reach an agreement as to a testimonial stipulation that would have obviated the need for Mr. Chua's testimony and conserved considerable party resources. As described below, despite this good-faith effort, and despite the fact that the proposed stipulation is corroborated by the government's own discovery, the government will not stipulate to this testimony. Although the defense is prepared to make travel and other logistical arrangements to take this deposition on foreign soil, the defense is willing to conduct the deposition by video from a location in this District agreed upon by the parties. A video deposition will alleviate any government concerns regarding the time and resources necessary to travel internationally and address any potential safety issues tied to the pandemic. There is plenty of time to conduct this deposition before trial commences on September 27, 2021. As noted in the defense's first motion to take a Rule 15 deposition, *see* Dkt. 138, Rule 15 depositions have been ordered as close to within 10 days of trial in this District. *United States v. Al Kassar*, 07 Cr. 354(JSR), 2008 U.S. Dist. LEXIS 87204 (S.D.N.Y. Oct. 27, 2008) (ordering Rule 15 deposition eight days before start of trial).

Chua is essential for the defense of this case and for a fair and just trial. As the Court is aware, in order to prove a conspiracy to violate the International Emergency Economic

Powers Act ("IEEPA"), the government must establish willfulness. Chua's expected testimony strongly undercuts the government's contention that Mr. Griffith had any intent to violate the law. In an effort to preserver judicial and party resources, and given that Chua's anticipated testimony is thoroughly corroborated by the government's own Rule 16 discovery materials, the defense offered on August 31, 2021, to enter into a testimonial stipulation in order to obviate the need to inconvenience the parties or Mr. Chua, who resides in Singapore. In that regard, the defense provided the government with a draft declaration from Mr. Chua in which he would aver to the facts set forth in the proposed stipulation as well as the documents produced by the government that corroborated his testimony. *See* Exhibit A. Without explanation, without proposing any alternative language, or offering to confer, the government informed the defense on September 7, 2021, that "[t]he Government does not consent to your proposed testimonial stipulation for Tju Liang."

The government has argued that Mr. Griffith conspired with others to establish an Ethereum "node" in the DPRK. Mr. Chua's expected testimony makes clear that Mr. Griffith's alleged communications in this regard do not constitute an agreement to do anything and instead show that these alleged discussions reflected at best an inchoate idea upon which he was not prepared to act unless and until he had confirmed its legality and compliance with sanctions. The Court therefore should grant this motion in the interests of justice.

\*   \*   \*

The defense respectfully requests that this motion be filed under seal. The potential witness is a foreign attorney who understandably is sensitive about his possible participation in a U.S. criminal proceeding and would prefer that this matter remain confidential unless

and until the Court grants this motion and the potential witness actually testifies by video or, should the Government change its position on the defense's August 31 proposal, by stipulation.

## BACKGROUND

Mr. Chua is a national and resident of Singapore and therefore not amenable to a Rule 17 subpoena. The defense team has been in contact with counsel for Mr. Chua on several occasions about the importance of his testimony and securing his presence at trial. As contemplated by 18 U.S.C. § 3144, he was offered the payment of travel expenses, to come to trial. Due to the pandemic and family-related concerns, as well as the rigidity of Singapore's current conditions on exit and re-entry, however, Mr. Chua cannot travel to the United States to testify at the scheduled September 27, 2021 trial.

## APPLICABLE LAW

Rule 15 of the Federal Rules of Criminal Procedure provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial . . . because of exceptional circumstances and in the interest of justice." The party moving for a Rule 15 deposition bears the burden to establish that: "(1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *See United States v. Vilar*, 568 F. Supp. 2d 429, 437 (S.D.N.Y. 2008) (quoting *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)). Per Rule 15, a court may grant permission for the deposition to take place outside the United States if the presence of the prospective deponent in the United States cannot be obtained. *See* R. Crim. P. 15(c)(3).

"Unavailability is to be determined according to the practical standard of whether under the circumstances [there has been] a good faith effort to produce the witness to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984). Thus, it is sufficient that the moving party represents that the proposed witness is a foreign national residing outside the United States, and therefore beyond the subpoena power of the court, and that the proposed witness is unwilling to travel to the United States. *See id.* (finding four Swiss national witnesses unavailable where witnesses either refused to travel to the United States or demanded terms that the government, which was the movant, reasonably refused to meet); *see also Vilar*, 568 F. Supp. 3d at 439-40 (finding U.K. witnesses "who did not wish to testify" unavailable); *United States v. Sidona*, 636 F.2d 792, 803 (2d Cir. 1980) (finding four Italian witnesses unavailable where two refused to come and the other two were unable to obtain travel papers).

To establish that prospective testimony is material, "it is not necessary that the defendant show the testimony will surely acquit him . . . . The testimony is material if it is highly relevant to a central issue in the case." *United States v. Grossman*, 3 Cr. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005) (citations omitted).

"Testimony is necessary to prevent a failure of justice when the witness is unavailable, his testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition." *Grossman*, 2005 WL 486735, at *3; *see also Vilar*, 568 F. Supp. 2d at 442-43.

## ARGUMENT

The defense more than meets its burden under Rule 15. Despite good faith efforts to obtain the presence of Mr. Chua, who is a foreign national living abroad, including offering

4

to pay for his travel expenses, Mr. Chua remains unavailable to testify in person at Mr. Griffith's trial. This showing is further bolstered by the defense's willingness to enter into a testimonial stipulation that would be fully supported by Mr. Chua's own sworn statement and evidence produced in discovery. As described above, Mr. Chua's expected testimony not only is material but is exculpatory. As a result, it would be consistent with justice to permit this testimony to occur by video. Thus, the Court should grant this motion.

Mr. Chua is unavailable for trial. Based on numerous discussions with Mr. Chua's counsel, Mr. Chua will not come to the United States to testify, and given his nationality and residence, he is outside of the subpoena power of the United States. This is due in part to the pandemic.[1]

The pandemic has made it impossible for many foreign nationals such as Mr. Chua to come to the United States at this time and, based on recent reporting, it appears that Singapore is on the verge of entering into another "lockdown" prohibiting travel to and from Singapore due to the pandemic.

Further, were Mr. Chua to travel to the United States, the SDNY courthouse procedures would require him to be in the United States at least five days (if fully vaccinated and he could get negative test results within 24-hours) and at least seven days (if not fully vaccinated) before he could enter the courthouse to testify.[2]

Upon return to Singapore, the Singaporean government currently has strict protocols

---

[1] Should the Court require an attorney declaration to attest to Mr. Chua's unavailability and the facts below, the defense can provide one.
[2] https://www.nysd.uscourts.gov/sites/default/files/2021-04/Entry%20Protocol%20for%20Travelers%204.9.21.pdf

5

that would obligate Mr. Chua to quarantine for 14 days before returning home.[3]  Thus, in order to testify in person, Mr. Chua would be required to be away from his family at minimum three weeks and possibly as much as a month.  Such sacrifices are avoidable as he can easily appear virtually.  These circumstances make Mr. Chua unwilling, and thus unavailable, to appear in person and militate toward permitting video deposition testimony.

As noted above, Mr. Chua's expected testimony is important to refuting the allegations in the indictment and the government's trial filings, and is expected to include, among other things:

- Mr. Chua is the general counsel to the Ethereum Foundation, a non-profit organization dedicated to supporting the open-source Ethereum blockchain and blockchain technologies.  Mr. Chua has been in that role since approximately April 2018.  He also maintains a private practice at the Singapore law firm Drew & Napier LLC.

- At various times in August 2018, Virgil Griffith contacted Chua with questions regarding thoughts on potential personal outreach to the DPRK.  In doing so, Mr. Griffith contacted Mr. Chua in his personal capacity, outside the scope of his employment at the Ethereum Foundation, and not in Mr. Chua's capacity as general counsel to the Ethereum Foundation.  Rather, given Mr. Chua's legal background, Mr. Griffith was consulting with him in his capacity as a lawyer and based upon his personal relationship with Mr. Chua.

- On or about August 7, 2018, Mr. Griffith sent a message to Mr. Chua via WhatsApp, in which Mr. Griffith stated that he had received an offer to set up an "Ethereum node" in DPRK.   A copy of the relevant WhatsApp message exchange is attached as Exhibit B.  Specifically, Mr. Griffith asked Mr. Chua if I knew "anything about sanctions law?"  Mr. Chua respond "yes, a bit," and asked when Griffith could speak about the topic.

- On or about August 7, 2018, Mr. Griffith forwarded an email exchange between him (Mr. Griffith) and another individual (identified by the government as "CC-5") discussing the possibility of setting up an "Ethereum node" in the DPRK to Mr. Chua's law firm address (not the Ethereum Foundation address he uses for Foundation business).  A copy of the email is

---

[3] https://safetravel.ica.gov.sg/sc-pr/shn-and-swab-summary; *see also* https://www.cnn.com/travel/article/singapore-travel-covid-19/index.html.

- attached as Exhibit C.  In that email exchange, Mr. Griffith then responds, asking for suggestions on dealing with sanctions issues, and asks CC-5 if she has a suggestion for a lawyer to address this issue.  In the email to Mr. Chua, Mr. Griffith stated that he had been "exploring" putting an "Ethereum node" in the DPRK and further stated that he really wanted to do it," but an Ethereum Foundation supervisor had said no, "unless the sanctions [could] be avoided."  Mr. Griffith further stated that he was "imagining shaping it as charitable work.  I presume charities are allowed to give things to DPRK without issue."

- On or about August 8, 2018, Mr. Chua attempted to call Mr. Griffith via Whatsapp, which call went unanswered.  Shortly thereafter, and on that same day, Mr. Chua sent Mr. Griffith a text message via WhatsApp saying: "Let's talk when you can."  Mr. Griffith responded shortly after, stating: "I can chat now[.]"  Later that same day, Mr. Chua spoke with Mr. Griffith by phone (through WhatsApp) to discuss Mr. Griffith's Ethereum node proposal.  Mr. Chua told Mr. Griffith that he did not think that he could participate in placing a node in the DPRK because of the U.S. sanctions on the DPRK.  During that discussion, Mr. Griffith indicated that he was going to abandon the idea of putting an Ethereum node in the DPRK.

- On August 13, 2018, Mr. Chua followed up in writing to Mr. Griffith's August 8 email.  A copy of Mr. Chua's response is attached as Exhibit D.  In that email, Mr. Chua informed Mr. Griffith that, as they had discussed, Mr. Chua did not think it was permissible for Mr. Griffith to facilitate putting a node in the DPRK because of Mr. Griffith's United States citizenship and the sanctions laws.

- To Mr. Chua's knowledge, after his August 13, 2018 email to Mr. Griffith, no further efforts were taken by Mr. Griffith or any other person associated with the Ethereum Foundation to place a node in the DPRK.

Given the government's intent to argue that Mr. Griffith's alleged discussions with CC-5 and others about the possibility of placing a "node" in the DPRK is evidence to establish the existence of a conspiracy to provide "services" to the DPRK, this testimony is not only material but exculpatory.

Indeed, the government seeks to offer, as purported statements in furtherance of the conspiracy, and under Federal Rule of Evidence 801(2)(D)(E), alleged WhatsApp and email exchanges between and among Mr. Griffith, CC-5, and CC-6, regarding the node and asking

questions about the feasibility of installing one in the DPRK.  Mr. Chua's testimony would establish that these discussions were not in furtherance of any agreement, and do not establish the existence of an agreement, but rather constitute Mr. Griffith discussing inchoate ideas with friends and then seeking appropriate guidance from a lawyer before taking any step to implement the ideas.

Accordingly, to deny Mr. Chua's video deposition would be to prevent Mr. Griffith from providing testimony to the jury that will directly contradict key components of the government's case.  The testimony is therefore material (indeed, exculpatory), and permitting it is necessary to prevent a failure of justice.

Conducting a video deposition at this stage will not prejudice the government.  Due to the pandemic, lawyers and judges across the world have grown accustomed to video depositions and testimony.[4]  Video depositions in lieu of in-person testimony are not only extremely common but have almost become the norm, particularly as the Delta variant has caused countries around the world to continue to limit travel, and individuals to take these types of measures out of concern for their safety and that of their families.  Zoom provides an easy interface for attorneys, witnesses, and court reporters to convene to take recorded testimony and can be quickly and easily scheduled.

To the extent the Court requires more information about the importance of Mr. Chua,

---

[4] Goldman, Darren, *Why Remote Depositions Are Likely Here to Stay*, Law360, *available at* https://www.law360.com/articles/1303302/why-remote-depositions-are-likely-here-to-*stay* (August 21, 2020); Bennet, Elizabeth M., *Remote Depositions Keep Cases Moving in Pandemic Times*, Above the Law, *available at* https://abovethelaw.com/2021/03/remote-depositions-keep-cases-moving-in-pandemic-times/ (March 26, 2021); Austin, Doug, *Are Virtual Court Proceedings Here to Stay?*, JDSupra, *available at* https://www.jdsupra.com/legalnews/are-virtual-court-proceedings-here-to-3320909/ (June 24, 2021).

the defense requests permission to submit it *in camera*, since such information goes to the theories of the defense.

In the alternative, the defense requests that Mr. Chua's live testimony be conducted via CCTV or other video capabilities. Conducting Mr. Chua's testimony during trial via video should be relatively easy to coordinate and would allow him to provide the essential testimony before the jury.

## **CONCLUSION**

For all the foregoing reasons, the defense respectfully request that the Court grant this motion to take the requested Rule 15 video deposition of Mr. Chua. Alternatively, if the Court does not grant the deposition, the defense respectfully requests that Mr. Chua be allowed to testify at trial via CCTV or other video capabilities.

Dated:  September 13, 2021

                                              Respectfully Submitted,

                                              */s/ Keri Curtis Axel*

                                              _____
                                              Brian E. Klein
                                              Keri Curtis Axel
                                              Waymaker LLP

                                              -and-

                                              Sean S. Buckley
                                              Amanda N. Tuminelli
                                              Kobre & Kim LLP

                                              *Attorneys for Virgil Griffith*