UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

- v. -

VIRGIL GRIFFITH,

Defendant.

20 Cr. 15 (PKC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR A RULE 15 DEPOSITION OR VIDEO TESTIMONY**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Kimberly J. Ravener
Kyle Wirshba
Assistant United States Attorneys
-Of Counsel-

**TABLE OF CONTENTS**

Preliminary Statement ........ 1
Relevant Facts ........ 1
Discussion ........ 2
I. Applicable Legal Standards under Rule 15 ........ 2
II. The Motion for Deposition or Video Testimony Should be Denied ........ 5
A. The Proposed Testimony Is Not Material ........ 6
B. Granting the Defendant's Motion Would Not Further the Interests of Justice ........ 9
Conclusion ........ 15

# TABLE OF AUTHORITIES

**Cases**

*In re Grand Jury Proc.*, 219 F.3d 175 (2d Cir. 2000) .......... 11

*Matter of Grand Jury Proceedings [Redacted]*, 377 F. Supp. 3d 439 (D. Del. 2018) .......... 3

*United States v. Abu Ghayth*, 17 F. Supp. 3d 289 (S.D.N.Y. 2014) .......... 13

*United States v. Al Kassar*, 2008 WL 4735269 (S.D.N.Y. 2008) .......... 14

*United States v. Allen*, 2015 WL 5022524 (S.D.N.Y. 2015) .......... 13

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .......... 10

*United States v. Buck*, 271 F. Supp. 3d 619 (S.D.N.Y. 2017) .......... 5, 8

*United States v. Campbell*, 1998 WL 564376 (E.D.N.Y. 1998) .......... 5, 8

*United States v. Cohen*, 260 F.3d 68 (2d Cir. 2001) .......... 2

*United States v. Dillman*, 15 F.3d 384 (5th Cir. 1994) .......... 2

*United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993) .......... passim

*United States v. Esquivel*, 755 F. Supp. 434 (D.D.C. 1990) .......... 4

*United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999) .......... 5

*United States v. Griffin*, 2021 WL 3188264 (S.D.N.Y. 2021) .......... 5

*United States v. Grossman*, 2005 WL 486735 (S.D.N.Y. 2005) .......... 4, 6

*United States v. Hernandez–Escarsega*, 886 F.2d 1560 (9th Cir. 1989) .......... 5

*United States v. Ismaili*, 828 F.2d 153 (3d Cir. 1987) .......... 3, 4

*United States v. Johnpoll*, 739 F.2d 702 (2d Cir. 1984) .......... 2, 3

*United States v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994) .......... 2, 4, 14

*United States v. Marin*, 669 F.2d 73 (2d Cir. 1982) .......... 7

*United States v. Merritt*, 1991 WL 79235, at *4 (S.D.N.Y. May 7, 1991) .......... 4

*United States v. Milian-Rodriguez*, 828 F.2d 679 (11th Cir. 1987); .......... 3

*United States v. Mohamed*, 18 Cr. 603 (ARR), Dkt. 113 at 4 (E.D.N.Y. 2021) .......... 12

*United States v. Oudovenko*, 2001 WL 253027 (E.D.N.Y. 2001) .......... 3

*United States v. Rosen*, 2006 WL 5029996 (E.D. Va. 2006) .......... 3

*United States v. Rosenstein*, 474 F.2d 705 (2d Cir. 1973) .......... 2

*United States v. Stein*, 482 F. Supp. 2d 360 (S.D.N.Y. 2007) .......... 3, 4

*United States v. Warren*, 713 F. Supp. 2d 1 (D.D.C. 2010) .......... 4

*United States v. Whiting*, 308 F.2d 537 (2d Cir. 1962) .......... 2, 3

*United States v. Wilson*, 11 F.3d 346 (2d Cir. 1993) .......... 8

**Rules**

Federal Rule of Criminal Procedure 15 .......... passim

Federal Rule of Criminal Procedure 26 .......... 12, 13

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum in opposition to defendant Virgil Griffith's motion to depose, pursuant to Federal Rule of Criminal Procedure 15, Tju Liang Chua, a Director at Singaporean law firm Drew & Napier and the General Counsel of the Ethereum Foundation (the "Deponent"), or in the alternative allow live video testimony in the upcoming trial. The Court should deny the motion.

Despite knowing about the substance of the Deponent's proffered testimony since early 2020 based on materials produced in discovery, the defendant moved for a deposition two weeks before trial. Even accepting that the Deponent, who is barred in New York, is refusing to come to the United States, the defendant's motion should be denied. The Deponent's proposed testimony is not material because it is largely inadmissible, consisting of hearsay, cumulative of other evidence, cumulative of testimony that the defendant could provide by testifying, and does not exculpate the defendant. Moreover, allowing the Deponent's testimony would not further the interests of justice because the defendant and the Deponent are using the Ethereum Foundation's attorney-client privilege as a sword and a shield, and because the Government's ability to cross-examine the Deponent at this late date may be limited depending on the procedures used.[1]

## RELEVANT FACTS

On January 24, 2020, and March 13, 2020, the Government produced the emails and WhatsApp messages, drawn from the defendant's own accounts and devices, attached to the defendant's motion as Exhibits B, C, and D. Starting on February 3, 2020, the Government received voluntary disclosures from the Ethereum Foundation which were produced to the

[1] The Government requests that this submission be maintained under seal until the Court rules on the defendant's application to seal the underlying motion.

defendant in discovery. In addition, the Ethereum Foundation has withheld from production documents in light of attorney-client privilege.

On August 31, 2021, the defendant proposed a testimonial stipulation for the Deponent largely tracking the content of the unsigned draft affidavit attached to the defendant's motion. *See* Def. Ex. A. On September 7, 2021, the Government declined to agree to that stipulation and, six days later on September 13, 2021, just two weeks before trial, the defendant filed the instant motion.

## DISCUSSION

### I. Applicable Legal Standards under Rule 15

Federal Rule of Criminal Procedure 15 allows for pretrial depositions in criminal cases only in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1); *see United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("Depositions generally are disfavored in criminal cases"). The burden is on the party seeking a Rule 15 deposition to establish that such exceptional circumstances exist and that injustice will result if the motion is denied. *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *see also United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994). Specifically, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *see also United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *United States v. Rosenstein*, 474 F.2d 705, 715 (2d Cir. 1973).

Rule 15 provides "that the district court retains broad discretion in granting a Rule 15(a) motion and that the court should review these motions on a case-by-case basis, examining whether the particular characteristics of each case constitute 'exceptional circumstances.'" *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994). "Presumably, 'exceptional' circumstances occur

very, very rarely and would strike someone as remarkable or astounding." *Matter of Grand Jury Proceedings [Redacted]*, 377 F. Supp. 3d 439, 444 n.5 (D. Del. 2018); *see also United States v. Rosen*, No. 05 Cr. 225, 2006 WL 5029996, at *1 (E.D. Va. Apr. 21, 2006). ("Rule 15(a) depositions are appropriately granted only in rare circumstances.").

It is well-settled that, notwithstanding a Court's ability to grant a motion under Rule 15 under "exceptional circumstances and in the interest of justice," Fed. R. Crim. P. 15(a), "use of depositions in criminal cases is not favored because the factfinder does not have an opportunity to observe the witness' demeanor." *United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987); *see also Drogoul*, 1 F.3d at 1551 ("In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored."). Thus, the burden is on the movant to show that a Rule 15 deposition is truly warranted. *See Whiting*, 308 F.2d at 541.

The mere fact that a purported witness resides in a foreign country does not demonstrate his or her "unavailability" for Rule 15 purposes. *See United States v. Ismaili*, 828 F.2d 153, 160 (3d Cir. 1987) (holding that unavailability requirement not satisfied for witnesses residing in Morocco). The moving party rather must make some showing that the foreign-based witness is truly unable or unwilling to come to the United States to testify and that the moving party has made a "good faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709; *United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007) (denying a Rule 15 motion because, *inter alia*, "[t]he Court thus is unable to determine whether [the movant] has made the requisite 'good-faith effort to produce the person to testify at trial'" (quoting *Johnpoll*, 739 F.2d at 709)); *see also United States v. Oudovenko*, No. 00 Cr. 1014 (JG), 2001 WL 253027, at *2 (E.D.N.Y. Mar. 7, 2001) ("[Defense] counsel's affirmation [that the witnesses would not voluntarily travel to

the United States to testify at the trial] fails to establish that he or [the defendant] made a good faith effort to secure the presence of these witnesses at trial, such as by offering to pay their travel expenses.”).

When a defendant makes a motion for a Rule 15 deposition, he or she must show, beyond “unsubstantiated speculation,” that the testimony sought “exculpates the defendant.” *Kelley*, 36 F.3d at 1125 (internal quotation marks and citation omitted) (affirming denial of depositions where anticipated testimony, although relevant, was not exculpatory); *see also United States v. Merritt*, No. 90 CR 767 (JSM), 1991 WL 79235, at *4 (S.D.N.Y. May 7, 1991) (denying Rule 15 deposition request where “the defendants have made no showing that the deponents’ testimony would be exculpatory”); *United States v. Esquivel*, 755 F. Supp. 434, 439 (D.D.C. 1990) (“[A] defendant typically demonstrates the ‘exceptional circumstances’ necessary for success on a Rule 15(a) motion by some preliminary showing that the testimony will exculpate him.” (citations omitted)). The moving party must do more than show that the testimony sought is relevant to the case. *Ismaili*, 828 F.2d at 161 & n.6 (3d Cir. 1987) (holding that a district court cannot abuse its discretion in denying a Rule 15 deposition where the testimony “could not negate the crux of the government’s indictment”).

A Rule 15 motion should also be denied if it seeks to take testimony that is cumulative, *Stein*, 482 F. Supp. 2d at 365 (citing *United States v. Grossman*, No. S2 03 Cr. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005)), or that is “clearly” inadmissible, s*ee Drogoul*, 1 F.3d at 1555 (“[T]he court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial.”); *see also United States v. Warren*, 713 F. Supp. 2d 1, 4 (D.D.C. 2010); *Grossman*, 2005 WL 486735, at *3. Indeed, “[a] court does not abuse [its] discretion where it denies a Rule 15 motion because ‘the evidence [is] in

some respects irrelevant and in others cumulative and possibly inadmissible as hearsay.'" *United States v. Campbell*, No. 91 Cr. 1219 (RJD), 1998 WL 564376, at *1 (E.D.N.Y. June 30, 1998) (quoting *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1569-70 (9th Cir. 1989)).

In addition to requiring a showing of unavailability and materiality, a district court must also consider whether significant "countervailing factors" exist which would render the taking of depositions unjust. *Drogoul*, 1 F.3d at 1552.

With respect to video testimony, the Second Circuit has held that, "[u]pon a finding of exceptional circumstances, . . . a trial court may allow a witness to testify via two-way closed-circuit television when this furthers the interest of justice.'" *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). "Courts now apply the standard used for Rule 15 depositions when determining whether to permit two-way video testimony at trial, and 'will allow such testimony only when (1) the witness's testimony is material; (2) the [movant] has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, that the witness is unavailable within the meaning of the case law); and (3) allowing testimony by such means furthers the interests of justice.'" *United States v. Griffin*, No. 11-CR-936 (RJS), 2021 WL 3188264, at *1 (S.D.N.Y. July 28, 2021) (quoting *United States v. Buck*, 271 F. Supp. 3d 619, 622–23 (S.D.N.Y. 2017)).

## II. The Motion for Deposition or Video Testimony Should be Denied

The defendant's motion should be denied because it fails to meet the standard for a Rule 15 deposition or video testimony. At the outset, in the absence of a signed declaration, the Government doubts the unavailability of the Deponent, the General Counsel of a Swiss entity and partner at a law firm, who is barred in New York State. In any event, the defendant's motion should be denied because the defendant cannot carry his burden to establish that the proposed testimony would be material or that it would be further the interests of justice.

### A.  The Proposed Testimony Is Not Material

The defendant's motion should be denied because he has not proffered testimony that will be material. As described in the Deponent's own unsigned affidavit, the proposed testimony will be inadmissible and cumulative.

The vast majority of the unsigned declaration quotes or paraphrases from prior written communications also attached to the defendant's motion as Exhibits B, C, and D. Def. Ex. A ¶¶ 3-6. To the extent the defendant seeks to admit these written messages into evidence, he may do so without having one of the communicants read or characterize prior out of court statements. The Government likely has objections to the admission of the content of those communications, but the additional layer of hearsay where a witness reads or characterizes the content of the communications does not make the content less objectionable, only more. Because these paragraphs of the declaration propose hearsay within hearsay testimony by the Deponent, they should not form a basis for a Rule 15 deposition or video testimony. *See Grossman*, 2005 WL 486735, at *3 ("[A] court may properly deny the motion if the proposed testimony would be cumulative or consists of hearsay.").

The sole portion of the proposed testimony that is not directly from a written communication describes a phone conversation in which the declaration states, "I told him [Griffith] I did not think that he could participate in placing a node in the DPRK because of the U.S. sanctions on the DPRK. During that discussion, Mr. Griffith indicated that he was going to abandon the idea of putting an Ethereum node in the DPRK." Def. Ex. A ¶ 5. The first statement by the attorney is cumulative of Exhibit D to the defendant's motion, sent the very next day, in which the Deponent wrote in an email, "As discussed, I don't think this is really doable for you given your status as a US citizen and sanctions laws." Def. Ex. D.

The latter statement, recounting that the defendant falsely said he would abandon the node

idea, constitutes inadmissible hearsay when offered by the defendant and is cumulative of other evidence. To the extent the defendant were offering the statement for the truth of the matter asserted, it should be excluded as inadmissible. *See United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (when a "defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible"). But even if not offered for the truth, the statement is duplicative of other untrue statements made by the defendant at around the same time. For example, on August 17, 2021, a week after his purported call with the Deponent, the defendant wrote to the founder of the Ethereum Foundation, "I've decided not to actively pursue the dprk node . . . I decided you two were right that this was too risky." GX 607 (attached hereto as Exhibit 1). On August 24, 2018, the defendant wrote to CC-5, "I also wanted to ask about the DPRK node . . . I've been asked to step away from this project. So alas, I must do that[.]" GX 608 (attached hereto as Exhibit 2). And on September 23, 2018, the defendant wrote, "I was going to put an Ethereum node there, but I eventually decided it was too edgy and decided against it." GX 3024 (attached hereto as Exhibit 3). These statements are cumulative of each other and of the only portion of the draft declaration not drawn directly from written communications.[2]

Even ignoring the above analysis for any one of these statements, however, the testimony proposed in the declaration is cumulative and thus immaterial because the defendant himself is

[2] In each communication described above, the remainder of these messages demonstrates that the defendant did, in fact, continue to pursue the DPRK node, despite his protestations to the contrary. On August 17, 2018, the defendant also stated, "If a south Korean org wants to lead the charge I'll assist. But only assist," GX607; on August 24, 2018, the defendant wrote to CC-5 saying, "It seems to me that South Korea is allowed to violate those sanctions. The person who got the okay from the dprk ISP is [the email address for CC-4]," GX 608; and on September 23, 2018, the defendant wrote, "If you've got enough interest and willpower on your side (will require setting up a nonprofit in North [K]orea), I'm willing got make the introductions," GX 3024. Irrespective of Griffiths' other statements, however, the statement in the declaration about the defendant's alleged decision not to pursue the node is cumulative of each of these communications.

available to testify at trial. In *United States v. Buck*, 271 F. Supp. 3d 619 (S.D.N.Y. 2017), the court considered a similar request for live video testimony from a witness abroad. The defendant sought to admit testimony from an attorney who supposedly provided legal advice relied on by the defendant. In rejecting the motion, the court held:

> As to testimony regarding legal advice Buck received, Buck could introduce this same evidence by testifying himself. In fact, while the Court need not reach the potential admissibility of any witnesses' testimony, as Buck himself likely could provide this same evidence, any testimony about what advice Buck was given by other witnesses may be cumulative. *See*, *e.g.*, *United States v. Wilson*, 11 F.3d 346, 354 (2d Cir. 1993) (witness testimony "would be cumulative, given that [the defendant] could have called any number of witnesses, including himself," to provide the same testimony). The Court is not persuaded that the witnesses at issue here would provide material evidence sufficient to allow testimony via videoconferencing.

*Id*. at 623. Like in *Buck*, the defendant could testify to his own understanding of the written messages, as well as the purported legal advice, and his own reaction, to the extent admissible.

The remaining paragraphs of the unsigned declaration—besides the first describing the Deponent's occupation—are equally inadmissible. Paragraph two makes assertions about the scope of the privilege discussed below and paragraph seven contains the irrelevant speculation that "to my knowledge . . . no further efforts were taken by Mr. Griffith or any other person associated with the Ethereum Foundation to place a node in the DPRK." Def. Ex. A ¶¶ 2, 7. *See United States v. Campbell*, No. CR 91-1219 (RJD), 1998 WL 564376, at *1 (E.D.N.Y. June 30, 1998) ("A court does not abuse this discretion where it denies a Rule 15 motion because 'the evidence [is] in some respects irrelevant and in others cumulative and possibly inadmissible as hearsay.'"); *see also Drogoul*, 1 F.3d at 1555 ("[T]he court need not, at the cost of time and money, engage in an act of futility by authorizing depositions that clearly will be inadmissible at trial.").

Because the Deponent's proposed testimony is inadmissible and cumulative, it is not material and the defendant's motion should be denied.

### B. Granting the Defendant's Motion Would Not Further the Interests of Justice

The defendant's proposed deposition or video testimony would also not further the interests of justice. As described below, the defendant's motion seeks to impermissibly carve out only a narrow waiver of privilege in order to seek selective testimony from his company's General Counsel about the legal advice provided to him by that attorney on just one occasion, allegedly in his "personal" capacity. To the contrary, the evidence shows that the defendant was working with others, who led the Ethereum Foundation, to pursue a node in the DPRK and sought the proposed Deponent's advice in conjunction with the company's efforts. The effect of the defendant's position would be to restrict potentially relevant consultations, advice, and statements involving this attorney from the Government's purview by cloaking such matters in the Ethereum Foundation's privilege. Moreover, the defendant has never disclosed what the true content of the proposed Deponent's legal advice was (apart from admitting that it related to the "U.S. sanctions on the DPRK"), has never disclosed what facts were presented to this attorney, and has not confirmed that he will waive privilege over the content of all advice he received, and that the Ethereum Foundation received, on the matter of DPRK sanctions from this attorney. *See* Def. Ex. A ¶ 5. These myriad privilege issues demonstrate that the Government's ability to effectively cross-examine the Deponent is likely to be hindered, particularly in light of the untimely nature of the defendant's request, which has left little time to contest the scope of the applicable implicit privilege waivers posed by this testimony, to provide any relevant otherwise-privileged materials to the Government, and even to schedule this deposition with any kind of reasonable notice in light of its complexity.

In addition, the proposed deposition or video testimony would not further the interests of justice because the Government's opportunity to cross-examine may be hindered, because the motion is untimely, and because the proposed testimony would not exculpate the defendant.

***1. Privilege***

Despite serving as the General Counsel for the Ethereum Foundation where the defendant worked, the proposed Deponent claims in his draft unsigned declaration, that with respect to a single conversation occurring on August 8, 2021, the defendant "consulted with him in his personal capacity." Def. Ex. A at 1. The effect of the defendant's position would be to reveal only a narrow set of communications related to a single conversation with one lawyer, and to continue to withhold as privileged other evidence and communications relating to the Ethereum Foundation and Griffith's joint attempts to work with the DPRK and to obtain legal advice relating to U.S. sanctions on the DPRK. The defense should not be permitted to do so. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

The Government should not be required to accept the Deponent's assertions about the scope of the privilege, especially because his assertion that he was consulted in his personal capacity is contrary to the evidence in this case. *See id.* at 1285 ("[T]he privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."). The defendant served as one of the highest-ranking individuals in the Ethereum Foundation, as "Head of Special Projects," and worked to pursue the DPRK node in coordination with the organization's founder and its Executive Director. On June 29, 2018, for example, the Executive Director of the Ethereum Foundation wrote CC-5 by email copying Griffith, stating "Who else are coming to the VIP Summit? Virgil told me Mayer was offering an Ethereum specific research center (and an eth node in DPRK). Has that conversation been developed?" GX 3010 (attached hereto as Exhibit 4). At the time, the Ethereum Foundation was in the process of hiring CC-5 to perform services for Ethereum, including "[s]eeking for and introducing potential business partners or personnel to the Company." (*See* Dkt. 131, Gov't MIL

at 5.) After CC-5 responded to the Executive Director, copying Griffith, the founder of Ethereum, and another high-level Ethereum colleague with an update, Griffith responded to the group, emphasizing their goal: "To be clear an 'institution' in DPRK isn't needed----just an Ethereum node from a registered dprk ip block. If DPRK wants to do more beyond that, that's great too." Similarly, on August 7, 2018, the defendant forwarded a proposal from CC-4 to place an Ethereum node inside the DPRK to the founder of the Ethereum Foundation, and another Foundation employee. *See* GX 3013 (attached hereto as Exhibit 5).  The next day, on August 8, 2018, Griffith told another Ethereum colleague, "Let me ask Tju Liang [that is, the proposed Deponent] as well as a DPRK specialist whether if it's possible to do this without violating sanctions. Will update you both." When the colleague emphasized, "It can't be a sanction workaround loophole thing either," Griffith responded, "I'll see what the lawyer says." This record of Griffith's close coordination with the leaders of the Ethereum Foundation to pursue the node, along with his decision to seek advice from Ethereum's own in-house General Counsel, make clear that Griffith was not acting solely in his personal capacity when he contacted the proposed Deponent.

If the proposed Deponent was serving in his role as General Counsel for the Ethereum Foundation, that would operate a waiver that potentially would apply to all discussions with Ethereum Foundation employees, and certainly the company's Executive Director and founder who participated in pursuing the DPRK node, and all communications with Griffith. Any waiver of privilege and the scope of that waiver is something that would need to be litigated before the Court and settled before the taking of any deposition. *See In re Grand Jury Proc.*, 219 F.3d 175, 191 (2d Cir. 2000) ("[T]he district court on remand should consider further whether there was any waiver of Doe Corp.'s work-product privilege, and, if there was, the proper scope of the waiver."). To attempt to force that litigation into the week before trial for a witness the defense has known

about for over a year would not be in the interests of justice.

These issues are complex and significant, and by waiting until just over a week before trial to request testimony from a witness that the defendant has known about since before the COVID-19 pandemic began, the defendant has created a situation where granting the defendant's request would not serve the interests of justice, as required under the applicable standard.

***2. Meaningful Opportunity to Cross-Examine***

The interests of justice would also not be served by granting the deposition or video testimony because it is unclear whether the Government would have a meaningful opportunity to cross-examine the witness. Although the defendant's motion is silent on the proposed procedure for the deposition, information available to the Government suggests that there may be logistical hurdles to the taking of such a deposition and limitations on the use of testimony that differ from live testimony in the United States.

Based on preliminary discussions with the Department of Justice's Office of International Affairs ("OIA"), a voluntary deposition of a witness in Singapore in a U.S. proceeding would, according to Singaporean authorities, be the first of its kind. For that reason, Singaporean authorities are continuing to consult the Singaporean Ministry of Law to determine the requirements for such a procedure. At the very least, the witness would need to testify in the presence of a Singapore Police Force officer. While extradition for perjury might be possible depending on the circumstances, OIA has informed us that the Government would need to agree that any evidence given by the witness could not be used in the prosecution of the person for an offense other than for the offense of perjury, or contempt of court. In other words, the same repercussions for testifying that would be present in the United States would not be present for the Deponent's testimony.

In addition, the Government has not received any Rule 26.2 material for the Deponent.

Such a disclosure is required. *United States v. Mohamed*, 18 Cr. 603 (ARR), Dkt. 113 at 4 (E.D.N.Y. Sept. 17, 2021) ("Because I find that Rule 15 depositions qualify as 'trial' under Rule 26.2, I grant the government's request and order defense counsel to produce any statements of the Rule 15 witnesses that 'relate[] to the subject matter of the witness's testimony.'" (alteration in original) (quoting Fed. R. Crim. P. 26.2)). Until the Government receives that material, if it exists, the proposed deposition or video testimony will be different than that required by Rule 15. *See* Fed. R. Crim. P. 15(e)(2) ("The scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial.").

***3. The Motion is Untimely***

The interests of justice would also not be served because the motion was filed only fourteen days before trial. The messages that comprise the bulk of the Deponent's proposed testimony were produced to the defendant on January 24, 2020, and March 13, 2020.[3] The defendant could have proposed to depose the Deponent at any point following that production and certainly shortly after the Government rejected the defendant's proposed fact stipulation on September 7, 2021. At this point, with trial scheduled to begin on September 27, the application is too late. *See United States v. Allen*, No. 14 Cr. 272, 2015 WL 5022524, at *1 (S.D.N.Y. Aug. 18, 2015) (noting "a fair argument might be made that the application is untimely" when the motion was made more than two months before trial).

In *United States v. Abu Ghayth*, 17 F. Supp. 3d 289 (S.D.N.Y. 2014), the court rejected a motion for a Rule 15 deposition in the middle of trial, citing that the defendant "was aware that

[3] The Government produced the emails to the defense in discovery but did not include those same emails in its identified material responsive to the warrant because they were identified as potentially privileged in the Government's taint review process, and were therefore never made available to the case team until Griffith invoked his limited waiver over this single conversation.

[the witness] might have useful information as early as" nearly a year before trial; that the defendant had never previously raised any issues with securing the witness's testimony with the court; and that the defendant had made another Rule 15 motion without mentioning the witness. *Id*. at 303-04. So too here has the defendant had access to information about the supposed value of this witness for over a year, never previously raised the unavailability of the witness, and made another motion to depose a different Rule 15 witness without mentioning this Deponent. Indeed, for that witness, the defense has proposed to conduct their requested deposition on the Saturday night prior to trial, which, given the time difference, constitutes the last day before trial for that witness.

The defendant's citation to *United States v. Al Kassar*, No. 07 Cr. 354 (JSR), 2008 WL 4735269 (S.D.N.Y. Oct. 27, 2008) is inapposite. There, the court permitted a Rule 15 deposition shortly before trial only because a Government witness became unexpectedly unavailable. As the court held:

> The Court was tentatively of the view that the motion should be denied. However, just yesterday, the Government--after giving repeated assurances to the Court and the defendants that the relevant Spanish authorities had consented to make Castano's colleague, Inspector Jose Villarejo, available to testify at the trial of this case in New York--telephonically informed the Court and defendants that other Spanish authorities had in effect reneged on, or countermanded, those promises.

*Id*. at 1. No similar change of circumstances occurred here. Instead, *Al Kassar* is illustrative of the proposition, which undermines the defendant's motion, that absent some extraordinary and unforeseen circumstance, not present here, Rule 15 motions made so close to trial should be denied. *Id.*

***4. The Proposed Testimony Is Not Exculpatory***

Finally, the proposed deposition would not further the interest of justice because the

proffered testimony would not exculpate the defendant. *See Kelley*, 36 F.3d at 1125. As discussed above, shortly after making the statement about abandoning his plans for the DPRK node, the defendant continued to pursue the project. *See supra* at 7 & n2. In fact, the Government is planning to admit evidence that the defendant, despite others' admonitions that the defendant stop seeking to aid the DPRK through his pursuit of a node, he continued to do so as important evidence of his *mens rea* and the services he provided to the DPRK. *See* GX 607; GX 608; GX 3024.

**CONCLUSION**

For the reasons set forth herein, the Court should deny the defendant's motion to take the deposition of Tju Liang Chua pursuant to Rule 15 or to allow video testimony at trial.

DATED: New York, New York
September 20, 2021

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: /s/
Kimberly J. Ravener
Kyle A. Wirshba
Assistant United States Attorneys
Tel: (212) 637-2358 / 2493

# Exhibit 1



Extraction Report - Apple iPad

## Instant Messages (17)

| # | Source | From | To | All timestamps | Content | Deleted | * |
|---|---|---|---|---|---|---|---|
| 1 | Telegram | [redacted] Virgil Griffith | | **Timestamp:** 8/17/2018 3:01:46 PM(UTC+9) | **Body:** I've decided to not actively pursue the dprk node. I told Erica that if she could magically make it happen as part of a South Korean aid package I'd help fund it and make the connections. But otherwise i won't pursue. I decided you two were right that this was too risky. **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC96CB (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Sent | | |
| 2 | Telegram | [redacted] | | **Timestamp:** 8/17/2018 3:02:30 PM(UTC+9) | **Body:** Albert Camus famously claimed that the most important philosophical question in existence was whether to commit suicide. I would disagree. **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC977B (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Read | | |
| 3 | Telegram | [redacted] | | **Timestamp:** 8/17/2018 3:02:38 PM(UTC+9) | **Body:** I thought that was Shakespeare... **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC97C0 (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Read | | |
| 4 | Telegram | [redacted] | | **Timestamp:** 8/17/2018 3:03:20 PM(UTC+9) | **Body:** I guess it's a meme **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC97FC (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Read | | |
| 5 | Telegram | [redacted] Virgil Griffith | | **Timestamp:** 8/17/2018 3:03:29 PM(UTC+9) | **Body:** If a South Korean org wants to lead the charge I'll assist. But only assist **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BCCB51 (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Sent | | |
| 6 | Telegram | [redacted] Virgil Griffith | | **Timestamp:** 8/17/2018 3:04:26 PM(UTC+9) | **Body:** Albert gave me on Ying Tong **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BCC8E2 (Table: messages_v29, users_v29, Size: 44755968 bytes) Status: Sent | | |

GOVERNMENT EXHIBIT 607
20 Cr. 15 (PKC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7 | Telegram | | | Timestamp: 8/17/2018 3:44:23 PM(UTC+9) | **Body:** Pretty sure it was camus but that could be my field knowledge bias<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BEFF5C (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 8 | Telegram | | | **Timestamp:** 8/17/2018 3:45:12 PM(UTC+9) | **Body:** Then again I do think that under philosophy lies not math but storytelling (like literature but not restricted to writing)<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BEFFFC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 9 | Telegram | | | **Timestamp:** 8/17/2018 3:45:58 PM(UTC+9) | **Body:** Don't call it aid package to other ppl (you know that right)<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BF07CA (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 10 | Telegram | Virgil Griffith | | **Timestamp:** 8/17/2018 3:56:48 PM(UTC+9) | **Body:** I think I saw some UN document refer to them as aid packages from South Korea to dprk<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BE57FC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 11 | Telegram | Virgil Griffith | | **Timestamp:** 8/17/2018 3:58:36 PM(UTC+9) | **Body:** To Erica I called it, "part of korea's habitual aid package". But haven't referenced it to any one else. What term do you suggest?<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BF09D2 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 12 | Telegram | | | **Timestamp:** 8/17/2018 3:59:12 PM(UTC+9) | **Body:** I dunno I just feel like you're stepping into weird turf<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BF0A2E (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 13 | Telegram | | | **Timestamp:** 8/17/2018 3:59:34 PM(UTC+9) | **Body:** Do you know if sk private parties are even allowed to send aid to nk?<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BF0A98 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 14 | Telegram | Virgil Griffith | | Timestamp: 8/17/2018 4:06:23 PM(UTC+9) | **Body:**<br>I don't know what SK private parties can do. I've decided you both were correct and I'm stepping away from this. I merely discovered the existence of these packages and the sanctions overlords are cool with it. I also recall the mayor of Seoul wanted to do something nice for Ethereum so we'll be more likely to do a research center in Seoul (and he previously said getting a node in DPRK wasn't an impossibility). So I left it with Erica saying if they want to lead this I will give them the dprk ISP contacts but otherwise I'm stepping out.<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BF0EA6 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 15 | Telegram | Virgil Griffith | | **Timestamp:** 8/17/2018 11:55:40 PM(UTC+9) | **Body:**<br>Just to be impeccably clear, in the <10% chance a dprk node happens, it has happened independent of us. If SK on its own free will chooses to give aid for connectivity services in DPRK, that's entirely their business. This might even be a positive story for us if we're asked about it.<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC3A90 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 16 | Telegram | Virgil Griffith | | **Timestamp:** 8/17/2018 11:56:44 PM(UTC+9) | **Body:**<br>I don't think it's necessary, but if you'd like I'll expunge it from Erica too.<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BC394A (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 17 | Telegram | | | **Timestamp:** 8/18/2018 12:30:21 AM(UTC+9) | **Body:**<br>my preference (a far weaker one than my preference that you not be involved) would be that she doesn't do anything like that either, but idk really<br><br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1BB78CA (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |

# Exhibit 2



Extraction Report - Apple iPad

## Instant Messages (30)

| # | Source | From | To | All timestamps | Content | Deleted | * |
|---|---|---|---|---|---|---|---|
| 1 | Telegram | [redacted] Virgil Griffith | [redacted] | **Timestamp:** 8/24/2018 6:46:55 PM(UTC+9) | **Body:** When should I visit Jeju island? **Participants:** Participant Delivered Read Played [redacted] **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D89A3F (Table: messages_v29, users_v29, Size: 44755968 bytes) **Status:** Sent | | |
| 2 | Telegram | [redacted] Virgil Griffith | [redacted] | **Timestamp:** 8/24/2018 7:14:28 PM(UTC+9) | **Body:** I also wanted to ask about the DPRK node. EF has to back away from it, but if South Korea wants to curry our favor, getting a way to send funding for such a thing to dprk would be immensely appreciated. We would do it myself/ourselves but we are scared of the sanctions. It seems to me that South Korea is allowed to violate those sanctions. The person who got the okay from the dprk ISP is adrian@koryogroup.com **Participants:** Participant Delivered Read Played [redacted] **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D8AFFC (Table: messages_v29, users_v29, Size: 44755968 bytes) **Status:** Sent | | |
| 3 | Telegram | [redacted] Virgil Griffith | [redacted] | **Timestamp:** 8/24/2018 7:14:47 PM(UTC+9) | **Body:** I've been asked to step away from this project. So alas I must do that **Participants:** Participant Delivered Read Played [redacted] **Source Extraction:** Legacy (1) **Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D438D1 (Table: messages_v29, users_v29, Size: 44755968 bytes) **Status:** Sent | | |

GOVERNMENT EXHIBIT 608
20 Cr. 15 (PKC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4 | Telegram | Virgil Griffith | | Timestamp: 8/24/2018 7:15:10 PM(UTC+9) | **Body:** But if you ever see a lead to do this, we'd love you for it.<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D43932 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>Status: Sent | | |
| 5 | Telegram | | Virgil Griffith | **Timestamp:** 8/25/2018 1:00:48 AM(UTC+9) | **Body:** Jeju Island? The best time is September, I guess :)<br>**Participants:**<br>Participant Delivered Read Played<br>Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D896ED (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>Status: Read | | |
| 6 | Telegram | Virgil Griffith | | **Timestamp:** 8/25/2018 1:04:35 AM(UTC+9) | **Body:** Mmmm<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D89715 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>Status: Sent | | |
| 7 | Telegram | | Virgil Griffith | **Timestamp:** 8/25/2018 1:05:19 AM(UTC+9) | **Body:** Also, for the DPRK issue, it is quite sensitive so I have to be careful too<br>**Participants:**<br>Participant Delivered Read Played<br>Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D89785 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>Status: Read | | |
| 8 | Telegram | Virgil Griffith | | **Timestamp:** 8/25/2018 1:15:07 AM(UTC+9) | **Body:** Awesome<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D897B0 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>Status: Sent | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | Telegram | Virgil Griffith | | **Timestamp:** 8/25/2018 1:15:23 AM(UTC+9) | **Body:**<br>I'm glad you're treating it as sensitive<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D897FC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 10 | Telegram | Virgil Griffith | | **Timestamp:** 8/25/2018 1:15:27 AM(UTC+9) | **Body:**<br>That's exactly what I want<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D8E169 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 11 | Telegram | | Virgil Griffith | **Timestamp:** 8/25/2018 1:23:51 AM(UTC+9) | **Body:**<br>haha ok :)<br>**Participants:**<br>Participant Delivered Read Played<br>V Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D8E197 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 12 | Telegram | | Virgil Griffith | **Timestamp:** 8/25/2018 1:23:59 AM(UTC+9) | **Body:**<br>I met Albert yesterday at a meetup!<br>**Participants:**<br>Participant Delivered Read Played<br>Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D8E1DE (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 13 | Telegram | Virgil Griffith | | **Timestamp:** 8/25/2018 1:38:20 AM(UTC+9) | **Body:**<br>Oooo<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D8E206 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 14 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/25/2018 5:11:51 AM(UTC+9) | **Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Attachments:**<br><br>sticker.webp<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D9EA79 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/files/c77c7800000030/sticker.webp : (Size: 34810 bytes)<br>**Status:** Read | | |
| 15 | Telegram | [redacted]<br>Virgil Griffith | [redacted] | **Timestamp:** 8/26/2018 12:09:06 PM(UTC+9) | **Body:**<br>https://www.straitstimes.com/asia/east-asia/north-korea-to-host-international-blockchain-conference-in-october-report<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted]<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D95FFC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 16 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/26/2018 12:09:52 PM(UTC+9) | **Body:**<br>yes I did see this<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17DAD (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 17 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/26/2018 12:09:59 PM(UTC+9) | **Body:**<br>sounds scary though<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17DE4 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 18 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | Timestamp: 8/26/2018<br>12:10:08 PM(UTC+9) | **Body:**<br>Don't tell me you guys are going<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17E28 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 19 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/26/2018<br>12:10:10 PM(UTC+9) | **Body:**<br>hahaha<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17E52 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 20 | Telegram | [redacted]<br>Virgil Griffith | [redacted] | **Timestamp:** 8/26/2018<br>12:10:18 PM(UTC+9) | **Body:**<br>Id really love to go<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted]<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17E8A (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 21 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/26/2018<br>12:10:31 PM(UTC+9) | **Body:**<br>WELL...<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17EB5 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |
| 22 | Telegram | [redacted] | [redacted]<br>Virgil Griffith | **Timestamp:** 8/26/2018<br>12:10:43 PM(UTC+9) | **Body:**<br>I can't go haha<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] V Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:**<br>be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E17EE8 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 23 | Telegram | [redacted] Virgil Griffith | [redacted] | Timestamp: 8/26/2018 2:06:55 PM(UTC+9) | **Body:** I found a SGian who is willing to go for us<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted]<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E113FC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 24 | Telegram | [redacted] Virgil Griffith | [redacted] | **Timestamp:** 8/26/2018 2:06:59 PM(UTC+9) | **Body:** https://www.straitstimes.com/asia/east-asia/north-korea-to-host-international-blockchain-conference-in-october-report<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Erica Kang<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D96FFC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 25 | Telegram | [redacted] Virgil Griffith | [redacted] | **Timestamp:** 8/26/2018 2:07:20 PM(UTC+9) | **Body:** Can you find out how one learns the location for attending?<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted]<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1D97B78 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | |
| 26 | Telegram | [redacted] | [redacted] Virgil Griffith | **Timestamp:** 8/26/2018 2:07:54 PM(UTC+9) | **Body:** hmm ok. I tried asking a reporter but he didn't know either<br>**Participants:**<br>Participant Delivered Read Played<br>[redacted] Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1DA95F5 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | |

| # | Source | From | To | Timestamp | Body | | | |
|---|---|---|---|---|---|---|---|---|
| 27 | Telegram | | Virgil Griffith | Timestamp: 8/26/2018 2:08:02 PM(UTC+9) | **Body:** nobody knows the actual source of this<br>**Participants:**<br>Participant Delivered Read Played<br>Virgil Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1DA963F (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | | |
| 28 | Telegram | Virgil Griffith | | **Timestamp:** 8/26/2018 2:08:25 PM(UTC+9) | **Body:** If we can learn it we have a blockchain dev who wishes to attend.  Can pay.<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1DA96AF (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | | |
| 29 | Telegram | | Virgil Griffith | **Timestamp:** 8/26/2018 3:07:15 PM(UTC+9) | **Body:** ok I'll ask around again ;)<br>**Participants:**<br>Participant Delivered Read Played<br>V Griffith<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1DE2924 (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Read | | | |
| 30 | Telegram | Virgil Griffith | | **Timestamp:** 8/27/2018 3:12:08 AM(UTC+9) | **Body:** http://korea-dpr.com/dprk-blockchain-conference-2018.html<br>**Participants:**<br>Participant Delivered Read Played<br>**Source Extraction:** Legacy (1)<br>**Source file:** be2ff908f29f6c80a136ef9e0ce12e7744429e86_files_full.zip/private/var/mobile/Containers/Shared/AppGroup/EA35B71F-0E3E-4EF6-A131-54B84A52878B/Documents/tgdata.db : 0x1E69FFC (Table: messages_v29, users_v29, Size: 44755968 bytes)<br>**Status:** Sent | | | |

# Exhibit 3

**From:** "Virgil Griffith" <virgil@ethereum.org>
**To:** [redacted]
**Subject:** Fwd: Progress
**Date:** Sun, 23 Sep 2018 20:33:16 +0000
**Message-ID:** <jmfbbgxw.0af06dd8-1ac0-4d82-a8f7-ada7c64d58f0@we.are.superhuman.com >

I once mentioned to you the idea of doing a node in DPRK. I was going to put an Ethereum node there, but I eventually decided it was too edgy and decided against it. However, Tor doesn't mind being edgy in these ways. If torservers.net or others would like to crowdfund putting a Tor node in DPRK, I bet they'd do it under the same conditions described below.
If you got enough interest and willpower on your side (will require setting up a nonprofit in North korea), I'm willing to make the introductions.
As for the three technical staff, I presume you'd pay them to do other things (write documentation? Do a vlog?) since monitoring the node takes basically zero effort.

-V
---------- Forwarded message-------
From: <Redacted>
Date: Tuesday, August 7 2018 at 11:17 SGT
Subject: Progress
To: Virgil Griffith <i@virgil.gr>

Hi Virgil.
It's been many months, and many meetings, but we finally have news of progress for you.
Assuming you are still interested in this project?
I haven't been sending you emails after every meeting as often in North Korea you have to have a meeting just to get to the next meeting. If that makes any sense.
Anyhow: we're now at the stage where we are in talks with Koreans at the internet company in Pyongyang who will be able to get this node online for you.
Here's the latest for you:
*ETH/you/someone would have to register as a Joint Venture, which means paying rent
*This would allow you to do other business in-country
*They request you pay for three technical staff (3 x 8 hour shifts) to monitor the computer
*The Korean side would need a proposal on the technical aspects and scope of the project, length.
--> Essentially they need to see if it is in their interest and is the work/risk in their benefit.
Are you able to send a proposal that we can print out and take to next meeting in Pyongyang?
With thanks.

> On 30 Apr 2018, at 21:32, Virgil Griffith <i@virgil.gr> wrote:
>
> Or is that yet undetermined?
> I ask because I recently got a ping about using the current political momentum in getting those online.
> -V

GOVERNMENT EXHIBIT 3024
20 Cr. 15 (PKC)

# Exhibit 4

**From:** [redacted]
**To:** [redacted]
**CC:**
**Subject:** Re: Invitation to Seoul VIP Summit
**Date:** Wed, 4 Jul 2018 10:13:39 +0200
**Message-ID:** <CAHFh7-7iacGGnYDv=2gat9zsCEXRFp_dXH39Fv5wijKtRk-pWQ@mail.gmail.com >

---

Hi [redacted]
Thanks for the updates.
Adding Tae Yoen.
We can start the conversation with the city for the research center.
Do you have any proposal or document?
[redacted]

On Wed, Jul 4, 2018 at 3:19 AM [redacted] wrote:
Hi everyone!
I'd like to share some updates on the July 23rd summit & agendas circling around it.
So the NK node idea was considered, but Gaeseong Industrial Complex in NK wishes to focus on producing material goods for now. So the idea needs to be held off for a bit, but I think it may be feasible in the longer term.
Discussion on building an ETH research center seems to be going quite well. The Seoul City Government as well as other blockchain projects and foundations will support the initiative - Seoul City Government, Upbit, Blue Whale Foundation will be the main supporting partners. Maybe corporates like SM will join as well. Korean blockchain companies that will directly use Blockchain will be about 10 now, but will probably increase once this intiative is turned into an actual agreement. On the Ethereum side, active HR and technological support may be needed to support this.
For background information, the Blue Whale Foundation, who is the main organizer for the VIP summit, is a sharing economy project which has good ties with the government as well as large Korean corporations. It also is trying to create a sharing economy blockchain alliance with other Korean sharing economy projects.
On a personal note, with Alexandra on board to direct the Korean side, the Ethereum research center may be an important step forward to make some meaningful achievements in Korea. However, I do not want the EF to be misused in superficial projects, so I am also extremely careful.
To make the Ethereum Research Center in Korea feasible, the process would be to make a general verbal agreement prior to July 23rd, then meet in person for a private meeting on July 23rd before the summit and confirm through an actual documented agreement.
I'd love to get some feedback from you!
Thank you.
Sincerely,
[redacted]

2018-06-30 23:34 GMT+09:00 [redacted]:

Hi Virgil,
I understand. What the government seems to care about is solving the unemployment rate by creating more jobs in the Korean economy. Is an Ethereum academy an attractive option? Or if the Ethereum research center can result in continuous creation of jobs, then it could be an appealing option for the government
Thank you!
[redacted]

2018-06-30 15:38 GMT+09:00 Virgil Griffith <virgil@ethereum.org>:

If they just want to support projects in Korea, they could give money to ECF or EF with it being earmarked for

GOVERNMENT EXHIBIT 3010
20 Cr. 15 (PKC)

Korean orgs. That could save the Korean government money on the building.
-V

On Fri, Jun 29 2018 at 22:11, [redacted]

Hi [redacted]
Confirmed speakers are the Seoul City Mayor, Mayor of Seongnam City, Chairman of SM Entertainment, Head of UN Blockchain Division, and some supporting Congressmen.
The Seoul City government is open to providing support to the Ethereum Foundation, but we are in the process of discussing how to provide such support. During the conversation, supporting an Ethereum research center and setting up an institution at DPRK came up. So it is not a 100% confirmed offer, but we are trying to make it happen.
I would never want to put the Ethereum Foundation in a meaningless situation. I will keep you updated on the discussion with the government and the event - once the conversation has developed more and offers have become clear, I will let you know.
Thank you!

Sincerely,
[redacted]

2018-06-29 14:11 GMT+09:00 [redacted]

Hi [redacted]
Thanks for the information.

Who else are coming to the VIP Summit?
Virgil told me Mayer was offering an Ethereum specific research center (and an eth node in DPRK).
Has the conversation been that developed?

On Thu, Jun 28, 2018 at 4:52 PM, [redacted]

Hi everyone!
To add, since the Seoul City mayor has great interest in developing the blockchain industry in Korea, we would like to bring the best person who can deliver what the technology can offer, and how it can improve the economy & governance. As a result, the government can either back an blockchain incubation center or sign a sort of treaty relating to supporting projects in the industry.
Last time, the meeting with the Seoul City mayor got cancelled, so I thought this would be an opportunity to reconnect - especially since that he got re-elected!
Sincerely,
Erica

2018-06-29 7:49 GMT+09:00 [redacted]

Hi [redacted]
Long time no see! Hope you are doing well :)

On **July 23rd**, there is a VIP Summit in Seoul held in **Westin Chosun hotel**, hosted by Blue Whale Foundation and KryptoSeoul.
The theme is sharing economy and blockchain, and politicians and regulators are eager to hear from the blockchain industry. Since it is a private event, the number of attendees is limited; 50 top power players including the Seoul City Mayor and Seongnam City Mayor will be attending the event.

It would be a great chance to strengthen relations with the Seoul City government, regulators, and corporates in Korea. Would you be willing to attend the event and give a presentation? Flight and accommodation at the Westin Chosun Hotel will be provided.
Thank you!
Sincerely,

--

--

--

--

--

# Exhibit 5

**To:** [redacted]
**From:** "Virgil Griffith" <virgil@ethereum.org>
**Sent:** Tuesday, August 7, 2018 4:22:03 AM
**Subject:** Fwd: Progress

---------- Forwarded message ----------
From: [redacted]
Date: Tuesday, August 7 2018 at 11:17 SGT
Subject: Progress
To: Virgil Griffith <i@virgil.gr>

Hi Virgil.
[redacted] from Koryo here. It's been many months, and many meetings, but we finally have news of progress for you.

Assuming you are still interested in this project?

I haven't been sending you emails after every meeting as often in North Korea you have to have a meeting just to get to the next meeting. If that makes any sense.

Anyhow: we're now at the stage where we are in talks with Koreans at the internet company in Pyongyang who will be able to get this node online for you.

Here's the latest for you:

*ETH/you/someone would have to register as a Joint Venture, which means paying rent
*This would allow you to do other business in-country
*They request you pay for three technical staff (3 x 8 hour shifts) to monitor the computer
*The Korean side would need a proposal on the technical aspects and scope of the project, length.

--> Essentially they need to see if it is in their interest and is the work/risk in their benefit.

Are you able to send a proposal that we can print out and take to next meeting in Pyongyang?

With thanks.

On 30 Apr 2018, at 21:32, Virgil Griffith <i@virgil.gr> wrote:

Or is that yet undetermined?

GOVERNMENT
EXHIBIT
3013
20 Cr. 15 (PKC)

I ask because I recently got a ping about using the current political momentum in getting those online.

-V