L9n2GriC kjc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,              New York, N.Y.

4            v.                            20 Cr. 15 (PKC)

5   VIRGIL GRIFFITH,

6                Defendant.

7   ------------------------------x       Conference

8                                         September 23, 2021
                                          3:10 p.m.
9

10  Before:

11                  HON. P. KEVIN CASTEL,

12                                        District Judge

13

14                      APPEARANCES

15
    AUDREY STRAUSS
16       United States Attorney for the
         Southern District of New York
17  BY:  KIMBERLY J. RAVENER
         KYLE A. WIRSHBA
18       Assistant United States Attorneys

19
    BAKER MARQUART, LLP
20       Attorneys for Defendant
    BY:  BRIAN E. KLEIN
21       KERI CURTIS AXEL

22
    KOBRE & KIM, LLP
23       Attorneys for Defendant
    BY:  SEAN S. BUCKLEY
24

25

L9n2GriC kjc

1          (Case called)

2          THE DEPUTY CLERK:  For the government.

3          MR. WIRSHBA:  Good afternoon, your Honor.  Kyle

4    Wirshba on behalf of the government.  I'm joined at counsel

5    table by AUSA Kimberly Ravener.

6          THE COURT:  Good afternoon.

7          And for the defendant.

8          MR. KLEIN:  Good afternoon, your Honor.  Brian Klein,

9    with Keri Axel and Sean Buckley.  We have a signed waiver for

10   our client's appearance that we presented to the Court.  I

11   believe your Honor has it with him.

12         THE COURT:  I do.  I do have a signed waiver, and you

13   discussed his right to be present.

14         MR. KLEIN:  Yes, we did, your Honor.

15         THE COURT:  I want to note for the record that we are

16   still trying to have him participate by phone, but it does not

17   appear that that will be possible, so I appreciate it.

18         Any objection to my proceeding on the basis of the

19   written waiver?

20         MR. WIRSHBA:  Not from the government, your Honor.

21         THE COURT:  All right.  So I have the defendant's

22   letter, and what I propose to do is find out what the

23   government has to say and then give you, Mr. Klein, an

24   opportunity to respond.  So go ahead.

25         MR. WIRSHBA:  Your Honor, the government has reviewed

L9n2GriC kjc

1    the defendant's letter and does not believe that an adjournment

2    in this case is appropriate.

3          The government has been producing exhibits on a

4    rolling basis, and has done its best to get those exhibits into

5    the hands of the defense with plenty of time to examine those

6    exhibits and to make any objections and meet and confer with

7    the government with respect to those exhibits.  Most of those

8    exhibits were given to the defendant two weeks before the trial

9    date, and they continue to come in to the defense on a rolling

10   basis thereafter.

11         The government does not believe that there is a basis

12   for an adjournment and, at this point, even for those exhibits

13   that came to the defense two weeks before trial, we have not

14   discussed a single objection to any of those exhibits from the

15   defense despite being on the phone with them on multiple

16   occasions.

17         With respect to the OFAC documents, your Honor, OFAC

18   conducted --

19         THE COURT:  Let me --

20         MR. WIRSHBA:  Yes, your Honor.

21         THE COURT:  -- back up.

22         MR. WIRSHBA:  Of course.

23         THE COURT:  There was an agreement between the parties

24   that the government would make trial exhibits available on a

25   rolling-production basis, to be completed by September 17, and

L9n2GriC kjc

1    this was an agreement on August 27.  Is that right so far?

2                    MR. WIRSHBA:  No, your Honor.

3                    THE COURT:  Okay.

4                    MR. WIRSHBA:  The government did not agree to have its

5    production of exhibits completed by September 27 and never

6    would have done so.  September 17, excuse me.  The government

7    agreed to, on a rolling basis, try to get the defendant as many

8    exhibits as it could, noting that it would try to do so by that

9    date, and that it would provide an exhibit list on September

10   17, which the government did.  The government then made another

11   production --

12                   THE COURT:  I wasn't there, so I don't know.  What

13   does the exhibit list tell the reader?  I wouldn't know.

14                   MR. WIRSHBA:  The exhibit list told the reader all of

15   the exhibits that had been produced --

16                   THE COURT:  No, no, no.

17                   MR. WIRSHBA:  -- to that date.

18                   THE COURT:  No, no, no.  My question wasn't specific

19   enough.  What bibliographic or other identifying information

20   about the document would be reflected on this so-called exhibit

21   list.

22                   MR. WIRSHBA:  Understood, your Honor.

23                   It was an exhibit number that was associated with the

24   produced exhibit, a short description of the exhibit --

25                   THE COURT:  When you say -- so it would be Government

L9n2GriC kjc

1    Exhibit 1, and then it would reflect, what, a production

2    number?

3            MR. WIRSHBA:  Both the description and a production

4    number.

5            THE COURT:  Okay.

6            MR. WIRSHBA:  But, your Honor, the one that we

7    produced on the 17th, just to be extremely clear, reflected

8    only the exhibits that were produced to that date, and the

9    government produced more exhibits a day thereafter and has been

10   doing so on a rolling basis.

11           THE COURT:  Whoa, whoa.  Just hang on now.

12           MR. WIRSHBA:  Yes, your Honor.

13           THE COURT:  So you said to me, we said we were going

14   to give an exhibit list, and we gave the exhibit list, but the

15   exhibit list did not include all of the exhibits.  So what was

16   not on the exhibit list provided on or before September 17?

17           MR. WIRSHBA:  The exhibits that were provided to the

18   defendant thereafter.  There was --

19           THE COURT:  Well, when you say the exhibits, do you

20   mean that the document was first produced or its status as a

21   possible trial exhibit?

22           MR. WIRSHBA:  The latter, your Honor.

23           THE COURT:  All right.  And how many such documents

24   were identified after September 17, 2021.

25           MR. WIRSHBA:  So on the evening of September 18,

L9n2GriC kjc

1    shortly after midnight, the government produced another hundred

2    exhibits after producing 180 exhibits on September 13, in

3    advance of that September 17 --

4              THE COURT:  No, no.  Listen.  Right now, so you

5    produced 130 before and you produced 100 after, is that what

6    you are telling me.

7              MR. WIRSHBA:  180 before, your Honor.

8              THE COURT:  Right.

9              MR. WIRSHBA:  And we produced approximately 100 on

10   that date after, and then we have had some rolling exhibits

11   with much smaller numbers after that.

12             THE COURT:  Like what numbers?

13             MR. WIRSHBA:  On September 20, 13 exhibits; on the

14   21st, eight exhibits.  The government has, throughout its

15   discussion with the defense, reserved the right to continue to

16   mark exhibits on a rolling basis and said that we would do our

17   absolute best to get them out as quickly as possible.  The

18   government hasn't been withholding exhibits that are already

19   marked.  And everything, as your Honor noted, that is being

20   produced to the defendant as an exhibit was already produced to

21   the defendant unless we have also made a discovery production

22   pointing out that it was new, and we haven't heard any problems

23   in that regard, and we have an exhibit list that we continue to

24   update for the defense.

25             THE COURT:  That sounded like a big trap door there.

L9n2GriC kjc

1    Unless it was identified as something new.  Well, how many

2    hundreds were that?

3             MR. WIRSHBA:  I don't have an exact figure, your

4    Honor.

5             THE COURT:  Well, I'm not -- listen, you know what the

6    purpose of today's session is.

7             MR. WIRSHBA:  Of course.

8             THE COURT:  I expect you to answer.  I didn't get a

9    letter, so that's why you are here.

10             (Counsel confer)

11             MR. WIRSHBA:  Your Honor, if I may have a brief

12    moment?

13             THE COURT:  Sure.

14             (Counsel confer)

15             MR. WIRSHBA:  Your Honor, it's my recollection that

16    the only thing we produced for the first time that were marked

17    were screenshots of publicly available websites.

18             THE COURT:  How many of them were there?

19             MR. WIRSHBA:  Fewer than 20, your Honor.

20             THE COURT:  All right.  And when were they produced.

21             MR. WIRSHBA:  I don't have an exact date for you, your

22    Honor.

23             THE COURT:  Well, how about an approximate date?

24             MR. WIRSHBA:  Of course.  It was around the 18th.

25             THE COURT:  Okay.  All right.  So around 24 hours

L9n2GriC kjc

1  after it was due.

2          MR. WIRSHBA:  Your Honor, the government never agreed

3  to a deadline for exhibits and would not have done so.

4          THE COURT:  Okay.  Well, what did you agree to do by

5  September 17?  It sounds like maybe you are telling me you

6  didn't agree to do anything.

7          MR. WIRSHBA:  We agreed to provide an exhibit list and

8  we agreed to try to get the defendant a substantial number of

9  exhibits.

10          THE COURT:  Whoa, whoa, whoa.  But the defendant knew

11  or should have known when you said "an exhibit list," you

12  didn't mean "the exhibit list," you meant "an exhibit list,"

13  like, "here is an exhibit list.  That is not the exhibit list

14  of the exhibits at trial, it's some of the exhibits at trial,

15  but it's just a list."

16          MR. WIRSHBA:  It was a list of everything that the

17  government had marked to that point, your Honor.

18          A VOICE:  This is MCC.

19          THE COURT:  One second.

20          A VOICE:  I have Mr. Virgil.

21          THE DEPUTY CLERK:  Okay.

22          A VOICE:  Okay.  I am putting him on the phone right

23  now.

24          THE DEPUTY CLERK:  Okay.

25          THE DEFENDANT:  Hello?

L9n2GriC kjc

1          THE COURT:  Hey, Mr. Griffith.  This is the judge.  We

2     are here in the proceeding.

3          We thank you for your signed waiver of appearance.

4          I am hearing the government's response to your

5     lawyers' letter of September 22; and, in the courtroom, in

6     addition to the government lawyers, your lawyers are present as

7     well.

8          So if Mr. Wirshba wishes to continue, you may.

9          MR. WIRSHBA:  Thank you, your Honor.

10          In our communication with the defense about the

11     exhibit list, we made it clear that this was not a complete

12     exhibit list; that we were making a good-faith effort to mark

13     exhibits on a rolling basis and that we would continue to

14     supplement it.  There was no question --

15          THE COURT:  Did you do this in an e-mail or how did

16     you do this?

17          MR. WIRSHBA:  Yes, your Honor.  We did it in an

18     e-mail.

19          THE COURT:  Do you have the e-mail with you?

20          MR. WIRSHBA:  I do not.

21          THE COURT:  You don't have the e-mail with you.

22          MR. BUCKLEY:  Your Honor, we have the e-mail.

23          THE COURT:  What did you think you were coming to

24     court for today?

25          MR. WIRSHBA:  Your Honor, we were coming to court to

L9n2GriC kjc

1  discuss whether or not there would be an adjournment.  The

2  government has continued to operate in good faith in producing

3  the exhibits that it has marked, and we were prepared to answer

4  any questions about that.

5           THE COURT:  But not to respond to the letter of

6  September 22.  That was not something you were prepared to do.

7           MR. WIRSHBA:  No, your Honor.  That is what we were

8  prepared to do.

9           THE COURT:  Okay.  So Mr. Buckley, what does the

10 e-mail say?

11          MR. BUCKLEY:  Yes, your Honor.  Just to clarify a

12 couple of points made by Mr. Wirshba, and I will read this into

13 the record, so if the court reporter -- if I go too fast,

14 please just let me know, and I will slow down accordingly.

15          Your Honor, on August 27, we e-mailed the government

16 and said, "In connection with our various pretrial filings, we

17 intend to ask the Court to direct the government to provide the

18 defense with a preliminary exhibit list and the actual exhibits

19 and transcripts the government intends to offer at trial by no

20 later than September 10, 2021, as that information is necessary

21 for us to prepare for trial and to determine if we have

22 objections to specific evidence or exhibits outside of what

23 you have outlined in your motion *in limine*.  If necessary, we

24 are prepared to file a motion requesting this relief, but

25 would prefer not to do so if you are amenable to this

L9n2GriC kjc

1    schedule."

2              Later that same day, on August 27, 2021, AUSA Ravener

3    writes back, "We will, of course, work out with you a timeline

4    for preliminary exhibit lists and copies of exhibits which we

5    would reserve the right to alter or amend and see no need for a

6    motion on that subject.  We would propose September 17, which

7    would be ten days in advance of trial.  We plan to make a

8    rolling production of exhibits, as we have done with 3500

9    materials, which would commence before that date."

10             She goes on to say, "Of course, you are already in

11   possession of substantial notice on this subject in light of

12   our own motion practice and detailed provision of citations to

13   you at your request."  That last point was addressed at the

14   pretrial conference, as well as in our motion *in limine*, where

15   we flagged the difficulty of lodging objections to specific

16   exhibits because none had yet been provided.

17             Thereafter, on August 27, the same day, we respond,

18   "Thank you, Kim.  We appreciate that.  Do you have a sense of

19   when you would commence the rolling production?"

20             We then followed up -- we, the defense -- again, on

21   August 29, and were told that the production would commence

22   ASAP.

23             As noted in our motion *in limine*, it was our

24   understanding, based upon the initial outreach and the

25   proposition we had presented to the government, that September

L9n2GriC kjc

1   17 would be the date by which they would present us with not

2   only an exhibit list of their trial exhibits, but also the

3   actual exhibits.  While we recognize that the government

4   reserved the right to amend or supplement that list, as we

5   noted in our letter yesterday, producing over 100 additional

6   exhibits after the September 17 date, we don't believe is a

7   fair characterization of amending or supplementing the exhibit

8   list.

9               THE COURT:  Okay.  Thank you.

10              All right?  Anything else, Mr. Wirshba.

11              MR. WIRSHBA:  Your Honor, I just want to emphasize

12   that the e-mail we sent did say that it was preliminary.

13   That's how --

14              THE COURT:  I heard that.

15              MR. WIRSHBA:  Okay.  Understood, your Honor.

16              THE COURT:  All right.  Now there was something else

17   you wanted to discuss in the letter, in responding to the

18   letter?

19              MR. WIRSHBA:  Yes, your Honor.

20              With respect to the OFAC documents that were produced

21   earlier this week, the government made another request of OFAC,

22   after its requests previously that are well known to the Court,

23   and received documents back for a particular witness for which

24   the government expects to have Jencks Act and *Giglio*

25   obligations.  We received documents back from that search that

L9n2GriC kjc

1    we had not previously received, and we produced them as

2    appropriate to satisfy our Jencks Act and *Giglio* applications.

3               At this point we understand that the search that we

4    have asked OFAC to complete is final and that they have

5    completed that search, and we have produced whatever is

6    appropriate.  This is in addition to the productions that the

7    government has made of OFAC material on July 29; August 18;

8    August 26; May 7; May 28 of 2021; June 22, 2021; and August 20,

9    2021.  And we contest the idea that there is any *Brady* in these

10   materials.  We were producing them as Jencks Act material for a

11   witness.

12              THE COURT:  So let me see if I can translate this.

13              You have produced 3500 material on an OFAC -- one or

14   more -- one OFAC witness, is that right?

15              MR. WIRSHBA:  That is correct, your Honor.

16              THE COURT:  Okay.  All right.

17              And you did that by the date that you had committed to

18   make 3500 material available?

19              MR. WIRSHBA:  We did that on the day that we received

20   the documents.  So the government was not in possession of

21   those documents.  The day we received them, we turned them

22   around as 3500 material.

23              THE COURT:  Okay.  And when was that that you turned

24   them around?

25              MR. WIRSHBA:  The first production was 13 documents on

L9n2GriC kjc

1    Tuesday, and then yesterday we provide an additional four

2    documents.  With respect to each of those, we received them

3    that same day.

4                  THE COURT:  Okay.  Anything else?

5                  MR. WIRSHBA:  No, your Honor.

6                  THE COURT:  Okay.  Mr. Klein or Mr. Buckley.

7                  MR. KLEIN:  Yes, your Honor.  We were going to divide

8    this up a little bit.

9                  Your Honor, we expected to have the exhibits and the

10   exhibit list on the 17th.  We followed up.  Just to be clear,

11   Mr. Buckley read some of the e-mail traffic.  We didn't want to

12   involve the Court.  We were trying not to involved the Court.

13   We thought we had a deal with the government.  We followed up

14   repeatedly in advance of the 17th because they had produced no

15   exhibits until the 14th.  And again, that was 1:00 in the

16   morning the night before our pretrial conference.  And we were,

17   frankly, concerned about this problem, and we were following up

18   with them persistently.

19                  And then, as you can see in our letter, they dumped a

20   ton of exhibits on us well after that deadline, the exhibits

21   they should have had ready, your Honor.  We asked for the

22   transcripts.  We received the transcripts after that deadline.

23   We don't know what exhibits are left out there and at this

24   point it has severely prejudiced our client, our ability to

25   prepare for this trial, and so we would ask for a brief

L9n2GriC kjc

1    continuance of one week.

2            THE COURT:  Thank you, Mr. Klein.

3            Okay.

4            MR. BUCKLEY:  Did you --

5            THE COURT:  Mr. Buckley?

6            MR. BUCKLEY:  Did you want me to address the OFAC

7    disclosure issue?

8            THE COURT:  Well, I invited either Mr. Klein or you to

9    say your piece, like I invited the government to say its piece.

10           MR. BUCKLEY:  Certainly.  May I address the Court?

11           THE COURT:  Yes.

12           MR. BUCKLEY:  With respect to the OFAC materials, what

13   we find particularly concerning, and as outlined in our letter,

14   is while the government is characterizing them as 3500 material

15   for a single witness that was produced timely, that, we submit,

16   is inaccurate.  The government had been directed, in response

17   to a motion to compel and this Court's order, to conduct a

18   search of OFAC's files for materials that include this 3500

19   material.  They produced similar materials related to other

20   witnesses, but those materials did not go into the level of

21   detail as these materials.  They did not include some of the

22   participants in these conversations.  And it brings into

23   question the integrity of the search that was performed by

24   OFAC, because these late-disclosed materials include the case

25   caption.  They reference U.S. v. Griffith.  They also reference

L9n2GriC kjc

Griffith.  We don't understand how it is that these materials

were not captured in their search pursuant to our motion to

compel and this Court's order.  And the government represented

to us, I believe it was on June 22 -- I don't have the exact

date in front of me -- that it had completed its search of

these materials.  That's clearly not the case.

       These materials raise substantial questions that

underlie or underlay the original motion to compel.  They go to

question about notice with respect to Mr. Griffith and his

willfulness.  We have been asked not to go into great detail

about the communications because they are internal

communications and are not public.  We certainly can go into

more detail, but there are specific references to the adequacy

of notice provided by prior enforcement actions which were not

public, as well as the adequacy of notice under the C.F.R.

       Given that Mr. Griffith, as your Honor has held, is

charged with a crime that requires a finding by the jury that

he willfully violated the law, we believe that it is fair game

to establish that there was not adequate notice out there

regarding the conduct at issue here.  And the discussion

regarding the adequacy of notice related to other

investigations that pertained to similar conduct.  So not only

is it late, but it suggests that their original search was

incomplete.  And had we been provided with this material at the

appropriate time, I think we would have filed additional motion

L9n2GriC kjc

1    practice and likely sought additional discovery.  But to get

2    this on Tuesday night of this week and then a follow-on

3    production last night, again, severely hampers our ability to

4    advance these arguments.

5         THE COURT:  Thank you, Mr. Buckley.

6         I will give the government a brief opportunity to

7    respond to Mr. Buckley's point.

8         MR. WIRSHBA:  Yes, your Honor.

9         The government, first of all, produced these materials

10   when we received them, as noted.  At this point we understand

11   that OFAC completed its search that they were asked to do in

12   connection with your Honor's order on the motion to compel, the

13   order back in December, and has completed the search of its

14   files with respect to this particular witness for any Jencks

15   Act or *Giglio* information, and we have made appropriate

16   productions based on what OFAC has given us and based on the

17   search that we have conducted.

18        Although we did produce materials --

19        THE COURT:  Well, let me ask you.  I don't know.  I am

20   trying to learn this.  So I have my order on December 22, 2020.

21   Were these documents recently produced?  Were they in existence

22   at the time of that order?  Were they covered by the order or

23   are they something that weren't even in existence then or tell

24   me?

25        MR. WIRSHBA:  The --

L9n2GriC kjc

1          THE COURT:  Should they have been produced in response

2    to the December 22 order?

3          MR. WIRSHBA:  We don't believe so, your Honor.  Your

4    Honor asked us to conduct a *Brady* review, and we do not view

5    these documents as responsive to that *Brady* review.  The

6    government did produce documents, in an abundance of caution,

7    as it was going through what was produced by OFAC.  To answer

8    your very specific question about whether or not these

9    documents were in existence, they were in existence, but they

10   were not provided by OFAC to the government at that time.  They

11   were provided on Tuesday and yesterday.

12         MR. BUCKLEY:  Your Honor, if I may respond?

13         THE COURT:  The silence was not intended to be just an

14   opportunity for somebody who wanted to fill in, but go ahead,

15   Mr. Buckley.  Because I may remain silent after that, and it's

16   not going to be an invitation for somebody to fill in, so go

17   ahead.

18         MR. BUCKLEY:  Understood, your Honor.  Just the point

19   I was going to make is on July 1, 2021, the government

20   represented, "As previously indicated, we understand that

21   nothing was withheld from the review on privilege grounds.

22   OFAC searched its searchable holdings, including e-mails,

23   digital chats, and network folders, and separately contacted

24   each custodian to ensure all non-email records were collected."

25   This recent production, in short, establishes that that

L9n2GriC kjc

| | |
|---|---|
| 1 | procedure was not followed and identifies other individuals |
| 2 | that we think the files need to be examined. |
| 3 | Thank you for -- |
| 4 | THE COURT:  That's fine. |
| 5 | MR. WIRSHBA:  Your Honor? |
| 6 | THE COURT:  Oh geez. |
| 7 | MR. WIRSHBA:  I'm so, so sorry, your Honor.  I truly |
| 8 | am.  But there is one thing that Mr. Buckley said that I don't |
| 9 | want to leave on the record, because it is something that the |
| 10 | government knows that I would be remiss if I didn't bring it to |
| 11 | the Court's attention with respect to the government's earlier |
| 12 | representation.  And so I'm very, very sorry.  May I speak to |
| 13 | that one issue? |
| 14 | THE COURT:  Go right ahead. |
| 15 | MR. WIRSHBA:  Thank you, your Honor. |
| 16 | Mr. Buckley is right that we said that it was the |
| 17 | government's understanding that we searched those things.  I |
| 18 | wanted to bring to the Court's attention that we learned this |
| 19 | morning that it was not the case that the network files were |
| 20 | actually searched at OFAC.  And so I did not want to leave that |
| 21 | on the record, because I didn't want your Honor to have a |
| 22 | misimpression about that.  I am very, very sorry for |
| 23 | interrupting. |
| 24 | THE COURT:  Mr. Buckley, do you want to respond? |
| 25 | MR. BUCKLEY:  No, your Honor, but that goes to the |

L9n2GriC kjc

heart of our concern here.

THE COURT:  All right.  The defendant has moved for a continuance of trial due to late production of trial exhibits in violation of a commitment the government made to the defense and what it describes as seriously belated disclosure of OFAC documents in violation of the Court's December 20, 2020, order.

Let me begin with discussing trial exhibits.  In this district, there is -- first of all, in the Federal Rules of Criminal Procedure, the local rules of this Court, individual practices of this Court, and in the orders of this Court no rule on the production of trial exhibits by the government or by the defendant.  There are certain exceptions to information regarding experts, certain notices that are required by law, but not a rule with regard to exhibits or witnesses.

What this court Does typically, and did in this case specifically, is it sets a schedule for the government to identify 404(b)-type evidence to make motions *in limine*, for the defense to make its motions *in limine*.  The Court does not, as it reads 18 U.S.C. 3500, it does not have the authority to order the government to produce 3500 material before a witness completes their direct testimony; but, as is customary in this district, the Court will often get a commitment from the government with regard to the production of 3500 material.

As has been candidly pointed out, there was no request made to this Court, no order of this Court with regard to

L9n2GriC kjc

exhibits.  This is not some foundational rule, as there are

foundational rules in civil litigation.  There is a pretrial

order, and that pretrial order has to list exhibits and

witnesses.  There is no such comparable document in criminal

practice in this district or before this judge.

There is a distinction between sandbagging somebody

with something that was not produced in discovery and the

marking of exhibits and identifying that which will be offered.

Nevertheless, the government and the defense is not free to

break commitments.  It is very common in this district and in

this Court that attorneys will talk and will come to

arrangements.  Sometimes they come to arrangements about when

they will tell the other side who they are calling the next day

as a witness or on a given day as a witness.  They might decide

24 hours or they might decide some other rule or they might not

have any arrangement.  But these are arrangements between

counsel that ought to be followed.

From what I have seen here, the government was careful

in saying this is going to be a preliminary list, we reserve

the right to add, modify, supplement.  That does not give the

government a license to play a game with anyone or anyone to

play a game in the proceedings before the Court.  I don't see

that there was gamesmanship here.  It sounds like the -- well,

I will use the accurate term, the chaos that precedes the

immediate days leading up to a trial, the intense preparation,

L9n2GriC kjc

1    the review and re-review of things.  So I don't find there was

2    anything wrong.  It was suboptimal, but not inappropriate or

3    wrong in terms of documents that were previously produced that

4    were late identified as trial exhibits.

5          The website material is more of a concern, but it has

6    been represented these were all public websites and that is the

7    case, and that is going to be something very easy for the

8    defense to either formulate a trial objection or to meet it in

9    its case or the like.

10          With regard to the OFAC material, this is a bit of a

11    tale of two versions.  The defense says this is *Brady* material

12    and it should have been produced earlier, was called for by the

13    December 22 order.  The government says it is not *Brady*

14    material and it is 3500 material and they produced it at the

15    time they received it.  They acknowledge that it was not

16    searched for and it was in existence at the time of the

17    December 22 order.  They maintain it is not *Brady* material.

18          As my reading of the case law indicates, that

19    sometimes with regard to *Brady* issues, they are best assessed

20    in the rearview mirror; that to determine what is helpful to

21    the defense, exculpatory, useful to the defense, and any degree

22    of prejudice, is not always something that a trial judge can

23    determine on his or her own.  That is why the monkey is always

24    on the government's back.  The government has the obligation

25    with regard to *Brady* material.  So it is certainly an issue

L9n2GriC kjc

1    that is fair for the defense to raise, but at this stage of the

2    game, thankfully, they had the material.

3           Now, let me talk about an adjournment of the trial.

4    This transcript may, I hope, some day, if it is ever read, it

5    is read on a sunny day with face masks and the like a quaint

6    artifact, but right now we are still under pandemic conditions.

7    We resumed jury trials on a limited basis less than a year ago,

8    and we have a protocol for how these trials are set.  And in or

9    about May of 2021, judges were permitted to put in for trial

10   dates in the third quarter of 2021, so during the second

11   quarter, late in the second quarter.

12          Trial dates are not determined by who gets their

13   request in first or anything arbitrary like that.  There is a

14   protocol, and protocol turns on whether the defendant is

15   detained or not detained, how old the case is, and that is

16   determined after all requests for the quarter are put in.  And

17   in June I was able to advise the parties of a trial date, I

18   think initially it was on the 20th, and I was able to adjust it

19   to the 27th.  That was at the time.

20          Right now, I have looked at the calendar, and on every

21   day, beginning October 4 through and including December 15,

22   2021, there are cases scheduled for jury selection pursuant to

23   the protocol.  There is no date that this can be adjourned to

24   in this quarter.  This is in part because other trials are

25   slated for jury selection and we only have the capability as a

L9n2GriC kjc

1    Court of picking one jury in a day for the entire court.  In

2    days gone by, in days that I hope will return, many juries

3    could be selected on a given day.  We are blessed and we are

4    fortunate and we have had over 60 jury trials starting with

5    September 29, 2020.  But that is because we have a protocol.

6         I cannot adjourn this trial one week.  I have a

7    detained defendant.  It would be into 2022.  Nor do I conclude

8    that it is necessary in this case.  So the application for an

9    adjournment is denied.

10        Is there anything further from the government?

11        MR. WIRSHBA:  Nothing from the government, your Honor.

12        THE COURT:  Anything further from the defendant?

13        MR. KLEIN:  One second, your Honor.

14        (Counsel confer)

15        MR. KLEIN:  Your Honor, I had a question, your Honor.

16   To be clear, we had asked, since there is no availability

17   between now and December, if we said January 2022, is that a

18   possibility?

19        THE COURT:  The word "possibility" is all it is,

20   because at some point in November I would put in for a trial

21   date in the first quarter of 2022.  No guarantee of when that

22   trial would be.  But the reality is, I have ruled on the

23   request for an adjournment.  Thank you.

24        Anything else?

25        MR. KLEIN:  No, your Honor.

L9n2GriC kjc

1          THE COURT:  Thank you.  I will see you on Monday

2    morning.   Thank you.

3          MS. RAVENER:  Thank you, your Honor.

4                              oOo

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25