L9RAGRIPps

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                            20-cr-15 (PKC)

5    VIRGIL GRIFFITH,

6                   Defendant.              Plea

7    ------------------------------x

8                                    New York, N.Y.
                                     September 27, 2021
9                                    9:50 a.m.

10   Before:

11                 HON. P. KEVIN CASTEL

12                                    District Judge

13
                         APPEARANCES
14
     AUDREY STRAUSS
15        United States Attorney for the
          Southern District of New York
16   BY:  KYLE WIRSHBA
          KIMBERLY J. RAVENER
17        Assistant United States Attorneys

18   BAKER MARQUART LLP
          Attorneys for Defendant
19   BY:  BRIAN E. KLEIN
          KERI C. AXEL
20        -and-
     KOBRE & KIM
21        Attorneys for Defendant
     BY:  SEAN S. BUCKLEY

22

23   Also Present:  Brandon Cavanaugh
                    Special Agent
24                  Federal Bureau of Investigation

25                  Charlotte Cooper
                    Paralegal, U.S. Attorney's Office

                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

L9RAGRIPps

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | (Case called)                                                        |
| 2  | THE CLERK:  For the government.                                       |
| 3  | MR. WIRSHBA:  Good morning, your Honor.  Kyle Wirshba                 |
| 4  | on behalf of the government.  And with your Honor's permission,       |
| 5  | I'm joined at counsel table by AUSA Kimberly Ravener and FBI          |
| 6  | Special Agent Brandon Cavanaugh.                                      |
| 7  | THE COURT:  All right.  Good morning to you all.                      |
| 8  | And for the defendant.                                                |
| 9  | MR. KLEIN:  Good morning, your Honor.  Brian Klein,                   |
| 10 | with Keri Axel, at counsel table.  Sean Buckley is sitting           |
| 11 | right behind me.  And sitting next to me is our client, Virgil        |
| 12 | Griffith.                                                             |
| 13 | THE COURT:  Good morning to you all.                                  |
| 14 | Mr. Griffith, I understand that you wish to enter a                   |
| 15 | guilty plea to Count One of the indictment.  Is that correct,        |
| 16 | sir?                                                                  |
| 17 | THE DEFENDANT:  Yes, your Honor.                                      |
| 18 | THE COURT:  All right.  Before I can accept a guilty                  |
| 19 | plea from you, I must be satisfied that you understand the            |
| 20 | rights you would have if this case went to trial and the rights      |
| 21 | you're giving up by pleading guilty.  Also, I must be satisfied       |
| 22 | that there's a factual basis for your guilty plea and you             |
| 23 | understand the consequences of pleading guilty.                      |
| 24 | So in a moment I'm going to have the clerk place you                  |
| 25 | under oath.  I'm going to ask you certain questions and inform        |

L9RAGRIPps

1    you of certain rights.  If I ask you something or I tell you

2    something and you don't quite understand, please let me know

3    and I'll put it into different words.

4              Also, if at any point today you wish to speak in

5    private with one or more of your lawyers, I'll give you the

6    opportunity to do so.  Do you understand all that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  All right.

9              Madam deputy, please raise your right hand.

10             (Defendant sworn)

11             THE COURT:  All right.  Mr. Griffith, you are now

12   under oath and your answers to my questions are subject to the

13   penalties of perjury, or of making a false statement, if you do

14   not answer truthfully.  Also, anything you say today may be

15   used in any such prosecution.  Do you understand all that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  All right.  How old are you, Mr. Griffith?

18             THE DEFENDANT:  37 years old, your Honor.

19             THE COURT:  All right.  And tell me about your

20   educational background.

21             THE DEFENDANT:  Well, I mean, I originally studied

22   psychology, and then I got into neuroscience, and so I guess --

23             THE COURT:  You have an undergraduate degree?

24             THE DEFENDANT:  Yeah, an undergraduate degree from the

25   University of Alabama.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

L9RAGRIPps

1              THE COURT:  All right.

2              THE DEFENDANT:  And I have a doctorate from Caltech.

3              THE COURT:  All right.  And are you now or have you

4    recently been under the care of a medical doctor?

5              THE DEFENDANT:  I am under the care of a medical

6    doctor at MCC, yes.

7              THE COURT:  All right.  For what condition?

8              THE DEFENDANT:  Generalized anxiety disorder and

9    depression, your Honor.

10             THE COURT:  All right.  Do you take any medication for

11   that?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  All right.  And when was the last time you

14   had your medication?

15             THE DEFENDANT:  A few hours ago.

16             THE COURT:  And does that affect the clarity of your

17   thinking?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  All right.  Do you understand what's

20   happening today?

21             THE DEFENDANT:  Yes.  Yes, I do, your Honor.

22             THE COURT:  How do you feel today?  How is your -- how

23   do you feel physically and mentally?

24             THE DEFENDANT:  I have a lot of complex feelings

25   throughout my body, your Honor.  I've been doing meditational

L9RAGRIPps

1    training and I have much greater accuity of how awful I feel.

2              THE COURT:  All right.  Are you well enough to proceed

3    today?

4              THE DEFENDANT:  I am.

5              THE COURT:  All right.  Mr. Klein, any doubts as to

6    the defendant's competence to proceed?

7              MR. WIRSHBA:  No, your Honor.

8              THE COURT:  Ms. Axel?

9              MS. AXEL:  No, your Honor.

10             THE COURT:  Mr. Buckley?

11             MR. BUCKLEY:  No, your Honor.

12             THE COURT:  All right.  Based upon my observations of

13   his demeanor, I find that the defendant is fully competent to

14   enter an informed plea.

15             Now, Mr. Griffith, have you gone through the charges

16   against you, the procedural status of the case, the evidence in

17   the case with your lawyers?

18             THE DEFENDANT:  Yes, your Honor, I have.

19             THE COURT:  All right.  Have you had enough time to

20   consider all of your options in this case?

21             THE DEFENDANT:  Yes, I have, your Honor.

22             THE COURT:  Are you satisfied with your lawyers'

23   representation of you?

24             THE DEFENDANT:  My lawyers are fabulous, your Honor.

25             THE COURT:  All right.  I'm now going to explain to

L9RAGRIPps

```
1   you the rights that you would have if this case proceeded to
2   trial and the rights you're giving up by entering a plea of
3   guilty.  Under the Constitution and laws of the United States,
4   you're entitled to a speedy and public trial before an
5   impartial jury on the charge contained in the indictment.  At
6   such a trial, you would not have to prove you were innocent.
7   The government would be required to prove each element of the
8   crime by proof beyond a reasonable doubt.  Before you could be
9   found guilty, a jury of 12 people would have to agree
10  unanimously that you were guilty.  Do you understand all that?
11           THE DEFENDANT:  Yes, I do, your Honor.
12           THE COURT:  At such a trial, you would be entitled to
13  be represented by a lawyer, and if you could not afford a
14  lawyer, one would be appointed at public expense.  Do you
15  understand all that?
16           THE DEFENDANT:  Yes, your Honor.
17           THE COURT:  If there were a trial, the witnesses for
18  the government would have to come to court to testify.  You
19  would be able to see and hear them.  Your lawyers could
20  question them through cross-examination.  Your lawyer could
21  object to evidence offered by the government.  Your lawyer
22  could present evidence and could ask the Court to compel
23  witnesses to appear on your behalf.  Do you understand all
24  that?
25           THE DEFENDANT:  Yes, your Honor, I do.
```

L9RAGRIPps

1          THE COURT:  If there were a trial, you would have the

2     right to testify if you chose to do so.  You could come up here

3     and take the witness stand.  Also, you would have the right not

4     to testify, and no one would be permitted to draw any inference

5     or suggestion of guilt from the fact that you decided not to

6     testify.  Do you understand all that?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  If you plead guilty in this case, you will

9     waive your right to appeal any of the motions that you

10    previously made or any motions in this case that remain pending

11    or not adjudicated in this case.  Do you understand that?

12         THE DEFENDANT:  Yes, I do, your Honor.

13         THE COURT:  All right.  And if you proceeded to trial

14    and you were found guilty, you would have a right to appeal the

15    finding of guilt and you would have the right to appeal

16    pretrial rulings and other rulings in the case.  Do you

17    understand that?

18         THE DEFENDANT:  Yes, your Honor, I do.

19         THE COURT:  All right.  Now, those are the rights you

20    would have if the case proceeded to trial.  If you plead guilty

21    and I accept your guilty plea, there will be no trial; you will

22    proceed to the sentencing phase, in which the Court will

23    determine the punishment to be imposed upon you.  Even now you

24    have the right to change your mind; instead of pleading guilty,

25    you may plead not guilty and go to trial.  Do you wish to plead

L9RAGRIPps

1    not guilty and go to trial?

2              THE DEFENDANT:  No, your Honor.  I wish to plead

3    guilty.

4              THE COURT:  All right.  Do you understand that in

5    Count One of the indictment, you are charged with conspiring

6    from at least in or about August 2018 up to and including in or

7    about November 2019 to violate the International Emergency

8    Economic Powers Act by providing services to the Democratic

9    People's Republic of North Korea without first obtaining the

10   required approval of the United States Treasury Department's

11   Office of Foreign Assets Control, and also charged with evading

12   and avoiding the requirements of U.S. law with respect to the

13   provision of services to the Democratic People's Republic of

14   North Korea?  Do you understand that you are charged with such

15   a conspiracy?

16             THE DEFENDANT:  Yes, your Honor, I do.

17             THE COURT:  Do you understand that the penalty for

18   Count One carries a maximum term of imprisonment of 20 years, a

19   maximum term of supervised release of three years, a maximum

20   fine of $1 million, and a $100 special assessment?  Do you

21   understand all that?

22             THE DEFENDANT:  Yes, your Honor, I do.

23             THE COURT:  All right.  Now, with regard to supervised

24   release, there are terms and conditions attached to it, and if

25   you do not live up to those terms and conditions, you can be

L9RAGRIPps

| | |
|---|---|
| 1 | returned to prison for the full period of supervised release. |
| 2 | So say you receive a prison term to be followed by a period of |
| 3 | three years' supervised release and you live up to the terms of |
| 4 | supervised release for two years but then you violate one of |
| 5 | the terms; you can be returned to prison for a full period of |
| 6 | three years.  That's how supervised release works.  Do you |
| 7 | understand all that? |
| 8 | THE DEFENDANT:  I do now, your Honor.  Thank you. |
| 9 | THE COURT:  OK.  All right.  Do you have any questions |
| 10 | about that? |
| 11 | MR. KLEIN:  May we have a second, your Honor? |
| 12 | THE COURT:  Yes, sure. |
| 13 | (Counsel and defendant confer) |
| 14 | MR. KLEIN:  Your Honor, thank you. |
| 15 | THE COURT:  All right.  And the answer to my question? |
| 16 | Do you have any questions? |
| 17 | THE DEFENDANT:  No, your Honor. |
| 18 | THE COURT:  All right.  Now, are you a citizen of the |
| 19 | United States? |
| 20 | THE DEFENDANT:  Yes, I am, your Honor. |
| 21 | THE COURT:  All right.  Among the consequences of |
| 22 | pleading guilty are that you give up other valuable civil |
| 23 | rights, such as the right to vote, to sit on a jury, to hold |
| 24 | public office, to possess a firearm, to hold certain other |
| 25 | licenses, and to receive certain government benefits.  Do you |

L9RAGRIPps

1    understand all of that?

2             THE DEFENDANT:  I mean, I -- I do now, your Honor.

3             THE COURT:  All right.  Do you have any questions

4    about that?

5             THE DEFENDANT:  No, your Honor.

6             THE COURT:  OK.  Thank you.

7             MR. KLEIN:  Your Honor, may I have one second again?

8             THE COURT:  Yes.

9             (Counsel and defendant confer)

10            MR. KLEIN:  Your Honor, thank you.  We're ready to

11   proceed.

12            THE COURT:  All right.  And, Mr. Klein, is your client

13   prepared to admit the forfeiture allegations in paragraphs 4

14   and 5 of the indictment?

15            MR. KLEIN:  Yes, he is, your Honor.

16            THE COURT:  OK.  Thank you.

17            Mr. Griffith, are you serving any other sentence or

18   being prosecuted in any other court for any crime?

19            THE DEFENDANT:  No, your Honor.

20            THE COURT:  All right.  In sentencing you, I will

21   receive a presentence report prepared by the Office of

22   Probation that gives me background information and a

23   recommended range of sentence under the sentencing guidelines.

24   After hearing from your lawyer and from the government, I will

25   make my own determination of the correct guideline range that

L9RAGRIPps

1    applies in your case.  Even after determining the correct

2    guideline range, I need not follow it and can sentence you all

3    the way up to the statutory maximum.  The guidelines are

4    advisory, and they are one of the factors that the Court takes

5    account of in sentencing you under a statute which is commonly

6    known as Section 3553(a).  Do you understand all that?

7              THE DEFENDANT:  Yes, your Honor, I do.

8              THE COURT:  All right.  Now, I understand that there

9    has been a plea agreement reached between you and the

10   government.  Is that correct?

11             THE DEFENDANT:  Yes, your Honor, that's correct.

12             THE COURT:  And it's reflected on a six-page document

13   on the letterhead of the Department of Justice dated September

14   26, 2021, and on the last page it appears to have your

15   signature, dated today, and Mr. Klein's signature, dated today.

16   Is that in fact your plea agreement?

17             THE DEFENDANT:  Yes.  It is my plea agreement and my

18   signature.

19             THE COURT:  All right.  Did you read it before you

20   signed it?

21             THE DEFENDANT:  I did.

22             THE COURT:  Did you discuss it with your lawyers

23   before you signed it?

24             THE DEFENDANT:  I did.

25             THE COURT:  Did you ask them questions?

L9RAGRIPps

1          THE DEFENDANT:  Many, your Honor.

2          THE COURT:  All right.  And did they answer them to

3    your satisfaction?

4          THE DEFENDANT:  They did.

5          THE COURT:  Did you understand it before you signed

6    it?

7          THE DEFENDANT:  I did understand it, your Honor.

8          THE COURT:  All right.  Has anyone threatened you or

9    forced you in any way to enter into the plea agreement or to

10    plead guilty?

11          THE DEFENDANT:  No, your Honor.

12          THE COURT:  Has anyone given you anything of value or

13    promised you anything in order to get you to enter into the

14    plea agreement or to plead guilty?

15          THE DEFENDANT:  No.

16          THE COURT:  Does the plea agreement contain all of

17    your understandings with the government?

18          THE DEFENDANT:  Yes, it does.

19          THE COURT:  All right.  I want you to know that any

20    prediction, calculation, or estimate that anyone has made to

21    you as to what sentence I might give you is not binding on me,

22    not binding on the Court, and if it turns out to be wrong, you

23    will not be permitted to withdraw your guilty plea.  Do you

24    understand that?

25          THE DEFENDANT:  Yes, I do.

L9RAGRIPps

1          THE COURT:  All right.  Now, one of the features of

2     your agreement with the government is that you and the

3     government have agreed on what the plea agreement describes as

4     a stipulated guideline range, and that stipulated guideline

5     range, I see on page 3 of the plea agreement, is 63 to 78

6     months' imprisonment.  Is that correct, sir?

7          THE DEFENDANT:  Yes, your Honor, that is correct.

8          THE COURT:  All right.  That agreement is binding on

9     you and it's binding on the government, but, as I've indicated,

10    I have my own obligation to determine the correct guideline

11    range in this case.  Even after determining the correct

12    guideline range, I can sentence you all the way up to the

13    statutory maximum, as I told you before.  But one of the

14    features of your plea agreement with the government is, if I

15    should happen to sentence you within the stipulated guideline

16    range of 63 to 78 months' imprisonment, or above that range,

17    the government has agreed not to appeal.  But you have agreed

18    not to appeal if the sentence is within the stipulated

19    guideline range of 63 to 78 months' imprisonment or below that

20    range.  You have agreed not to appeal or collaterally attack a

21    sentence unless it is above that stipulated guideline range,

22    and in that event the law will only allow you to appeal on the

23    basis that the sentence is unreasonable or contrary to law.

24    You understand that?

25         THE DEFENDANT:  Yes, your Honor.

L9RAGRIPps

1              THE COURT:  All right.

2              Now, I'm going to ask, Mr. Wirshba, if you're going to

3      do the honors on this, please lay out on the record, if you

4      will, the elements of Count One and what in summary the

5      government's evidence would be if Count One proceeded to trial.

6              MR. WIRSHBA:  Yes, your Honor.

7              Count One of the indictment has two elements: first,

8      the existence of a conspiracy to violate the International

9      Emergency Economic Powers Act, a crime which requires proof of

10     a violation of any license, order, regulation, or prohibition

11     issued pursuant to the IEEPA, specifically the prohibitions on

12     providing services to the Democratic People's Republic of Korea

13     and on evading and avoiding the sanctions on providing services

14     to the DPRK; proof that the violation was committed willfully;

15     and proof that during the period alleged in the indictment the

16     defendant had not obtained authorization from the United States

17     government to provide services to North Korea; and, second,

18     that the government must prove that the defendant knowingly and

19     willfully joined the conspiracy knowing its unlawful object.

20             At trial, the government would prove that from at

21     least August 2018 through at least November 2019 the defendant

22     agreed with others to illegally provide sanctions to the DPRK

23     and DPRK persons, and to evade and avoid United States

24     sanctions, without a license and in contravention of the

25     sanctions, by among other things developing cryptocurrency

L9RAGRIPps

infrastructure and equipment inside North Korea, including to

mine cryptocurrency, traveling to the DPRK in coordination with

the DPRK government to present at the April 2019 Pyongyang

Blockchain and Cryptocurrency Conference; assisting individuals

inside the DPRK seeking to evade and avoid U.S. sanctions

through among other things particular cryptocurrency

transactions, developing plans to create specialized smart

contracts to serve the DPRK's unique interests, attempting to

aid the DPRK to engage in cryptocurrency transactions, and

attempting to broker introductions for the DPRK to other

cryptocurrency-services providers.

        And the government's proof at trial would include

electronic evidence from the defendant's devices and electronic

accounts, testimony about the defendant's interviews with the

FBI, recordings of the defendant's statements at the Pyongyang

cryptocurrency conference, and lay witness testimony about the

defendant's conduct inside the DPRK.

        THE COURT:  What's your proffer on venue?

        MR. WIRSHBA:  Your Honor, on venue the government

would prove by a preponderance of the evidence that the

defendant, as part of the conspiracy to violate IEEPA, sought

permission to attend the 2019 Pyongyang conference from the

DPRK's United Nations mission in Manhattan, who approved that

attendance.

        THE COURT:  All right.  And, Mr. Griffith, please tell

L9RAGRIPps

1   me in your own words what you did which leads you to believe

2   that you are guilty of the crime charged in Count One of the

3   indictment.

4           THE DEFENDANT:  I, Virgil Griffith, entered into an

5   agreement with others to provide services to North Korea

6   persons without first obtaining a license.  I knowingly and

7   willingly became a member of that conspiracy with knowledge of

8   that objective.  Specifically, I delivered a presentation on

9   blockchain technology was that was tailored to a North Korea

10   audience in April 2019.

11           THE COURT:  Did you know what you were doing was wrong

12   and unlawful?

13           THE DEFENDANT:  Yeah.  Yes.

14           THE COURT:  All right.  And with regard to the

15   government's proffer on venue, Mr. Klein, any basis to dispute

16   the proffer?

17           MR. KLEIN:  We don't dispute that he sent an email to

18   the U.N. mission, at that email account.

19           THE COURT:  In New York.

20           MR. KLEIN:  The U.N. mission for the DPRK in New York,

21   yes, your Honor.

22           THE COURT:  All right.  Does the government agree

23   there's a sufficient factual basis for a plea of guilty in this

24   case?

25           MR. WIRSHBA:  We do, your Honor.  However, with

L9RAGRIPps

1    respect to venue, I just want to make sure the record is clear;

2    the government needs to prove both that the defendant attempted

3    to reach into the district and that something happened in the

4    district.  Mr. Klein's proffer was just with respect to what

5    the defendant did to --

6              THE COURT:  Well, it starts with your proffer.  So I

7    didn't hear your proffer addressing that.  So I'm hardly going

8    to call Mr. Klein to task for simply accepting your proffer.

9              MR. WIRSHBA:  Your Honor, I did try to say that in my

10   proffer, and if I was unclear I apologize.  I said that the

11   DPRK mission in Manhattan accepted that application for

12   attendance.

13             THE COURT:  All right.  Any basis to challenge that

14   representation?

15             MR. KLEIN:  We are not challenging that

16   representation, your Honor.

17             THE COURT:  All right.  Does the government agree

18   there's a sufficient factual basis for a plea of guilty in this

19   case?

20             MR. WIRSHBA:  Yes, your Honor.

21             THE COURT:  All right.  Mr. Klein, do you agree

22   there's a sufficient factual basis?

23             MR. KLEIN:  I do, your Honor.

24             THE COURT:  All right.  Are you aware of any defense,

25   valid defense, that would likely prevail at trial or any reason

L9RAGRIPps

1    why your client should not be permitted to plead guilty?

2                MR. KLEIN:  I am not, your Honor.

3                THE COURT:  All right.  Mr. Griffith, do you have any

4    questions for me?

5                THE DEFENDANT:  Could I ask my counsel?

6                THE COURT:  I'm sorry.  I didn't hear what you said,

7    sir.

8                THE DEFENDANT:  Allow me to consult with my counsel?

9                THE COURT:  Yes.  Sure.

10               (Counsel and defendant confer)

11               THE DEFENDANT:  No, your Honor, I don't have any

12   questions for you.

13               THE COURT:  All right.  Mr. Griffith, with regard to

14   Count One of the indictment, how do you plead?  Guilty or not

15   guilty?

16               THE DEFENDANT:  I plead guilty, your Honor.

17               THE COURT:  With regard to the forfeiture allegations

18   in paragraphs 4 and 5 of the indictment, do you admit them or

19   do you deny them?

20               THE DEFENDANT:  I admit them, your Honor.

21               THE COURT:  All right.  Based upon your responses to

22   my questions and my observations of your demeanor, I find that

23   you know your rights, you know the consequences of pleading

24   guilty, and there's a factual basis for your plea of guilty.

25   Your plea of guilty and your admission to the forfeiture

L9RAGRIPps

1  allegations are accepted.  Further, I find that you knowingly,

2  voluntarily, and intelligently entered into the plea agreement,

3  including its provision waiving the right to appeal or

4  collaterally attack a sentence under specified circumstances.

5       I will order a presentence investigation and report

6  and direct that no interview take place unless your attorney is

7  present.  It's important that you be candid, truthful, and

8  honest with the folks who prepare the presentence report.  Tell

9  them the good things and even the not-so-good things, because

10  the report will be important in my decision on sentencing.

11       Before the day of sentencing, you'll have the

12  opportunity to review that report.  I urge you to do so

13  carefully.  If there are any mistakes, point them out to your

14  lawyer so he or she can point them out to me.

15       Sentencing is set in this case for January 11, 2022 at

16  11 a.m.  And defendant is remanded until then.

17       Yes.

18       MR. KLEIN:  Your Honor -- and I hate to do this -- but

19  that day I have --

20       THE COURT:  All right.

21       MR. KLEIN:  That happens to be one day I have a

22  preexisting --

23       THE COURT:  Let's see whether we can find another date

24  that works.

25       THE CLERK:  January 12, the next day, January 12?

L9RAGRIPps

1          MR. KLEIN:  Your Honor, based on the flight time, can

2     we do the 13th so I have time to get here on time?  But the

3     13th works for me.  It's Thursday, your Honor.

4          THE COURT:  Let's see what my deputy comes up with.

5          THE CLERK:  January 18 at 11 a.m.

6          THE COURT:  Is that convenient?

7          MR. KLEIN:  That works, your Honor.

8          THE COURT:  All right.  Does that work for the

9     government?

10          MR. WIRSHBA:  Of course, your Honor.

11          THE COURT:  All right.

12          All right.  And defendant is remanded until then.  And

13     the trial is vacated.  And I will order the release of the

14     jurors.

15          I know there is one pending application, Mr. Davis,

16     with regard to, I guess, Coinbase?  Yes, Coinbase?  I did not

17     receive any objection from the government to the order.  Is

18     that correct?

19          MR. WIRSHBA:  That's correct, your Honor.  The

20     government takes no position.

21          THE COURT:  All right.  So what I'm going to do at

22     this point is enter that order.

23          All right.  Anything further from the government?

24          MR. WIRSHBA:  Nothing from the government, your Honor.

25          THE COURT:  Anything further from the defendant?

L9RAGRIPps

1          MR. KLEIN:  Yes, your Honor, one small thing.

2          THE COURT:  Yes.

3          MR. KLEIN:  We would ask that you recommend that

4    Mr. Griffith be sent back to the Essex federal facility.  Right

5    now he's at the MCC.  The conditions are very, very difficult.

6    And I think they will move him.  And we'd ask that you

7    recommend Essex.

8          THE COURT:  So recommended.  You can represent that or

9    you can show it from the transcript.

10          MR. KLEIN:  Thank you, your Honor.

11          THE COURT:  Anything else?

12          Mr. Klein, anything?

13          MR. KLEIN:  Nothing, your Honor.  Thank you.

14          THE COURT:  All right.  We are adjourned.

15          (Adjourned)

16

17

18

19

20

21

22

23

24

25