# EXHIBIT F

## Table of Relevant Sentences
### *(IEEPA/Embargo/International Regulation-Related Sentences)*[1]

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| 1. | *United States v. Miller,* No. 02-cr-01117 (N.D. Ill. 2005) | Defendant owned and operated a company that built polygraph equipment. Defendant shipped polygraph machines to China without an export license. Defendant was elderly and in failing health at the time of sentencing. | 50 U.S.C. 1705 (plea; one count) | Guidelines Range of 15-21 months | 30 months probation |
| 2. | *United States v. Dhafir,* No. 03-cr-00064 (N.D.N.Y. 2005) (Defendant Al Wahaidy) | Defendant sent $100,000 to Iraq during the economic embargo after the first Gulf war. | 50 U.S.C. 1701 (plea; one count) | 6-12 months incarceration (requested by the Government) | 2 years probation |
| 3. | *United States v. Gribbon,* No. 07-cr-544 (E.D.N.Y. 2009) | Defendant was involved in the illegal export of laboratory equipment to Iran. | 18 U.S.C. 371 (plea; one count) | | 3 years probation |
| 4. | *United States v. Ghashim,* No. 06-cr-283 (S.D. Tex. 2008) | Defendant attempted to export computer equipment to Syria. | 50 U.S.C. 1701 (plea; one count) | | 3 years probation |
| 5. | *United States v. Trujillo,* No. 07-cr-714 (D. Utah 2008) | Defndant attempted to export ITAR-controlled wiring harnesses for fighter jets a license. | 22 U.S.C. 2778(b)(2) (please; one count) | Request for probation was unopposed; defendant was in renal at time of sentencing and required significant medical care | 3 years probation |

---

[1] The average sentence for the cases identified in this table is 36.85 months. In addition, throughout this table some of the Guidelines Ranges contain a parenthetical referencing a Government request or a PSR calculation or other explanation. This is because the Government sentencing memorandum or other Court filings only reflected either the Government's requested Guidelines Range or the PSR calculation, but not the Guidelines Range determined by the Court. Also, certain sentencing-related Court filings have been sealed or are otherwise unavailable on the electronic docket which is why certain of the Guidelines Ranges are not presented in the table. Similarly, where we were able to determine that the defendant cooperated with the Government, we provided that information in the "Charged Conduct" column, but we encountered many sealed documents which could reflect that some of the other defendants referenced in the table were also Government cooperators.

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| 6. | *United States v. Singh*, No. 10-cr-00093 (D. Del. 2011) | Business owner attempted to export digital microwave radios with a military application to Iran in violation of IEEPA. | 50 U.S.C. 1702 (plea; one count) | Guidelines Range of 46-57 months, reduced to 12-18 months pursuant to plea agreement | 3 years probation |
| 7. | *United States* v. *Anvari-Hamendani,* No. 04-cr-786 (N.D. Oh. 2006) | Defendant transferred $4 million to Iran, of which $650,000 was laundered and $170,000 was transferred using a hawala system. | 18 U.S.C. 1705<br><br>18 U.S.C. 1956 (plea; twenty-one countys of violating IEEPA, eight counts of money laundering, and filing false tax returns) | Guidelines Range of 37-46 months (PSR calculation) | 3 years probation; 60 days in community corrections center |
| 8. | *United States v. Telemi,* No. 09-cr-00736 (N.D. Ill. 2006) | Defendant is a business owner who conspired to export ITAR-controlled connectors for missile guidance systems to the U.A.E. without a license. | 22 U.S.C. 2778 (plea; one count) | Guidelines Range of 37-46 months (PSR calculation) | 5 years probation |
| 9. | *United States* v. *Khan,* No. 04-cr-441 (E.D.N.Y. 2008) | Owner of an aviation firm conspired to illegally export aircraft components to Iran. Defendant cooperated with the Government. | 18 U.S.C, 371 (plea; one count) | | 5 years probation |
| 10. | *United States v. Kraaipoel,* No. 09-cr-00220 (D.D.C. 2012) | Defendant ordered aviation components from United States suppliers and exported them to Iran. Defendant cooperated with the Government. | 18 U.S.C. 371 (plea; one count) | Guidelines Range of 46-57 months. Government recommended 5 years probation | 5 years probation |
| 11. | *United States v. Sevilla,* No. 04-cr-00171 (N.D. Ill. 2006) | Defendant exported electronics testing equipment to Iran. Defendant was recorded by an undercover agent describing measures to evade sanctions. | 18 U.S.C. 1705(b) (plea; one count) | Guidelines Range of 63-78 months but the Court departed downwards to a Guidelines Range of 6-12 months | 5 years probation; 6 months home confinement |
| 12. | *United States* v. *Wen et al.,* No. 04-cr-00241 | Defendant conspired with three other Chinese nationals to export | 18 U.S.C. 1705(b) (plea; one count) | Guidelines range of 15-21 months (pursuant to plea | Time served |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | (E.D. Wis. 2006) (Defendant Wang) | restricted computer chips to China. | | agreement all parties agreed to request a sentence of time served) | |
| 13. | *United States v. Rezaei,* No. 07-cr-00380 (N.D. Ga. 2008) | Defendant exported computers and data processing machines to Iran via Dubai. | 50U.S.C. 1701 (plea; one count) | | Time served (6 months) |
| 14. | *United States v. Habibi,* No. 05-cr-00083 (D. Md. 2005) | Defendant aided and abetted in transfers to Pakistan. | 18 U.S.C. 1960 (plea; one count)<br><br>18 U.S.C. 1952 (plea; one count) | | Time Served (6.5 months) |
| 15. | *United States v. Chen,* No. 12-cr-00563 (E.D.N.Y. 2013) | Defendant joined a conspiracy to acquire and export a specialized type of carbon fiber used in military or nuclear engineering projects. | 50 U.S.C. 1702 (plea; one count) | Guidelines Range of 37-46 months, Government requested a sentence "at or near" this range | Time served (9 months) |
| 16. | *United States v. Mahmood,* No. 04-cr-00365 (D.D.C. 2004) | Defendant conspired to provide construction equipment and spare parts to Iran in violation of lEEPA. Defendant cooperated with the Government. | 18-U.S.C. 371<br><br>(to violate)<br><br>50 U.S.C. 1701<br><br>(plea; one count) | Government asked the Court to grant the defendant a nine-level downward departure from 46-57 months to 15-21 months because of the assistance he provided to the government | Time served (17 months |
| 17. | *United States v. Gaillard,* No. 07-cr-00438 (E.D.N.Y. 2008) | Defendant exported $300,000 worth of microplate coating systems to Iran via Dubai, UAE. | 18 U.S.C. 371 (Plea; one count) | Guidelines Range of 46-57 months (requested by the Government) | 1 month |
| 18. | *United States* v. *Groos,* No. 06-cr-00420 (N.D. Ill. 2009) | Defendant was president of a company which exported fire suppression equipment to Iran. The value of the equipment was approximately $25,000. | 50 U.S.C. 1702, 1705 (plea; four counts) | Guidelines Range 46-57 (requested by the Government) | 2 months |
| 19. | *United States v. Gromacki,* No. 12-cr-00302 (S.D.N.Y. 2014) | Defendant conspired to export high-grade carbon fiber to China. | 18 U.S.C. 371 (plea; two counts) | Guidelines Range of 46-57 months (requested by the Government) | 3 months |

| Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|
| | | 15 U.S.C. 1702 (plea; one count) | | |
| 20. *United States v. Sheikzadeh*, No. 15-cr-00182 (E.D.N.Y. 2018) | Defendant substantially understated the income he received as an undeclared employee of Iran's Permanent Mission to the United Nations, filed false income tax returns, and provided hawala services to wire over $180,000 to Iran. | 26 U.S.C. 7206 (plea; one count)<br><br>50 U.S.C. 1705 (plea; one count) | Guidelines Range of 46-57 months (requested by the Government) | 3 months |
| 21. *United States v. Safarha*, No. 10-cr-625 (S.D.N.Y. 2011) | Defendant transmitted approximately $300,000 through the hawala system to Iran. | 18. U.S.C. 371 (guilty verdict; one count)<br><br>50 U.S.C. 1701 (guilty verdict; one count)<br><br>18 U.S.C. 1956 (guilty verdict; two counts)<br><br>18 U.S.C. 641 (guilty verdict) | Guidelines Range of 78-97 months (per advisory range from probation) | 10 months |
| 22. *United States v. Talebi*, No. 12-cr-00295 (S.D.N.Y. 2013) | Defendant shipped industrial parts to petrochemical companies in Iran. | 18 U.S.C. 371<br><br>(to violate)<br><br>50 U.S.C. 1702<br><br>(plea; one count) | Guidelines Range of 46-51 months (per the plea agreement) | 12 months and 1 day |
| 23. *United States v. Galgoul*, No. 07-cr-00211 (E.D. La. 2008) | Defendant sold oilfield industry software to Iranian companies. | 18 U.S.C. 371 (plea; one count) | Guidelines Range of 15-21 months | 13 months |
| 24. *United States* v. *Lam*, No. 06-cr-00290 (D. Conn. 2007) | Defendant personally carried night vision scopes into China. | 18 U.S.C. 554<br><br>(plea; one count) | Guidelines Range of 10-16 months (pursuant to a plea agreement) | 14 months |
| 25. *United States* v. *Zuo*, No. 15-cr-00222 (D. Conn. 2016) | Defendant conspired to sell integrated circuits, an electronic component with military | 18 U.S.C. 2320(a) (plea; one count) | Guidelines Range of 24-30 months (requested by the Government) | 15 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | | applications, without a license. Defendant also conspired to traffic in counterfeit goods. | | | |
| 26. | *United States v. Freyer*, No. 06-cr-00891 (C.D. Cal. 2007) (Defendant Freyer) | Defendant exported petrochemical valves to Iran and Iraq. | 50 U.S.C. 1701-06 (guilty verdict; one count of conspiracy and four counts of aiding and abetting violations of IEEPA) | Guidelines Range of 15-21 months (PSR calculation; requested by the Government) | 17 months |
| 27. | *United States v. Zadeh*, No. 10-cr-00309 (D.D.C. 2016) | Defendant purchased and shipped products, including aviation parts and supplies, to Iran without a license. | 18 U.S.C. 371<br><br>(to violate)<br><br>50 U.S.C. 1705<br><br><br>(plea; one count) | Guidelines Range of 46-57 months (PSR calculation; requested by the Government) | 18 months with credit for time served |
| 28. | *United States* v. *Avanessian*, No. 09-cr-01344 (C.D. Cal. 2011) | Defendant conspired to export equipment for the enrichment of uranium to Iran. | 18 U.S.C. 371 (plea; one count)<br><br>50 U.S.C. 1701 (plea; one count)<br><br>18 U.S.C. 1956 (plea; one count) | | 18 months |
| 29. | *United States* v. *Maleki-Gomi*, No. 06-cr-00291 (D.D.C. 2008) | Defendant conspired with an undercover ICE agent to ship textile machinery to Iran through a front company in Dubai, UAE, to evade sanctions on Iran. | 18 U.S.C. 371 (plea; one count) | | 18 months |
| 30. | *United States* v. *Dhaflr*, No. 03-cr-00064 (N.D.N.Y. 2005) (Defendant Jarwan) | Defendant sent $100,000 to Iraq during the economic embargo after the first Gulf war. Defendant cooperated with the Government. | 18 U.S.C. 371 (plea; two counts) | Guidelines Range of 18-24 months (requested by the Government) | 18 months |
| 31. | *United States* v. *Ponomarenko*, No. 12-cr-00254 (E.D.N.Y. 2013) | Defendant acquired military-guide night vision rifle scopes for export to the Ukraine without the required license. | 22 U.S.C. 2278(b)(2) (plea; one count) | Guidelines Range of 46-57 months | 24 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| 32. | *United States* v. *Banki,* No. 10-cr-00008 (S.D.N.Y. 2010) | Defendant operated an unlicensed money transfer business between the United States and Iran and was convicted of violating the Iran Trade Embargo. | 18 U.S.C. 371 (guilty verdict; one count)<br><br>50 U.S.C. 1705 (guilty verdict; one count)<br><br>18 U.S.C. 1960 (guilty verdict; one count)<br><br>18 U.S.C. 1001 (guilty verdict; two counts) | Guidelines Range of 78-97 months | 30 months |
| 33. | *United States v. Sarvestani,* No. 13-cr-214 (S.D.N.Y. 2013) | Sophisticated defendant used two companies based in the UAE to conceal the true destination of satellite technology exported to Iran. | 50 U.S.C. 1705 (plea; one count) | Guidelines Range of 57-60 months | 30 months |
| 34. | *United States* v. *Chen,* No. 16-cr-11 (D. Del. 2016) | Defendant caused or attempted to cause the export of over 180 export-controlled items valued at over $275,000 to China, including sophisticated night vision and thermal imaging scopes with military applications. | 18 U.S.C. 371 (plea; one count)<br><br>22 U.S.C. 2778 (plea; one count)<br><br>50 U.S.C. 1702 (plea; one count) | Guidelines Range of 30-37 months | 30 months |
| 35. | *United States* v. *Aydin,* No. 12-cr-00221 (N.D. Ga. 2012) | Defendant assisted in the procurement of F-14 fighter jet parts for shipment to Iran. | 22 U.S.C. 2278 (plea: one count)<br><br>50 U.S.C. 1705 (plea; one count) | | 30 months |
| 36. | *United States v. al-Baroudi,* No. 15-cr-00102 (E.D. Va. 2016) | Defendant purchased tactical equipment such as rifle scopes, night vision goggles, laser bore sights, speed loaders, and bullet proof vests and traveled with the goods to Syria via Turkey for the purpose of supplying and arming Ahrar al- | 50 U.S.C. 1702 (plea; one count) | Guidelines Range of 46-57 months (calculated by the PSR; requested by the Government) | 32 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | | Sham and other insurgent groups in Syria. | | | |
| 37. | *United States* v. *Sun*, No. 16-cr-00404 (S.D.N.Y. 2017) | Defendant exported extremely high-grade carbon fiber with military and aerospace applications to China, and attempted to obtain cryogenic accelerators, which are used in ballistic missile development. | 50 U.S.C, 1702 and 1705 (plea; one count) | Guidelines Range of 46-57 months (requested by the Government) | 36 months with credit for time served |
| 38. | *United States* v. *Parsa*, No. 14-cr-00710 (S.D.N.Y. 2014) | Defendant conspired to obtain high-tech components from American companies for transshipment to Iran. | 50 U.S.C. 1705 (plea; one count) | | 36 months |
| 39. | *United States v. Fishenko, et al.*, No. 12-cr-00626 (E.D.N.Y. 2012) (Defendant Abdullaev) | Defendant conspired to export sophisticated electronics to Russian military and intelligence agencies. | 18 U.S.C 371 (guilty verdict, four counts) | | 36 months |
| 40. | *United States v. Khan*, No.09-cr-00104 (E.D. Pa. 2009) | Defendant transferred $2,180,000 to Pakistan. | 18 U.S.C. 1960 (plea; one count) <br><br> 18 U.S.C. 371 (plea; one count) | Guidelines Range of 37-46 months (pursuant to plea agreement) | 37 months |
| 41. | *United States v. Nguyen,* No. 08-cr-522 (E.D. Pa. 2008) (Defendant Nam Quoc Nguyen) | Defendant exported through Singapore to Iran live shipments of radio frequency modules, 14 of which were recovered as improvised explosive device (IED) components in Iraq. | 18 U.S.C. 371 (plea; one count) | Guidelines Range of 168-210 months (requested by Government) | 16 months |
| 42. | *United States v. Wen, et al.*, No. 04-cr-00241 (E.D. Wis. 2006) (Defendant Lin) | Defendant conspired with three other Chinese nationals to export restricted computer chips to China. | 18 U.S.C. 371 (plea; one count) <br><br> 18 U.S.C. 1956 (plea; one count) | Guidelines Range of 63-78 Months (pursuant to plea agreement Government agreed not to request sentence greater than 48 months, defense agreed not to request | 42 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | | | | sentence less than 24 months) | |
| 43. | *United States v. Malik,* No. 03-cr-00799 (D.N.J. 2005) | Defendant transferred $14.5 million to Pakistan. | 18 U.S.C. 1960 (plea; one count) 18 U.S.C. 371 (plea; one count) | Guidelines Range of 63-78 months (PSR calculated; requested by the Government) | 43 months |
| 44. | *United States* v. *Esfahani,* No. 05-cr-00255 (N.D. Ill. 2006) | Defendant transferred $3.9 million to Iran. Defendant resisted arrest and ICE agents found a loaded unlicensed .22 caliber pistol in his house. Defendant cooperated with the Government. | 18 U.S.C. 1960 (plea; one count) 18 U.S.C. 1705 (plea; one count) | Guidelines Range of 46-57 months (pursuant to plea agreement) | 46 months |
| 45. | *United States* v. *Wen et al.,* No. 04-cr-00241 (E.D. Wis. 2006) (Defendant Qu) | Defendant conspired with three other Chinese nationals to export restricted computer chips to China. | 18 U.S.C. 371 (plea; one count) | Guidelines Range of 63-78 months, statutory maximum of 60 months (pursuant to plea agreement) | 48 months (later reduced to 22 months) |
| 46. | *United States* v. *Amirnazmi,* No. 08-cr-00429 (E.D. PA. 2010) | Defendant defrauded local banks to obtain loans and provided a software program to the Government of Iran to efficiently purchase chemicals. | 18 U.S.C. 371 50 U.S.C. 1705 18 U.S.C. 1001 18 U.S.C. 1344 (guilty verdict; one count of conspiracy to violate IEEPA, three counts of violating IEEPA, and false statements to Government officials) | Guidelines Range of 97-121 Months (requested by the Government) | 48 months |
| 47. | *United States* v. *Elfgeeh,* No. 06-cr- | Defendant transferred; $1.6 million to 25 different countries, including Yemen. Certain funds | 18 U.S.C. 1960 (plea; one count) | Guidelines, Range of 41-51 months | 51 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | 0638 (E.D.N.Y. 2008) (Defendant Aref) | were alleged to have been used in part to fund a tribal feud in Yemen, and to support the purchase of grenades and ammunition. | 18 U.S.C. 371 (plea; one count) | | |
| 48. | *United States v. Zhang,* No. 12-cr-00666 (E.D.N.Y. 2013) | Defendant attempted to export thousands of pounds of aerospace-grade carbon fiber to China. The type of carbon fiber is predominantly used in military and aerospace applications. | 50 U.S.C. 1702, 1705 (plea; one count) | Guidelines Range of 46-57 months (requested by the Government) | 57 months |
| 49. | *United Stales* v. *Kuyumcu,* No. 16-cr-00308 (E.D.N.Y. 2016) | Defendant conspired to export over 1000 pounds of a metallic powder used to coat turbines with potential military, aerospace, missile, and nuclear applications. | 50 U.S.C. 1705 (plea; one count) | Guidelines Range of 46-57 months (requested by the Government) | 57 months |
| 50. | *United States v. Bout et al.,* No. 09-cr-01002 (S.D.N.Y. 2014) (Defendant Chichakli) | Defendant conspired with arms dealer to launder money and ship American aircrafts to Tajikistan and other military items to Iran. Defendant was a Specially Designated National under IEEPA. | 50 U.S.C. 1705 (guilty verdict; one count) <br><br> 18 U.S.C. 1956 (guilty verdict; one count) <br><br> 18 U.S.C. 1349 (guilty verdict; one count) <br><br> 18 U.S.C. 1343 (guilty verdict; six counts) | Guidelines Range of 87-108 months (requested by the Government) | 60 months |
| 51. | *United States* v. *Wen, et al.,* No. 04-cr-00241 (E.D. Wis. 2006) (Defendant Wen) | Defendant conspired with three other Chinese nationals to export restricted computer chips to China. | 50 U.S.C. 1705 (guilty verdict; three counts) <br><br> 18 U.S.C. 1956 (guilty verdict; three counts) <br><br> 18 U.S.C. 1001 (guilty verdict; one count) | Guidelines Range of 78-97 months (PSR calculation) | 60 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| 52. | *United States v. Hanna*, No. 07-cr-20355 (E.D. Mich. 2009) | Defendant exported a mobile Telecommunications network to Iraq in late 2002 and early 2003, for the use of the Iraqi government under Saddam Hussein. | 18 U.S.C. 371 (guilty verdict; one count)<br><br>50 U.S.C. 1705 (guilty verdict; five counts)<br><br>18 U.S.C. 1956 (guilty verdict; one count)<br><br>18 U.S.C. 1001 (guilty verdict; one count) | Guidelines Range of 188-235 months | 72 months |
| 53. | *United States* v. *Elashi*, No. 02-cr-00052 (N.D. Tx. 2006) (Defendant Hazim Elashi) | Defendant was involved in a conspiracy to support Hamas and transacting with entities and persons on the SDN list. | 18 U.S.C. 371 (guilty verdict; count one)<br><br>50 U.S.C. 1701-1706 (guilty verdict; four counts)<br><br>18 U.S.C. 1001, 1002 (guilty verdict; three counts)<br><br>18 U.S.C. 1957, 1952 (guilty verdict; one count) | | 60 months |
| 54. | *United States* v. *Elashi*, No. 02-cr-00052 (N.D. Tx. 2006) (Defendant Ihsan Elashi) | Defendant was involved in a conspiracy to support Hamas and transacting with entities and persons on the SDN list. | 18 U.S.C. 371 (guilty verdict; two counts)<br><br>50 U.S.C. 1701-1706 (guilty verdict; four counts)<br><br>18 U.S.C. 1001, 1002 (guilty verdict; nine counts) | | 72 months |
| 55. | *United States v. Taherkhani*, No. 13-cr- | Defendant acted as an agent of company and two co-defendants | 50 U.S.C. 1702 (guilty verdict; two counts) | | 78 months |

| Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|
| 04228 (S.D. Ca. 2013) (Defendant Ghahreman) | in their efforts to acquire United States goods technology for illegal export from the United States. | 18 U.S.C. 371 (guilty verdict; one count)<br><br>18 U.S.C. 554 (guilty verdict; one count)<br><br>I8 U.S.C. 1950 (guilty verdict; three counts) | | |
| 56. | *United States* v. *Elashi*, No. 02-cr-00052 (N.D. Tx. 2006) (Defendant Basman Elashi) | Defendant was involved in a conspiracy to support Hamas, to transact with sanctioned entities and persons, and to deal in the property of a specially designated terrorist. | 18 U.S.C. 371 (conspiracy to violate 50 U.S.C. 1701-1706) (guilty verdict; one count)<br><br>18U.S.C. 371 (conspiracy to violate 18 U.S.C. 1001(a)(3), 1002) (guilty verdict; one count)<br><br>18 USC 371 (conspiracy to violate 18 USC 1956(h)) (guilty verdict; one count)<br><br>50 U.S.C. 1701-1706 and 18 U.S.C. 2 (guilty verdict; eight counts)<br><br>18 U.S.C. 1001(a)(3), 1002 (guilty verdict; eleven counts) | | 80 months |
| 57. | *United States v. Elashi*, No. 02-cr-00052 (N.D. | Defendant was founder of the Holy Land Foundation for Relief | 18 U.S.C. 371 (guilty verdict; three counts) | | 80 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | Tx. 2006) (Defendant Ghassan Elashi) | and Development (HLF), a fundraising arm for Hamas. Defendant was convicted of 22 counts of dealing in the property of a specially designated terrorist. | 50 C.S.C. 1701 (guilty verdict; 22 counts)  18 U.S.C. 1956 (guilty verdict; 10 counts)  18 U.S.C. 1001(guilty verdict; 12 counts) | | |
| 58. | *United States* v. *Elashi,* No. 02-cr-00052 (N.D. Tx. 2006) (Defendant Bayan Elashi) | Defendant was involved in a conspiracy to support Hamas, transact with entities and persons on the SDN list and to deal in the property of a specially designated terrorist. | 18 U.S.C. 371 (guilty verdict; three counts)  50 U.S.C. 1701 (guilty verdict; 22 counts)  18 U.S.C. 1956 (guilty verdict; 10 counts)  18 U.S.C. 1001 (guilty verdict; 12 counts) | | 84 months |
| 59. | *United States v. Modanlo,* No. 10-cr-295 (D. Md. 2013) | Defendant conspired to provide illegal satellite services to Iran, as well as associated money laundering and obstruction of bankruptcy proceedings. Defendant assisted in Iran's efforts to launch communications satellites. Defendant was released as part of a prisoner exchange with Iran in January of 2016. | 18 U.S.C. 371 (guilty verdict; one count)  50 U.S.C. 1705 (guilty verdict; two counts)  18 U.S.C. 1956 (guilty verdict; one count)  18 U.S.C. 1957 (guilty verdict; five counts) | Guidelines Range of 188-235 months (PSR calculation) | 96 months |
| 60. | *United States v. Cheng,* No. 13-cr-10332 (D. Mass 2016) | Defendant conspired with two Iranian companies to supply pressure transducers and thousands of parts with nuclear applications to Iran. Pressure transducers are used in | 50 U.S.C. 1705  18 U.S.C. 371  (plea; two counts of export violations and | Guidelines Range of 87-108 months | 108 months |

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| | | centrifuges to enrich uranium and produce weapons-grade uranium. Transducers that were purchased from the same manufacturer were attached to Iran's gas centrifuge cascades. | four counts of illegally exporting United States manufactured transducers to Iran) | | |
| 61. | *United States* v. *Fishenko,* No. 12-cr-626 (E.D.N.Y. 2016) | Defendant acted as an unregistered agent of Russia and shipped millions of dollars of high-technology products to Russian military actors in violation of export laws. | 18 U.S.C. 951 (plea; one count)<br><br>18 U.S.C. 371 (plea; one count)<br><br>50 U.S.C. 1702 (plea; 13 counts)<br><br>22 U.S.C. 2778 (plea; one count)<br><br>18 U.S.C 1956 (plea; one count)<br><br>18 U.S.C. 1512 (plea; two counts) | Guidelines range of 121-151 months (PSR calculation) | 120 months |
| 62. | *United States* v. *Boltutskiy*, No. 11-cr-000533 (E.D. Pa. 2013) | Defendant, an international arms dealer from Belarus, exported hundreds of sophisticated military technology items from the United States to Belarus. Defendant also arranged for payment of the items through secret wires and offshore shell companies. | 18 U.S.C. 371 (one count)<br><br>50 U.S.C. 1705 (one count)<br><br>18 U.S.C. 1956 (one count) | Guidelines range of 151-188 months (recommended by Government) | 180 months |

13

| | Case | Alleged Conduct | Charges Convicted Of | Sentencing Guidelines Range | Sentence |
|---|---|---|---|---|---|
| 63. | *United States* v. *Dhafir,* No. 03-cr-64 (N.D.N.Y. 2005) (Defendant Dhafir) | Defendant was convicted of 59 felony counts for being the leader of a fraudulent charity. According to the Government's sentencing memorandum, the defendant ran a fraudulent charity designed to illegally send money to religious factions that were "engaged in the conflict occurring in Iraq," to officials in Saddam Hussein's government and to "pay tor factions opposed to Saddam Hussein (and also opposed to United States intervention)." efendant was also convicted of twenty-five counts of health care fraud. | 18 U.S.C. 371 (guilty verdicts; two counts)<br><br>18 U.S.C. 1956 (guilty verdict; two counts)<br><br>26 U.S.C. 7206 (guilty verdict; one count)<br><br>26 U.S.C. 7201 (guilty verdict; one count)<br><br>18 U.S.C. 1546 (guilty verdict; one count)<br><br>18 U.S.C. 1347 (guilty verdict; 25 counts)<br><br>18 U.S.C. 1001 (guilty verdict; one count)<br><br>18 U.S.C. 1341 (guilty verdict; seven counts)<br><br>18 U.S.C. 1343 (guilty verdict; five counts) | Guidelines Range of 324-405 months | 264 months |