

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

August 5, 2022

**Keri Curtis Axel**
Direct (424) 652-7810
kaxel@waymakerlaw.com

<u>*Via ECF*</u>

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New Yor, New York 10007

Application GRANTED.

SO ORDERED.

Dated: New York, NY
08/08/2022

*[signature]*
P. Kevin Castel
United States District Judge

**Re:   United States v. Virgil Griffith
       20-CR-015 (PKC)**

Dear Judge Castel:

We write to the Court requesting additional time for defendant Virgil Griffith to respond to the government's Motion for Turnover Order of Funds (Dkt. 199) (the "Motion") in the above-referenced matter. Per correspondence with AUSA Melissa Childs on August 3, 2022, the government does not object to Mr. Griffith's request for additional time to respond.

    We require additional time to respond to this Motion because we need to meet with our client in the hope of resolving the Motion. In fact, until the filing of the Motion, we had not been able to speak with Mr. Griffith for more than two months, as he had been in quarantine and then in solitary confinement upon his transfer to FCI Allenwood Low in White Deer, Pennsylvania. Our understanding of the situation at Allenwood is that Mr. Griffith has been placed in the Special Housing Unit for the last several months – indeed, since his transfer to Allenwood – because of a lack of space. As the Court knows, it was also hard to speak to Mr. Griffith when he was confined in MDC. Both counsel and his family were hoping Mr. Griffith would be more available once transferred to Allenwood, but that has not been the case.

    Given that the Judgment indicates that the fine should be paid in "quarterly installments" beginning "90 days from the date of Judgment," and speaks of the BOP establishing a "payment plan," (*see* Dkt. 194 at 7), neither Mr. Griffith nor his family (nor his counsel) were aware of a specific deadline, and understood that the BOP would set a schedule. Nevertheless, one topic on the agenda to discuss with Mr. Griffith was a plan to pay the fine, as he did not intend that the debt linger. But, as noted above, we were unable to speak to him after his transfer.

    The pending Motion has provided a reason for the BOP to permit a meeting with counsel, but we have still only been permitted one short phone call. Counsel is attempting to schedule an in-person or Zoom meeting. Because Mr. Griffith has been unavailable, the pressure of resolving this matter has fallen on his family. As the Court is aware, they have endured a great



deal, and while they still seek to support their son, they would much rather that counsel address this matter with Mr. Griffith directly, and that Mr. Griffith be permitted time to make his own financial decisions, rather than rely on his family to make them.

We therefore respectfully request an extension of time until September 12, 2022 to respond to the Motion. That should provide sufficient time for counsel to confer with Mr. Griffith and determine next steps. Our office also intends to meet and confer with the government to discuss payment arrangements. We believe it is highly likely that we can resolve the matter informally and secure payment before September 12, 2022.

We further note that the funds that the government has requested to seize remain frozen, so they are not being dissipated in any way. Those funds alone would satisfy more than two thirds of the debt. Thus, there should be no concern that this fine will not be paid.

We remain available at the Court's convenience to conference this matter.

Respectfully submitted,

*/s/ Keri Curtis Axel*

Brian E. Klein
Keri Curtis Axel
Waymaker LLP

-and-

Sean S. Buckley
Amanda N. Tuminelli
Kobre & Kim LLP

*Attorneys for Virgil Griffith*