

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 26, 2022

By ECF

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:     *United States v. Virgil Griffith,* No. 20 CR 015 (PKC)

Dear Judge Castel:

Pursuant to this Court's Order (Dkt. 298) dated October 14, 2022, the Government respectfully submits this letter response to the defendant's request to abate the accrual of post-judgment interest on the unpaid balance of his criminal fine.

## BACKGROUND

Defendant Virgil Griffith engaged in a conspiracy to violate the International Emergency Economic Powers Act ("IEEPA") by traveling to North Korea and providing information about cryptocurrency. *See* Indictment (Dkt. 9). On April 13, 2022, the Court sentenced Griffith to 63 months in prison, followed by three years of supervised release, and imposed a $100 special assessment and a $100,000 fine for his violation of 50 U.S.C. § 1705. *See* Judgment (Dkt. 194 at 2-3, 6).

Pursuant to 18 U.S.C. § 3612(f)(1), statutory interest began to accrue on the unpaid fine balance 15 days after entry of judgment at the rate of 1.96% because the Court did not waive or modify the automatic accrual of post-judgment interest at sentencing. To date, Griffith has made nominal payments totaling $325.[1] The current unpaid fine balance is comprised of $99,775 in principal, plus $982.08 in interest through today and $5.36 per diem thereafter.[2]

## APPLICABLE LAW

The Court is authorized at the time of sentencing to waive interest, limit total interest paid, or limit the duration in which interest accrues if it "determines that the defendant does not have the ability to pay interest." 18 U.S.C. § 3612(f)(3); *United States v. Goode*, 342 F.3d 741, 744 (7th

---

[1]  This Court entered a Turnover Order (Dkt. 209) dated October 14, 2022 Fidelity Brokerage Services, LLC ("Fidelity") to liquidate securities as needed to submit the full value of Griffith's individual brokerage account as payment toward his fine. The Clerk of Court has yet to receive payment from Fidelity, and because the value of the account is subject to market fluctuation, the amount of the payment not yet known.

[2] By law, payments toward criminal judgments are applied first to the special assessment, then to the unpaid principal fine balance, and then to accrued interest. *See* 18 U.S.C. §§ 3612(c), (f), and (i).

Cir. 2003). Once a district court sentences a criminal defendant, however, it has only limited authority to revisit the sentence, and that authority must derive from specific statutes or rules. *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010) ("It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances...."); *United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005). There is a split in authority on the Court's jurisdiction to waive or modify interest post-judgment. *See United States v. Bradford*, 2019 WL 6254876, at *3 (E.D. La., Nov. 22, 2019) (collecting cases and finding that most courts have concluded that § 3612(f)(3) does not provide post-sentencing jurisdiction to modify interest, including in this district (citing *United States v. Eberhard*, No. 03 CR. 562 RWS, 2012 WL 2568971, at *4 (S.D.N.Y. July 3, 2012)).

The Attorney General may grant an administrative waiver of interest under 18 U.S.C. § 3612(h) only if reasonable efforts to collect the interest are not likely to be effective. Moreover, 18 U.S.C. § 3613(a)-(c) provide that the fine is a lien on all of a defendant's property and rights to property that can be enforced by the Government for a period of 20 years after a defendant's release from prison.

## ARGUMENT

Based on Griffith's available nonexempt assets, education, employment history, net worth, and future earning potential,[3] however, he neither met the statutory requirements for a waiver or modification of interest on the fine at the time of sentencing nor at this time. Unless or until there is a significant material change in Griffith's economic circumstances, which he would be required to inform this Court about, the facts and the law warrant the imposition, accrual, and payment of interest on the fine.

## CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to deny Griffith's request to abate the post-judgment interest and limit his obligation to the unpaid principal of the fine.

Respectfully,

DAMIAN WILLIAMS
United States Attorney


By:  */s/ Melissa A. Childs*
     MELISSA A. CHILDS
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, NY 10007
     Telephone: (212) 637-2711

---

[3] *See* Presentence Report (Dkt. 187) at ¶¶ 87-90 (Ph.D. in computation and neurosystems, and ability to communicate in English, German, and Mandarin); 91-94 (several years of previous well-paid jobs); and 95-100 (substantial nonexempt assets and no other debts).