UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

VIRGIL GRIFFITH,

Defendant.

20-cr-15 (PKC)

ORDER

CASTEL, Senior District Judge:

On April 12, 2022, the defendant was sentenced principally to a term of imprisonment of 63 months. (Minute Entry; ECF 194.)

By letter dated April 17, 2024, defendant, through his attorneys, moved for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applies retroactively. (ECF 216.) The United States Probation Department issued a report (the "Supplemental PSR") indicating that defendant is eligible for a sentence reduction. The Court directed the government to respond to the Supplemental PSR and invited defendant's attorney to reply on behalf of defendant. (ECF 218.)

As the Supplemental PSR explains, defendant is eligible for a "Zero-Point Offender" recalculation because he had zero criminal history points at the time of sentencing and has met all the necessary criteria.[1] Defendant's original Total Offense Level was 26, and pursuant to U.S.S.G. § 4C1.1, this Offense Level should be reduced by two points. Defendant's Amended Total Offense Level is therefore 24. His Criminal History Category remains I.

[1] As the Supplemental PSR also explains, defendant is precluded from receiving the Status Points reduction because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence.

The Guideline range at the time of defendant's original sentencing was 63 months to 78 months. His amended Guideline range is 51 months to 63 months.

Defendant was originally sentenced at the bottom of his original Guideline range—63 months. Defendant now seeks a reduction to the bottom of his amended Guideline range, which is 51 months. (ECF 216 at 3-4.) The government urges the Court to deny the defendant's motion principally upon section 3553(a) factors and post-conviction conduct. (ECF 221 at 2-3.)

The government emphasizes the seriousness of defendant's conduct—he pleaded guilty to a conspiracy to violate United States sanctions on North Korea, in which he provided services designed to teach and encourage the use of cryptocurrency and blockchain technology to evade sanctions—and argues that his original sentence of 63 months is justified. (Id. at 3.) The government notes that the defendant's original sentence also falls within his Amended Guideline range. (Id.) The government also notes, as does the Supplemental PSR, that defendant has received several disciplinary infractions during his incarceration. (Id.)

In response, defendant asserts that the government did not seek a sentence at the upper end of the original Guideline range, that defendant was sentenced to the bottom of his original Guideline range, and that if the Amended Guideline range had applied at the time of his original sentencing, the Court likely would have found that a sentence at the bottom of that amended range was proper. (ECF 226 at 5-6.) He also argues that the government should not have emphasized the nature of his offense in opposing his motion, because such an argument would "completely negate the impact of the [Zero-Point Offender Adjustment] in every case." (Id. at 5.) He also emphasizes the harsh pretrial detention he experienced and explains the background behind the three "rule infractions" he has received while in BOP custody. (Id. at 6,

8.) He highlights the programming and work assignments he has completed while incarcerated. (Id. at 9-10.)

Even where a defendant is eligible for a sentencing reduction, a court has the discretion not to reduce the sentence if it is not warranted under the sentencing factors laid out in 18 U.S.C. § 3553(a). See § 1B1.10 Application Note 1(B)(i). The Court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." Id. at Application Note 1(B)(iii). Under the Policy Statement found at Guidelines § 1B1.10(b)(2), if the Court determines that a reduction in sentence is warranted, the reduction in a case such as this may not be "less than the minimum of the amended guideline range. . . ."

In this instance, the bottom of defendant's amended Guideline range is 51 months' imprisonment. As noted, defendant was originally sentenced to the bottom of the then-applicable Guideline range: 63 months. His projected release date is January 19, 2026.[2]

The Court declined at the time of defendant's original sentencing to impose a below-Guideline sentence, which defendant sought. (ECF 196, Tr. at 5, 41-42.) The Court cited defendant's "deliberate, willful intent to violate the sanctions regime," as well as his "desire to educate people on how to evade sanctions," which the Court noted was "not seen in many cases." (Id., Tr. at 36.) The Court took into account the difficult period the defendant spent while incarcerated during the COVID pandemic. (Id., Tr. at 40.) The Court also noted, however, that

[2] https://www.bop.gov/inmateloc (last visited July 16, 2024).

it had to remand the defendant into custody during the case because defendant had directed his mother to access his accounts, which he was restricted from accessing. (Id.)

The Court also noted the importance of just punishment and the need to deter others from this serious conduct. (Id., Tr. at 42.) The Court explicitly discussed the possibility of imposing a below-Guideline sentence at that time but declined to do so. (Id., Tr. at 41-42.) The Court explained that the defendant's "offense here was not merely his personal violation of a sanctions regulation but advocacy and enabling sanctions violations by others, a state sponsor of terrorism." (Id., Tr. at 41.)

The Court has considered each of the factors set forth in section 3553(a) and need not recount all that it has considered.

The need to protect the public from further crimes of this defendant has somewhat dissipated, although the Court does note the defendant's "rule infractions" while in BOP custody. The Court also takes note of the significant hardships the defendant has experienced while incarcerated. The need to impose just punishment for this serious offense, to promote respect for law, and to deter others from committing similar crimes, however, tilts against a substantial sentence reduction.

It is hereby ORDERED that the defendant is eligible for a sentence reduction under Amendment 821 and the motion (ECF 216) is GRANTED to the extent that the term of imprisonment is reduced from 63 months to 56 months with all other terms and conditions of the original judgment remaining in place. The reduced sentence is effective August 2, 2024.

The Clerk is respectfully directed to terminate the motion at ECF 216.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 16, 2024